UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN RE: KUGEL MESH HERNIA PATCH LITIGATION
As it relates to all cases.

MDL DOCKET NO. 07-1842 ML

# PRACTICE AND PROCEDURE ORDER NUMBER 2

Now before the Court is the Petition for Appointment of Plaintiffs' Steering Committee, Including Co-lead Plaintiffs' Counsel and Liaison Counsel. No objection having been filed, the Court orders as follows:

## I. Co-Lead Plaintiffs' Counsel

1. There shall be co-lead plaintiffs' counsel ("co-lead counsel") appointed to conduct and coordinate pretrial proceedings on behalf of all plaintiffs in this litigation. Co-lead counsel shall represent the interests of all plaintiffs who have alleged injury or damages as a result of Defendants' Kugel Composix Mesh hernia repair patches.

2. Co-lead counsel shall be responsible for the overall management and conduct of the litigation. They shall coordinate discovery and motion papers to the extent practicable to promote judicial economy, avoid duplication of effort when possible to promote the just and efficient conduct of this litigation.

3. The Court appoints the following attorneys as co-lead plaintiffs' counsel for this litigation:

Donald A. Migliori
Motley Rice LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067
(401) 457-7700

Teresa C. Toriseva
Wexler Toriseva Wallace LLP
1446 National Road
Wheeling, WV 26003
(304) 238-0066

Ernest Cory
Cory Watson Crowder & DeGaris, P.C.
2131 Magnolia Avenue
Birmingham, AL 35205
(205) 328-2200

4. Co-lead counsel shall conduct all pretrial proceedings and be responsible for, among other things:

a. Supervising the gathering, preservation and testing of evidence for the prosecution of civil claims;

b. Proposing an appropriate mechanism for funding the joint litigation activities, including reimbursement of expenses on an on-going basis, and assessment for payment of fees on an equitable basis;

c. Initiating and coordinating appropriate discovery, including preparing, serving and responding to interrogatories, requests for production and requests to admit, and conducting depositions;

d. Coordinating the court filings and arguments before the Court on issues common to all plaintiffs;

e. Proposing an appropriate mechanism for the provision of periodic status reports to this Court;

f. Conducting and coordinating activities for the purpose of establishing a document depository with access for all plaintiffs' counsel;

g. Developing and proposing to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;

h. Calling meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

i. Examining witnesses and introducing evidence at hearings on behalf of plaintiffs;

j. Acting as a spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court;

k. Submitting and arguing any verbal or written motions presented to the Court or Magistrate Judge, as well as opposing, when necessary, any motions submitted by defendants or other parties which involve matters within the sphere of the responsibilities of co-lead counsel and the Plaintiffs' Steering Committee;

l. Negotiating and entering into stipulations with defendants regarding this litigation;

m. Exploring, developing, and pursuing all settlement options pertaining to any claim or portion thereof of any case filed in this litigation;

n. Maintaining adequate files of all pretrial matters and having available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys;

o. Preparing periodic status reports summarizing their work and progress and submitting such reports to the other plaintiffs' attorneys;

p. Providing an index for all filed pleadings and other documents with periodic updates;

q. Establishing procedures for the maintenance of a list of all parties, plaintiffs and defendants, with periodic updates, and to likewise maintain a current service list applicable to all parties;

r. Maintaining financial records and accounts of receipts and disbursements for liability expenses;

s. Consulting and hiring expert consultants and witnesses;

t. Maintaining expense reports and ultimately accounting for all receipts and payments to all plaintiffs' attorneys and the Court;

u. Organizing, supervising, directing, and delegating specific tasks to other plaintiffs' counsel, as co-lead counsel deem appropriate, in a

manner to assure that discovery and pretrial proceedings are conducted effectively, efficiently, expeditiously, and economically;

v. Requesting, receiving, and reviewing time and disbursement records from plaintiffs' counsel, who shall maintain such records on a timely, ongoing and accurate basis; and,

w. Performing such other functions as may be authorized by further order of this Court.

5. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff except through co-lead counsel, except as may be necessary or requested by the Court.

6. Co-lead counsel shall jointly distribute work assignments in a manner as to promote the orderly and efficient conduct of this litigation, and shall avoid unnecessary duplication and unproductive effort.

## II. <u>Plaintiffs' Steering Committee</u>

7. To enable co-lead counsel to discharge their responsibilities, a steering committee shall be established.

8. At the request of co-lead counsel, and subject to the direction of co-lead counsel, the members of the Plaintiffs' Steering Committee shall provide assistance as required in handling discovery and other proceedings, which shall include, but not be limited to, consulting with co-lead counsel concerning the strategy of the action, working with experts, deposing and interviewing witnesses, review, collection and of maintenance of documents and trial, if necessary.

