UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JENINE VON ESSEN,
Plaintiff,

v. CV 07-1850ML

C.R. BARD, INC., ET AL.,
Defendants,

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' timely objection to a Report and Recommendation issued by United States Magistrate Judge Madeline C. Arleo on June 18, 2007. Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action was transferred under 28 U.S.C. § 1407 for consolidation of pretrial proceedings with the In re Kugel Mesh Hernia Patch Products Liability Litigation, No. 07-1842 (D.R.I. filed Junes 28, 2007). Magistrate Judge Arleo recommended that Plaintiff's motion to remand the pending matter to the Superior Court of New Jersey be granted. Defendants have filed a timely objection to the Report and Recommendation. 28 U.S.C. § 636(b)(1) (2005); Fed. R. Civ. P. 72(a).

This Court has reviewed the motions, the Report and Recommendation, and Defendants' objections to the Report and Recommendation. Having found that Magistrate Judge Arleo's conclusions of law are sound and in keeping with relevant precedent, this Court adopts the Report and Recommendation and denies Defendants' objections.

## I. Introduction

Defendants raise two discrete contentions in their objection. They argue that controlling case law shows (1) that whether the Defendants defrauded the Food and Drug Administration ("FDA") is a substantial federal question and (2) that allowing federal jurisdiction on this issue would not disturb the state and federal judicial balance. Thus, Defendants object to Magistrate Judge Arleo's conclusion that Defendants' argument for federal jurisdiction fails both prongs of the Supreme Court's analysis in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 313-14 (2005). In Grable, the Supreme Court held that a federal issue merits federal question jurisdiction if it is a substantial federal issue and if it maintains the proper division of labor between state and federal courts. Id. Defendants argue that Plaintiff's punitive damages claim under New Jersey state law raises federal question jurisdiction because an element of the claim requires proof that Defendants made a material misrepresentation to the FDA. N.J.S.A. §§ 2A:58C-2 (1987), :58C-5 (1995), :15-5.12 (1995).

## II. Substantial Federal Question

Defendants reliance on Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341 (2001) is misplaced. Buckman deals with federal preemption, not with federal question jurisdiction. See id. at 343. In Buckman, the Court opined that the FDA's statutory objectives would be "skewed by allowing fraud-on-the-FDA claims under state tort law." Id. at 348. Buckman's holding that federal law preempted a state law claim based on a fraud-on-the-FDA theory hardly indicates that such state claims should take up time in federal courts. See Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 816 (1986) ("To the extent that petitioner is arguing that state use and interpretation of the [Food Drug and Cosmetic Act ("FDCA")] pose

a threat to the order and stability of the FDCA regime, petitioner should be arguing, not that federal courts should be able to review and enforce state FDCA-based causes of action as an aspect of federal-question jurisdiction, but that the FDCA pre-empts state-court jurisdiction over the issue in dispute." (citations omitted)); Buckman, 531 U.S. at 347.

Defendants object to the Report and Recommendation's conclusion that liability under the New Jersey Punitive Damages Act rests exclusively on state law. Defendants are incorrect. In a products liability action under New Jersey law, the plaintiff must first prove liability under the New Jersey Products Liability Act ("NJPLA") on exclusively state grounds before reaching the question of punitive damages. N.J.S.A. §§ 2A:58C-2, :58C-5, :15-5.12.

While this Court agrees with Defendants that proof of material misrepresentation to the FDA is an element of the New Jersey punitive damages claim, this Court agrees with Magistrate Judge Arleo's conclusion that the federal issue here is not substantial. See N.J.S.A. § 2A:58C-5. The fact that fraud-on-the-FDA is a necessary element of the claim only shows that the claim indeed includes a federal issue. The Supreme Court has not "treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." Grable, 545 U.S. at 314. Rather, for federal jurisdiction, there must be a substantial federal interest in claiming the advantages of a federal forum. Id. at 313. Defendants fall short of showing that the fraud-on-the-FDA element of the NJPLA claim is a substantial federal interest under Grable's first prong. See id.

## III. Federal and State Balance

Defendants' second contention gives way under scrutiny even more quickly than the first. Their argument relies on an isolated and inapplicable statement from one case, Rowe v.

Hoffman-La Roche, Inc., 917 A.2d 767 (N.J. 2007). Defendants point to the New Jersey Supreme Court statement that the NJPLA "cede[s] to FDA regulation some of this State's interest in policing local pharmaceutical manufacturers..." Rowe, 917 A.2d at 774. This case, however, deals with conflict of law and utterly fails to support Defendants' contention that the New Jersey state legislature intended to remove the punitive damages claim at issue to federal court. See id. at 771, 774.

For the reasons stated herein, this Court adopts Magistrate Judge Arleo's recommendation. Accordingly, Plaintiff's motion to remand the case to the New Jersey Superior Court is hereby granted.

SO ORDERED

Mary M. Lisi
Mary M. Lisi
United States District Judge
November 6, 2007