**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re COMPOSIX® KUGEL® HERNIA REPAIR PATCH LITIGATION** | § | |
| | § | |
| | § | **MDL Docket No. 07-1842-MDL** |
| **THIS DOCUMENT RELATES TO ALL ACTIONS** | § | |
| | § | **JUDGE LISI** |
| | § | |

**PLAINTIFFS' MEDIATION STATEMENT REGARDING "PLAINTIFF FACT SHEET"**

For over two months, representatives for Co-Lead Plaintiffs' Counsel (hereinafter referred to as "PLC") and Defendants have engaged in good faith negotiations regarding the form and format of the "Plaintiff Fact Sheet" (hereinafter referred to as "PFS"). There has been substantial progress and a number of concessions have been made in an effort to reach agreement. Following the October 30, 2007 status conference with this Court, parties again engaged in further discussion to resolve the remaining disputes concerning the proposed PFS. All PFS issues have been agreed to in the attached proposed PFS[1] except the provisions of VIII.B. on pages 24 and 25.

Section VIII.B. of the PFS concerns the issue of whether a plaintiff suffered an injury from a failure of the "memory recoil ring" in the Kugel Patch. Defendants have repeatedly sought to frame this as a contention interrogatory and force individual plaintiffs to issue a "yes" or "no" on whether the ring at issue "broke." Defendants characterize this interrogatory as the "most important" question on the entire PFS; and while PLC may not agree with the extremes of that statement, we certainly recognize the information provided in response to this question is very important to the litigation. To that end, both Defendants and PLC have agreed to include mirror interrogatories

[1] See Attachment A, Plaintiffs' Proposed PFS

concerning ring "breaks" and other ring "failures" and the PLC has compromised by agreeing to place the ring break question first in order. The final dispute concerning VIII.B. is on the form and format of the interrogatory.

Defendants maintain that these questions must be worded as to convey a contention interrogatory and require individual plaintiffs to answer only "yes" or "no." The PLC, in contrast, propose that VIII.B. should be structured in such a way that an individual plaintiff is allowed the third option of answering that (s)he does not know if the subject ring "broke." Additionally, the PLC firmly disagrees with Defendants unwavering assertion that the queries in VIII.B. must be worded as contention interrogatories that seemly seek expert and/or medical opinions from lay plaintiffs.

In an attempt to reach the compromise with Defendants on the issues presented in VIII.B., the PLC has proposed the attached VIII.B.[2] and now makes the following arguments for its inclusion in the PFS in place of Defendants more restrictive and ineffective contention interrogatory.

## I. PLC's Inclusion of the "I Don't Know" Response Option

The PLC included the "I Don't Know" response to both B and B.1. for two very significant and central reasons.

First, individual plaintiffs may be unaware of the exact cause of their complications other than they resulted from the Kugel Patch causing them internal abdominal injuries because it "failed" in some fashion. Absent the removing surgeon explicitly stating in the operative report, or telling the plaintiff directly, that (s)he saw a "broken" memory recoil ring, many plaintiffs may be unable to provide a "yes" or "no" response to the question of a ring break or failure with any certainty at the time that the

---

[2] See Attachment B, Plaintiffs' Proposed VIII.B.

PFS is being completed. There will be ample opportunity for Defendants to discover the same factual information through the review of each plaintiff's medical records and later through the deposition examination of the same plaintiff's surgeons. Requiring plaintiffs to definitively state "yes" or "no" at this early stage of discovery is both unfair and inequitable and will certainly lead to inaccurate answers to the interrogatory.

The second reason for the PLC's inclusion of the "I Don't Know" response has less to do with the inequitable nature of Defendants' proposed interrogatory and more to do with the functionality. If Defendants truly consider this the "most important" interrogatory on the entire PFS then they must hope that responses here will help to identify with some confidence which cases are claiming a ring "break" or "failure."[3] By failing to allow individual plaintiffs the opportunity to answer "I Don't Know", Defendants will be essentially corrupting the value of this question. In PLC's extensive experience with having individual plaintiffs respond to PFS's in a myriad of MDL litigations, one truth has resonated. If a plaintiff is uncertain of a "yes" or "no", the same plaintiff will almost universally default to the "yes" just to be safe[4]. As such, by eliminating the "I Don't Know" response, Defendants would be watering down the very answer they are so interested in receiving.

