**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **IN RE: KUGEL MESH HERNIA REPAIR PATCH LITIGATION** | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO ALL ACTIONS** | § | **Chief Judge Mary M. Lisi** |

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC'S MEDIATION STATEMENT CONCERNING SECTION VIII.B. OF PLAINTIFFS' FACT SHEET**

The parties have reached an impasse and must seek the Court's advice related to a single provision in the parties' proposed Plaintiff Fact Sheet ("PFS"). Defendants have formulated a narrow contention-type interrogatory that asks each plaintiff to state whether they contend that the memory recoil ring in the Composix® Kugel® Patch that he or she received broke. Defendants view this as the most critical issue in this litigation for purposes of case stratification and organization, and accordingly have drafted a question to require each plaintiff and his or her attorney to take a straightforward position on this issue. Defendants believe that the Plaintiffs' Steering Committee's version would allow each plaintiff to answer based on whatever idiosyncratic knowledge they may have on the subject or otherwise avoid providing the information needed by Defendants. Therefore, Defendants respectfully request that the Court adopt Defendants' proposal for inclusion in the PFS.

Copies of the parties' competing proposals are attached hereto for the Court's consideration. (*See* Att. A.) Pursuant to the Court's request, Kirby T. Griffis and Michael L. Junk will make themselves available by telephone for mediation of this issue on November 20, 2007, beginning at 2 p.m.

## BACKGROUND

The Composix® Kugel® Hernia Patch ("Patch") is a prescription medical device designed for use in the repair of soft-tissue defects, such as hernias. There are nine product codes of the Patch in the Composix® Kugel® product line. Depending on the overall size of the Patch, each product code contains one or two polyethylene terephthalate (PET) memory recoil rings.[1] The memory recoil rings assist in the redeployment and positioning of the Patch after insertion into the patient through either a surgical incision or laparoscopic port.

After introducing the Composix® Kugel® Patch over the course of 2001 and 2002, Davol voluntarily recalled six of the nine Composix® Kugel® Patch product codes between December 2005 and January 2007 due to the potential for the memory recoil ring to "break" at its weld joint during surgical implantation. This litigation followed those voluntary recalls.

Given the genesis of this litigation, and having now seen hundreds of complaints filed in state and federal courts across the country, Defendants believe that three types of cases exist:

> (1) Personal injury cases in which the plaintiff claims that he or she was injured by a broken memory recoil ring;
> (2) Personal injury cases where the plaintiff *does not* claim that he or she was injured by a broken memory recoil ring; and
> (3) Medical monitoring cases (or class actions) brought by plaintiffs with no present personal injury.

Whether a plaintiff has experienced a ring break, has not experienced one, or is concerned that one might occur in the future, "ring break" is the seminal issue in this litigation, and Defendants believe that the Court's and the parties' efforts should now be aimed at determining which plaintiffs fall into each of the above categories. Given the nature of this litigation, the PFS will be the first (and perhaps primary) means of doing so in many of the cases now before this Court.

---

[1] The memory recoil ring is manufactured from a strand of PET material that is cut to a specified length and then ultrasonically welded at the ends to form a closed loop. That loop of PET is then sewn into the Composix® Kugel® Patch.

## ARGUMENT

Defendants have framed one narrow contention-type interrogatory that addresses the seminal issue of whether a ring break is claimed. Plaintiffs should be required to answer this pivotal question. Specifically, the interrogatory first asks whether the plaintiff "contend[s] that the 'memory recoil ring' within the Composix® Kugel® Patch . . . broke." Should the plaintiff answer "no," the interrogatory asks the plaintiff whether he or she "contend[s] that the 'memory recoil ring' failed in any way other than by breaking." (*See* Att. A.) The questions are succinct; they are direct. Each plaintiff, with his or her lawyer, can and should state unequivocally whether his or her claims are based upon allegations of a memory recoil ring break. Even if the allegation is later proven false or unsupported, identifying at this state of the litigation which plaintiffs at least make that allegation will allow the Court and the parties to classify the plaintiffs and direct their efforts accordingly.

In urging their version of the fact sheet to Defendants, the PSC has suggested that Defendants' contention-type interrogatories are inappropriate because they cannot be answered without expert medical opinion or because they will produce misleading responses. Neither objection is valid.

### I. Contention Interrogatories Are A Proper Discovery Mechanism.

Contention interrogatories are a long-accepted discovery tool, meant to elucidate both the nature of and bases for a party's claims. *See*, *e.g.*, *In Re Convergent Technologies Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985). ("Some contention interrogatories ask the responding party to take a position, and then to explain or defend that position, with respect to how the law applies to facts. A variation on this theme involves interrogatories that ask parties to spell out the legal basis for, or theory behind, some specified contention."). Although contention interrogatories

are often used later in discovery than is the case here, Defendants have limited themselves to this single threshold issue which will assist them in distinguishing cases involving the alleged defect for which the product recalls were issued from those which were not. With the assistance of counsel, each plaintiff should easily be able to place his or her claim into one of two categories: Are you alleging a memory recoil ring break, yes or no?

