UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN RE: KUGEL MESH HERNIA PATCH LITIGATION
As it relates to all cases.

MDL DOCKET NO. 07-1842ML

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

At the October 30, 2007 status conference, the parties informed Chief Judge Lisi that they had been unable to reach final agreement on the content of a "Plaintiff Fact Sheet" ("PFS"). Chief Judge Lisi has directed me to mediate the remaining area(s) of disagreement and, if not resolved, to recommend a resolution to her. In connection with that direction, I ordered the parties to file Mediation Statements and conducted a telephone mediation conference on November 20, 2007. The parties remain at impasse as to a single area.

**Discussion**

The primary question in dispute asks Plaintiffs to state whether or not they claim a ring break. Defendants posit that Plaintiffs should be required to answer this pivotal question with a definitive yes or no response. Plaintiffs contend that an alternative response of "I don't know" should be permitted.

Based on my review of the Mediation Statements and the cogent arguments presented by both sides during the telephone conference, it is apparent that both sides have valid points on this issue. However, on balance, Plaintiff's argument that an "I don't know" alternative should be permitted at this early stage is reasonable and persuasive. It is also consistent with Chief Judge Lisi's vision as to the early and important role of the PFS. For instance, during a discussion of a

PFS at the October 30, 2007 status conference, Chief Judge Lisi commented that some ring break cases may be obvious but "[i]f [plaintiffs] don't know, then they ought to be able to say they don't know; but at least the Defendants then know this is somebody we'll have to follow up on because I don't view the fact sheet as foreclosing additional discovery in those cases where you're going to need to do some follow-up; but what it does is it eliminates those cases where...it's very clear what's happened." Transcript of October 30, 2007 Status Conference (Tr.) at 19-20. See also Tr. at 22-23 ("[I]t may well be that some of these people can't answer the question, then of course you're going to be able to follow up with discovery.").

**Conclusion**

For the foregoing reasons, I recommend that Chief Judge Lisi adopt the parties' otherwise agreed PFS with the following version of Question VIII.B. Plaintiffs shall promptly submit to Chief Judge Lisi for her review a revised version of the PFS which is consistent with this Report and Recommendation.

VIII. INJURIES / DAMAGES

* * *

B. Are you claiming that the "memory recoil ring" in your Composix Kugel® Hernia Patch failed?

Yes _______
No ________
I don't know _______

If I don't know:

1. Please provide the specific circumstances which prevent you from answering yes or no at this time (please do not detail any information you received from your attorneys, their offices or any experts that they have retained on your behalf).

If yes:

2. Are you claiming that the "memory recoil ring" in your Composix Kugel® Hernia Patch broke?

Yes _______
No ________
I don't know _______

If yes:

i. Please provide the specific details about how you came upon this "ring break" knowledge, including who informed you of this, how you were informed and approximately when you were told this (please do not detail any information you received from your attorneys, their offices, or any experts they have retained on your behalf).

If I don't know:

ii. Please provide the specific circumstances which prevent you from answering yes or no at this time (please do not detail any information you received from your attorneys, their offices or any experts that they have retained on your behalf).

3. Other than anything described in response to Question VIII above, please explain why you believe that the "memory recoil ring" in your Composix Kugel® Hernia Patch failed in some way other than by breaking (please do not detail any information you received from your attorneys, their offices or any experts that they have retained on your behalf).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 21, 2007