UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SHARON LORANCE

v. CA 07-1953 ML

C.R. BARD, INC. and DAVOL, INC.

MEMORANDUM AND ORDER

Plaintiff has filed a "Response in Opposition to Removal." The Court will treat this pleading as a Motion for Remand.

Defendants removed this complaint to the federal court on the grounds that there was complete diversity of citizenship, and the amount in controversy exceeds $75,000. Plaintiff argues that because she claims only $74,000 in compensatory damages, the federal court lacks subject matter jurisdiction under 28 U.S. C. § 1332. While Plaintiff acknowledges that she seeks "other special and punitive damages in an amount to be proven at trial," (Pl.'s Resp. in Opp., p. 2), she argues that the amount of compensatory and other damages claimed does not exceed the $75,000 statutory threshold.

This Court must determine, based on the complaint at the time of the removal, whether it is "'more likely than not' that plaintiff's claims meet the amount in controversy requirement." Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000) (citing Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993)).

Here, plaintiff seeks compensatory damages of $74,000, as well as "special, incidental, and punitive damages in an amount to be proven at trial." She claims that her medical bills alone total more than $34,000. This Court also makes note that, under

Tennessee law, a plaintiff may recover a judgment in an amount greater than that which was prayed for in the complaint. Tenn. R. Civ. P. 54.03.

Accordingly, taking all these facts into consideration, this Court finds that defendants have sustained their burden of demonstrating a factual and legal basis for federal subject matter jurisdiction.

Plaintiff's Motion for Remand is DENIED.

SO ORDERED:

Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
December 5 , 2007