**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **IN RE: KUGEL MESH HERNIA PATCH PRODUCT LIABILITY LITIGATION** | ) | **MDL Docket No. 07-1842-ML**<br>**Case No. (D.R.I.) 07-1844**<br>**ALL CASES** |

**PROTECTIVE AND CONFIDENTIALITY ORDER**

It is hereby **ORDERED** and **ADJUDGED**, that:

1. This Protective and Confidentiality Order ("Protective Order") shall govern confidential, proprietary and other protected information that may be disclosed during the course of *In re Kugel Mesh Hernia Patch Product Liability Litigation* ("this Action") by C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol") and the individually named plaintiffs consolidated in this Action for discovery purposes ("the Parties").

2. For purposes of this Protective Order, any Party may designate as "Confidential Material" any information reasonably and in good faith believed to be suitable for protection under the Federal Rules of Civil Procedure or other applicable law that is contained in any document, written discovery response, testimony, or other material produced or provided by that Party or its representative(s) to one or more of the other Parties, whether provided voluntarily, pursuant to formal discovery procedures, or otherwise.

3. Any Party may designate a document as Confidential Material by stamping it "Confidential," "Subject to Protective Order" or a substantial equivalent of either of these legends. All pages of any document that bears such a legend are subject to this Protective Order.

4. A Party may designate a document as Confidential Material after such document has been produced to another Party in the course of this Action by notifying each Party of the retroactive designation.

5. If responses to interrogatories, requests for admission, or other written responses to discovery quote, summarize, or contain Confidential Material, the Parties may designate them as Confidential Material by marking the face of any such response with one of the legends set forth in paragraph (3) above and indicating the page and line references of the material that is to be subject to this Protective Order.

6. The Parties may designate the transcript of any deposition in this Action or any portion thereof, including exhibits thereto, as Confidential Material by so advising the court reporter and the Parties on the record during the taking of the deposition. If all or any

portion of a deposition is designated as being subject to this Protective Order, the court reporter and any Parties possessing any transcripts shall label the cover page of each transcript or copy thereof to state that the deposition includes Confidential Material, and shall label as confidential each of the pages of the transcript or exhibits that contain Confidential Material. Any such depositions or exhibits that are filed with the Court shall be filed under seal, bearing substantially the following designation: "This portion of the deposition of ___________ is subject to the Protective Order of the Court in *In re Kugel Mesh Hernia Patch Litigation*, MDL 1842. This portion of the deposition shall remain sealed until further Order of the Court."

7. Written and oral communications between or among counsel for the Parties that quote from or describe or discuss the contents of Confidential Material automatically shall be subject to this Protective Order.

8. Confidential Material shall be treated by the Parties and their counsel as being confidential and private. Any copy made of Confidential Material shall have the same status as the original. The disclosure and use of Confidential Material shall be confined to the permissible disclosures and uses set forth below, and in no event shall a Party make any disclosure or use of Confidential Material unless it is reasonably necessary to effectively prosecute their respective claims and defenses in this Action. All other disclosure and use of Confidential Material during the pendency of this Action or after its termination is hereby prohibited.

9. Confidential Material may be disclosed only to the following persons and only insofar as it is reasonably necessary to the effective prosecution of the Parties' claims and defenses:

   a. Parties, their representatives, in-house counsel and regular employees who are actively engaged in, or actively overseeing this Action;

   b. Counsel of record, their associated attorneys, and support staff, including paralegal and secretarial personnel;

   c. Experts and consultants (including their employees) who are retained by a Party to assist in the litigation of this Action;

   d. Third-party contractors and their employees who are retained by one or more Parties to provide litigation-support or copy services in connection with the litigation of this Action;

   e. Witnesses or prospective witnesses in this Action;

   f. Court reporters and other persons involved in recording deposition testimony in this Action;

   g. Court personnel of the transferee court, the United States District Court for the District of Rhode Island, the Joint Panel on Multidistrict Litigation, or, if on

appeal, of a court with appellate jurisdiction; and

h. Jurors in this action.

Counsel for each Party disclosing Confidential Material in accordance with this paragraph shall advise each person to whom such disclosure is made (except Court personnel and jurors) of the terms of this Protective Order and of the obligation of each such person to comply with those terms. Each Party retaining such experts and/or consultants will be responsible to ensure that they have read the terms of this Protective Order and have had an opportunity to ask about their obligations with those terms. Counsel shall require that each such person sign an agreement to be bound by the Protective Order. Counsel shall maintain a list of persons to whom confidential materials are disclosed (excluding jurors and Court personnel). The list of those designated experts who have signed onto this Confidentiality Order will not be provided to the opposing side until such time as the Court designates the expert disclosure deadline. Any non-disclosed consultants' protective orders will be kept by the respective retaining side's attorneys in observance of the attorney work product privilege and only with good cause shown and Court Order will this list be disclosed to the opposing side. Upon learning of any disclosure of Confidential Material to any person not authorized by this paragraph to receive Confidential Material, the Party who so learns shall immediately (i) inform in writing the Party from which the Confidential Material was originally received of such disclosure, including to whom the material was disclosed, and (ii) take all necessary steps to retrieve as soon as possible each and every copy of all Confidential Material from the unauthorized person and any person to whom the unauthorized person disclosed the Confidential Material.

10. Each Party agrees that in the event it is served by a non-party with a subpoena or request for production of Confidential Material originally received from another Party, it will give sufficient notice to allow that Party a reasonable opportunity to intervene to oppose such production. Any person to whom confidential materials are provided under Paragraph 9, except for court personnel or jurors, shall also be bound by this term.

