UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUDY A. NICHOL and LOUIS NICHOL,
Plaintiffs,

v. CV 07-1887ML

BOULDER CITY HOSPITAL, INC.; DAVOL, INC., a subsidiary of C.R. BARD, INC., a Delaware corporation; C.R. BARD, INC., a New Jersey corporation; DOE DAVOL / C.R. SALES REPRESENTATIVE; JOHN DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,
Defendants.

**MEMORANDUM AND ORDER**

Defendants Davol, Inc. ("Davol") and C.R. Bard, Inc. ("Bard") removed this action to federal court on the ground of complete diversity of citizenship. Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action was transferred to this Court under 28 U.S.C. § 1407 for consolidation of pretrial proceedings with the In re Kugel Mesh Hernia Patch Products Liability Litigation, No. 07-1842 (D.R.I. filed June 28, 2007). Plaintiffs, Judy and Louis Nichol, have filed a Motion to Remand to Nevada state court. For the reasons set forth below, Plaintiffs' Motion to Remand is GRANTED.

## I. Background

Plaintiffs brought a complaint alleging negligence, strict products liability, negligent design, failure to warn, misrepresentation, punitive damages, and breach of express warranty, implied warranty of merchantability, and implied warranty of fitness for a particular purpose all stemming from the implantation in Judy Nichol of the Bard Composix Kugel Hernia Repair Patch. (Complaint ¶¶ 16-71.) Davol, a Delaware corporation, and Bard, a New Jersey corporation, were named as defendants. (Id. at ¶¶ 5, 6.) Plaintiffs also brought suit against Boulder City Hospital ("the Hospital") and unnamed individuals and corporations. (Id. at ¶¶ 7-10, 14.) Plaintiffs are citizens of Nevada. (Id. at ¶¶ 2, 3.)

## II. Analysis

A district court must have subject matter jurisdiction in order for the removed case to remain in federal court. See 28 U.S.C. §§ 1441(a), 1447(c). A party seeking to remove a case to federal court has the burden of demonstrating the existence of federal jurisdiction. See, e.g., BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir. 1997). Furthermore, the removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action. See, e.g., Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999); In re Pharm. Indus. Average Wholesale Price Litig., 431 F.Supp.2d 109, 116 (D. Mass. 2006); Miara v. First Allmerica Fin. Life Ins. Co., 379 F.Supp.2d 20, 26 (D. Mass. 2005).

Here, Defendants removed the case to federal court on the ground of diversity under 28 U.S.C. § 1332(a). Under Section 1332(a) of Title 28, federal courts have jurisdiction when no plaintiff shares the same state citizenship with any defendant. See, e.g., Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978). Plaintiffs are Nevada citizens. (Complaint ¶¶ 2, 3.)

Therefore, if any defendant is a Nevada citizen, federal jurisdiction fails for want of complete diversity. See, e.g., Owen Equip. & Erection Co., 437 U.S. at 373-74. Defendants Davol and Bard are not citizens of Nevada. (Complaint ¶¶ 5, 6.) For purposes of removal, the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(a). Therefore, only the Hospital potentially frustrates complete diversity.

Defendants Davol and Bard first contend that the Hospital is not a citizen of Nevada. They have failed to meet their burden, however, because they have not brought forward any evidence on this point. See BIW Deceived, 132 F.3d at 831. Moreover, Plaintiffs have presented uncontested evidence that the Hospital filed a Nevada address with the Nevada Secretary of State and has been registered in Nevada as a domestic, non-profit corporation since 1954. (See Pls.' Mot. to Remand 3, Ex. 2.)

Defendants next argue that the Hospital was misjoined. Under Rule 21 of the Federal Rules of Civil Procedure, a court may drop a party to the action on a party's motion. Fed. R. Civ. P. 21. The rule does not define the grounds for misjoinder, but it is well-settled that parties are misjoined when the preconditions in Rule 20(a) for permissive joinder are not met. Beaulieu v. Concord Group Ins. Co., 208 F.R.D. 478, 479 (D.N.H. 2002); Maldonado Cordero v. AT & T, 190 F.R.D. 26, 28 (D.P.R. 1999); Glendora v. Malone, 917 F.Supp. 224, 227 (S.D.N.Y. 1996). Under Rule 20(a), defendants are properly joined if the rights to relief sought arise out of "the same transaction, occurrence, or series of transactions or occurrences" and if a "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

A. The Complaint

Defendants contend that Plaintiffs' complaint alleges medical malpractice against the Hospital and strict products liability against all the other Defendants. The Hospital was misjoined, Defendants argue, because the alleged medical malpractice and strict products liability rights to relief arise out of different transactions and occurrences. See Fed. R. Civ. P. 20(a)(2). Thus, according to Defendants, this Court should drop the Hospital from the suit. See Fed. R. Civ. P. 21. The parties would then be completely diverse and this Court could exercise jurisdiction pursuant to 28 U.S.C. § 1332(a).

Even assuming that the transactions or occurrences would indeed be different, Defendants incorrectly conclude that Plaintiffs only claim medical malpractice, not strict products liability, against the Hospital. Although Plaintiffs omitted the Hospital as a defendant in the strict products liability cause of action in their complaint, they included the Hospital in their failure to warn, express warranty, implied warranty of merchantability, and implied warranty of fitness causes of action. (Complaint ¶¶ 24, 41, 52, 56, 62.) At the least, the implied warranty of merchantability cause of action arises from the same transactions and occurrences as a strict products liability claim in this case because the two causes of action are so closely related. Nevada law follows the Restatement (Second) of Torts § 402A on strict products liability.[1] See e.g., Calloway v. City of Reno, 993 P.2d 1259, 1272 (Nev. 2000); Allison v. Merck and Co., Inc.,

[1] "(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller." Restatement (Second) of Torts § 402A (1965).

