**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | ( ( ( | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES ONLY TO *Risley v. Davol, Inc, et al.*** | ( ( ( | ***Risley v. Davol, Inc., et al.* C.A. 07-1856** **JUDGE LISI** |

**Opposition to Motion to Remand**

Plaintiffs, Wendy and Tracy Risley, hereby oppose the motion of Defendants C.R. Bard, Inc. and Davol, Inc. ("Defendants") to remand Plaintiffs claims.

Defendants base their motion on the single fact that the Composix Patch that was implanted in Ms. Risley, and caused her severe injuries, was not a Composix Kugel Patch, but rather an EX Mesh Patch. Defendants unilaterally claim this difference is significant because Ms. Risley's patch was not subject to the recall Defendants issued, and her patch does not utilize a memory recoil ring.

However, Defendants do not identify sufficient facts to differentiate the Risleys' case from the other cases pending in the MDL for the purposes of the relief they seek, and overlook the simple fact that her patch is sufficiently similar to the recalled patches to cause the same type of injuries that the Composix Kugel Patch cause. Ultimately, because discovery has not properly commenced, Defendants' Motion is premature.

Defendants' objections have already been heard and rejected by the Judicial Panel on Multidistrict Litigation ("JPML"). On June 22, 2007, the Order establishing the MDL was entered. In its Opinion, the JPML noted Defendants' objections that not all the patches were subject to recall or were even the same. The Panel acknowledged that the various MDL actions "involve allegations of defects in various models of hernia patches"

but concluded that "[a]ll actions can . . . be expected to share factual questions concerning such matters as the design, manufacture, safety, testing, marketing and performance of these patches . . . . [Consolidation of claims for pretrial purposes] does not require a complete identity or even a majority of common factual or legal issues as a prerequisite." 493 F.Supp.2d 1371, 1372-73(J.P.M.L. 2007); *see also In re Celotes Corp. "Tehnifoam" Prods. Liab. Litig.*, 424 F.Supp. 1077 (J.P.M.L. 1977) (noting absolute differences in products did not preclude consolidation in a single MDL)

That Ms. Risley's patch was not subject to the recall is immaterial. The decision to issue the recall, and its ultimate scope, was strictly the prerogative of Defendants who merely forwarded the terms and scope of the voluntary recall to the Food and Drug Administration. *See* January 13, 2006 Press Release of Defendants (available at http://www.bard.com/news/index.cfm); *see also* http://vm.cfsan.fda.gov/~lrd/recall2.html (discussing FDA recall policies). The fact that Defendants' decided that the greatest risk was posed by a narrow set of its Kugel Patches, and framed a selective recall, is not the same as a reliable, objective determination by an outside fact finder that only the recalled products were defective. Indeed, there have been reported adverse events for the type of patch that caused Ms. Risley's injuries.[1] That Defendants did not deem the number of these events to warrant the costs of a recall, does not compromise her presence in the MDL.

As is evident from the number of non-recalled cases coordinated in this MDL, non-recalled patches are causing the same injuries as the recalled patches. The real concern is whether pretrial proceedings, particularly discovery into areas of performance, materials, implantation techniques, and related matters, can be efficiently consolidated.

[1] See Appendix A for a sampling of adverse event reports involving the Kugel E/X patch.

Because the injuries Ms. Risley suffered are identical to those caused by the patches Defendant recalled, her claims should proceed in the MDL. *Compare* Complaint ¶ 10 (discussing the injuries caused by the recalled patches) *with* ¶¶ 15, 16 (discussing Ms. Risley's injuries). Indeed, while Defendant notes that Ms. Risley discusses the sole reason Defendants provided for the recall (the defective memory ring) as a potential source of her injuries, she includes many other allegations of purported failure unrelated to this single defect, including migration of the patch and its components. *See Id.* at ¶ 50; *see also Id.* at ¶ 38 (discussing rupture).

