**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re COMPOSIX® KUGEL® HERNIA REPAIR PATCH LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO: *Gayvont v. Davol and Bard,* Civil Action No. 5:07-CV-125 (N.D.W.Va.) (Marshall County, West Virginia, Civil Action No. 07-C-206)** | § § § § | **Individual Case No. 07-1966**<br>**JUDGE LISI** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

Plaintiff, Brenda Gayvont, submits this memorandum of law in support of her motion to remand this action to the Circuit Court for Marshall County, West Virginia, where it was originally filed.

**SUMMARY OF ARGUMENT**

In seeking remand, Plaintiff raises only one objection to this Courts' jurisdiction: that Defendants have not offered any *evidence* that the amount in controversy exceeds the jurisdictional minimum of $5 million. Plaintiff does not argue that Defendants' evidence in support of removal is insufficient or inconclusive; rather, she suggests that Defendants offered no such evidence at all. Defendants' Notice of Removal takes Plaintiff's suppositions about the number of West Virginia class members as fact. However, Plaintiff herself admitted that she does not have a good faith basis for alleging the number of class members, and therefore, cannot know whether the damages she seeks on behalf of the class exceeds $5 million. Plaintiff argues below that Defendants have the burden of establishing that the amount in controversy exceeds $5 million by a preponderance of the *evidence* - not through mere speculation and conjecture about the amount in controversy. Despite this burden, Defendants have made no effort to provide this Court with any evidence of how many Composix Kugel Mesh Patches were actually implanted

in West Virginia residents. Until Defendants proffer evidence regarding the number of West Virginia implantees (demonstrating a class large enough to require medical monitoring in an amount in excess of $5 million), this Court is prevented from determining whether subject matter jurisdiction exists. As such, Defendants have not met their burden and Plaintiff must move for remand.

Plaintiff has no objection to an adjudication of this class action through the Kugel Mesh MDL proceeding in the District of Rhode Island MDL Court. To the contrary, Plaintiff's counsel has filed several other medical monitoring cases in federal courts throughout the country, all of which have been transferred to the MDL. Additionally, Plaintiff's counsel has been appointed Co-Lead Counsel for the Kugel Mesh MDL and will represent the interests of all medical monitoring class members nationally. However, the jurisdictional requirements of the Class Action Fairness Act ("CAFA") cannot simply be ignored.

## NATURE OF THE CASE

This class action involves the Composix Kugel Mesh Patch manufactured by Defendants between 2001 and January 2007. These Composix Kugel Mesh Patches were sold by Defendants for implantation in patients in the course of hernia repair surgery. Claims regarding these recalled patches (both individual personal injury claims and class action claims) have been filed in courts throughout the country. On June 22, 2007, upon a petition by Plaintiff's counsel, all federal actions relating to the recalled patches were consolidated and transferred by the Judicial Panel on Multidistrict Litigation ("JPML"), pursuant to 28 U.S.C. §1407, to the District Court of Rhode Island as *In re Kugel Mesh Hernia Patch Products Liability Litigation*, MDL No. 1842 ("Kugel Mesh MDL"). See Transfer Order of June 22, 2007, Exhibit A.

The Composix Kugel Mesh Patch is a polypropylene mesh prosthetic device developed to repair ventral hernias, or hernias of the abdominal region. The patch is designed to be inserted

behind the hernia defect in the abdomen through a small incision. In order to fit through the small incision the mesh patch is folded in half. Once inside the abdomen, the patch springs open as a result of its hard "memory recoil ring" and the mesh adheres to the abdominal wall, leaving a non-adhesive side facing the internal organs. Due to defects in the design and manufacturing of the Composix Kugel Mesh Patch, the "memory recoil ring" that opens the patch can fail under the stress of placement of the product in the intra-abdominal space. Once the memory recoil ring has failed, the patch can later come loose and cause serious injuries as it travels through the body. These injuries include: intestinal perforations; ring migration through the abdominal wall; abscesses; bowel obstruction and sepsis; and chronic intestinal fistulae (abnormal connections or passageways between the intestines and other organs).[1] Given these known and documented dangers, Plaintiff and the Class Members have become prisoners of their devices. They are at risk of incurring a potentially life threatening injury, yet, until the ring breaks or the patch migrates, the only thing they can do is monitor the situation and wait until they are told that more drastic intervention is necessary. The implantees should not be burdened with the costs associated with this necessary medical monitoring.

