**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **IN RE: KUGEL MESH HERNIA PATCH PRODUCT LIABILITY LITIGATION** | § | **MDL Docket No. 07-1842-ML** |
| | § | **JUDGE LISI** |
| **THIS DOCUMENT RELATES TO ALL ACTIONS** | § | |

**MOTION TO RECONSIDER DENIAL OF PLAINTIFFS' MOTION TO SEAL "PLAINTIFF'S POSITION PAPER REGARDING THE SCOPE OF MDL-1842"**

Defendants requests that the Court reconsider the partial denial of Plaintiffs' January 3, 2003 Motion to Seal, [Record No. 89] and order that Plaintiffs' entire Position Paper Regarding the Scope of MDL-1842 ("Plaintiffs' Position Paper") [Record No. 85] be sealed in accordance with paragraph 15 of the Court's December 6, 2007 Protective Order. [Record No. 65]

Paragraph 15 of the Protective Order provides in relevant part that:

> ... **Any pleading, motion, or other paper filed with the Court containing Confidential Material shall be filed with the Clerk of the Court under seal** in an envelope marked with one of the legends set forth in Paragraph 3 above and bearing the caption of the case as required under any Order of this Court and title of the document, and a copy of such filing shall simultaneously be furnished under seal in a similarly labeled envelope marked "Judge's Copy," to the Court's chambers. Such papers filed under seal shall not be unsealed or made a part of the public record except by further order of this Court.

Plaintiffs violated ¶ 15 of the Protective Order by filing their Position Paper and its confidential attachments, Exhibits C, D, and E, through ordinary electronic filing on January 2, 2008. [Record No. 85] When Defense counsel brought the violation of ¶ 15 to the attention of Plaintiffs' Liaison Counsel the next morning, Plaintiffs filed a one-page motion to seal their Position Paper and the Exhibits, but did not explain in their motion that the Protective Order by its plain terms required that the Position Paper be sealed. This Court granted the motion sealing

the Exhibits, but denied the motion with regard to the Paper, which remains freely accessible on PACER.

The protections of Paragraph 15 of the Protective Order will have little effect if a party may file confidential exhibits under seal but then quote from, paraphrase, or summarize those exhibits in an unsealed filing. On page 4, Plaintiffs quote directly from Confidential Exhibit E, on page 2, they paraphrase Exhibit D, and on the same page they characterize the contents of Exhibit C. Summaries, descriptions or quotations of confidential information should be treated as confidential themselves. *See, e.g., Reinstadler v. General Elec. Co.*, 2006 WL 3842434 (W.D.Pa 2006); *Cowan v. General Motors Corp.*, 2007 WL 1796198 (D.Kan 2007) ("The Court agrees that in order to serve its intended purpose, the protective order should cover "summaries" of any documents that are themselves protected from disclosure. By "summaries," the Court intends the order to cover any document which quotes verbatim from a confidential document or which restates the substance or content of the confidential document.")

The protective order clearly contemplates that summaries, descriptions and quotations of confidential material should be treated the same as the confidential material itself. [Record No. 65] Paragraph 5 provides that "written responses to discovery [which] quote, summarize, or contain Confidential Material" are subject to the protective order. *Id.* Similarly, paragraph 7 describes as confidential "[w]ritten and oral communications between or among counsel for the Parties that quote from or describe or discuss the contents of Confidential Material." *Id.* Allowing confidential information to be revealed by summary, description or quotation leaves a large loophole in the Court's protective order.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court reconsider the partial denial of Plaintiffs' January 3, 2003 Motion to Seal, and order that Plaintiffs' entire Position Paper Regarding the Scope of MDL-1842 be sealed.

Dated: January 14, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
William J. Cople, III
1350 I Street NW
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

*Attorneys for Defendant C.R. Bard, Inc. and Defendant Davol Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2008, the foregoing MOTION TO RECONSIDER DENIAL OF PLAINTIFFS' MOTION TO SEAL was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon the Plaintiffs' Liaison Counsel in the manner indicated below:

Donald Migliori
Motley Rice LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
Fax: (401) 457-7708
Email: dmigliori@motleyrice.com
*via facsimile and electronic mail*

s/ Kirby T. Griffis