# EXHIBIT
# 3

CORY WATSON
CORY WATSON CROWDER & DEGARIS, P.C.
ATTORNEYS AT LAW

JON CONLIN
205-271-7147
FAX 205-324-7896
JCONLIN@CWCD.COM

2131 MAGNOLIA AVE.
BIRMINGHAM, AL 35205
205-328-2200
WWW.CWCD.COM

January 6, 2008

Kirby T. Griffis, Esq.
Spriggs & Hollingsworth
1350 I Street N.W., 9th Floor
Washington, DC 20005

**Re: Request for Expansion of Defendants' Current Production Practices**

Dear Kirby:

I write on behalf of both the MDL -1842 Plaintiff Steering Committee and the other attorneys involved in the various individual Rhode Island state court proceedings in which my firm and/or the firms of Motley Rice and Wexler, Toriseva & Wallace are involved. As we mutually agreed during our call on January 3, 2008, parties have progressed past the stage where further Rule 26(f) meetings should be necessary as many of the items encompassed by this have already been addressed by separate Court Orders and Instructions.

The remaining issues to which we do need to attend, however, are (a) the device handling protocols and (b) the form and format of the electronic production being made in this litigation by Defendants. Parties have agreed to discuss the device handling protocol issues and that is not addressed here as Plaintiffs instead focus on the pressing issue concerning the productions which have been made to date and the very immediate need for a significant expansion of both the search terms Defendants are employing and the format in which discoverable material is being produced.

Plaintiffs have informed you on numerous occasions since our initial e-discovery call on November 15, 2007, that we would be seeking an extensive expansion of the search criteria which was used by you and your clients to make the initial document production in the Kugel litigation. Plaintiffs have on separate occasions informed you that the format of the current production, wholly without incorporated metadata, is contraindicative of the standard for electronically produced materials and flies in the face of current practices for litigations such as this. We have now completed our statistical analysis of Defendants' current production and renew our request for a voluntarily agreed expansion at this time.

**Expansion of Search Terms**

In your October 15, 2007 correspondence, you identified that Defendants relied on the presence of only 8 search terms to determine the relevance of material to be produced. These terms are:

- composix kugel
- ck
- xl
- kugel ring
- ring break
- broken rings
- compkugel
- comkugel

Not only do these limited terms chosen by Defendants fail to capture all of the myriad ways that the Composix Kugel Patch and other hernia patch products are discussed within their own companies, Defendants failed to include basic variations (lemma) of the very terms they deigned to include. For example, the term "xl" which your clients chose as a limiting search term actually has several variations ***in this very collection*** for which your client chose n***ot*** to include in its searches:

- extra large
- x-large
- x large
- x-l
- xlg
- xlck
- xlkc

Any time one of these other terms for "xl" was used in a document ***without*** one of the other 7 terms Defendants chose to employ, your current searches would neither have identified the document nor flagged it for production. This example demonstrates, ***on the most basic level***, how relying on the limited and speculative list Defendants' generated guarantees that relevant information will be ignored and thus not be produced to Plaintiffs. This obvious oversight does not even address Plaintiffs' separate contention that the production should be expanded to include information about non-recalled sized Composix Kugel Patches, Kugel Patches, and/or other memory recoil ring devices.

In order to improve the quality of the document collection and insure that discoverable material was not ignored and/or wrongly withheld during production, Plaintiffs undertook a detailed statistical analysis of the materials currently produced and generated the attached list of key word search terms which should be performed in order to properly identify relevant and discoverable documents. In anticipation of Defendants' argument that the inclusive nature of these terms will add a great amount of time (and

thus cost) to the identification, collection, and production process, Plaintiffs provide the following time trials conducted by the document management firm, Arête Legal, employed for this litigation by Plaintiffs to store and maintain Defendants' production:

**Test #1 - Oracle Search**
Arête Legal Language Processing Specialists used Oracle 10g to index and search PDF documents that are currently live on the Kugel Document Kiosk.

| | |
|---|---|
| Document Count: | 34,245 |
| Time to Index: | 9 hours approx. |
| Search time for Plaintiffs' Recommended Terms: | 15 min 17 sec |
| Search time for current Defense Terms: | 6 sec approx |

