**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO ALL ACTIONS** | § § § | **JUDGE LISI** |

**AMENDED CASE MANAGEMENT ORDER**

## I. APPLICABILITY OF THE ORDER

A. In lieu of any further orders governing the pre-trial proceedings in a case or group of cases before this Court, the terms of this Order shall apply automatically to the actions that are currently a part of this MDL proceeding and to all other cases that become a part of this MDL proceeding by virtue of being instituted in, removed to, or transferred to this Court (including cases transferred pursuant to (a) Local Rules, (b) 28 U.S.C. § 1404(a), or (c) 28 U.S.C. § 1407). This Order also vacates any prior scheduling order issued prior to transfer of a case to this MDL or any other deadline in any such case.

B. All actions transferred to or filed in this proceeding, shall be governed by the Federal Rules of Civil Procedure, the Local Rules for the District of Rhode Island, and standing orders of this Court.

## II. PRO HAC VICE ADMISSION

A. Each attorney acting as counsel for any party herein who is a member in good standing of the bar of the Supreme Court of any state or of any United States District Court shall be deemed admitted pro hac vice before this Court, for all purposes in these proceedings, without further action or order. The Court reserves the right to revoke admission pro hac vice if appropriate. Any counsel so appearing agrees to be bound by the local rules of this Court and by the ethical obligations of an attorney appearing pro hac vice before this Court.

## III. PLEADINGS, MOTIONS, AND OTHER DOCUMENTS

A. The Court's electronic case filing system shall be used for all filings. Service upon the Plaintiffs' Liaison Counsel or on the Defendants' Lead Counsel through the Court's electronic case filing system shall be deemed proper service on all parties and counsel in these proceedings.

B. Motion practice shall be governed by the applicable Federal and/or Local Rules, except as provided in this or any subsequent case management order. The Local Rules are hereby modified for this litigation as follows:

i. Lead Counsel for either party shall be authorized to sign and file motions and other papers with the Court notwithstanding L.R. Gen. 204(e).

ii. Parties will have 15 business days to respond to any motion and 15 business days to file any reply to a response, rather than the 10 days provided by L.R. Cv. 7(b), but this is without prejudice to any party to seek additional time to file any pleading.

## IV. CASE IDENTIFICATION, DOCKETING, AND FILE HANDLING

A. All orders, pleadings, motions, and other papers used in conjunction with these MDL proceedings shall bear a caption in the following format:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | **§<br>§<br>§** | <br><br>**MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO [ALL ACTIONS –or- list particular actions to which document applies]** | **§<br>§<br>§** | <br>**JUDGE LISI** |

B. If a document that is filed in this proceeding is generally applicable to all coordinated actions, the caption shall include the notation that it relates to "ALL ACTIONS," and the document should be filed electronically only in the master docket. If a document is intended to apply only to a particular case or cases, the caption shall indicate the case number of the case(s) to which it applies.

C. <u>Master Docket and File</u>. The Clerk will maintain a Master Docket and case file under the style set forth in paragraph V.A., above. All Orders, pleadings, motions and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable. The Master Docket is set up with the following parties: Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel, Defendants' Lead Counsel and Defendants' Liaison Counsel. These parties will appear in the docket report. The defendants and plaintiffs from the other cases will be added as MDL - Notice Only party types, but will not appear on the docket report.

D. <u>Separate Dockets and Files</u>. The Clerk will maintain a separate docket for each case removed or transferred to this Court. Each such case will be assigned a new case number in this Court.

E. <u>Captions and Separate Filing</u>. Orders, pleadings, motions and other documents will bear the caption set forth in paragraph V.A., above. If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL ACTIONS" and shall be filed and docketed only in the master file. As set forth in paragraph V(B), documents intended to apply only to particular cases will indicate in their caption the case

number of the case(s) to which they apply and will be filed and docketed in the master case file and specified individual case file(s).

F. Discovery Requests and Responses. Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the Court except when specifically ordered by the Court or to the extent offered in connection with a motion.

## V. INDIVIDUAL CASE PLEADINGS

A. In order to effectuate the efficient administration of these proceedings, and to avoid burdening both the Court and the parties with the preparation and filing of lengthy pleadings and pleadings-based motions, the following guidelines shall apply.

B. For all cases presently before the MDL, Plaintiffs' Counsel will have 30 business days from the date of this order either to file amended pleadings or to provide notice to Defendants' Lead Counsel that no amended pleading will be filed. Defendants will have 60 days from the date of service of any amended pleading or notice that there will be no amended pleading to file an answer. This is without waiver or prejudice to any party to seek leave to amend pleadings in accordance with the Federal Rules of Civil Procedure or the rules of this Court.

