# EXHIBIT 4

CORY WATSON
CORY WATSON CROWDER & DEGARIS, P.C.
ATTORNEYS AT LAW

JON CONLIN
205-271-7147
FAX 205-324-7896
JCONLIN@CWCD.COM

2131 MAGNOLIA AVE.
BIRMINGHAM, AL 35205
205-328-2200
WWW.CWCD.COM

November 21, 2007

Kirby T. Griffis, Esq.
Spriggs & Hollingsworth
1350 1st Street N.W., 9th Floor
Washington, DC 20005

**Re: Hernia Mesh Litigation, MDL-1842**

Dear Kirby:

As discussed in our call on Thursday, November 15, 2007, the below provides in detail the items for which we seek further clarification or for which you have agreed to produce further documentation. To ease in your review, I have broken the matter up between items you have agreed to produce and those which you have agreed to provide us clarification.

As you have agreed, please provide the following:

1) A copy of Bard's, and Davol's if different, retention policy. This should include any changes or modifications to the policy along with earlier drafts, if any existed, since 2000.
2) A copy of the "Hold Letters" which were sent. As agreed, you only need to provide one letter and a list of all individuals to whom it was sent and the dates it was sent to each individual.
3) For the list of individuals who received the "Hold Letters," please identify them by position and/or job title as agreed.
4) A copy/listing of all the fields used in TrackWise and a description of each of these fields.
5) A copy/listing of all the fields used in Easy Track and a description of each of these fields.
6) A copy/listing of all the fields used in MFG Pro and a description of each of these fields.
7) The identity of the person who is most knowledgeable about this database
8) A copy/listing of all the fields used in the "Recall Database" and a description of each of these fields.
9) A copy/listing of all the fields used in the AS 400 system Wholesaler Database and a description of each of these fields.

As you have agreed, you will follow-up on and/or clarify the following:

1) Whether there was an e-bulletin board which was used by company employees regarding engineering issues, product development, or FDA issues and/or compliance.
2) The detailed specs concerning the back-up systems which are used by defendants. Specifically, identify the VERITAS model number for each dedicated back-up system assigned to Bard's and Davol's Exchange e-mail servers, file servers, and any other application servers subject to a scheduled back-up routine. Additionally, please provide the specifications for the tape media i.e. tape type used, tape capacity for each back-up system and number of tapes required to perform a daily back-up per server.
3) The detailed specs concerning the primary servers which are used by defendants or have been used by defendants. Specifically, the manufacturer, model #, operating system, operational purpose, date when first deployed, hardware configuration specifications, back-up routine schedule, hardware/software upgrade history logs from January 1, 2000 to Present.
4) Whether there was any on-line/electronic forum/feedback communication system set up to communicate with physicians; and if so, please describe it in such a way that we may properly identify it in our discovery requests.

In addition to the above items, we anticipate that there will need to be a significant expansion of the "search terms" which you used to identify what you believed should be discoverable and producible materials. Plaintiffs suggested search terms will be provided to you in future discussions.

Finally, following your conversation with Ed Wallace yesterday regarding CMO matters, Plaintiffs intend to raise the issue with the Court of the need for a Preservation Order in this litigation. While we understand that this will not be agreed to by defendants in any form, your timely production of the items described above (namely the retention policies and "hold letters" detailing defendants own preservation protocols) may serve to temper the parameters of the preservation order which Plaintiffs' will seek to obtain. Should you have any questions, please do not hesitate to contact me.

Sincerely,

Jon C. Conlin

cc: Edward Wallace, Esq.
Richard Hood, Esq.
Rhett Klok, Esq.
David Buchanan, Esq.
Robert Guinaugh