# EXHIBIT 9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION<br><br>This Order Relates to:<br><br>ALL CASES. | CASE NO. M:05-CV-01699-CRB<br><br>MDL No. 1699<br><br>**PRETRIAL ORDER NO. 10: FORMAT OF PFIZER ENTITIES' DOCUMENT PRODUCTION** |

1. Order Applicable to All Cases in MDL Proceedings. The following document production protocol shall apply to the production of documents existing in hard-copy form and, as limited by paragraph 14 below, documents existing in electronic form by Defendants Pfizer Inc., Pharmacia & Upjohn Co., Monsanto Co., Pharmacia & Upjohn LLC, Pharmacia Corporation, and G.D. Searle LLC (formerly known as G.D. Searle & Co.), together with their affiliated entities (collectively "the Pfizer Entities"). This Order shall apply to all cases currently pending in MDL No. 1699 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all cases currently pending or subsequently made a part of these proceedings and shall govern each case in the proceedings unless it explicitly states that it relates only to specific cases.

/////

2. General Format of Production. Except as limited by paragraph 14 below, all documents that originally existed in either hard-copy or native electronic form that are produced in these proceedings shall be produced in electronic image form in the manner provided herein. Each document's electronic image shall convey the same information and image as the original document. Documents that present imaging or formatting problems shall be promptly identified and the parties shall meet and confer to attempt to resolve the problems.

3. Document Image Format. All production document images will be provided as single-page "TIFFs" utilizing Group 4 compression. All images generated from hard copy documents shall be scanned at industry standard resolution and reflect, without visual degradation, the full and complete information contained on the original document. All images generated from native electronic documents will reflect how the source document would have appeared if printed out to a printer attached to a computer. The Pfizer Entities shall produce a "load file" to accompany the images, which load file shall include information about where each document begins and ends to facilitate the use of the produced images through a document management or litigation support database system. The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software such as Summation or Concordance. An example of a Summation load file with document break information is:

```
; Record 1
@C ENDDOC# 032748
@T 032748
@D @I\CARR005\001\
032748.tif

; Record 2
@C ENDDOC# 032763
@T 032749
@D @I\CARR005\001\
0327{49-63}.tif
```

4. Document Unitization. Each page of a document shall be scanned or electronically saved into an image. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image file.

5. Color. For documents that contain color, the Pfizer Entities shall honor reasonable and specific requests for the production of color image(s) of such documents.

6. Duplicates. Where a single document custodian has more than one identical copy of a document (i.e., the documents are visually the same and contain the same electronic text and coding), the Pfizer Entities need only produce a single copy of that document. Where multiple document custodians each possess their own copies of an identical document, the document shall be produced once for each custodian in possession of the document. De-duplicated originals shall be securely retained and made available for inspection and copying in accordance with the provisions of paragraph 13.

7. Bates Numbering. Each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document. No other legend or stamp will be placed on the document image other than a confidentiality legend (where applicable), redactions (consistent with applicable law or Court order), and the Bates Number identified above. The confidential legend shall be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document.

8. File Naming Conventions. Each page image file shall be named with the unique Bates Number of the page of the document in the case of single-page TIFFs, followed by the extension ".TIF." In the event the Bates Number contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name.

9. Production Media. The Pfizer Entities shall produce documents on CD-ROM, DVD, external hard drive (with standard PC compatible interface formatted using NTFS with a firewire and/or USB 2.0 interface), or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Each piece of Production Media shall identify a production number corresponding to the production "wave" the documents on the Production Media are associated with (e.g., "PfizerMDL001"; "PfizerMDL002"), as well as the volume of the material in that production wave (e.g., "-001"; "-002"). For example, if the first production wave by the Pfizer Entities comprises document

images on three hard drives, the Pfizer Entities shall label each hard drive in the following manner: "PfizerMDL001-001"; "PfizerMDL001-002"; "PfizerMDL001-003." Additional information that shall be identified on the physical Production Media shall include: (1) text referencing that it was produced in MDL No. 1699, NDCA, (2) the producing party's name, and (3) the production date. The following information shall also accompany the Production Media, and where practicable shall also be identified on the physical Production Media itself (but may be provided with an accompanying letter where identifying the information on the Production Media itself is not practicable): (1) the type of materials on the media (e.g., "Images," "OCR Text," etc.), and (2) the Bates Number range(s) of the materials contained on the Production Media. The Plaintiffs' Steering Committee ("PSC") shall pay the cost of the Production Media.

