**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| | § | |
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § | **MDL Docket No. 07-1842-ML** |
| | § | |
| | § | **JUDGE LISI** |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | § | |
| | § | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF DANIEL LAFEVER AND MOTION FOR PROTECTIVE ORDER**

Without having deposed any other Davol executive, Plaintiffs have demanded that the President of Davol be deposed first of all fact depositions in the MDL. Courts have long recognized the need to protect companies from the disruption of "apex" depositions that are not warranted by a genuine need to discover facts uniquely known to the deponent. Because a top corporate executive is unlikely to have unique knowledge concerning facts and details that are the responsibility of other corporate employees, courts require that plaintiffs justify any demand for an apex deposition by demonstrating that the proposed deponent possesses unique or superior personal knowledge of discoverable information. To do so they must either first complete other less intrusive methods of discovery or show that doing so would be futile to get at the facts they seek. Here, Plaintiffs have not yet even asked for the deposition of any employee who might be able to shed light on what unique factual knowledge, if any, Mr. LaFever may have. They have put the cart far in front of the horse by moving to compel the deposition of Davol's President before taking any other relevant discovery, and have failed to meet their burden to justify the deposition, particularly at this stage. The Court should deny the motion to compel and enter a protective order barring the deposition of Mr. LaFever unless and until plaintiffs demonstrate that such a deposition is warranted.

**I. This Court Should Deny Plaintiffs' Motion To Compel Daniel LaFever's Deposition Because Less Burdensome And Oppressive Discovery Methods Exist And Plaintiffs Have Not Shown That The President Possesses Unique And Personal Knowledge.**

Depositions are disruptive of corporate operations, and depositions of a company president are particularly so. Such depositions are also unlikely to be necessary to ascertain material facts, since top executives ordinarily do not have unique knowledge of the facts relevant to a case. Because of this fact, courts are reluctant to permit apex depositions from taking place unless and until the requesting party has demonstrated that (1) it has completed other less intrusive discovery, such as less burdensome depositions of lower-level employees, and (2) the chief executive possesses unique or superior personal knowledge of these discoverable facts. Plaintiffs have made no such showing, and could not do so, having deposed no lower-level officers whose responsibilities remotely approach that of the President of the company.

**A. Courts May Deny Apex Depositions When Information Sought Is Cumulative Or Burdensome Or Constitutes Harassment.**

Federal Rules of Civil Procedure 26(b)(2)(C) and Rule 26(c)(1) impose limits upon the scope of discovery provided by Rule 26(b). *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("'Discovery, like all matters of procedure, has ultimate and necessary boundaries.'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)); *Armstrong Cork Co. v. Niagra Mohawk Power Corp.*, 16 F.R.D. 389, 390 (S.D.N.Y. 1954) ("The court should be alert to see that the liberal deposition procedure provided in the Federal Rules is used only for the purpose for which it is intended and is not used as a litigation tactic to harass the other side or cause it wasteful expense."). Under Rule 26(b)(2)(C), a court "must limit" discovery when it determines that "the

discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id.* Additionally, a court may grant a protective order under Rule 26(c)(1) by quashing a deposition or prescribing other discovery methods "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

Under Rule 26, state and federal courts have routinely granted protective orders or otherwise limited apex depositions, given the great potential for abuse with these depositions. *See Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483-84 (10th Cir. 1995) (affirming protective order to block deposition of Chairman of the Board); *Lewelling v. Farmers Ins. Of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989) (finding that lower court did not abuse its discretion when entering protective order to prevent deposition of CEO and Chairman of the Board and when sanctioning requesting party who after noticing depositions, agreed to drop them if executive would attend settlement discussions); *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979) (affirming trial court's judgment and concluding trial court's protective order blocking deposition of company President was not in error); *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985) (ordering interrogatories instead of deposition of Chairman of the Board); *Baine v. General Motors Corp.*, 141 F.R.D. 332 (M.D. Ala. 1991) (granting defendant's motion for protective order to quash the deposition of General Motors Corporation's Vice-President); *Liberty Mutual Ins. Co. v. The Superior Court of San Mateo County*, 10 Cal. App. 4th 1282, 1289-90 (1992) (ordering lower court to enter protective order to block deposition of Chief Executive Officer); *In re Alcatel USA*, 11 S.W.3d 173, 179 (Tex.

2000) (affirming court of appeals, which quashed depositions of two past and present Chairmen).

