**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § | |
| | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO** | § | |
| **WITT, ROBERT,** | § | **JUDGE LISI** |
| **No. 1:07-cv-01880** | § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC. TO AMENDED COMPLAINT**

Defendants Davol Inc. and C.R. Bard, Inc. (collectively "Defendants"), by and through counsel, answer Plaintiff's Amended Complaint (the "Complaint"), as follows:

**Parties**

1. Paragraph 1 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 and therefore deny the same.

2. The allegations in Paragraph 2 are not directed at C.R. Bard, Inc. ("Bard"); therefore, no response is required from Bard. Davol Inc. ("Davol") admits it is organized under the laws of the State of Delaware, with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island. Davol admits that at various times it has conducted limited manufacturing of the Composix® Kugel® Hernia Patch in Rhode Island. Answering further, Davol admits that its business involves medical devices, such as the Composix® Kugel® Patch, for use by prescribing physicians in accordance with accompanying labeling information throughout the United States, including the State of Texas.

3. The allegations in Paragraph 3 are not directed at Davol; therefore, no response is required from Davol. Bard admits that it is organized under the laws of the State of New Jersey and that Davol is its subsidiary. Bard also admits that it does business in Texas. Bard denies the remaining allegations.

**Jurisdiction**

4. Paragraph 4 contains conclusions of law to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over Plaintiff's claims.

5. Paragraph 5 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.

**Facts**

6. The allegations are not directed at Bard; therefore, no response is required from Bard. Davol admits that it designed, conducted limited manufacturing of, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 6, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

7. The allegations are not directed at Bard; therefore, no response is required from Bard. Davol admits that at various times it conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 7, Davol does not know what is meant by "delivery" beyond the meaning of "distributed," which has been already

admitted. Davol also lacks sufficient knowledge or information to form a belief as to the truth of the allegations. Davol accordingly denies the remaining allegations.

8. Defendants admit that Davol submitted a 510k Application on October 23, 2000. Defendants further admit that on January 22, 2001, the federal Food and Drug Administration approved the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

9. Defendants deny the allegations.

10. The Establishment Inspection Report referenced in Paragraph 10 speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

12. Defendants admit that Davol designed, conducted limited manufacturing of, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. The remaining allegations in Paragraph 12 are conclusions of law to which no response is required, or Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations. To the extent a response is required, Defendants deny the allegations.

13. Defendants deny the allegations of Paragraph 13 of the Complaint.

14. The Establishment Inspection Report referenced in Paragraph 14 speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

15. Defendants admit that the federal Food and Drug Administration characterizes a “Class I” recall as potentially life threatening or posing a potential for serious bodily harm.

16. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

17. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breakage. Davol further admits that it has received reports of ring migration, intestinal fistulae, bowel perforation, and death.

18. The Establishment Inspection Report referenced in Paragraph 18 speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

19. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

20. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore deny the same.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore deny the same.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny the same.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and therefore deny the same.

25. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and therefore deny the same.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and therefore deny the same.

27. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and therefore deny the same.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny the same.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 and therefore deny the same.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

## COUNT I
## Negligence

36. In response to Paragraph 36 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

37. Paragraph 37 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 37.

38. Paragraph 38 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 38.

39. Paragraph 39 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 39.

40. Paragraph 40 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 40.

41. Paragraph 41 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 41.

42. Paragraph 42 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 42.

43. Paragraph 43 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 43.

44. Paragraph 44 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 44.

45. Paragraph 45 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 45.

46. Paragraph 46 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 46.

## COUNT II
## Violation of the Texas Deceptive Trade Practices Act

47. In response to Paragraph 47 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

48. Paragraph 48 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 48.

49. Paragraph 49 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 49.

50. Paragraph 50 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 50.

51. Paragraph 51 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 51.

52. Paragraph 52 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 52.

53. Defendants deny each and every allegation in Paragraph 53.

54. Defendants deny each and every allegation in Paragraph 54.

55. Paragraph 55 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 55.

56. Paragraph 56 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 56.

57. Paragraph 57 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 57.

## COUNT III
## Strict Product Liability

58. In response to Paragraph 58 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

59. Paragraph 59 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 59.

60. Davol admits that it designed, distributed, conducted limited manufacturing of, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "assembled" and "conveyed" beyond the meaning of "manufactured" and "distributed," which have been addressed above. Davol accordingly denies the remaining allegations. Bard denies the allegations.

