**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO ALL ACTIONS** | § § § | **JUDGE LISI** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S DENIAL OF MOTION SEEKING *EX PARTE* CONTACTS WITH PLAINTIFFS' TREATING PHYSICIANS**

Defendants make no reference to their heavy burden on review of Magistrate Judge Almond's order. Under Fed. R. Civ. P., Rule 72(a), a district court should defer to a magistrate judge's order on a non-dispositive pre-trial matter such as this,[1] and may only "modify or set aside any part of the order that is *clearly erroneous or is contrary to law*." Fed. R. Civ. P. 72(a). This District has held (following First Circuit precedent) that a determination is "clearly erroneous" when it is contrary to the "clear weight of the evidence or when the court has a 'definite and firm conviction that a mistake has been committed.'" *Blinzler v. Marriott Int'l, Inc.*, 857 F. Supp. 1, 2-3 (D.R.I. 1994) (quoting *Holmes v. Bateson*, 583 F.2d 542, 552 (1st Cir. 1978)). "In conducting this review, the district court must refrain from second guessing the magistrate judge's pre-trial discovery rulings." *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 6 (D.R.I. 2004).

Magistrate Judge Almond did not make a mistake. His ruling is not clearly erroneous or contrary to law. As explained at length in Plaintiffs' opposition to Defendants' Motion Seeking *Ex Parte* Contacts With Plaintiffs' Treating Physicians, courts across the Country – including

[1] A district court's review of a magistrate's memorandum and order on a motion for a protective order preventing counsel for defendant from conducting *ex parte* communicating with plaintiff's treating physicians without express written authorization of plaintiff is governed by clearly erroneous or contrary to law standard. *Bryant v Hilst*, 136 FRD 487 (D.C. Kan. 1991).

those handling multi-district litigation – have time and again held that *ex parte* contacts with a plaintiff's treating physician should be prohibited. *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion Seeking *Ex Parte* Contacts With Plaintiffs' Treating Physicians at pp. 2, 6-7. 9-14.

Defendants asked Magistrate Judge Almond to accept the opinion of a contrary line of cases; however, he was not bound by precedent to do so. His decision to adopt the well reasoned holding of an (at least equally) long line of cases, denying *ex parte* communications with treating physicians, is perfectly acceptable under the controlling law. Magistrate Judge Almond's ruling directs the parties to take discovery in the manner that he sees as appropriate in this case. Moreover, contrary to Defendants argument, Magistrate Judge Almond did not "improperly defer[] to Judge Fallon's decision in *In Re Vioxx Product Liability Litigation*, 230 F.R.D. 70 (E. D. La. 2005), to conclude that Defendants' motion should be denied." Defendants' objection at P. 7. If anything, he found it persuasive (along with the ruling in *Baycol* and the other cases he cited), which is something that he is free to do as a matter of law. Magistrate Judge Almond also noted the HIPPA privacy concerns at issue and, finally, made clear his ruling was without prejudice to a later showing by Defendants that such contact was necessary. (Memorandum and Order at P. 2 and P.3, fn. 2).

As they did in their original motion, Defendants once again argue that this issue is simply the sole procedural question within the Court's discretion. This is only a procedural question where the State does not recognize a privacy right prohibiting *ex parte* contacts; however, the majority of the States at issue do recognize such a right. In addition, Defendants' reliance on *Doe v. Eli Lilly & Co.*, 99 F.R.D. 126, 127 (D.D.C. 1983), in support of it's argument that ex parte contact will "streamline" the litigation is misplaced. This decision well before HIPAA and

all the attendant privacy concerns that statute presents and, other than citing to this case, Defendants still have not shown how *ex parte* contacts will be less costly or eliminate the need for formal discovery. To the contrary, it appears that, in each of the ten (10) cases selected for ADR, the treating physicians will likely be deposed, so there appears to be no cost savings to anyone.

Again, Defendants cannot bypass the fact that Magistrate Judge Almond – who was specifically referred this discovery motion – has determined that the *ex parte* communications sought by Defendants are not an appropriate procedural device in this litigation. As it is not "clearly erroneous," Magistrate Judge Almond's decision should not be "second guessed" simply because Defendants disagree with the Magistrate Judge. *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d at 6. Accordingly, Plaintiffs' respectfully request that the Court deny Defendants' request to set aside his ruling.

DATE: February 8, 2008

Respectfully submitted,

/s/ Donald A. Migliori
Donald A. Migliori (#4936)
Vincent L.Greene (#5971)
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067
401-457-7700
401-457-7708 FAX

Teresa C. Toriseva
Nancy C. Wilkins
WEXLER TORISEVA WALLACE LLP
1446 National Road
Wheeling, WV
304-238-0066
304-238-0149 FAX

Ernest Cory
Jon C. Conlin
Stephen R. Hunt, Jr.
CORY WATSON CROWDER & DEGARS P.C.
2131 Magnolia Ave.
Birmingham, AL 35209
205-328-2200
205-326-7896 Fax

Edward A. Wallace
Mark R. Miller
WEXLER TORISEVA WALLACE LLP
55 Monroe Street, Suite 3300
Chicago, Illinois 60603
312-346-2222
312-346-0022 FAX

Fred Thompson, III
Rhett D. Klok
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
843-216-9000
843-216- 9450 FAX

## CERTIFICATE OF SERVICE

I, Donald A. Migliori, hereby certify that a copy of the foregoing **Plaintiffs' Response to Defendants' Objection to Magistrate Judge's Denial of Motion Seeking *Ex Parte* Contacts With Plaintiffs' Treating Physicians** was electronically filed. Those attorneys who are registered with the Electronic Filing System may access these filings through the Court's System, and notice of these filings will be sent to these parties by operation of the Court's Electronic Filing System.

Dated: February 11, 2008 By: /s/ Donald A. Migliori

Donald A. Migliori
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067
401-457-7700
401-457-7708 FAX