UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **IN RE: KUGEL MESH HERNIA REPAIR PATCH LITIGATION** | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | § | **Chief Judge Mary M. Lisi** |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' PROPOSED ORDER FOR THE PRESERVATION OF EVIDENTIARY AND CERTAIN DISCOVERABLE MATERIALS**

Come now the Defendants, and respectfully request that the Court deny Plaintiffs' Motion for an Order for the Preservation of Evidentiary Documents and Certain Discoverable Materials. [Docket No. 250] In support, Defendants submit this memorandum of law.

## INTRODUCTION

The Federal Rules of Civil Procedure place an obligation upon all parties in litigation to take reasonable efforts to preserve documents and information that may be relevant to that litigation. Plaintiffs have asked this Court to enter an Order detailing extensive steps that the Defendants must take in order to preserve documents. The motion must be denied for two reasons. First, plaintiffs have failed to meet their high burden of establishing that any preservation order is needed in this case. Second, plaintiffs have made no attempt to justify any of the specific measures included in their proposed order, and it is their burden to do so. Their generic assertions that protective orders are appropriately employed in some litigations is irrelevant to the issue of whether this Order, or any term of it, is appropriate, which they have not shown. The motion for a protective order should be denied.

## ARGUMENT

### I. Standard for Issuance of a Preservation Order

In order to establish that a preservation order is necessary, a party seeking a preservation order must "demonstrate that it is *necessary* and *not unduly burdensome*." *Pueblo of Laguna v. U.S.*, 60 Fed. Cl. 133, 137 (2004) (emphasis added). More specifically, in order to determine whether a preservation order should issue, courts employ a three-part balancing test:

> 1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

*Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-434 (W.D. Pa. 2004); *see also Washington v. Detroit*, 2007 U.S. Dist. LEXIS 17579 (E.D. Mich. 2007); *Columbia Pictures Indus. v. Bunnell*, 2007 U.S. Dist. LEXIS 46364 (C.D. Cal. 2007); *In re African-Am. Slave Descendants' Litig.*, 2003 U.S. Dist. LEXIS 12016 (N.D. Ill. 2003). This analysis is similar in form, if not substance, to that of a preliminary injunction. *Id.* at 432-433. *Capricorn Power's* three-part balancing test is the standard most in accordance with what little First Circuit precedence exists in this area. *See Matos v. Clinton Sch. Dist.*, 367 F.3d 68, 73 (1st Cir. 2004) (Plaintiff's motion to enjoin defendants from "tampering with the hard drive of the computer" denied, as defendants have not tampered with it despite having not been under "any court order to preserve [the] hard drive.")

### II. There is No Evidence that a Preservation Order is Necessary for the Preservation of Evidence.

Plaintiffs attempt to discharge their burden to justify a preservation order in two ways. First, they make the generic assertion that "[o]nce evidence has been destroyed, even if inadvertently, the direction of litigation can be unfairly manipulated." Motion at 3-4. This theoretical possibility exists in all litigation and, if it were sufficient to justify entry of a preservation order, would warrant entry of such an order in every single case. That obviously is not the law. "[W]here the need expressed by the moving party for a preservation order is based upon an indefinite or unspecified possibility of the loss or destruction of evidence, rather than a specific, significant, imminent threat of loss, a preservation order usually will not be justified." *Capricorn Power*, 220 F.R.D. at 435.

Plaintiffs also attempt to argue that Defendants' specific document preservation efforts have been inadequate. In doing so, however, they conflate document preservation with document production, and fail to demonstrate any need for an order.

<u>Deposition of Paul Bissett</u>

Plaintiffs argue that the deposition of Paul Bissett, a sales representative for Davol, revealed the inadequacies of the Defendant's document retention policies, because Mr. Bissett and other members of the sales force allegedly did not receive a document hold memorandum. Motion at 4. The evidence adduced for this was a chart created by Defense counsel in conjunction with Rule 26(f) consultations listing when various employees first received hold memos; counsel subsequently, and long before the filing of the instant Motion, informed Plaintiffs' counsel that Mr. Bissett and the rest of the sales force *did* receive a document hold memo. *See* Dec. 21 Griffis Email (Att. A). Mr. Bissett testified similarly at his deposition. *See* Bissett deposition, pg. 232, lines 16-20. Plaintiffs argue that Defendants did not *collect* documents from Mr. Bissett, Mot. at 4, or *produce* documents to them from the sales force, *Id.,*

but offer no evidence that Mr. Bissett or anyone else failed to *preserve* responsive documents, which is the sole issue relevant to the present motion.

