**IN THE SUPERIOR COURT OF RHODE ISLAND**

| | | |
|---|---|---|
| JIMMY WARREN,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation;<br>DAVOL INC., a Rhode Island corporation,<br><br>Defendant. | ) | Civil Action No.: 06-6620 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR <u>PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rhode Island Rule 34, defendants C.R. Bard, Inc. ("Bard") and Davol, Inc. ("Davol") [collectively "Davol"] respond to plaintiff's, Jimmy Warren, request for production of documents and things.

**<u>Statement Concerning Production of Documents</u>**

Davol is in the process of gathering, reviewing, and producing on a rolling basis documents collected from Davol and Bard relevant to all issues concerning the Composix® Kugel® Patch. It will make documents available for production in this case upon entry of an appropriate protective order.

Documents are organized in the manner kept by Davol and Bard, and will be identified in the production as coming from the files of specific employees or from identified departmental or central files. The answers to all of the requests for production can be as easily gleaned by plaintiffs as by Davol by examining the appropriate files. In responding to these requests, where appropriate, Davol directs plaintiff to the files that best answer the request.

Documents will be provided in TIFF format with accompanying files containing full-text information either extracted from the native format or from OCR. Privileged documents have

been withheld. In order to allow Davol to produce documents as swiftly as possible, Davol will provide a privilege log to you upon the completion of production of all documents, and will not provide an interim log at each rolling production. Davol has redacted information required to be withheld by FDA regulations and irrelevant information concerning other products, and will provide a redaction log at the completion of production of all documents.

Because they are not reasonably accessible in terms of burden and costs, Davol objects to production or preservation of electronic data as follows:

(i) Documents requiring forensic-recovery methods or for which applications other than those used to create material in the ordinary course of business must be employed to confirm whether responsive material exists;

(ii) "Documents" constituting electronic voice communications (or recordings thereof);

(iii) Any interpretation of preservation requiring that the ordinary functioning of computers, databases, and similar systems must be suspended, including the routine and automatic alteration of database information, metadata, and the like;

(iv) Searching of disaster-recovery media and other media and sources that are not reasonably accessible;

(v) "Documents" constituting deleted, shadowed, echoed, fragmented, or residual data or file attributes, properties, and metadata;

(vi) Electronic data in the possession of entities other than C.R. Bard, Inc. or Davol, Inc.

## General Objections

Davol makes the following General Objections, which are hereby incorporated in and made a part of each, of the specific responses to the discovery requests set forth below:

1. Davol objects to plaintiffs' demand for production of documents, including the instructions, definitions, and electronic data protocol contained therein (the "discovery requests"), to the extent that they seek to alter or expand upon the obligations imposed by the

Rhode Island Rules of Civil Procedure or deviate from counsels' prior agreements. Specifically, Davol objects to these discovery requests to the extent that they seek documents or information neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

2. Davol objects to the discovery requests to the extent they call for the discovery of information protected by the attorney-client privilege and/or work product doctrine and/or any other applicable privilege. All discovery requests will be read to exclude discovery of information protected by the attorney-client privilege and/or work product doctrine and/or any other applicable privilege.

3. Davol will produce documents subject to entry of an appropriate confidential and protective order, and objects to releasing documents until such an order is entered. Davol also objects to the discovery requests to the extent they seek documents that contain personal information protected by federal privacy statutes and regulations (including 21 C.F.R. § 20.63(f) and 21 C.F.R. §314.80). Davol will redact such information from documents produced.

4. Davol objects to plaintiff's requests to the extent they seek information and documents in the possession of corporations or entities other than Davol or otherwise outside the possession, custody and control of Davol. Davol has, however, obtained and will produce documents from the files of C.R. Bard, Inc.

5. Davol objects to the discovery requests to the extent they seek documents or information that is publicly available and that is therefore readily available to plaintiff.

6. Davol objects to the discovery requests to the extent that they are not reasonably limited in time, and specifically objects to the production of any documents and use of any

documents in this litigation that were created after the plaintiffs' date of implantation, January 26, 2004, that are not related to the issue of causation.

