**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO LOIS PATILLO, *et al.*, No. 08-00009** | § § § | **JUDGE LISI** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Seven months ago, this Court decided the precise issue of law presented by the instant motion by ruling that removal was proper when Davol was sued by an out-of-state plaintiff and removed to federal court before it is served, pursuant to 28 U.S.C. § 1441(a) (2008). Plaintiffs offer no new argument in their recycled brief to attack this Court's decision and defeat this Court's diversity jurisdiction. Because circumstances have not changed, this Court should follow its previous decision to deny Plaintiffs' Motion to Remand and grant costs and attorneys' fees to Defendants related to responding to this motion.

**BACKGROUND**

On December 21, 2007, Plaintiffs filed their complaint with the Superior Court of the State of Rhode Island, captioned *Lois Patillo v. Davol, Inc. & C.R. Bard, Inc.*, C.A. No. 07-6960. (Ex. 1) Plaintiffs hail from various states, including Alabama, Arkansas, Colorado, New York, Pennsylvania, and Ohio. None are from Rhode Island. (*See* Defs.' Notice of Removal 3-6 (Jan. 8, 2008) (Ex. 2).) In their complaint, they alleged they sustained personal injuries due to Defendants' Composix® Kugel® Patches. Pursuant to § 1441(a), Defendants removed to and answered in this Court eighteen days later, on January 8, 2008. (Ex. 2) Plaintiffs did not serve Bard until January 10, 2008, and did not serve Davol until January 11, 2008. (Ex. 3)

On July 3, 2007, this Court ruled on an "emergency" motion filed by plaintiffs' counsel, holding that removal was proper in two cases[1] filed in Rhode Island Superior Court and removed to this Court before Defendants had been served. (*See* Tr. 17:10-14, July 3, 2007 (Ex. 4).) The July hearing involved the same Defendants and similar allegations, and plaintiffs were represented in part by Donald A. Migliori, moving counsel here. (*Id.* 3:17-25; 4:1-4.) At the hearing, due to the propriety of the removal, the Court admonished plaintiffs' counsel for their unfounded accusations of "bad faith" and procedural trickery by Defendants. (*Id.* 8:2-5, 7-19; 9:11-13; 11:19-25; 12:1-12, 14-20.) In fact, this Court ordered plaintiffs' counsel to apologize on the record. (*Id.* 14:16-20.)

Despite that clear precedent, these Plaintiffs filed a motion to remand this case on February 7, 2008.[2] Not only did they overlook the precedent, but also they used a substantially similar version of the motion and memorandum of law that was denied by this Court. While keeping the case number (1:07-CV-00190-ML-DLM) and most of the language and all of the case law from the *Jones v. Davol* briefing, Plaintiffs here did change two things: they added the proper plaintiff names to the case caption and removed all references to "bad faith," including Sections IV and V of the original brief. (*Compare* Pl.'s Mem., *Jones v. Davol* (Ex. 5), *with* Pls.' Mem. (Ex. 6).)

---

[1] *Jones v. Davol, et al.*, C.A. No. 07-190ML (D.R.I. 2007), and *Tompkins v. Davol, et al.*, C.A. No. 07-191ML (D.R.I. 2007).

[2] They have actually filed two motions to remand. One motion was filed on February 7, 2008 under the *Jones v. Davol* case number; the other was filed on February 20, 2008 under the MDL case number, with Mr. Migliori's signature attached.

## ARGUMENT

Plaintiffs advance no new arguments or case law to support their motion, so this Court's previous decision applies to reject Plaintiffs' attempt to attack removability under 28 U.S.C. § 1441. When denying the two motions to remand in July 2007, this Court stated succinctly that "[i]n each case the matter was properly removed pursuant to Section 28 U.S.C. 1441(b) in that the resident Defendant at the time of removal had not been served." (Tr. 17:10-14.)[3] The pertinent circumstances, briefing, and counsel are nearly identical here[4]: as before, Defendants removed before the in-state Defendant, Davol, was served; Plaintiffs moved to remand based on their misreading of § 1441(b); and Mr. Migliori participated as signatory. Because this Court has already clearly decided that 28 U.S.C. § 1441 permits such a removal, this Court must deny Plaintiff's Motion to Remand.

