# STATE OF RHODE ISLAND
## SUPERIOR COURT
### CIVIL CASE COVER SHEET

CASE # 07-6960

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| | |
|---|---|
| Lois Patillo, et als. | Davol, Inc. and C.R. Bard, Inc. |
| PLAINTIFF ID# | DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) AA AGENCY APPEAL | ( ) EX EXCESSIVE TAX | ( ) PR PARTITION |
| ( ) AB ASSAULT & BATTERY | ( ) FF FORFEITURE | ( ) RC REINSTATE CHARTER |
| ( ) AE ASBESTOS CASES | ( ) FG FOREIGN JUDGMENT | ( ) PT PROMISSARY NOTE |
| ( ) AI ANTI-TRUST | ( ) FS FRIENDLY SUIT | ( ) RY REAL PROPERTY |
| ( ) BA BOOK ACCOUNT | ( ) ID PER INJURY/PROP DAM/VEH | ( ) SA SEXUAL ABUSE |
| ( ) BP BILL OF RIGHTS-POLICE OFF | ( ) IJ INJUNCTIVE RELIEF | ( ) SF SPECIFIC PERFORMANCE |
| ( ) CH CIVIL RIGHTS/JOB DISCRIM | ( ) IP INTERPLEADER | ( ) SX SEXUAL HARASSMENT |
| ( ) CI CRIMINAL INJURY COMP | ( ) LC LEAD CASE | ( ) TD CONTRACT DAMAGES |
| ( ) CL COMMON LAW ASSIGNMENT | ( ) LS LIBEL/SLANDER | ( ) TE TRESPASS & EJECTMENT |
| ( ) CM COMMON LAW LIEN | ( ) ME MALPRACTICE/LEGAL | ( ) TO TITLE CLEARING |
| ( ) CS CONVERSION | ( ) MM MALPRACTICE/MEDICAL | ( ) TV TRUSTEE/APPT CONVEY TITLE |
| ( ) CV CRIMINAL CONVERSION | ( ) MO MALPRACTICE/OTHER | ( ) TG TRUSTEE/ACCOUNTING |
| ( ) CH CIVIL RIGHTS/JOB DISCRIMIN | ( ) OV OTHER CIVIL ACTION | ( ) UM UNINSURED MOTORIST |
| ( ) DJ DECLARATORY JUDGMENT | ( ) PB PROPERTY DAMAGES | ( ) WM WRIT OF MANDAMUS |
| ( ) DG RECOVERY OF DAMAGES | ( ) PG PROPERTY DAMAGES/VEH | ( ) WR WRIT OF REPLEVIN |
| ( ) DB DEBT ON JUDGMENT | ( ) PI PERSONAL INJURY | ( ) WD WRONGFUL DEATH |
| ( ) DD DECEPTIVE TRADE PRACTICE | ( ) PJ PERSONAL INJURY/VEHICLE | |
| ( ) DN DENIAL OF PROBATE CLAIM | XX PL PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) AC ARBITRATION/CONFIRM | ( ) GJ GRAND JURY INVESTIGATION | ( ) PX PETITION TO EXPUNGE |
| ( ) AD ARBITRATION AWARD | ( ) HC HABEAS CORPUS | ( ) PY PETITION INVENT (WIRE TAP) |
| ( ) AS ASSESSMENT OF DAMAGES | ( ) LN LEVEL COMMUN NOTIFICATION | ( ) RB ARBITRATION REFERRAL |
| ( ) CE CONDEMNATION | ( ) ML MECHANICS LIEN | ( ) RP RULE 5A PETITION |
| ( ) CN CONFIRM COMPROMISE | ( ) MW MATERIAL WITNESS | ( ) RV RECEIVERSHIP |
| ( ) CP CONTEMPT | ( ) OM OTHER MISC PETITION | ( ) SO SEXUAL VIOLENT PREDATOR |
| ( ) DI DISCLAIMER | ( ) OW OUT OF STATE WITNESS | ( ) TA APPOINTMENT OF TRUSTEE |
| ( ) DS DISSOLUTION OF CORP | ( ) PC POST CONVICTION RELIEF | ( ) TC TITLE CLEARING (TAX TITLE) |
| ( ) DT DECLINATION OF TRUSTEE | ( ) PD PETITION TO TAKE DEPO | ( ) TL FORECLOSURE/TAX LIEN |
| ( ) EN END PARTNERSHIP | ( ) PM PETITION FOR IMMUNITY | ( ) TS TRUSTEE SUCCESSOR |
| ( ) FC FORFEITURE OF CHARTER | ( ) PO PETITION FOR CONSTABLE | ( ) VC VACATE ARBITRATION |
| ( ) FL FORECLOSURE RIGHTS REDEM | ( ) PS PERFORM SURGERY | |

