**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LYNN JONES,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER** |
| | ) | |
| **DAVOL, INC. and C.R. BARD, INC. ,** | ) | **1:07-CV-00190-ML-DLM** |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION TO REMAND**

This matter is before the Court on Plaintiff's Emergency Motion to Remand. The Plaintiff has moved to remand this case to the Rhode Island Superior Court and to strike Defendants' Notice of Removal, and as such offers the following:

## I. The Removal Statute Must be Strictly Construed

In order to remove a state action to Federal Court, the removing party has the burden to demonstrate not only the jurisdictional basis for removal, but also necessary compliance with the statutory removal requirements. See Sirois v. Business Express, Inc., 906 F. Supp. 722, 725 (D.N.H. 1995). Additionally, because Federal Courts are Courts of limited jurisdiction and removal implicates significant concerns of judicial comity and federalism, the removal statute must be strictly construed and this Court is obliged to construe 28 U.S.C. § 1446 strictly, resolving any ambiguity against removal. See e.g., Shamrock Oil 7 Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 85 L. Ed. 1214, 61 S. Ct 868 (1941); See also U.S. Express Lines, Ltd. V. Higgins, 281 F3d 383, 396-97 (3d Cir 2002) ("the removal statute should be strictly construed against removal and . . . if there is any doubt as to the propriety of a removal, a case should not be

removed to Federal Court."); Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004) (same).

The carefully crafted directives of the removal statute are interpreted strictly in order to balance a Plaintiff's right to select its forum against the need to promote unanimity among defendants. See Getty Oil Corp v. Ins. Co. of North America, 841 F2d 1254, 1263 (5th Cir 1988). Defendants' current bad faith removal is an egregious slap in the face to the principles upon which the federal removal statutes are based and this Court should deny Defendants' Motion and grant Plaintiff's Motion for Remand.

## II. This Court Should Find It Has No Original Jurisdiction

This Court only has federal removal jurisdiction of cases that could originally have been brought under its federal subject matter jurisdiction. See 28 U.S.C. § 1441(a). There are only two types of cases that fall within this Court's subject matter jurisdiction: (1) cases where a federal question is presented and (2) cases where there is federal diversity jurisdiction. See 28 U.S.C. ' ' 1331, 1332. There is no federal question jurisdiction in this case because Plaintiff brought no federal cause of action in her Complaint. Therefore, this case should be remanded unless this Court has federal diversity jurisdiction and chooses to exercise it.

## III. Although This Court May Have Diversity Jurisdiction Over This Suit, Removal Should be Denied by Application of Forum Defendant Rule

Plaintiff's Motion for Remand should be granted because although this Court may have diversity jurisdiction over the lawsuit, pursuant to 28 U.S.C. § 1332, removal is barred by application of the Forum Defendant Rule, set out in 28 U.S.C. § 1441(b). 28 USC §1441 (b) states:

(b) Any civil action of which the district courts have original jurisdiction founded

> on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. **Any other such action shall be removable only if none of the parties in interest properly joined and served as Defendant is a citizen of the State in which such action is brought.** (emphasis added)

Since the issue of whether diversity jurisdiction exists is separate from the issue of whether the State Court action was properly removed to this Court, this Court should apply the forum defendant rule and bar Defendants' Motion for Removal because Defendant Davol has its principle place of business in Rhode Island and Plaintiff properly filed her Complaint in Rhode Island Superior Court. See Piper Jaffray & Co. v. Severini, 443 F Supp 2d 1016 (2006 WD Wis). Therefore, this case should be Remanded regardless of the Defendants' bad faith effort to procedurally skirt the removal limitations placed under 28 U.S.C. § 1441(b).