9. The following attorneys shall be members of the Plaintiffs' Steering Committee:

Alex Alvarez
The Alvarez Law Firm
355 Palermo Avenue
Coral Gables, FL 33134
(305) 444-7675

Vance R. Andrus
Andrus, Boudreaux, Lemoine & Tonore, P.L.C.
416 W. Main, P.O. Box 3347
Lafayette, LA 70502
(337) 233-3075

Robert J. Binstock
Reich & Binstock, LLP
4265 San Felipe, Suite 1000
Houston, TX 77027
(713) 622-7271

Amy M. Carter
Williams Kherkher Hart Boundas, LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017-5051
(713) 230-2200

W. Lewis Garrison
Heninger, Garrison & Davis, LLC
2224 1st Avenue North
Birmingham, AL 35203
(205) 326-3336

Michael A. London
Douglas & London, P.C.
111 John Street, 14th Floor
New York, NY 10038
(212) 566-7500

Jerrold S. Parker
Parker Waichman Alonso LLP
111 Great Neck Road
Great Neck, NY 11021-5042
(516) 466-6500

Christopher A. Seeger
Seeger Weiss LLP
550 Broad Street
Newark, NJ 07102
(973) 639-9100

Sol H. Weiss
Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley, P.C.
1900 Delancey Place
Philadelphia, PA 19103
(215) 735-2098

## III. Liaison Counsel

10. Donald A. Migliori is appointed as liaison counsel for this litigation. Liaison counsel shall act as the primary conduit between the Court and plaintiffs' counsel. He shall be responsible for all court filings and shall generally make himself available to the Court to provide plaintiffs with a local presence for any questions or requests of the court.

11. Liaison counsel shall be responsible for, among other things:

a. Receiving on behalf of the attorneys for all plaintiffs notice of all Court orders and notices of pretrial conferences and acting as the primary contact between the Court and plaintiffs' counsel;

b. Receiving service of all papers filed by defendants' counsel;

c. Serving, on behalf of co-lead counsel and the Plaintiffs' Steering Committee, the defendants' attorneys with all papers;

d. Assisting in the scheduling of depositions with defendants' and plaintiffs' counsel;

e. Maintaining a current service list of all plaintiffs' and defendants' attorneys;

f. Acting as the treasurer for any common benefit assessments and expenses, as well as assisting co-lead counsel with the responsibilities, as set forth in Paragraph No. 4 above; and,

g. Performing other functions as requested by co-lead counsel and/or the Court.

## IV. **Miscellaneous Provisions**

12. Plaintiffs shall conduct consolidated discovery, and file consolidated motions, responses to motions, and replies, except when a motion applies only to a particular case and does not raise issues common to other cases.

13. Co-lead counsel, with liaison counsel as the treasurer for said account(s), shall deposit and invest all assessments for a litigation fund in an interest bearing insured money market bank account or United States Treasury Bills, and pay reasonable litigation expenses subject to a final accounting and approval by this Court. The initial and subsequent assessments shall be determined by co-lead counsel with the assistance of the Plaintiffs' Steering Committee. All such assessments shall be subject to final accounting at an appropriate time. An attorney's membership as co-lead counsel, liaison counsel, or as a member of the Plaintiffs' Steering Committee shall be contingent on that attorney's continuing commitment to diligent prosecution of this litigation and that attorney promptly paying any assessment for the litigation fund.

14. All communications, including e-mail communications among co-lead counsel, liaison counsel and the Plaintiffs' Steering Committee members and an attorney for a plaintiff or claimant and all communications among defense counsel shall be deemed to be embraced by the attorney-client privilege and/or work product doctrine, if the privilege or doctrine is otherwise applicable, and all of said persons shall maintain the confidentiality of said communications.

15. The Court recognizes that independent investigations have been undertaken by various plaintiffs' counsel. Certain investigative materials gathered by individual counsel in the course of their independent case investigations may constitute attorney work product. All documents and investigative materials obtained prior to the date of this order will be shared only with counsel having the same interests and subject to an agreement regarding the sharing of costs and expenses of obtaining and producing said investigative material and attorney work product. Co-lead counsel shall make a good faith effort to resolve the cost-sharing issues relevant to independent investigative materials. Any challenges to claims of work product as to investigative materials will be determined by the Court.

16. This organization of counsel for pretrial proceedings is not intended to constitute a waiver of any party's rights under Lexecon v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).

SO ORDERED:

Mary M. Lisi
Chief United States District Judge
September 28, 2007