By **including** the "I Don't Know" response, the PFS's will create three very clear categories of plaintiffs for the Defendants[5]:

1. "Yes" responses – Plaintiffs who claim to have knowledge or evidence that the "memory recoil ring" "broke"

---

[3] And the details of each as provided in the follow-up descriptive portions of the proposed VIII.B. query
[4] Also, uncertain plaintiffs will often leave the response blank initially in this circumstance which would result in a deficiency prior to them then defaulting to "yes"
[5] There will also be three additional mirrored categories which identify the other ring "failure" mechanisms, in addition to the ring breaking, that have caused injury to the plaintiffs

2. "No" responses - Plaintiffs who claim to have no knowledge or evidence that the "memory recoil ring" "broke"
3. "I Don't Know" responses - Plaintiffs who do not know one way or the other at the time they are completing the PFS if "memory recoil ring" broke

Defendants should be able to use the above categories to effectively plan out their global discovery and litigation strategy. On the other hand, by **removing** the "I Don't Know" response, the PFS's will create one clear category of plaintiffs and one which is murky:

1. "No" responses - Plaintiffs who claim to have no knowledge or evidence that the "memory recoil ring" broke
2. "Yes" responses – Plaintiffs who claim to have knowledge or evidence that the "memory recoil ring" broke **OR** Plaintiffs who are not sure if the "memory recoil ring" broke and are only choosing "Yes" because of the limited options available.

This second scenario has now completely obviated the reliability of any responses to this query and made this "*most import*" interrogatory to the Defendants essentially incapable of helping them easily identify what they are seeking. Additionally, as with all discovery, each plaintiff is required to supplement his or her PFS as new knowledge is obtained and this includes supplementing any response which is provided to VIII.B. memory recoil ring break/failure interrogatories, so many of the initial "I Don't Know's" could eventually be moved to one of the other categories as further discovery is conducted in each individual plaintiff's case.

## II. <u>PLC's Couching of the language of VIII.B.1. as a Knowledge Based Interrogatory</u>

Structuring the question as a restrictive contention interrogatory, as Defendants are proposing, and forcing individual plaintiffs to make an authoritative statement about which they may truly be unaware is in essence forcing these same plaintiffs to issue an expert opinion for which they are unqualified. Defendants proposed approach violates

the tenants of any PFS, namely using the PFS to discover the factual elements of each plaintiff's case. By proposing that VIII.B. be worded as they have suggested, Defendants have crossed into seeking expert or medical opinions as to the cause of the injuries for which individual plaintiffs may be suing and are seeking these opinions not from actual experts but from the individual plaintiffs themselves.

PLC's proposed VIII.B. provides Defendants with the same information they are seeking, but without making it a contention interrogatory or requiring an expert opinion from individual plaintiffs. By wording the interrogatory as "[t]o the best of your knowledge are you claiming…", PLC has given each plaintiff and his/her counsel the opportunity to respond based upon all the information which they have available to them. There is certainly a time and a place during discovery for contention interrogatories and expert opinions to be requested, however, the initial PFS stage is simply not that time. Additionally and as previously stated, each plaintiff is required to supplement his or her PFS as new knowledge is obtained and this includes supplementing any response which is provided here.

For the purposes of the November 20, 2007 call with the Court, Jon Conlin of Cory Watson Crowder & DeGaris, PC and Rhett Klok of Motley Rice, LLC will be participating on behalf of the PLC.

Dated: November 15, 2007

/s Donald A. Migliori
Donald A. Migliori (RI Bar#4936)
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067
Telephone: (401)457-7700
Facsimile: (401)457-4408
*MDL 1842 Plaintiffs' Liaison Counsel*

**CERTIFICATION**

I HEREBY CERTIFY THAT ON THIS THE 15TH DAY OF November, 2007, that a true copy of the within has been filed electronically and that it is available for viewing and downloading from the ECF system. I also certify that a true copy of this document was also mailed or electronically mailed to all counsel of record.

/s Donald A. Migliori
Donald A. Migliori (RI Bar#4936)
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067
Telephone: (401)457-7700
Facsimile: (401)457-4408
*MDL 1842 Plaintiffs' Liaison Counsel*