## II. Defendants' Proposed Interrogatory Does Not Seek Expert Testimony.

Common sense dictates that if explant of the Composix® Kugel® Patch revealed a memory recoil ring break, then the plaintiff has that information upon which to base his or her response to Defendants' interrogatory. Experience also proves that plaintiffs are quite capable of stating ring break allegations without the aid of expert testimony since more than a few plaintiffs have already done so in complaints before this Court. Ultimately, the PSC's argument that plaintiffs cannot answer Defendants' interrogatory without the aid of expert testimony is unavailing. These cases are about memory recoil ring breaks, and therefore each plaintiff, along with his or her counsel, can and should have this information prior to filing suit.

## III. A Proper Response To Defendants' Interrogatory Will Categorize The Lawsuits And Advance This Litigation.

The PSC's claim that Defendants' interrogatory will produce a misleading result is itself misleading. The PSC predicts that, if a plaintiff is forced to choose whether he or she alleges a ring break, those who are unsure will default to an affirmative response. The PSC argues that Defendants' interrogatories will thus lead to many "false positives" that will conceal the true number of ring break cases. The PSC's objection misses the point. Defendants' interrogatory will clarify which plaintiffs allege a ring break with evidence to support that claim versus those that allege ring break with little or no evidence to support the claim.

## IV. The PSC's Proposed "I Don't Know" Response Is Inappropriate In This Context.

The PSC believes that each plaintiff should be given the option to say that they simply do not know what his or her claims are in this litigation. The Defendants' questions ask for their contention, however, and are designed to require them to take a position on a critical contested issue. "I don't know" should not be an option, as it would undermine one of the main goals of the PFS, *i.e.*, to streamline and advance the overall litigation. The PSC's proposal should be rejected for this reason alone.

## CONCLUSION

For the foregoing reasons, Defendants oppose the PSC's proposal and request that the Court adopt Defendants' version of Section VIII.B. of the PFS.

Dated: November 15, 2007

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
William J. Cople, III
1350 I Street NW
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

*Attorneys for Defendant C.R. Bard, Inc. and Defendant Davol Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2007, the foregoing DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC'S MEDIATION STATEMENT CONCERNING SECTION VIII.B. OF PLAINTIFFS' FACT SHEET was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon the Plaintiffs' Liaison Counsel in the manner indicated below:

Donald Migliori
Motley Rice LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
Fax: (401) 457-7708
Email: dmigliori@motleyrice.com
*via facsimile and electronic mail*

s/ Kirby T. Griffis

# ATTACHMENT A

**Defendants' Proposal**

Do you contend that the "memory recoil ring" within the Composix Kugel® Patch that you received broke? Yes _____ No _____

If yes:

a. If any medical professional other than a person hired by your attorneys as a consultant for your lawsuit has told you that (s)he believes that that your memory recoil ring broke or may have broken, identify them, state what they told you, and when.

______________________________________________________________
______________________________________________________________
______________________________________________________________

b. Other than anything described in (a) above, describe why you believe that the memory recoil ring broke.

______________________________________________________________
______________________________________________________________
______________________________________________________________

Do you contend that the memory recoil ring failed in any way other than by breaking? Yes _____ No _____

If yes:

a. If any medical professional other than a person hired by your attorneys as a consultant for your lawsuit has told you that (s)he believes that that your memory recoil ring failed or may have failed in some way other than by breaking, identify them, state what they told you, and when.

______________________________________________________________
______________________________________________________________
______________________________________________________________

b. Other than anything described in (a) above, describe why you believe that the memory recoil ring failed in some way other than by breaking.

______________________________________________________________
______________________________________________________________
______________________________________________________________
______________________________________________________________

## The PSC's Proposal

Are you making a claim that the "memory recoil ring" within the Composix Kugel® Patch that you received failed? Yes _____ No _____ I Don't Know ______

**If Yes:**

1. To the best of your knowledge are you claiming the "memory recoil ring" in your Composix Kugel® Patch broke? Yes _____ No _____

   I Don't Know ______

   **If Yes:**

   i. Please provide the specific details about how you came upon this "ring break" knowledge, including who informed you of this, how you were informed and approximately when you were told this **(please do not detail any information you received from your attorneys, their offices, or any experts they have retained on your behalf).**

   ______________________________________________________________
   ______________________________________________________________
   ______________________________________________________________
   ______________________________________________________________
   ______________________________________________________________
   ______________________________________________________________
   ______________________________________________________________

2. Other than, and in addition to, the information provided in VIII.B.1. above, tell us how and/or why you believe that the "memory recoil ring" failed and provide specific details, including who informed you of this, how you were informed and approximately when you were told this **(please do not detail any information you received from your attorneys, their offices, or any experts they have retained on your behalf).**

   ______________________________________________________________
   ______________________________________________________________
   ______________________________________________________________
   ______________________________________________________________
   ______________________________________________________________
   ______________________________________________________________
   ______________________________________________________________