11. Disclosure of Confidential Material in accordance with paragraph (8) above shall not effect, nor shall it be deemed to effect, a waiver of the attorney-client privilege, the work-product immunity, or any other privilege or immunity from disclosure to which such Confidential Material may be entitled, whether in this Action among the Parties herein or in any other action or as to any non-party.

12. Should any Party to whom Confidential Material is disclosed object to the designation of that material as proprietary, confidential, or otherwise protected, it shall make a good-faith effort to resolve the dispute informally with the disclosing Party. Except where good cause is shown, all objections to the designation of documents as Confidential Material must be interposed in writing, describing the challenged documents by bates number, no later than 60 days before trial, or such objections shall be deemed waived. Should the Parties be unable to resolve the dispute, the Party opposing the inclusion of such material under this Protective Order, within thirty days from receipt of the letter

challenging the confidentiality of any documents, may apply to the Court by motion for a ruling that the information should not be entitled to protection under this Protective Order. The Party opposing such designation need only identify the document in a simple motion to subject to Court review. The Party designating the material as confidential shall have the burden of proving that said material is subject to protection. Until such time as the Court rules on the motion, the material that is the subject of the dispute shall continue to be subject to this Protective Order. In no circumstance may challenges to designations of Confidential Material be made after this case is finally determined as to the challenging party.

13. The inadvertent production by any party in the course of discovery in these proceedings of a document subject to a claim of privilege, work product, or other statutory or court-ordered confidentiality, will not result in a waiver of any of the foregoing protections, whether in these or any other proceedings, for the produced document or any other withheld document covering the same or similar subject matter.

14. Confidential Material shall be used (if otherwise relevant and admissible) solely in this Action and any underlying case consolidated in this Court for discovery purposes in accordance with the provisions of this Protective Order, and such Confidential Material shall not be used in any other legal action or proceeding or for any other purpose without further order of this Court.

15. Confidential Material may be provided to the Court in connection with any pleading, motion, or other paper filed with the Court in this Action. The Party providing such Confidential Material to the Court shall mark one of the legends set forth in Paragraph 3 above on each page of the filing that contains such material. Any pleading, motion, or other paper filed with the Court containing Confidential Material shall be filed with the Clerk of the Court under seal in an envelope marked with one of the legends set forth in Paragraph 3 above and bearing the caption of the case as required under any Order of this Court and title of the document, and a copy of such filing shall simultaneously be furnished under seal in a similarly labeled envelope marked "Judge's Copy," to the Court's chambers. Such papers filed under seal shall not be unsealed or made a part of the public record except by further order of this Court.

16. If during the course of document production it becomes known that certain Confidential Material has been produced inadvertently, such inadvertent production does not waive any privilege or claim of confidentiality that a Party may possess as to that Confidential Material. The Party who receives any Confidential Material shall notify the Party who produced those documents within fourteen days of first discovering such inadvertent disclosure. That Party shall also not make any reproductions of any form of those documents, and if any reproductions were made prior to discovery of the documents confidentiality, that Party shall return any copies along with the original to the producing Party. Under no circumstances shall any Party use information obtained through an inadvertent disclosure to its benefit or the producing Party's detriment. Further, any Party who discloses any information contained in inadvertently produced Confidential Material to any person not a Party to or covered under this Protective Order shall be

deemed in violation of this Protective Order. A party may oppose the designation of documents as inadvertently produced in accordance with the procedure set up in Paragraph 12 above, except that the party opposing such designation must do so within 30 days of being notified by the producing party of the inadvertent production.

If a producing Party discovers that it has inadvertently produced confidential documents to another Party, it shall within fourteen days of such discovery ask for the return of such documents, including any copies, from the Party who inadvertently received any confidential document. Failing to make a timely request shall be deemed a waiver of any privilege or confidence as to those documents.

17. The use in this litigation of a confidential document by the disclosing party shall not constitute a waiver of confidentiality. Other uses or disclosures of confidential documents may or may not create a waiver, depending on applicable law.

18. Upon written demand by a Party, to be made within thirty days after the final determination of this Action or all related actions, as defined previously, as to the party to whom the documents were produced – and, for material not specific to a particular case, the final determination of any other action of which the same counsel is counsel of record – counsel of record for each Party receiving Confidential Material shall assemble and return all such material to the disclosing Party or, alternatively, shall immediately destroy all such material. All attorneys of record shall, within forty-five days of an initial written demand under this paragraph, certify that all Confidential Material, including any such material disclosed to any other entity, has been returned or destroyed. The sole exception to the requirements described above is that information that has been incorporated into attorney work product or other privileged documents need not be returned or destroyed. Such information shall be retained by the person to whom the information was produced, and shall be treated as Confidential Material in accordance with this Order.

19. Each Party shall retain all rights and remedies available to it under the law for the enforcement of this order against anyone who violates it.

20. The restrictions of this Protective Order shall continue to apply after this case is finally determined and the Court shall retain jurisdiction for all purposes in connection therewith.

DATED: December 4, 2007.

Respectfully submitted on behalf of Co-Lead Counsel For Plaintiffs,

By: s/ Donald A. Migliori

Donald A. Migliori
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067
401-457-7700
401-457-7708 FAX

*MDL 1842 Plaintiffs' Liaison Counsel*

Respectfully submitted on behalf of Lead Counsel For Defendants,

By: s/ Kirby Griffis

Kirby T. Griffis
SPRIGGS & HOLLINGSWORTH
1350 I St. NW
Washington, DC 20005
202-898-5800
202-682-1639 (fax)

*MDL 1842 Defendants' Counsel*

IT IS SO ORDERED.

Date: 12/6/07

Mary M. Lisi

**Judge Mary M. Lisi**