878 P.2d 948, 951 n.1 (Nev. 1994). Section 104.2314 of the Nevada Revised Statutes sets forth the cause of action for breach of implied warranty of merchantability.[2] Both causes of action focus on the same transaction: sale of a product to a plaintiff by a seller engaged in the business of selling. See Restatement (Second) of Torts § 402A(1)(a); N.R.S. § 104.2314(1). Moreover, both causes of action require the same occurrence: product failure. See Restatement (Second) of Torts § 402A(1); N.R.S. § 104.2314(2). Thus, the Hospital was not misjoined simply because Plaintiffs omitted the Hospital as a defendant in the strict products liability cause of action in their complaint. See Fed. R. Civ. P. 20(a)(2).

B. Nevada Strict Products Liability and Implied Warranty Laws

Defendants further argue that Nevada law prohibits strict products liability claims against hospitals. To date, Nevada courts have not directly addressed this issue or the related issue of whether a claim of breach of implied warranty of merchantability will lie against a hospital. Defendants base their argument on inapposite Nevada cases and rulings in other states.

It is well settled that any doubts about the propriety of removal should be resolved against removal. See, e.g., Danca, 185 F.3d at 4; In re Pharm. Indus. Average Wholesale Price Litig., 431 F.Supp.2d at 116; Miara, 379 F.Supp.2d at 26. Here, the ambiguity of Nevada law on strict

---

[2] "1. Unless excluded or modified (NRS 104.2316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.
2. Goods to be merchantable must be at least such as:
(a) Pass without objection in the trade under the contract description; and
(b) In the case of fungible goods, are of fair average quality within the description; and
(c) Are fit for the ordinary purposes for which such goods are used; and
(d) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
(e) Are adequately contained, packaged and labeled as the agreement may require; and
(f) Conform to the promises or affirmations of fact made on the container or label if any.
3. Unless excluded or modified (NRS 104.2316) other implied warranties may arise from course of dealing or usage of trade." N.R.S. § 104.2314.

products liability claims against hospitals leaves too much in doubt for Defendants to meet their removal burden. See BIW Deceived, 132 F.3d at 831; Losacco v. F.D. Rich Constr. Co., Inc., 992 F.2d 382, 384 (1st Cir. 1993) ("When the highest state court has not issued a definitive ruling on the precise issue at hand, the federal courts may refer to analogous decisions, considered dicta, scholarly works, or other reliable sources to ascertain how the highest court would rule.") In this case, there is no indication from other such sources as to how Nevada would treat such claims against a resident hospital.

Allison, the best case Defendants can muster, is inapposite.[3] See 878 P.2d 948. In Allison, the plaintiffs claimed strict products liability and breach of warranties against the Clark County Health District for a vaccine which allegedly injured Thomas Allison. Id. at 951, 951 n.1. The Nevada Supreme Court found that the Clark County Health District was not a "seller of products" and therefore not liable under either a warranty or a strict liability theory. Id. At 951 n.1. Allison does not bear directly on the case at hand, however, because Clark County Health District was not a hospital. Id. Moreover, the Hospital in the present case did apparently sell the Bard Composix Kugel Hernia Repair Patch to Judy Nichol whereas Clark County Health District did not sell the vaccine to the Allisons. See 878 P.2d at 951 n.1. (See Pls.' Mot. to Remand Ex. 1.)

Defendants' attempt to bolster the lack of Nevada case law with rulings from other states also fails to overcome the uncertainty in Nevada law. Although some states exempt hospitals from strict products liability and from implied warranty of merchantability claims, other states do

[3] Defendants' other case, Calloway, which addresses strict products liability in the context of home construction, is even less relevant. See 993 P.2d 1259.

not. Compare Malawy v. Richards Mfg. Co., 501 N.E.2d 376, 379, 388 (Ill. App. Ct. 1986) (holding that the hospital was liable under the implied warranties of merchantability and fitness for selling to and implanting in the patient a bone plate which broke), and Thomas v. St. Joseph Hosp., 618 S.W.2d 791, 793, 796-97 (Tex. App. 1981) (holding hospital strictly liable where hospital gown supplied by the hospital ignited when lighted match fell on it), with Royer v. Catholic Med. Ctr., 741 A.2d 74, 78 (N.H. 1999) (affirming the dismissal of a products liability claim based on an allegedly defective prosthesis and reasoning that where "a health care provider in the course of rendering health care services supplies a prosthetic device to be implanted into a patient, the health care provider is not 'engaged in the business of selling' prostheses for purposes of strict products liability"), and Cafazzo v. Central Med. Health Servs., Inc., 668 A.2d 521, 525 (Pa. 1995) (rejecting products liability claim based on a prosthesis and reasoning that hospitals "are not sellers, providers, suppliers or distributors of products such as to activate 402A" and that the policy reasons for strict liability are not present).

Defendants have failed to show that the Hospital was misjoined. See Fed. R. Civ. P. 20(a)(2). Consequently, the case does not meet federal subject matter jurisdiction because the parties are not completely diverse. See 28 U.S.C. § 1332(a). Accordingly, Plaintiffs' Motion to Remand to Nevada state court is granted.

SO ORDERED

Mary M. Lisi
Mary M. Lisi
United States District Judge
December 18, 2007