To the extent the Court may be inclined to consider remand, decision should await initial discovery, so that a true assessment of the proper scope of the MDL can be had. Presently, Defendants have nearly exclusive access to information that could rebut their claims in this Motion, and otherwise provide a proper understanding of the patches and the related injuries that have been consolidated in the MDL. Indeed, while the Judicial Panel contemplated possible remand of certain cases, it understood that such a decision would be at a later stage and "on further refinement of the issues." 493 F.Supp.2d at 1373.

For all of the above reasons, the Risleys respectfully request that Defendants' Motion to Remand be denied.

Dated: December 31, 2007

/s/ Scott A. George
David Buchanan
Scott Alan George
Seeger Weiss LLP
One William Street
New York, NY 10004
(212) 584-0700

## CERTIFICATION

I hereby certify that on this 31 day of December, 2007, that a true copy of the within Opposition to Motion to Remand has been filed electronically and that it is available for viewing and downloading from the ECF system. I also certify that a true copy of this document was also mailed or electronically mailed to the following:

**Ernest Cory** ecory@cwcd.com

**Kirby T. Griffis** kgriffis@spriggs.com, awinslow@spriggs.com

**Mark T. Nugent** mnugent@morrisonmahoney.com, cmontgomery@morrisonmahoney.com

**Thomas M. Robinson** trobinson@morrisonmahoney.com

**Teresa C Toriseva** tct@wtwlaw.us

**Samuel J. Abate, Jr**
Pepper Hamilton LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405

**Elizabeth Anne Banham**
Mulligan and Banham
2442 Fourth Avenue
Suite 100
San Diego, CA 92101

**Andrew L. Colocotronis**
Baker, Donelson, Bearman, Caldwell & Berkowitz
900 South Gay Street
2200 Riverview Tower
Knoxville, TN 37902

**Kathleen Ann DeLaney**
Delaney & Delaney LLC
3640 North Washington Blvd.
Indianapolis, IN 46205

**John A. Fagg, Jr**
Moore & Van Allen
100 N. Tryon Street
Suite 4700
Charlotte, NC 28202-4003

**Gary D. Hermann**
Hermann, Cahn & Schneider
Suite 500
1301 East Ninth Street
Cleveland, OH 44114

**Joe G. Hollingsworth**
Spriggs & Hollingsworth
1350 I Street, N.W.
Washington, DC 20005

**James B. Irwin**
Irwin Fritchie
400 Poydras Street
Suite 2700
New Orleans, LA 70130

**Katherine R. Latimer**
1350 I Street, NW
Washington, DC 20005

**D. Mitchell McFarland**
Harrison Bettis Staff McFarland & Weems
500 Dallas Street
Suite 2600
Houston, TX 77002

**Robert H. Pedersen**
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

**Michelle R. Schwarz**
Mandelbaum & Schwarz
2012 Hamilton Lane
Suite 303
Las Vegas, NV 89106

**Lesley Stine**
Saieva, Rousselle & Stine
601 W. Swann Ave., Suite B
Tampa, FL 33606

**Kara T. Stubbs**
Baker Sterchi Cowden & Rice
2400 Pershing Road
Suite 500
Kansas City, MO 64108

**Kevin K. Trout**
Heron Sweet Fox & Trout
2601 NW Expressway
Suite 707 W
Oklahoma City, OK 73112

**Danene J. Tushar**
Fraser Stryker Law Firm
409 South 17th Street
Suite 500 Energy Plaza
Omaha, NE 68102

**Edward A. Wallace**
Wexler Firm
One North LaSalle Street
Suite 2000
Chicago, IL 60602

**David Bowman White**
Gallivan White and Boyd
PO Box 1505
Greenville, SC 29603

**Dennie M. Zankel**
Baker and Sterchi
1010 Market Street
Suite 950
St. Louis, MO 63101

/s/ Donald A. Migliori
Donald A. Migliori
RI Bar#4937
Motley Rice LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940
Telephone: 401-457-7700
Fax: 401-457-7708