Plaintiff has filed a class action on behalf of all West Virginia residents who currently have a recalled patch implanted in their body. See Complaint, Case No. 07-1966, Exhibit B. Plaintiff's Complaint alleges three causes of action: breach of the implied warranty of merchantability; negligence; and medical monitoring. Complaint, ¶¶ 42-60. The relief sought is

[1] As a result of this dangerous and defective condition, and the numerous serious injuries that have resulted, the FDA issued Class 1 recalls for the larger versions of the Composix Kugel Mesh patch.

the establishment of a medical monitoring program, funded by Defendants, to provide medical testing, screening, services, research and education for members of the West Virginia class.[2]

## PROCEDURAL HISTORY

*Gayvont v. Davol, Inc. et al* was filed August 24, 2007 in the Circuit Court of Marshall County, West Virginia. On September 28, 2007, Defendants removed this matter to the United States District Court for the Northern District of West Virginia on the purported grounds of federal diversity jurisdiction pursuant to CAFA, as embodied in 28 U.S.C. §§ 1441 and 1453. See Def.'s Brief, ¶ 7. On November 11, 2007, this case was transferred to the Kugel Mesh MDL, in the District of Rhode Island. Should this case not be remanded to the Circuit Court for Marshall County, it will remain before this Court until it is transferred and assigned for trial in the Northern District of West Virginia.[3]

## ARGUMENT

### I. Plaintiff Cannot in Good Faith Allege Federal Jurisdiction Based on the Facts and Information in her Possession – and did not do so in the Complaint

As Plaintiff stated in her Class Action Complaint ("Complaint"), she does not currently have facts or information at her disposal that would provide a good faith basis to allege federal jurisdiction under CAFA. Complaint, ¶ 5. While Plaintiff reasonably believes that enough West Virginia residents were implanted with the Composix Kugel Mesh Patch to constitute a class action under West Virginia law, she has no idea exactly how many implantations occurred there, and cannot merely speculate that this number is large enough to require a medical monitoring

[2] Unlike some States, West Virginia has a well developed and clearly defined cause of action for medical monitoring. West Virginia courts have repeatedly allowed for class actions seeking medical monitoring. *See e.g., Bower v. Westinghouse Elec. Corp.*, 206 W. Va. 133 (1999). This West Virginia class reasonably seeks the protection afforded to them by the laws of their home state.

[3] Defendants have stated that they will not waive their *Lexicon* right to trial in the case's original jurisdiction.

program costing in excess of $5 million. To illustrate this point, in her Complaint, Plaintiff reasoned that if West Virginia comprises 0.6% of the population of the United States,[4] then an equal distribution of the roughly 100,000 patches implanted would mean that roughly 600 patches were sold in West Virginia.[5] Plaintiff has no evidence to establish this estimate, and she never claimed to. As such, she made no representations whether or not the minimum amount in controversy (under CAFA) exists. While Plaintiff *assumes* that tens, if not hundreds, of the Composix Kugel Mesh Patches were surgically implanted in West Virginia residents, it is Defendants who are required to come forward with this evidence. Plaintiff does not try to avoid the MDL, she simply realizes that subject matter jurisdiction cannot be waived, the issue cannot be avoided and all of the jurisdictional requirements must be demonstrated – but, it is for Defendants to satisfy this threshold inquiry.