**Test #2 - LinguaLex**
Arête Legal Language Processing Specialists analyzed the entire current production you made to Plaintiffs using (a) Plaintiffs complete list of recommended terms as listed on the included attachment and (b) the 8 terms used by the Defendants. The test was run against the text for the live documents on the Kugel Document Kiosk in the format which you originally provided them.

| | |
|---|---|
| Document Count: | 34,424 |
| Time to Index: | None (No Index required) |
| Search time for Plaintiffs' Recommended Content: | 4 min 59 sec |
| Search time for current Defense Terms: | 8 min 14 sec |

As these tests demonstrate, the additional time required to use the expanded and more comprehensive search criteria is minimal and in no way burdensome in comparison with the obviously restrictive nature of your current search terms and the notable omissions of discoverable documents which Defendants' searches are undeniably permitting.

Plaintiffs strongly maintain that the enclosed is a minimum that should be done to insure that discoverable materials are being preserved and produced and it may need to be expanded even further once Defendants receive the Plaintiffs' initial MDL-1842 Master Discovery Requests for Production and Interrogatories in the next several days. Additionally, Plaintiffs request that Defendants endeavor to explain why they believed a limited search using only 8 terms would have been sufficient to identify responsive and discoverable materials.

**Inclusion of Metadata**

Defendants' current productions have included four DVD's with the following:

| DVD - Volume | Tiff Image Count | Doc Count built by load file | Doc Count if Email and Attachments are combined |
|---|---|---|---|
| #1 - KPRDREV001 | 55,917 | 19,499 | N/A |
| #2 - KPREREV001 | 88,540 | 5,308 | N/A |
| #3 - KPREREV002 | 71,787 | 3,684 | N/A |
| #4 - KPRMREV001 | 65,766 | 9,182 | 5,933 |
| **TOTAL** | **282,010** | **37,673** | **34,424** |

None of these 34,424 documents contains associated metadata. Plaintiffs request now that Defendants produce all electronic documents and/or electronically gathered materials with the following descriptive Metadata:

- Doc # or Prod # (i.e. Doc # start and Doc # end). This should use the standard Bates # fashion in accordance with those used in previous productions;
- Title/Subject;
- Sent Date/Modified Date for e-mails, or Created date for E-docs;
- Received Date;
- Author;
- Recip's;
- CC's ;
- BCC's;
- Mentions;
- Source;
- Description;
- MD5 hash;
- Folder Path for E-docs, or PST/NSF path;
- Media Source;
- Page Count (i.e. for tiff it will be 1);
- Original File Name;
- Doc extension;
- File Size;
- Confidentiality {y/n};
- Redaction present {y/n};
- Auto Date {y/n};
- Macro {y/n};
- Auto file name {y/n};
- Auto file path {y/n};
- Speaker Notes {y/n};
- Track changes {y/n};
- Password protected {y/n};

- Hidden data – cell formulas {y/n};
- Foreign language doc;
- complete or incomplete doc with an explanation field describing how it is incomplete if that is the designation;
- Each e-mail with an attachment associated with it should have the metadata file to include the email and its attachments with its parent-child relationship;
- All metadata fields should be formatted by comma delimited and by pipe carat pipe |^|;
- All metadata fields should be formatted with the row delimiter as "\n" [new line];
- All metadata fields should be provided on a individual doc/document level

Additionally, Plaintiffs request that Defendants agree to produce all "hard", paper, and/or physical files such that they are scanned in at least a 300 dpi with Group IV compression.

In the spirit of cooperation and in an effort to address and discuss these issues with Defendants prior to burdening the Court, Plaintiffs seek to determine whether Defendants will voluntarily agree to an expansion of the search terms as listed on the attached and the production of metadata as described herein. If Defendants are unwilling to agree to perform the expanded search and more detailed production, in whole or in part, Plaintiffs request that we be informed of such by January 16, 2008 so that the proper motions may be presented to the Court and this matter can be immediately briefed, argued, and ruled upon.

Should you have any questions about any of the above, please do not hesitate to contact me.

Sincerely,

Jon Conlin

Jon C. Conlin

Attachment

cc: MDL - 1842 Plaintiff Steering Committee