C. For all cases transferred to the MDL after the date of this order, Plaintiffs' Counsel will have 30 business days from the date of docketing of the case in the MDL either to file amended pleadings or to provide notice to Defendants' Lead Counsel that no amended pleading will be filed. Defendants will then have 60 days to file an answer. This is without waiver or prejudice to any party to seek leave to amend pleadings in accordance with the Federal Rules of Civil Procedure or the rules of this Court.

D. Defendants will initially answer all complaints rather than moving to dismiss them in whole or in part. Defendants' right to file subsequent motions to dismiss will be governed by Rule 12.

E. Motions to Remand.

i. If a motion for remand is pending in any case now before or later transferred to these MDL proceedings, Plaintiffs' Lead Counsel shall provide the Court with notice of that motion for remand, along with a copy of the motion to remand. Defendants will have 20 days from the date of service of Plaintiffs' notice of motion for remand to file any opposition. Plaintiffs shall have 20 days after service of any opposition to file a reply in support of their motion for remand.

ii. If a case is not remanded, the order denying remand will initiate the responsive pleading procedures set forth above.

## VI. DISCOVERY

A. Pre-Transfer Discovery is Stayed. All discovery deadlines in any case transferred to this MDL now or in the future are stayed except the specific discovery authorized by this Order or any subsequent order of the Court. All prior written discovery requests to which responses have not yet been served are deemed withdrawn, and the party upon whom the written discovery was served has no obligation to respond.

B. Document Confidentiality and Protective Order. Lead Counsel for Plaintiffs and for Defendants have agreed to the terms of a Confidentiality and Protective Order. The signature of Lead Counsel for Plaintiffs shall bind any plaintiffs' counsel associated with a case in the MDL as if (s)he had signed the Order.

C. Privileged Documents. Any party that withholds the production of requested documents or materials, regardless of the manner in which they are kept or maintained, on the ground of any privilege or application of the work-product doctrine must specify in writing, as to each document or thing not produced, the specific privilege(s) or doctrine(s) it is relying upon to withhold each document ("Privilege Log"). Each Privilege Log shall describe each document or thing to which a privilege or work product protection is asserted in sufficient detail to reasonably permit the party seeking discovery to assess whether or not to dispute any such assertion of privilege or application of the work product doctrine.

D. Plaintiff Fact Sheet. In every case currently a part of this MDL proceeding and all other cases that become a part of this MDL proceeding by virtue of being instituted in, removed to, or transferred to this Court, each Plaintiff shall complete and submit a Plaintiff Fact Sheet ("PFS") to counsel for defendants.

i. Each PFS shall be signed by the plaintiff (or the proper plaintiff representative1).

ii. Each Plaintiff shall have ninety (90) days to serve upon Defendants' Lead counsel designated above a completed and executed PFS, all responsive documents (or a written notice that none are in the possession of Plaintiff or Plaintiff's counsel), and all properly executed authorizations. Each plaintiff in cases currently before this Court shall have 90 days from entry of this Order to serve a completed PFS. Each Plaintiff in cases that are filed in or transferred to this MDL proceeding after the entry of this Order shall serve a completed PFS within 90 days of the date of docketing of the case in the MDL.

iii. Every Plaintiff is required to provide Defendants with a PFS that is substantially complete in all respects. "Substantially complete in all respects" requires:

[1] If the plaintiff is suing in a representative or derivative capacity (e.g., on behalf of an estate, as a survivor, and/or as an assignee or subrogee), the PFS will be completed by the person with the legal authority to represent the person under legal disability or estate.

1. that a plaintiff answer every question contained in the PFS and leave no blanks, even if a plaintiff can only answer the question in good faith by indicating "not applicable" or "I don't know;"

2. that a plaintiff provide the requested records authorizations; and

3. that a plaintiff produce the requested documents or statement certifying that he or she has no responsive documents.

iv. Any Plaintiff who fails to comply with the PFS obligations imposed by this Order within the time periods set forth herein may be subject to having his or her claims, as well as any derivative claim(s), dismissed if good cause for such dismissal is shown. Good cause shall exist where the plaintiff (1) has failed to submit a PFS, or (2) where the plaintiff has failed to substantially complete the PFS in all respects, and the PFS thus contains a material deficiency (*i.e.*, a deficiency that prejudices Defendants through a failure to provide necessary information, thereby impeding Defendants' access to material and relevant evidence) and (3) Defendants state to the Court that they have exhausted all efforts described in paragraph (v) below. Any dismissal may be with or without prejudice as the Court may determine in an individual case.