10. Meta-Data and Objective Coding. For images generated from native electronic documents, the Pfizer Entities shall provide meta-data corresponding to the fields in Exhibit A to this Order, where available. If the Pfizer Entities choose to objectively code certain documents for their own use, then with each production of such documents, the Pfizer Entities shall produce an ASCII text file, appropriately delimited, setting forth the objective coding for each document (the "Objective Coding"). The data file shall include the fields and type of content set forth on Exhibit A and shall be provided in a manner suitable for importing the information in a commercially available document management or litigation support software such as Summation or Concordance. Objective Coding shall be labeled and produced on Production Media in accordance with the provisions of paragraph 9. If Plaintiffs have problems importing and using the Objective Coding for document management, Plaintiffs and Defendants shall meet and confer to attempt to resolve the problems. If the Pfizer Entities choose to objectively code certain documents after the production of such documents, the Pfizer Entities shall provide the Objective Coding to the PSC as soon as it is available to the Pfizer Entities. Nothing in this paragraph shall require the Pfizer Entities to incur any rush charges in completing Objective Coding, if any.

11. OCR/Extracted Text. The Pfizer Entities shall produce corresponding Optical Character Recognition (OCR) text files for all hard-copy documents and any electronic

documents that require redaction prior to production. For documents that exist natively in electronic format that have not been redacted and that are produced as images, the Pfizer Entities shall produce extracted text files reflecting the full text that has been electronically extracted from the original, native electronic files. The OCR/extracted text shall be provided in ASCII text format and shall be labeled and produced on Production Media in accordance with the provisions of paragraph 9. The text files will be associated with the unique Bates Number of the first page of the corresponding document followed by the extension ".txt." The OCR/extracted text files shall be provided in a manner suitable for importing the information in a commercially available document management or litigation support software such as Summation or Concordance.

12. Format for Production. The format of document images and objective coding described in paragraphs 3 and 10 above, and the OCR/extracted text files described in paragraph 11, shall conform with the requirements a commercially available document management or litigation support software the requesting party intends to use. The parties shall confirm this with each other in advance of the processing.

13. Original Documents. The Pfizer Entities shall, upon reasonable request, make originals of any produced document available for inspection and copying by the requesting party, subject to any redactions made pursuant to Pretrial Order No. 3.

14. Production of Other Electronic Documents. This Order only applies to the production of emails (and any associated attachments), word processing documents, spreadsheets, presentations, and imaged documents (in any format). The parties shall meet and confer to agree on the form of any production of electronic documents other than the foregoing.

15. Use of Documents. When documents produced in accordance with this Order are used in any MDL proceeding herein, including depositions, hearings, or trial, the image copy of documents as described in Paragraphs 3 and 7 herein shall be the copy used. OCR or

/////

/////

/////

/////

Case 3:05-cv-01699-CRB Document 258-11 Filed 01/30/2008 Page 7 of 9

extracted text shall not be used in any MDL proceeding as a substitute for the image of any document.

**IT IS SO ORDERED.**

Dated: March 10, 2006

/s/
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

Pursuant to paragraph 10 of this Pretrial Order relating to the format of the Pfizer Entities' document production, if the Pfizer Entities choose to objectively code certain documents for their own use, then with each production of such documents, the Pfizer Entities shall produce the following Objective Coding in the ASCII text file that accompanies the document production. If the Pfizer Entities choose to objectively code certain documents after the production of such documents, the Pfizer Entities shall provide the following Objective Coding as soon as it is available to the Pfizer Entities. For images generated from native electronic documents, the Pfizer Entities shall provide meta-data corresponding to the following fields, where available.

| **Coding Field** | **Description** |
|---|---|
| BegBates; EndBates | The beginning and ending Bates numbers for the document at issue. |
| BegAttach; EndAttach | The beginning and ending Bates numbers of the collection to which the document and any attachments thereto are associated (i.e., for an email that is bates stamped ABC0001 - ABC0002, with two attachments bates stamped ABC0003 - ABC0004 and ABC0005 - ABC0008, the BegAttach and EndAttach for all three documents would be ABC0001 - ABC0008). |
| DocDate | The date of the document, formatted as follows: MM/DD/YYYY, with leading zeros as appropriate (e.g., 03/01/2006). For emails, the field will reflect the date the email was sent; for other documents, the field will reflect the last date on which the document was saved. |
| DocType | The type of document (e.g., email, Microsoft Word 2000, Microsoft Excel, etc.). |
| Document Title | The title of the document, if any. |
| AuthorName | The author(s) of a document. |
| To | The recipient(s) of a document. |
| CC | The person(s) who received copies of a document. |
| BCC | The person(s) who received blind copies of a document. |
| Custodian | The name of the individual whose electronic or hard-copy custodial file contained the document at issue. |

| **Coding Field** | **Description** |
|---|---|
| Importance | For Outlook emails, "High," "Low," or "Normal." |
| Sensitivity | For Outlook emails, "Normal," "Private," "Personal," or "Confidential." |
| Marginalia | For hard-copy documents, yes or no indication of whether the document at issue contains handwritten notations, notes, or marginalia. |
| Redacted | Yes or no indication of whether the document at issue is redacted. |
| Confidential | Yes or no indication of whether the document at issue was designated as confidential as of the date of production. |