**B. Plaintiffs Have Not Taken Any Other Depositions Nor Utilized Other Less Burdensome Discovery Options Before Noticing Davol's President.**

Discovery opened in the MDL, for the ten cases selected by plaintiffs for ADR, on December 6, 2007. CMO § VI, E, iii. Defendants received Plaintiffs' Fact Sheets on January 2, 2008. Responses to Plaintiffs' Master Interrogatories and Requests for Production are not yet due, and plaintiffs have not so much as asked for the deposition of any employee who might be able to shed light on whether Mr. LaFever possesses unique knowledge relevant to this case.[1]

At this early stage of discovery, an apex deposition is completely inappropriate. To depose an apex executive, such as Davol's President, Plaintiffs must show that they have exhausted other, and usually better, means of discovering the same information. Courts have frequently "prevent[ed] a plaintiff from leap-frogging to the apex of the corporate hierarchy in the first instance, without the intermediate steps of seeking discovery from lower level employees more involved in everyday corporate operations." *Liberty Mutual Ins. Co. v. The Superior Court of San Mateo County*, 10 Cal. App. 4th 1282, 1287 (1992) (concluding that deposition of Chairman could not proceed when other lower-level discovery had not been completed); *see also Thomas v. Int'l Bus. Machs.*, 48 F.3d 478 (10th Cir. 1995) (affirming protective order to block deposition of

---

[1] As head of the company, the President's name is on many official documents. But because of his broad responsibility, a President's subject-matter knowledge in specific areas is likely to be less detailed than that of the employees in charge of those areas. Plaintiffs have not asked for the depositions of any such employees. Instead, Plaintiffs have requested 30(b)(6) depositions on information technology and document retention issues, and have expressed their intention to

IBM Chairman in part due to plaintiff's failure to depose any other IBM personnel); *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979) (affirming trial court's judgment and concluding trial court's protective order blocking deposition of Upjohn's President was not in error when plaintiff had not shown continued need to depose President after depositions of lower level employees had occurred); *Treppel v. Biovail Corp.*, 2006 WL 468314, *3 (S.D.N.Y. 2006) (denying deposition of two apex employees in part when "plaintiff has made no attempt to depose any lower level executives, and at the time he noticed the depositions, document discovery had not been completed"); *Baine v. General Motors Corp.*, 141 F.R.D. 332, 335 (M.D. Ala. 1991) (finding that "deposing [the Vice-President] at this time would be oppressive, inconvenient, and burdensome" when plaintiffs had not shown that the same discoverable information would not be available from lower-level employees, the corporate deposition, or interrogatories); *see also In re Daisy Mfg. Co.*, 17 S.W.3d 654, 658 (Tex. 2000) (noting that requesting party's efforts at less intrusive and burdensome discovery must be reasonable: "Merely completing some less-intrusive discovery does not trigger an automatic right to depose the apex official.").

**C. Plaintiffs Must Demonstrate Unique Or Superior Personal Knowledge Of Davol's President.**

Courts have required plaintiffs seeking apex depositions to show why these high-ranking executives have unique or superior personal knowledge of the situation. *See Liberty Mutual*, 10 Cal. App. 4th at 1289 (holding that trial court should determine whether party seeking deposition has arguably shown that "the official has unique or superior personal knowledge of discoverable information"); *Crown Central Petroleum Corp. v. Garcia*, 904 S.W.2d 125 (Tex. 1995) (same); *see also In re Alcatel*, 11 S.W.3d

---

depose some sales representatives. None of these depositions is of a sort that could lay a

173, 177 (Tex. 2000) (rejecting need for apex depositions "merely because a high-level corporate official possesses apex-level knowledge", which is "too general to arguably show the official's knowledge is unique or superior"); *Treppel v. Biovail Corp.*, 2006 WL 468314, *3 (S.D.N.Y 2006) (denying deposition of two apex employees when plaintiffs had not shown "importance" of proposed depositions by explaining "why the noticed individuals are believed to have personal knowledge of the underlying events, [and] why that knowledge is believed to be unique.") Plaintiffs have attempted no such showing, and have not requested depositions of the persons who could theoretically reveal material gaps in factual knowledge that can be filled only by a deposition of Mr. LaFever.

## II. Conclusion

For the reasons articulated above, this Court should deny Plaintiffs' Motion to Compel the deposition of Davol President Daniel LaFever, and enter a Protective Order preventing any such deposition absent further order of the Court.

Dated: February 7, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

---

foundation for the deposition of the President of Davol.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2008, the foregoing OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF DANIEL LAFEVER AND MOTION FOR PROTECTIVE ORDER was electronically filed with the Clerk of Court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

/s/ Kirby T. Griffis