61. Paragraph 61 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 61.

62. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and therefore deny the same.

63. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and therefore deny the same.

64. Paragraph 64 and its subparts (i)-(x) contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation.

65. Paragraph 65 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 65.

## COUNT IV
## Negligent Infliction of Emotional Distress

66. In response to Paragraph 66 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

67. Paragraph 67 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 67.

68. Paragraph 68 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 68.

69. Paragraph 69 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 69.

70. Paragraph 70 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 70.

71. Paragraph 71 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 71.

## COUNT V
## Intentional Infliction of Emotional Distress

72. In response to Paragraph 72 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

73. Paragraph 73 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 73.

74. Paragraph 74 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 74.

75. Paragraph 75 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 75.

76. Paragraph 76 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 76.

77. Paragraph 77 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 77.

**COUNT VI**
**Breach of Implied Warranty**

78. In response to Paragraph 78 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

79. Paragraph 79 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 79.

80. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint and therefore deny the same. The remaining allegations are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

81. Paragraph 81 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 81.

82. Paragraph 82 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 82.

83. Paragraph 83 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 83.

84. Paragraph 84 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 84.

**COUNT VII**
**Failure to Warn**

85. In response to Paragraph 85 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

86. Bard denies each and every allegation in Paragraph 86. Davol admits that it designed, distributed, and conducted limited manufacturing of the Composix® Kugel® Hernia

Patch for use by prescribing physicians in accordance with its accompanying labeling information.

87. Paragraph 87 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 87.

88. Paragraph 88 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 88.

89. Defendants deny the allegation. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegation in Paragraph 89 of the Complaint and therefore deny the same.

90. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90 and therefore deny the same.

91. Paragraph 91 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 91.

92. Paragraph 92 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 92.

**COUNT VIII**
**Fraud**

93. In response to Paragraph 93 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

94. Davol admits that it designed, conducted limited manufacturing of, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Bard denies the allegations.

95. The allegations in Paragraph 95 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

96. The allegations in Paragraph 96 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

97. Defendants deny the allegations of Paragraph 97 of the Complaint.

98. The allegations in Paragraph 98 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

99. The allegations in Paragraph 99 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

100. The allegations in Paragraph 100 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT IX**
**Misrepresentation by Omission**

101. In response to Paragraph 101 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

102. The allegations in Paragraph 102 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

103. The allegations in Paragraph 103 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

104. The allegations in Paragraph 104 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

105. The allegations in Paragraph 105 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

106. The allegations in Paragraph 106 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiff's Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars Plaintiff's claims against Defendants in whole or in part.

6. Applicable statutes of limitations, statutes of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiff's claims are barred, in whole or in part, for his failure to provide Defendants with timely notice of his claims as required by the Tex. Bus. & Com. Code § 17.505 and/or the Texas Uniform Commercial Code.

8. Plaintiff's, or his agents', including his physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

9. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

10. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

11. If Plaintiff sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

12. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

13. The learned intermediary doctrine bars Plaintiff's claims.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

15. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

16. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

17. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

18. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law (including but not limited to Chapter 33 of the Texas Civil Practice & Remedies Code), Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party, person or entity, including the Plaintiff and any party, person, or entity who has settled with the Plaintiff. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiff from any source whatsoever with respect to the injuries and damages at issue in this suit.

19. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

20. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

21. Plaintiff failed to mitigate damages, which limits Plaintiff's recovery, if any, in whole or in part.

22. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to them.

23. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

24. Pursuant to Article 5.10(B)(2) of the Texas Business Corporations Act, Defendants, as acquiring corporations, are not liable for obligations not expressly assumed.

25. Plaintiff's claims are barred in whole or in part by Plaintiff's own comparative negligence.

26. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

27. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

28. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

29. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Texas Constitution.

30. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Texas Constitution.

31. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Texas and/or other applicable laws.

32. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

33. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Texas.

34. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: February 11, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFF'S AMENDED COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

Terry Bryant, Esq.
TERRY BRYANT, LLP.
West Memorial Office Park
8584 Katy Freeway, Suite 100
Houston, TX 77024
(*electronic notice)*

Jon C. Conlin
Ernest Cory
Craig P. Niedenthal
Stephen R. Hunt, Jr.
CORY WATSON CROWDER & DEGARIS
2131 Magnolia Avenue
Birmingham, AL 35209
(*electronic notice)*

/s/ Kirby T. Griffis