Form of Document Production

Plaintiffs' other specific argument that Defendants' document preservation efforts have been inadequate is not about preservation at all: they argue that "*the form* of the electronic *production* implemented by Defendants is substandard and many documents have been overlooked due to insubstantial search terms." Mot. at 4 (emphasis added). The issue that plaintiffs raise – the use of search terms to identify responsive documents – is one of the completeness of document production, not the adequacy of document preservation. It is also the subject of a separate motion by Plaintiffs – their Motion For the Entry of an Order Detailing the Form and Format of Documents to be Produced. *See* Docket No. 258. Defendants will respond to that motion separately as well. For present purposes, it is necessary only to point out that no documents were discarded based on the searches, and thus no document preservation issue is presented.

**III. The Proposed Preservation Order Has Not Been Justified.**

Plaintiffs have failed to establish, as they must, that "the particular steps to be adopted" under their proposed protective order "will be effective, but not overbroad." *Pueblo of Laguna*, 60 Fed. Cl. at 138. Plaintiffs make no attempt to justify a single term of the proposed order, and this alone requires their motion to be denied.

Moreover, the proposed order is patently overbroad and unworkable. For example, Paragraph A would order Defendants to "not purge data, delete data, erase disks, tapes or electronic files of any kind, erase memory, or otherwise alter, change, modify or destroy information (including any meta data) stored in or by computer (regardless of whether that

information is created and/or stored before or after the entry of this order) relevant to plaintiffs' claims of alleged defects…" The entire paragraph reflects a lack of understanding of how computers and memory storage devices work, because any operation of any computer or file server continually involves the altering, changing, modifying, and erasing of memory and data, simply by virtue of the machine's own automatic data management and storage operations. *See* Aff. of Brian E. Schrader ¶¶ 26-32 (Att. B). Plaintiffs' statement in their Motion that "The mere rebooting of a computer begins to erase the hard drive" suggests the problem that would be created by an order that forbids any erasure of data to take place. Mot. at 4 n.2. This is why the Federal Rules of Civil Procedure do not require a party to preserve all relevant evidence, but instead to take reasonable steps to do so. This is precisely what Defendants have done, issuing comprehensive document holds to relevant employees, halting the ordinary recycling of both e-mail and system-wide backup tapes, and copying and preserving hard-copy and electronic files relevant to the products in this litigation. *See, e.g.,* Griffis Letter pgs. 1-2 (Att. C).

Another example of an impossible clause is Paragraph E, which extends permission to the Defendants to "destroy or alter specified documents" only if they first "provid[e] specific and detailed written notice to the other parties" and await agreement for 30 days. This would mean that the company may not discard anything, from a travel voucher to a flier about the company picnic, without the permission of the Plaintiffs' Steering Committee.[1]

[1] A proposed preservation order clause requiring prior notification before destruction of *relevant* documents was rejected in Pueblo of Laguna. 60 Fed. Cl. at 140.

As set forth in the attached Schrader affidavit, there are numerous other reasons that the Proposed Preservation Order is unworkable and unduly burdensome.[2] As Plaintiffs have not justified any of its terms, it should be denied in its entirety.[3]

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for the Entry of a Preservation Order. [Docket No. 250].

Dated: February 19, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
William J. Cople, III
1350 I Street NW
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

*Attorneys for Defendant C.R. Bard, Inc. and Defendant Davol Inc.*

[2] For example, Section (A)1(a) of the proposed Preservation Order allows to Bard to re-use their back-up tapes, so long as they keep a copy of the back-up tape each time it is used. *See* Schrader Aff. ¶37. Similarly, Section A(1)(b) would require that Bard and Davol retain, indefinitely, all spam and virus infected email. *Id.* at ¶40.

[3] Plaintiffs state that the Defendants "refuse[d] to negotiate a Preservation Order with Plaintiffs," Mot. at 7, and quote Rule 26(f) to suggest that Defendants have also refused to discuss preservation. *Id.* In fact, the parties have had extensive discussions regarding document preservation, and Defendants made clear to Plaintiffs during the Rule 26(f) discussions in November that they were taking specific preservation steps, including, for example, the suspension of the 30-day rotation cycle for e-mail and system-wide backup tapes by pulling one tape out of the rotation every 30 days and preserving it. Plaintiffs' proposed Order constitutes an alternative, and far more onerous, preservation regime without any justification offered for it. Rule 26 requires the parties to attempt to "agree[] on reasonable preservation *steps*." (emphasis added). Defendants do not believe that any Preservation Order is required in this litigation, but have never refused to negotiate about what preservation steps should be taken.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2008, the foregoing OPPOSITION TO PLAINTIFFS' MOTION FOR THE ENTRY OF A PRESERVATION ORDER was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon the Plaintiffs' Liaison Counsel in the manner indicated below:

Donald Migliori
Motley Rice LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
Fax: (401) 457-7708
Email: dmigliori@motleyrice.com
*via facsimile and electronic mail*

s/ Kirby T. Griffis