7. Davol objects to the discovery requests to the extent they are oppressive and obtaining such information and responsive documents is time-consuming, unreasonably expensive, and unduly burdensome.

8. Davol's responses to the discovery requests are made without waiving:

a. The right to object to the competence, relevance, materiality, or admissibility as evidence of any documents or other information, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation;

b. The right to object, on any grounds, to the use of any documents or other information, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding, or investigation;

c. The right to object, at any time and upon any grounds, to any other set of discovery requests;

d. The right, at any time and for any reason, to revise, supplement, correct, add to, or clarify these responses; and

e. The right to supplement their responses if Davol identifies additional responsive documents or information.

**RESPONSES**

**REQUEST NO. 1:**

Produce any and all complaints, concerns, grievances, or any document that relates to any claim that any size or product code of the Kugel Composix Mesh (or its equivalent if known by another name) did not perform its intended purpose, reported by any source to Davol Inc. or C.R. Bard, Inc.

**RESPONSE:**

Davol objects to the terms "complaints," "concerns," "grievances," and "problems" as being vague, ambiguous and undefined. Davol also objects to this request in that seeks

information regarding products other than those utilized by the plaintiff, and regarding alleged injuries and modes of injury other than those alleged by the plaintiff. Subject to and without waiving these objections, Davol states that it will produce its official complaint files relating to the Composix® Kugel® Patch, including information on all adverse medical events reported to the company.

**REQUEST NO. 2:**

Produce all raw data entered into Davol Inc. or C.R. Bard, Inc.'s complaints, spreadsheet, actual complaints and MDR data reported by any source to Davol Inc. or C.R. Bard, Inc. for the period 2000 to present.

**RESPONSE:**

This request is unintelligible to the extent it seeks production of "data" rather than the production of some document containing or reflecting data. Davol objects to the terms "raw data," "complaints," "spreadsheet," and "actual complaints" as vague, ambiguous, and undefined. Davol further objects to this request to the extent it seeks disclosure of information subject to federal privacy regulations, including 21 C.F.R. § 20.63(f) and 21 C.F.R. §314.80. Subject to and without waiving these objections, Davol will produce the relevant and non-private fields in its adverse event tracking software.

**REQUEST NO. 3:**

Any non-privileged documents prepared in response to any claim that any size and product code of Kugel Composix Mesh failed to perform in any way.

**RESPONSE:**

Davol objects to the term "failed to perform in any way" as being vague, ambiguous, and undefined, as well as irrelevant to the extent that a particular alleged failure is unrelated to that

allegedly experienced by the plaintiff. Subject to and without waiving these objections, Davol states that responsive documents may be found in the files of Tom Hutchinson, Robin Drago, Roger Darois, Steve Eldridge, David Ciavarella, and Chris Ganser.

**<u>REQUEST NO. 4</u>:**

Produce any and all documents providing information regarding the design specifications of all sizes and product codes of the Kugel Composix Mesh.

**<u>RESPONSE:</u>**

Davol objects to this request in that it seeks information regarding products not involved in this litigation or any voluntary recall. Subject to and without waiving these objections, Davol states the design specifications for the Composix® Kugel® Patch will be provided in the document production, particularly in the design record files and project files.

**<u>REQUEST NO. 5</u>:**

Produce any and all documents relating to testing that has been done on any size and product code of the Kugel Composix Mesh.

**<u>RESPONSE:</u>**

Davol objects to this request in that it seeks information regarding products not involved in this litigation or any voluntary recall. Subject to and without waiving these objections, Davol states the responsive documents will be provided in the document production, particularly in the design record files and project files.

**<u>REQUEST NO. 6</u>:**

Produce any and all warnings which are now or have ever been provided to surgeons or hospitals using the Kugel Composix Mesh.