Defendants request costs and attorneys' fees, because the behavior of Plaintiffs' counsel has led to vexatiously and unreasonably multiplying the proceedings. 28 U.S.C. § 1927 (2008); Fed. R. Civ. P. 11; *Cruz v. Savage*, 896 F.2d 626, 631-32 (1st Cir. 1990). Plaintiffs knew of the previous attempt to remand and must also have been on notice that this Court rejected this argument. The briefings are the same (including the case caption), Mr. Migliori is involved as

---

[3] If Plaintiffs' counsel were so dismayed by the result in *Jones* and *Tompkins*, a request for reconsideration rather than refiling the same brief in another case would have been the more appropriate course of action.

[4] Instead of following Plaintiffs and recycling their opposition briefing from the *Jones* and *Tompkins* cases, Defendants attach the previously filed brief from *Jones* with the relevant case law included. Since the time of that briefing, several other courts have denied motions to remand when removal was effected before the in-state Defendant had been served. *See, e.g.*, *Jaeger v. Schering Corp.*, No. 07-3465 (DMC), 2007 WL 3170125 (D.N.J. Oct. 25, 2007) ("[T]his Court must give effect to the literal interpretation [of 28 U.S.C. § 1441] in the absence of a contrary Congressional intent and reject Plaintiffs' attempt to ignore the plain language of the statute and circumvent Congress's express intention"); *Ripley v. Eon Labs, Inc.*, No. 07-912, 2007 WL 2406806, at *4 (D.N.J. Aug. 16, 2007); *Yocham v. Novartis Pharms. Corp.*, No. 07-1810JBS, 2007 WL 2318493, at *3 (D.N.J. Aug. 13, 2007); *Maldonado v. Hartmann*, No. 4:07CV853 CDP, 2007 WL 1862763, at *3 (E.D. Mo. June 28, 2007).

signatory in all of these cases[5], and, most tellingly, Plaintiffs took care to remove of all "bad faith" and related accusations that this Court found particularly offensive in the July hearing.[6] Moreover, Plaintiffs here ask for costs and fees despite being on notice that this Court had already rejected an identical demand in January. In fact, this Court strongly hinted that *Defendants* should be entitled to costs and fees stating "if anyone is entitled to request a counsel fee, I think it's the other side [Defendants] for wasting their time and my time." (Tr. 14:9-15 (rejecting Plaintiffs' request for costs and fees).)

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Remand should be denied.

Date: February 25, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

---

[5] Mr. Migliori is aware that he is held to a higher standard of professionalism due to his position as liaison counsel for the MDL. In July, the Court repeatedly referred to his responsibilities as a signatory to the motions and noted that he "is an integral part of this litigation." (Tr. 5:9-11; 8:21-23; 15:14-18; 16:1-11.) Mr. Migliori accepted those duties wholeheartedly at the hearing, at which he called himself "the gatekeeper of [MDL plaintiffs'] pleadings." Having attached his name to this recycled pleading, Mr. Migliori has come dangerously close to sanctions here.

[6] Plaintiffs did leave one reputation-damaging statement in this brief, by requesting that Defendants not be "allowed to procedurally skirt the removal limitations." (Pls.' Memo. at 4.) This is the type of language that this Court has found particularly egregious, given the propriety of removal under a clear reading of the removal statute. (Tr. 12:16-17.)

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2008, a true and correct copy of the foregoing was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' counsel and the MDL Plaintiffs' liaison counsel in the manner indicated below:

| | |
|---|---|
| Jeffrey M. Padwa<br>PADWA LAW<br>303 Jefferson Blvd.<br>Warwick, RI 02888<br><br>*(electronic notice)* | Donald Migliori<br>MOTLEY RICE, LLC<br>321 S. Main Street<br>PO Box 6067<br>Providence, RI 02940-6067<br>*(electronic notice)* |

/s/ Kirby T. Griffis