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) GD GUARDIANSHIP | ( ) OA OTHER PROBATE APPEAL | ( ) WL WILL |
| ( ) NC NAME CHANGE | ( ) TU TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

FILED
HENRY S. KINCH JR., CLERK
2007 DEC 21 A 11:41

TRIAL XX YES ( ) NO IF YES: XX JURY ( ) NON-JURY

ATTORNEY NAME & REGISTRATION# Jeffrey M. Padwa #5130 DATE: 12/21/07
PRO SE/NAME:

(REV05-05)

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

**LOIS PATILLO, RHONDA BEAVER, LARRY CAMPBELL, JAMES CLARK, FLORENCE DIETTERICK, SONDRA DWORKIN, PHILLIP FISHER, RHODA FORRY, LINDA GARRETT, ANNA HANCHARIK, DAVID HASLAM, ELEANOR HENRY, REX HEPNER, ROBIN HOLTZMAN, ELIZABETH HOSAGE, MARY HUNTER, LAURA JUICE, ROGER JUMPER, SHERWOOD KEPNER, KEVIN KESTNER, THOMAS KLEINFELTER, ELIZABETH KRAUSE, ROBERT LEAMAN, THERESA MARTIN, TRACY MCGOWAN, WILLIAM MEYERS, ELMA MIGUEIS, LESTER PUTERBAUGH, HELEN RICHARDSON, JAIME RIVERA, JOSEPH ROHM, RONALD SCOTT, JESSICA STOVALL, BERNADINE TEMPLETON, and ARLENE WOODSON**
**Plaintiff's**

**v.**

**DAVOL, INC. and C.R. BARD, INC.**
**Defendants**

**Civil Action No.:** 07-6960

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2007 DEC 21 A 11:41

## COMPLAINT

### Parties

1. The Plaintiffs set forth herein, all of whom suffered similar Composix® Kugel Mesh Patch-related injuries, are further identified as follows:

a. Plaintiff, Ms. Lois Patillo is over the age of nineteen (19) years and is a resident of Butler County, Ohio.

b. Plaintiff, Ms. Rhonda Beaver is over the age of nineteen (19) years and is a resident of Dauphin County, Pennsylvania.

c. Plaintiff, Mr. Larry Campbell is over the age of nineteen (19) years and is a resident of Perry County, Pennsylvania.

d. Plaintiff, Mr. James Clark is over the age of nineteen (19) years and is a resident of Dauphin County, Pennsylvania.

e. Plaintiff, Ms. Florence Dietterick is over the age of nineteen (19) years and is a resident of Montour County, Pennsylvania.

f. Plaintiff, Ms. Sondra Dworkin is over the age of nineteen (19) years and is a resident of Nassau County, New York.

g. Plaintiff, Mr. Phillip Fisher is over the age of nineteen (19) years and is a resident of Lancaster County, Pennsylvania.

h. Plaintiff, Ms. Rhoda Forry is over the age of nineteen (19) years and is a resident of Lancaster County, Pennsylvania.

i. Plaintiff, Ms. Linda Garrett is over the age of nineteen (19) years and is a resident of Lancaster County, Pennsylvania.