## IV. Defendants' Motion for Removal is Based on a Hyper-technicality and Remand Should be Granted Since Davol Received Constructive Service of Plaintiff's Lawsuit Prior to Defendants Filing Their Motion for Removal

Both Bard and Davol are represented by the firms of Morris and Mahoney LLP and Spriggs & Hollingsworth ("Defendants' Counsel"). Defendants' Counsel concedes, in their Amended Motion for Removal, that Bard was served on May 22, 2007 and then filed the **Joint** Motion for Removal the following day. The only recognizable basis for Defendants' removal is their inferred claim that Davol never received service or notice and chose to remove the action as such. While Defendants' Counsel may wish to swindle the Court through this inference, the truth is that the two Defendants are so tightly entwined that in at least five separate states where Plaintiff's counsel has sued these same two Defendants on similar allegations as in the present lawsuit, the only way to make service on Davol is by using Bard's Registered Agent. (See the states of Nebraska, North Carolina, Ohio, Kentucky and Texas). As such, (1) Bard's service of the State Court action, (2) Defendants' Counsels' notice of the Plaintiff's lawsuit, and (3) Plaintiff's counsels' filing and service of seven other extremely similar complaints filed in and

remaining in Rhode Island Superior Court, each and all more than establish constructive service of Davol in the present situation. This is particularly true in light of Defendants' Counsel choosing to sit in ambush and jump at the opportunity to file their **Joint** Motion for Removal on May 23, 2007; only one day after Bard was served.

Allowing Counsel for both Defendants to now remove Plaintiff's properly filed State Court action under the auspice that they are doing so in compliance with both the letter and intent of 28 U.S.C. § 1332 and 28 U.S.C. § 1441 would be tantamount to rewarding them for subverting the fundamental tenants of the Federal Removal Statute, §1446, and the Forum Defendant Rule of § 1441(b). As such, Plaintiff now respectfully requests this Court to recognize the hyper-technical and bad faith grounds for Defendants' attempted removal and Grant Plaintiff's Motion for Remand.

## V. This Court Should Award Plaintiff Attorneys Fees and Costs for Defendants' Improvident Removal.

A party who succeeds in obtaining a remand on the basis that removal is improper is presumptively entitled to recover its fees. 28 U.S.C. § 1447 (c) is not a sanctions rule, rather, it is a fee-shifting statute which gives a district court the authority to make the victorious party whole. See Martin v. Franklin Capital Corp., 126 S, Ct 704 (U.S. 2005). Accordingly, bad faith is not a prerequisite for an award of attorneys' fees under § 1447(c). "The process of removing a case to Federal Court and then having it remanded back to State Court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Id. When such a process is necessary because a party has removed without an objectively reasonable basis for federal jurisdiction, § 1447(c) directs "payment of just costs and any actual expenses, incurred as a result of the removal." Id.

Because Defendants' removal was improvident and based upon a bad faith hyper-technicality employed simply to skirt its responsibilities in the Supreme Court of Rhode Island

and waste the resources of this Court and Plaintiff, Plaintiff respectfully asks the Court for costs and attorneys' fees in preparation of this motion to remand. An itemized accounting of fees and costs will be forthcoming after the Court rules on the Motion for Remand.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully request this Honorable Court to REMAND this action back to the State Court and AWARD her COSTS and FEES, including attorneys= fees, incurred preparing and litigating this issue.

Case 1:07-cv-00190-ML-DLM Document 8 Filed 06/05/2007 Page 6 of 7

Respectfully submitted,

/S/ Donald A. Migliori

Donald A. Migliori (#4936)
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067
401-457-7700
401-457-7708 FAX

Jon C. Conlin
Craig P. Niedenthal
Ernest Cory
Stephen R. Hunt, Jr.
CORY WATSON CROWDER & DEGARIS
2131 Magnolia Avenue
Birmingham, Alabama 35209
205-328-2200
205-326-7896

Fred Thompson, III
Rhett D. Klok
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
843-216-9000
843-216- 9450 FAX

Teresa C. Toriseva
Nancy Wilkins
WEXLER TORISEVA WALLACE LLP
1446 National Road
Wheeling, WV
304-238-0066
304-238-0149 FAX

Edward Wallace
Mark Miller
WEXLER TORISEVA WALLACE LLP
One North LaSalle Street, Suite 2000
Chicago, Illinois 60602
312-346-2222
312-346-0022 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2007, a true and correct copy of Plaintiff's Emergency Motion to Remand was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF System. Service of same has been made upon the following in the manner listed below:

Mark T. Nugent
Thomas M. Robinson
Morrison Mahoney, LLP
121 South Main St., Ste. 600
Providence, RI 02903
Via first class postage prepaid, mail

/S/ Donald A. Migliori