## II. It is Defendants' Burden to Establish Federal Jurisdiction

Civil actions filed in a state court are removable to a federal district court only if the action could have originally been brought in federal court. 28 U.S.C. § 1441 (a); *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Federal district courts are courts of limited jurisdiction, and only have the power to act within the dictates of the United States Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction. *See Ex Parte*

[4] Defendants raise the point that Plaintiff's counsel has filed medical monitoring class actions in federal courts located in other states, invoking CAFA jurisdiction. While Plaintiff's counsel has no way of knowing how many patches were sold in each State, it is their reasonable assumption that because West Virginia has a smaller population than the other States in which they have filed, fewer patches would be sold to West Virginia residents than to residents of more populous States – drastically reducing the cost of creating and sustaining a medical monitoring program.

[5] At the MDL status conference in front of Judge Lisi, Defendants represented that roughly 100,000 of the recalled patches were implanted in the United States.

*McCardle*, 74 U.S. 506, 514 (1868); *see also, Spielman v. Genzyme Corp.*, 251 F.3d 1, 4 (1st Cir. 2001) ("determining whether a case belongs in federal court should be done quickly").[6]

CAFA extends federal diversity jurisdiction to any class action in which (1) minimal diversity exists, (2) the minimum number of putative class members exceeds 100, and (3) the matter in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). The burden of establishing the propriety of federal jurisdiction rests with the Defendants in this case, as long standing precedent places the burden of proof for establishing the propriety of removal on the removing party. *See Maryland Stadium Authority v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005); s*ee also, BIW Deceived v. Local 56*, 132 F.3d 824, 831 (1st Cir.1997). Moreover, removal statutes should be strictly construed, and any doubts should be resolved against removal. *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1 (1st Cir. 2004), citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

CAFA does not contain any language changing the existing burden of proof for federal jurisdiction**.** *See e.g., Brill v. Countrywide Home Loans, Inc.*, No. 05-2713, 2005 WL 2230193 (N.D. Ill. Sept. 8, 2005). In all cases of statutory interpretation, the inquiry begins with the text of the statute. *See Chesapeake Ranch Water Co. v. The Board of Commissioners of Calvert County*, 401 F.3d 274, 279 (4th Cir. 2005). If the language is plain and the statute is coherent and consistent, the court need not inquire further. *United States v. Ron Pair Enters., Inc.*, 489

---

[6] As a preliminary matter, there is no doubt that this Court has the power to remand this case back to the Circuit Court for Marshall County, West Virginia. Rule 1.5 of the of the JPML rules provides that "[t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the panel concerning transfer or remand of an action pursuant to 28 U.S.C §1407 *does not effect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." See*, Rules of the JPML, 1999 F.R.D. 425, 427 (2001) (emphasis added). Moreover, in *In re: Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348, 1349, n.1 (Jud. Pan. Mult. Lit. 2001), the JPML itself held that district courts have the authority to either rule on a remand motion before a transfer order has been issued or defer to the MDL court.

U.S. 235, 240-241 (1989). The sole function of the courts is to enforce statutes according to their terms. *Caminetti v. United States*, 242 U.S. 479, 485 (1917). On a motion to remand a CAFA removal, the overall majority of federal district courts (and the recent trend) continue to hold the defendant to the burden of establishing that federal jurisdiction exists. [7] *Terry v. Chicago Title Ins., Co*., No. 06-cv-288-SM, 2007 U.S. Dist. LEXIS 14610 at *2-6 (D.N.H. Feb. 28, 2007). This is evidenced by the fact that all the circuit courts, as well as a majority of the district courts, that have addressed the issue have ruled that the burden does indeed remain on the defendant. *See, Miedema v. Maytag Corp*., 450 F.3d 1322 (11th Cir. 2006) (where plaintiff has not pleaded a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement).[8] In light of this mass of case law, and absent any reference to the contrary in the statute, this burden should not be reversed.

---

[7] While a few district court opinions may be cited in opposition, most of these opinions are from shortly after CAFA was enacted, and are clearly the minority opinion. *See Terry,* 2007 U.S. Dist. LEXIS 14610 at *2-6.