v. If a plaintiff fails to timely submit a PFS, or if Defendants receive a PFS in the allotted time but the PFS is not complete in all respects, Defendant's Lead Counsel shall send a deficiency letter by facsimile and U.S. mail to Plaintiffs' Liaison Counsel and Plaintiffs' individual representative counsel allowing that plaintiff an additional forty-five (45) days to serve a PFS that is complete in all respects. On or before April 1, 2008, Defendants shall provide deficiency letters in half of the cases pending as of December 6, 2007; by May 1, 2008, Defendants shall provide deficiency letters in the remaining pending cases. For all cases filed after December 6, 2007, Defendants shall send a deficiency letter within 30 days of receipt of the PFS. The deficiency letter shall include a warning that the case is subject to dismissal under this Order if a PFS complete in all respects is not received within forty-five (45) days of service of the warning. This letter should also include sufficient detail for the parties to meet and confer regarding the alleged deficiencies. Should a plaintiff fail to cure the deficiencies identified and fail to provide responses that are substantially complete in all respects (including the requested documents and signatures on all applicable authorizations) within forty-five (45) days of service of the deficiency letter, defendant is entitled to seek an Order to Show Cause why the case should not be dismissed. Any such filing shall be served on Plaintiff's Liaison Counsel and Plaintiffs' individual representative counsel, with any response to such filing to be submitted within fifteen (15) days following the date of service. Any such motion should include the efforts the defendants made to meet and confer regarding the alleged deficiencies in the PFS.

vi. In the event that an institution or medical provider to whom any authorization is presented refuses to provide records in response to that authorization, Defendants shall notify Plaintiffs' Liaison Counsel, and the plaintiff in question shall execute and return within 30 days whatever form is required by that institution or provider, such as a form with an original signature, a notarized form, or the institution's

own form. Should a particular form be required, Defendants will provide it along with the notification to Plaintiffs' Liaison Counsel.

vii. To resolve disagreements regarding the ability of Defendants to have ex parte contact with any treating physician, whether it be the result of Defendants seeking medical records of a plaintiff that has provided a PFS or by some other means, the parties agree to the following:

1. Counsel for Bard and Davol agree that they will not conduct ex parte communications about any particular plaintiff with plaintiff's treating physicians without further notice to Plaintiffs' Liaison Counsel. Should the parties be unable to reach agreement about those communications, counsel for Bard and Davol will not conduct any such communications until the Court has entered an appropriate order.

2. In connection with its regulatory obligations to investigate reports of adverse events in its products, Davol will continue its practice of requesting medical records from physicians and/or their attorneys, and may seek follow-up information from physicians by telephone or otherwise. Outside counsel for Bard and Davol will not initiate, prompt, participate in, or otherwise be involved with any such regulatory compliance contacts.

3. Counsel for Bard and Davol have been contacting and will continue to contact potential consulting and testifying medical experts. Should counsel for Bard and Davol learn that any of those experts is a treating physician for any plaintiff, counsel for Bard and Davol will refrain from discussing the medical history of that plaintiff, and will inform the physicians of this restriction.

E. Common Case Discovery ("Master Discovery").

i. Stipulated Order on Master Discovery. The Court anticipates that initially one set of written non-expert Master Discovery, in the form of interrogatories, requests for admission, and requests for production of documents and things, will be served upon Defendants, and their responses thereto will apply across all cases that are now or will become part of these proceedings. This written discovery and agreed depositions can commence after entry of this Order. The parties shall keep the Court informed of their discovery efforts and be prepared to address the scope and timing of further written discovery and the scope and number of depositions at a later date. Any disputes regarding discovery will be resolved by the Court.

ii. Electronic Discovery. The PSC and Defendants' Lead Counsel shall meet and confer about the form, format, and depth of the electronic discovery which Plaintiffs seek from Defendants in this MDL. Should an understanding not be reached concerning this electronic discovery, the parties will take this matter up with Magistrate Almond.

iii. Fact discovery in the cases selected for ADR shall commence upon entry of this Order, and shall be completed by May 31, 2008.

F. Deposition Discovery.

i. Cross-Noticing Depositions. Depositions of witnesses that are noticed in these proceedings may be cross-noticed in any related state court action(s) by any party. Accordingly, any depositions taken in these proceedings may be used in any state court action, in accordance with that state's rules of evidence and/or procedure to the extent it has been properly cross-noticed.

ii. Location of Depositions. Except as otherwise agreed by the parties and the witness or ordered by the Court, all depositions of witnesses who reside in the United States shall be conducted at a location within the deponent's county of residence or principal place of business.