**RESPONSE:**

Davol also objects to this request as being overbroad as it is not limited to any adverse reaction alleged by plaintiff in this case. Subject to and without waiving of these objections, Davol states that responsive documents may be found in the FDA-approved Instructions for Use, in the prior Instructions for Use found in the regulatory departmental files, and in the files of Robin Drago, Lucinda Fox, and the regulatory department.

**REQUEST NO. 7:**

Produce any and all documents submitted to federal or state governmental agencies as part of an application for approval of the design, marketing, labeling, or any other aspect of any size and product code of the Kugel Composix Mesh, including but not limited to applications made to the FDA under 21 CFR 814.1 to 814.84, 21 CFR 807.87 to 807.100, and 21 CFR Part 801.

**RESPONSE:**

The regulatory history of the Composix® Kugel® Patch may be found in the document production in the files of the regulatory department.

**REQUEST NO. 8:**

Produce any and all documents related to applications made to federal and state governmental or regulatory agencies for approval of the design, marketing, labeling, or any other aspect of any size and product code of the Kugel Composix Mesh, including but not limited to documents related to applications made to the FDA under 21 CFR 814.1 to 814.84, 21 CFR 807.81 to 807.100, and 21 CFR Part 801.

**RESPONSE:**

The regulatory history of the Composix® Kugel® Patch may be found in the document production in the files of the regulatory department.

**REQUEST NO. 9:**

Produce any and all documents, reports, letters, or other communication submitted to any federal or state government agency or regulatory agency regarding problems, accidents, incidents, causing injury or death, malfunctions, or other adverse events involving any size and product code of the Kugel Composix Mesh for the period 2000 to 2007, including but not limited to adverse event files kept pursuant to 21 CFR Part 803.1.

**REQUEST:**

Davol objects to the terms "problems," "accidents," "incidents," "malfunctions," and "adverse event" as being vague, ambiguous and undefined. Davol also objects to this request in that it seeks information predating Davol's introduction of the Composix Kugel patch in 2001. Subject to and without waiving these objections, Davol states that all communications to the FDA concerning medical device reports relating to the Composix® Kugel® Patch are contained in the document production in the files of the regulatory department.

**REQUEST NO. 10:**

Produce any and all documents received by Davol or Bard from any federal or state governmental or regulatory regarding the Kugel Composix Mesh.

**RESPONSE:**

Subject to and without waiving these objections, Davol states that all written communications from the FDA relating to the Composix® Kugel® Patch are contained in the document production in the files of the regulatory department.

**REQUEST NO. 11:**

Produce all pertinent documents regarding the most recent January 2007 Kugel Composix Mesh recall.

**RESPONSE:**

Davol objects to the term "pertinent" as being vague, ambiguous, and undefined. Davol further objects to this request as irrelevant to the extent that the plaintiff did not allegedly experience a ring break, the subject of the January 2007 recall. Subject to and without waiving these objections, Davol states that documents responsive to this request are contained generally in Davol's document production but particularly within the files of following persons or departments: Lucinda Fox, Robin Drago, and regulatory departmental files.

**REQUEST NO. 12:**

Produce all 510K Clearance and Warning letters from the XL Kugel Composix Mesh.

**RESPONSE:**

Davol objects to the terms "510K Clearance and Warning letters from the XL Kugel Composix Mesh" as vague and ambiguous. Subject to and without waiving this objection, Davol states that all written communications from the FDA relating to the Composix® Kugel® Patch are contained in the document production in the files of the regulatory department.

**REQUEST NO. 13:**

Produce Davol/Bard's recall packet dated January 11, 2006.

**RESPONSE:**

Davol objects to the terms "recall packet" as vague, ambiguous, and undefined. Subject to and without waiving these objections, Davol states that documents responsive to this request

are contained generally in Davol's document production but particularly within the files of following persons or departments: Lucinda Fox, Robin Drago, and regulatory departmental files.

**REQUEST NO. 14:**

Produce Davol/Bard's response letter dated March 2, 2006.