j. Plaintiff, Ms. Anna Hancharik is over the age of nineteen (19) years and is a resident of Lancaster County, Pennsylvania.

k. Plaintiff, Mr. David Haslam is over the age of nineteen (19) years and is a resident of Schuylkill County, Pennsylvania.

l. Plaintiff, Ms. Eleanor Henry is over the age of nineteen (19) years and is a resident of Luzerne County, Pennsylvania.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

m. Plaintiff, Mr. Rex Hepner is over the age of nineteen (19) years and is a resident of Northumberland County, Pennsylvania.

n. Plaintiff, Ms. Robin Holtzman is over the age of nineteen (19) years and is a resident of Cumberland County, Pennsylvania.

o. Plaintiff, Ms. Elizabeth Hosage is over the age of nineteen (19) years and is a resident of Luzerne County, Pennsylvania.

p. Plaintiff, Ms. Mary Hunter is over the age of nineteen (19) years and is a resident of Dauphin County, Pennsylvania.

q. Plaintiff, Ms. Laura Juice is over the age of nineteen (19) years and is a resident of Lackawanna County, Pennsylvania.

r. Plaintiff, Mr. Roger Jumper is over the age of nineteen (19) years and is a resident of Cumberland County, Pennsylvania.

s. Plaintiff, Mr. Sherwood Kepner is over the age of nineteen (19) years and is a resident of Cumberland County, Pennsylvania.

t. Plaintiff, Mr. Kevin Kestner is over the age of nineteen (19) years and is a resident of Dauphin County, Pennsylvania.

u. Plaintiff, Mr. Thomas Kleinfelter is over the age of nineteen (19) years and is a resident of Dauphin County, Pennsylvania.

v. Plaintiff, Ms. Elizabeth Krause is over the age of nineteen (19) years and is a resident of Luzerne County, Pennsylvania.

w. Plaintiff, Mr. Robert Leaman is over the age of nineteen (19) years and is a resident of Lancaster County, Pennsylvania.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

x. Plaintiff, Ms. Theresa Martin is over the age of nineteen (19) years and is a resident of Stone County, Arkansas.

y. Plaintiff, Ms. Tracy McGowan is over the age of nineteen (19) years and is a resident of Dauphin County, Pennsylvania.

z. Plaintiff, Mr. William Meyers is over the age of nineteen (19) years and is a resident of Northumberland County, Pennsylvania.

aa. Plaintiff, Ms. Elma Migueis is over the age of nineteen (19) years and is a resident of Lancaster County, Pennsylvania.

bb. Plaintiff, Mr. Lester Puterbaugh is over the age of nineteen (19) years and is a resident of Wyoming County, Pennsylvania.

cc. Plaintiff, Ms. Helen Richardson is over the age of nineteen (19) years and is a resident of Luzerne County, Pennsylvania.

dd. Plaintiff, Mr. Jaime Rivera is over the age of nineteen (19) years and is a resident of Lancaster County, Pennsylvania.

ee. Plaintiff, Mr. Joseph Rohm is over the age of nineteen (19) years and is a resident of Cumberland County, Pennsylvania.

ff. Plaintiff, Mr. Ronald Scott is over the age of nineteen (19) years and is a resident of Monroe County, Pennsylvania.

gg. Plaintiff, Ms. Jessica Stovall is over the age of nineteen (19) years and is a resident of Walker County, Alabama.

hh. Plaintiff, Ms. Bernadine Templeton is over the age of nineteen (19) years and is a resident of Cumberland County, Pennsylvania.

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

ii. Plaintiff, Ms. Arlene Woodson is over the age of nineteen (19) years and is a resident of Jefferson County, Colorado.

2. Plaintiffs identified in paragraph 1 a-ii are hereinafter referred to as "Plaintiffs."

3. Defendant, DAVOL INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston Rhode Island. DAVOL has a registered-agent in Rhode-Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. DAVOL focuses its business on products in surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

4. Defendant, C. R. BARD INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD at all times relevant did substantial and continuous business in the State of Rhode Island. Defendants identified in Paragraphs 2 – 3 are hereinafter referred to as "Defendants."