[8] *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("We therefore hold that under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction"); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447-448 (7th Cir. 2005); *Adams v. Ins. Co. of N. Am.*, 426 F. Supp. 2d 356 (S.D.W.Va. 2006); *Morgan v. Gay*, No. 06-1371, 2006 U.S. Dist. LEXIS 55211 (D.N.J. Aug. 7, 2006); *Jones v. Fort Dodge Animal Health*, No. 1:06-cv-47, 2006 U.S. Dist. LEXIS 45204 (D. Fla. July 5, 2006)("the traditional rule that the removing defendant bears the burden of establishing subject matter jurisdiction still applies under CAFA"); *Tiffany v. Hometown Buffet, Inc.*, No. C 06-2524, 2006 U.S. Dist. LEXIS 45286 (D. Cal. June 22, 2006) ("In a motion to remand, the burden of proving the propriety of removal rests with the removing party"); *Ongstad v. Piper Jaffray & Co.*, 407 F. Supp. 2d 1085, 1088 (D.N.D. 2006) (citing *Plummer v. Farmers Group, Inc.*, 388 F. Supp. 2d 1310, 1317-1318 (E.D. Okla. 2005); *Judy v. Pfizer, Inc.*, 2005 U.S. Dist. LEXIS 40826 at *5 (E.D. Mo. Sept. 14, 2005); *Schwartz v. Comcast, Corp*., No. 05-2340, 2005 U.S. Dist. LEXIS 15396, *4 (E.D. Pa. July 28, 2005); *In re Expedia Hotel Taxes and Fees Litigation*, 377 F. Supp.2d 904, 905 (W.D. Wash. 2005); *Sneddon v. Hotwire, Inc.*, Nos. C 05-0951 SI, C 05-0952 SI and C 05-0953 SI, 2005 U.S. Dist. LEXIS 13257 (N.D. Cal. June 29, 2005); *Williams v. Tex. Commerce Trust Co.*, No. 05-1070, 2006 U.S. Dist. LEXIS 39743 (D. Mo. June 15, 2006); *Rodgers v. Cent. Locating Serv*., 412 F. Supp. 2d 1171 (D. Wash. 2006).

Therefore, before this Court can preside over this class action, the Defendants must establish all of the above mentioned jurisdictional requirements – including that the amount in controversy is in excess of $5 million.

## III. Defendants' Must Provide *Evidence* that the Case meets the Jurisdictional Minimum Amount in Controversy – Not Calculations Based on Speculation

Where, as here, the minimum amount in controversy was not alleged in the complaint, and the Defendant has offered no independent evidence supporting a claim that federal jurisdiction exists, remand is proper. *Miedema v. Maytag Corp*., 450 F.3d 1322, 1330-31 (11th Cir. 2006); *Doughty v. Hyster New Eng., Inc*., 344 F. Supp. 2d 217, 219 (D. Me. 2004) ("Defendant has offered no independent evidence suggesting that the merits of the claim support a determination that the jurisdictional amount in controversy is satisfied…Because Defendant failed to meet its burden of demonstrating that the amount in controversy exceeds the jurisdictional minimum, the Court will grant Plaintiff's Motion to Remand"); *Abrego v. Dow Chem. Co*., 443 F.3d 676 (9th Cir. 2006) (in removal cases such as this, where Plaintiff does not specify the amount of damages in the complaint, the defendant bears the burden of proving, by a preponderance of the evidence, that the $5 million amount in controversy requirement under CAFA has been met). Moreover, where the amount in controversy is not "facially apparent" from the allegations of the complaint, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal. *Evans v. Yum Brands, Inc.,* 326 F. Supp. 2d 214, 220 (D.N.H. 2004).

Defendants cannot base their jurisdictional arguments on Plaintiffs estimation of the number of West Virginia residents implanted with the patches because: "a defendant's removal cannot be based on speculation; rather, it must be based on facts as they existed at the time of removal." *Fitzpatrick v. Dufford*, No. 5:05CV128, 2006 U.S. Dist. LEXIS 19188 (N.D. W. Va.