1. Depositions of plaintiffs shall be taken in the county of the plaintiff's residence, except as otherwise agreed by the parties and the witness.

2. Depositions of witnesses who reside outside the United States shall be conducted at a location as near to the resident locale of the witness as is practical under the circumstances, except as otherwise agreed by the parties and the witness.

3. The parties may agree to conduct depositions in locations other than those set forth above.

iii. Conduct of Depositions. Unless otherwise agreed to and noted on the record, an objection by a single party during the course of a deposition shall preserve the issue for all parties on the same side.

1. While a deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Confidentiality Order shall be excluded.

iv. Disputes During Deposition. During depositions, disputes that arise that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require a rescheduling of the deposition, may be presented to the Court by telephone. The presentation of the issue and the Court's ruling may be stenographically recorded as part of the deposition. Notwithstanding the above, counsel retain their rights under Fed. R. Civ. Proc. 30(d) to terminate a deposition in order to make a written motion for protective order.

1. The undersigned will exercise by telephone the authority granted under 28 U.S.C. § 1407(b) to act as district judge in the district in which the deposition is taken.

v. Deposition Notices. Given the possible need for cross-noticing and other coordination, parties will notice depositions as far in advance as is practicable. If a party intends to videotape a deposition, they will so note in their original notice of deposition. Should the party fail to notice the deposition as videotaped in the initial notice, it shall issue a supplemental notice as soon as it in good faith makes the decision to do so, and in no event less than one week prior to the deposition.

G. Discovery Disputes. To avoid unnecessary litigation concerning discovery disputes, counsel are directed to meet and confer before contacting the Court on discovery issues. Any motion to compel discovery, for a protective order, or for discovery sanctions must contain a statement stating that a good-faith effort was made to resolve the issue without court intervention. Any discovery motion that does not contain such a statement will be summarily denied.

## VII. CLASS ACTION MATTERS

A. Class Certification Discovery.

In addition to any other discovery that is sought with respect to individual cases (which includes the "Master" discovery referred to in VI E. above), beginning on February 7, 2008, Defendants may serve a single set of interrogatories and a single set of requests for admission related to class certification issues on each of the named plaintiffs listed in the Class Action Cases.

Beginning on February 7, 2008, Defendants may depose treating physicians of named class members and other fact witnesses with knowledge of facts relevant to class action issues.

Depositions of any named plaintiffs in the Class Action Cases on class certification issues may be taken in this proceeding at any time, consistent with the need to complete such depositions before Defendants' briefing on class certification issues is due to be submitted in accordance with the schedule established below. Discovery taken pursuant to this subparagraph shall not limit the Defendants' ability to take additional non-duplicative discovery as part of their defense of the merits of any named plaintiff's claim.

In addition to any other discovery that is sought with respect to individual cases (which includes the "Master" discovery referred to in VI E. above), the proposed class representatives may serve a single set of interrogatories, production requests and requests for admissions in aid of their motion for class certification, without prejudice to their right to seek additional discovery with leave of Court. Plaintiffs may also take depositions necessary to support their motion for class certification and limited to class certification issues. Should the parties not be able to agree on the number and scope of these depositions, they will apply to Magistrate Almond for a determination.

The schedule for the close of class-action fact discovery, expert class discovery, and motions to certify the class will be addressed in a later Order.

**VIII. ACCEPTANCE OF SERVICE BY DEFENDANTS**

A. Defendants C.R. Bard, Inc. and Davol, Inc. have agreed to waive service of process in this action in accordance with F.R.C.P. Rule 4, and have agreed to accept service of the Summons and Complaint in the above-referenced matter by electronic service upon Brian Burlew of C.R. Bard. The Court hereby Orders that any individual may serve the Summons and Complaint in this litigation by service upon Brian Burlew, and same shall be deemed good and sufficient service on Defendants C.R. Bard, Inc. and Davol, Inc. By agreeing to this waiver of service, Defendants C.R. Bard, Inc. and Davol, Inc. do not waive any claims, affirmative defenses or other defenses of any nature whatsoever except for those relating to service of process.

Agreed as to Form:

On behalf of Co-Lead Counsel For Plaintiffs,

By: /s/ Donald A. Migliori

Donald A. Migliori
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067
401-457-7700
401-457-7708 (fax)

*MDL 1842 Plaintiffs' Liaison and Co-Lead Counsel*

On behalf of Lead Counsel For Defendants,

By: /s/ Kirby Griffis

Kirby T. Griffis
SPRIGGS & HOLLINGSWORTH
1350 I St. NW
Washington, DC 20005
202-898-5800
202-682-1639 (fax)

*MDL 1842 Defendants' Counsel*

Entered: ______________________________