**RESPONSE:**

Davol objects to the terms "response letter" as vague, ambiguous, and undefined. If the request refers to a response to the FDA, the document will be produced in the regulatory departmental files.

**REQUEST NO. 15:**

Produce all documents:

a. reflecting your year-end financial statements for the years 2000-2005;

b. quarterly reports for current fiscal year;

c. annual report to shareholders; and

d. annual filing with SEC.

**RESPONSE:**

Davol refers plaintiff to the SEC website for these public, and publicly available, documents.

**REQUEST NO. 16:**

Produce a copy of Davol's internal corporate telephone directory for each year for the period 2000 to 2007 together with any organizational charts for the same period.

**RESPONSE:**

Davol objects to the request for a telephone directory as overbroad and unduly burdensome and as not reasonably calculated to lead to the discovery of admissible evidence. Organizational charts will be produced.

**REQUEST NO. 17:**

Produce all non-privileged documents regarding any lawsuit filed against the Defendants regarding any size and product code of the Kugel Composix Mesh.

**RESPONSE:**

Davol objects to the production of pleadings in lawsuits as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 18:**

Produce all documents reflecting the 2005, 2006, and 2007 product recalls to physicians, surgeons, hospitals, and any other purchasers of the product, including but not limited to correspondence sent to hospitals/surgeons regarding the Kugel Composix Mesh recalls, any press releases, media kits, advertisements, electronic messages and other print and electronic media and this includes drafts of all documents as well as the final product.

**RESPONSE:**

Davol states that documents responsive to this request are contained generally in Davol's document production but particularly within the files of following persons or departments: Lucinda Fox, Robin Drago, and regulatory departmental files.

**REQUEST NO. 19:**

Produce all documents provided to the FDA when they were preparing the Establishment Inspection Report which began on January 25, 2006 and ended on February 7, 2006.

**RESPONSE:**

Davol objects to this request as irrelevant to the extent that plaintiff did not experience a ring break, the subject of the product recalls at issue in the inspection. Subject to and without waiver of this objection, Davol states that responsive documents may be found in the files of Lucinda Fox and Robin Drago.

**REQUEST NO. 20:**

Produce all documents and files held for the individuals identified in the FDA Establishment Inspection Report including but not limited to documents prepared for or by Davol or C.R. Bard, Inc. relating to the failure of the Kugel Composix Mesh.

**RESPONSE:**

The files of employees involved with the Composix® Kugel® Patch who are named in the Establishment Inspection Report will be produced.

**REQUEST NO. 21:**

All documents relating to any public relations or marketing of Kugel Composix Mesh, both internal and with any third party marketing or PR firm.

**RESPONSE:**

Marketing records regarding the Composix® Kugel® Patch are in the files of Karen Kane, Jim Keegan, and the marketing department files.

**REQUEST NO. 22:**

All communications, including but not limited to electronic mail communications and internal memorandums, by or on behalf of Davol or C.R. Bard, Inc. relating to adverse events caused by any size or product code of Kugel Composix Mesh.

**RESPONSE:**

Davol objects to the terms "adverse events" as vague, ambiguous, and undefined. Davol further objects to this request as over broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence and as seeking irrelevant information to the extent they involve alleged injuries and modes of injury other than those alleged by the plaintiff. Subject to and without waiving these objections, Davol states that documents responsive to this request can be found in the MDR and complaint files.

**REQUEST NO. 23:**

All produce all documents relating to all patent application, approvals, and licensing agreements.

**RESPONSE:**

Davol objects to this request as vague and undefined with regard to "approvals" and "licensing agreements." The patents for the Composix® Kugel® Patch will be produced.

C.R. BARD, INC. and DAVOL INC
By their Attorneys,

MORRISON MAHONEY LLP

Mark T. Nugent, #2637
Thomas M. Robinson, #6193
121 South Main Street, Suite 600
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2007, a copy of the foregoing Response to Request for Production of Documents has been made upon the following via first-class mail, postage prepaid:

Donald A. Migliori
Motley Rice
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067



633225v1