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**Jurisdiction**

5. The Court has subject matter and personal jurisdiction over the issues and the parties to this cause of action. DAVOL is a resident of the State of Rhode Island who manufacturers the product in Rhode Island. DAVOL's principal place of business is the State of Rhode Island. Plaintiffs bring this complaint solely under state law and not under

federal law and specifically not under the United States Constitution, or any of its amendments. Plaintiffs believe and allege that causes of action exist under the hereinafter set out state law claims for the conduct complained of herein.

**Facts**

6. Defendants designed, manufactured and distributed the Kugel Patch, a hernia mesh patch that was inserted into Plaintiffs bodies.

7. Defendants, through its agents, servants and employees, participated in the manufacture and delivery of the Kugel Patch that was inserted into Plaintiffs.

8. Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Kugel Patch was authorized by the FDA as a Class II medical device.

9. The Kugel Patch hernia repair product implanted in Plaintiffs were designed, manufactured, sold and distributed by Defendants to be used by surgeons for hernia repair surgeries and was further represented by Defendants to be an appropriate, cost-effective and suitable product for such purpose.

10. An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to health.

11. On December 22, 2005, Defendants recalled many sizes of Kugel Patches under a Class I recall notice.

12. The Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents including but not limited to ring migration, intestinal fistulae, bowel perforation and even death have been reported.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

13. On March 31, 2006, the initial Class I recall on the Kugel Patch was expanded. On January 10, 2007, the initial class I recall on the Kugel Patch was further expanded.

14. Plaintiffs have suffered and will continue to suffer physical pain and mental anguish.

15. Plaintiffs have incurred substantial medical bills and Plaintiffs have lost wages.

16. Defendants withdrew a large number of Kugel Patches as a result of the high complication and failure rate of the product.

17. Upon information and belief, Defendants failed to comply with the FDA application and reporting requirements.

18. Upon information and belief, Defendants were aware of the high degree of complication and failure rate associated with their Kugel Patch before it was recalled.

19. Upon information and belief, Defendants were aware of the defect in manufacture prior to the recall of their Kugel Patch.

**COUNT I**
**Negligence**

20. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1-19 as though fully set forth herein.

21. Defendants were negligent to Plaintiffs in the following respects:

22. Defendants at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

:rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

23. Defendants at all times mentioned, knew, or in the exercise of reasonable care, should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Kugel Patch's users.

24. Defendants so negligently and carelessly manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the Kugel Patch, that they were dangerous and unsafe for the use and purpose for which it was intended.

25. Defendants were aware of the probable consequences of the Kugel Patch. Defendants knew or should have known the Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Kugel Patch. Defendants willfully and deliberately failed to avoid those consequences, and in doing so, Defendants acted in conscious disregard of the safety of the Plaintiffs. Defendants' actions or omissions were done with willfulness or recklessness, and were done with malice or in bad faith.

26. Defendants negligently breach their duty to Plaintiffs to adequately warn them and their treating physicians of the risks including but not limited to breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause the Plaintiffs.

27. Defendants negligently breached their duty to Plaintiffs by failing to comply with state and federal regulations concerning the study, testing, development,

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

28. As a direct and proximate result of the duties breached, the Kugel Patch used in Plaintiffs' hernia repair surgery failed, resulting in Plaintiffs' suffering pain and harm.

29. As a direct and proximate result of Defendants negligence, Plaintiffs have suffered injuries and damages.

30. Defendants conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to, or a conscious disregard for, the safety of others.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

**COUNT II**
**<u>Violation of the R.I. Deceptive Trade Practices Act</u>**

31. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1-30 as though fully set forth herein.

32. Defendants engaged in unfair and deceptive trading practices with Plaintiffs in the following respects:

33. Defendants are merchants who study, test, design, develop, manufacture, inspect, produce, market, promote, advertise, distribute and/or sell the Kugel Patch for hernia repair surgery.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

34. Defendants knowingly committed unfair and deceptive practices in their study, test, development, manufacture, inspection, production, marketing, promotion, advertising, distribution and/or sale of the Kugel Patch for hernia repair surgery.