Mar. 28, 2006); *see also, Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). Additionally, the mere "threat" of certain damages, without more, does not give rise to federal jurisdiction. *See Landmark Corp. v. Apogee Coal Co*., 945 F. Supp. 932, 938 (S.D. W. Va. 1996). Where, as here, "defendants have offered no *competent proof or tangible evidence* that the amount in controversy exceeds" the jurisdictional minimum, removal is inappropriate. *Fitzpatrick*, 2006 U.S. Dist. LEXIS 19188 at *11 (emphasis added); *see also, Doughty*, 344 F. Supp. 2d 217, 219 (D. Me. 2004).

**IV. Defendants' Fail to meet their Burden**

In their brief, Defendants state that they "believe in good faith that the $5,000,000 amount-in-controversy requirement of 28 U.S.C. §1332 (d)(2) has been met given the relief sought by Plaintiff." Def.'s Brief, ¶ 9. Defendants apparently base this belief on their misunderstanding of Paragraph 6 of Plaintiff's Complaint. That Paragraph (and the Paragraph before it), explain to the Court why Plaintiff does not, and cannot, have a good faith belief that jurisdiction exists – because she does not know how many patches were implanted into West Virginia residents. Complaint, ¶¶ 5-6. Evidence of Defendants' misinterpretation of these Paragraphs is demonstrated in their statement that: "Plaintiff's proposed class [contains] approximately 600 persons." Def.'s Brief, ¶ 9. The Plaintiff could not possibly know the size of the class, and therefore, there is no evidence to base a good faith belief that the class is so numerous. In any event, Defendants' "good faith" belief does not satisfy the standard discussed above. To satisfy their burden, Defendants must proffer evidence to establish the true size of the class before attempting to estimate the cost of establishing a medical monitoring program to treat that class.[9]

---

[9] Plaintiff has not yet submitted expert medical testimony regarding the processes and procedures that should be instituted to adequately and effectively monitor the health risks associated with

Upon information and belief, Defendants are in possession of information that could establish whether jurisdiction exists; specifically, evidence demonstrating how many West Virginia residents were implanted with the Composix Kugel Mesh Patch. However, Defendants have failed to provide this information in support of their jurisdictional allegations.

## V. Conclusion

Simply put, under CAFA, a removing defendant must establish the $5 million amount in controversy by way of competent proof or tangible evidence – not speculation. As such, it is Defendants obligation to come forward with proof (such as evidence establishing the number of West Virginia implantees) demonstrating that the amount in controversy is met. Until that happens, jurisdiction has not been established and this Court should remand this case to the Circuit Court for Marshall County, West Virginia, where it was originally filed.

DATED: December 31, 2007

Respectfully submitted,

BRENDA GAYVONT, on behalf of herself and all others similarly situated,

By: /s/ Donald A. Migliori ___
Donald A. Migliori
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067
401-457-7700
401-457-7708 FAX

Teresa C. Toriseva
Nancy C. Wilkins
Wexler Toriseva Wallace LLP
1446 National Road
Wheeling, WV
304-238-0066

---

Defendants' defective product. To that extent, Defendants calculations relating to CT scans may be entirely inaccurate. However, Plaintiff directs her arguments on this Motion at the fact that, even if the medical monitoring program had already been established, its cost cannot be ascertained without first providing the number of people who will take part in the program.

304-238-0149 FAX

Fred Thompson, III
Rhett D. Klok
Carmen Scott
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
843-216-9000
843-216- 9450 FAX

Edward A. Wallace
Mark R. Miller
Wexler Toriseva Wallace LLP
55 Monroe Street, Suite 3300
Chicago, Illinois 60603
312-346-2222
312-346-0022 FAX

## CERTIFICATE OF SERVICE

I, Donald A. Migliori, hereby certify that a copy of the foregoing **Plaintiff's Memorandum of Law in Support of Motion to Remand** was electronically filed. Those attorneys who are registered with the Electronic Filing System may access these filings through the Court's System, and notice of these filings will be sent to these parties by operation of the Court's Electronic Filing System.

Dated: December 31, 2007 By: /s/ Donald A. Migliori ___

Donald A. Migliori
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067
401-457-7700
401-457-7708 FAX