35. Defendants knowingly committed unfair and deceptive practices when they failed to safely construct an effective Kugel Patch for hernia repair surgery.

36. While Defendants knew or reasonably should have known that some Kugel Patches were at risk while they were engaged in the studying, testing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and or selling of the Kugel Patch for hernia repair surgery; including, but not limited to the "memory recoil ring," upon being subjected to stress after placement in the intra-abdominal space, posed a significant risk including, but not limited to breakage, separation, migration, tearing and splitting that posed the danger of severe harm and death to patients.

37. Defendants did not inform the FDA prior to December 2005 of its knowledge concerning the dangers posed to patients of its Kugel Patches which were susceptible to failure and subject to the Class 1 recall.

38. Defendants did not inform the public at large prior to December 2005 of its knowledge concerning the dangers posed to patients of its Kugel Patches which were susceptible to failure and subject to the Class I recall.

39. Defendants failed to give adequate warnings regarding the use and potential problems with such patches used for hernia repair.

40. Defendants' actions occurred while they were engaged in trade and commerce, and all of the conduct occurred during the course of their business.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

41. Defendants' conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to, or a conscious disregard for, the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Defendants and others from similar conduct in the future.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

**COUNT III**
**Strict Product Liability**

42. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1-41 as though fully set forth herein.

43. Defendants are strictly liable to Plaintiffs in the following respects:

44. Defendants designed, manufactured, assembled, distributed, conveyed and or sold the Kugel Patch for hernia repair surgery.

45. The Kugel Patches subject to the Class I recall were defective because they failed to perform safe and effectively for the purpose they were originally designed. Plaintiffs' Kugel Patches were Class I recalled devices that failed while implanted causing Plaintiffs to develop serious physical complications.

46. At all times mentioned the Kugel Patch was substantially in the same condition as when it left the possession of Defendants.

47. The Kugel Patch implanted into Plaintiffs was being used in a manner reasonably anticipated at the time it was implanted.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

48. The Kugel Patches, like the ones found in Plaintiffs, at the time they left the possession of Defendants were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to Plaintiffs as follows:

i. The Kugel Patch was sold in a defective condition by reason of a manufacturing defect;

ii. The Kugel Patch as manufactured were unsafe to Plaintiffs;

iii. The Kugel Patch as manufactured was unreasonably dangerous to Plaintiffs;

iv. The Kugel Patch did not perform safely as an ordinary consumer/patient, like Plaintiffs, would expect;

v. The Kugel Patch as manufactured was unsafe for its intended use;

vi. Defendants failed to warn the end user about the dangers and risks of the product;

vii. Defendants knew the component parts of the Kugel Patch as implemented through manufacture could cause injury to the end user;

viii. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

ix. Failing to avoid migration of the Kugel Patch and/or its components from the initial site of the hernia repair surgery;

True Copy Attest
Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

x. Any other acts or failures to act by Defendants regarding the studying, testing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Kugel Patches for hernia repair surgery as will be learned during discovery.

49. Defendants' conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended showed complete indifference to, or a conscious disregard for, the safety of others.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT IV
## Negligent Infliction of Emotional Distress

50. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1-49 as though fully set forth herein.

51. Defendants are liable to Plaintiffs for the negligent infliction of emotional distress in the following respect:

52. Plaintiffs suffered severe emotional distress, which was a result of Defendant's negligent conduct in studying, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Kugel Patch for hernia repair surgery.

rue Copy Attest:
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

53. Plaintiffs suffered severe emotional distress, which was a result of Defendants' negligent conduct in failing to adequately and safely construct an effective and safe Kugel Patch for hernia repair surgery.

54. Therefore, Defendants are liable to Plaintiffs.

55. Defendants conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended showed complete indifference to, or a conscious disregard for, the safety of others.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

**COUNT V**
**Intentional Infliction of Emotional Distress**

56. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1-55 as though fully set forth herein.

57. Defendants are liable to Plaintiffs for the intentional infliction of emotional distress in the following respects:

58. Plaintiffs suffered severe emotional distress, which was a result of Defendants extreme, outrageous, intentional, willful, and reckless conduct in studying, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Kugel Patch for hernia repair surgery.

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

59. Plaintiffs suffered severe emotional distress, which was a result of Defendants extreme, outrageous, intentional, willful, and reckless conduct in failing to adequately and safely construct an effective and safe Kugel Patch for hernia repair surgery, in complete and reckless disregard of safety to Plaintiffs.

60. Therefore, Defendants are liable to Plaintiffs.

61. Defendants conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Defendants and others from similar conduct in the future.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

**COUNT VI**
**Breach of Implied Warranty**

62. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1-61 as though fully set forth herein.

63. Defendants are liable to Plaintiffs for their breach of implied warranty in the following respect:

rue Co
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

64. Defendants sold the Kugel Patch which was implanted in Plaintiffs. Defendants impliedly warranted to Plaintiffs, Plaintiffs' physicians and health care providers, that the Kugel Patch was of merchantable quality and safe for the use for which they were intended.

65. Defendants knew or should have known that the Kugel Patch, at the time of sale, was intended to be used for the purpose of surgical implantation into the body for hernia repair.

66. Plaintiffs, Plaintiffs' physicians and health care providers reasonably relied on Defendants judgment, indications and statements that the Kugel Patch was fit for such use.

67. When the Kugel Patches was distributed into the stream of commerce and sold by Defendants, they were unsafe for their intended use, and not of merchantable quality, as warranted by Defendants, in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

68. Plaintiffs suffered such injuries and damages as a result of Defendants conduct and actions.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**COUNT VII**
**Failure to Warn**

69. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 - 68 as though fully set forth herein.

70. In the course of business, Defendants designed, manufactured and sold the Kugel Patch to Plaintiffs hospitals for hernia repair surgeries.

71. At the time of the manufacture and sale of the Kugel Patch, and more specifically, at the time Plaintiffs received the Kugel Patch, the Kugel Patches were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further, the Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Kugel Patch.

72. Defendants failed to provide any warnings, labels or instructions of dangerous propensities of the patch that were known, or reasonably scientifically knowable, at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. Defendants failed to warn of the known or knowable injuries associated with malfunction of the Kugel Patch, including, but not limited to, rupture of the Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

73. The dangerous and defective conditions in the Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time Plaintiffs had hernia repair surgery, the Kugel Patch was in the same condition as when manufactured, distributed and sold.

74. Plaintiffs did not know at the time of use of the Kugel Patch, nor at any time prior thereto, of the existence of the defects in the Patches.

75. Plaintiffs suffered the aforementioned injuries and damages as a direct result of Defendants failure to warn.

76. The conduct of Defendants in continuing to market, promote, sell and distribute the Kugel Patch after obtaining knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount sufficient to establish the jurisdiction of the Superior Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

**COUNT VIII**

77. Plaintiffs re-allege and incorporate by reference herein each and every allegation contained in paragraphs 1 through 76 as though set forth fully herein.

78. Defendants' actions or omissions were done with willfulness or recklessness, and were done with malice or in bad faith.

79. Defendants' conduct requires deterrence and/or punishment over and above that provided by an award of compensatory damages and said conduct ought to be punished for the good of society and to deter any such future conduct.

rue Copy
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

WHEREFORE, Plaintiffs prays for punitive damages against Defendants in an amount as a jury deems proper, plus interest and costs and whatever further relief this Honorable Court deems appropriate.

Plaintiffs,
By their Attorney,

Jeffrey M. Padwa, Esquire (#5130)
PADWA LAW
303 Jefferson Blvd.
Warwick, RI 02888
(401) 921-4800
(401) 921-4805 Fax

DATED: 12\21\07

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island