UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRENDA GAYVONT, on behalf of herself and others similarly situated,
Plaintiff,

MDL 07-1842ML

v.

C.A. 07-1966ML

DAVOL, INC. and C.R. BARD, INC.,
Defendants,

MEMORANDUM AND ORDER

Defendants Davol, Inc. ("Davol") and C.R. Bard, Inc. ("Bard") removed this action to federal court pursuant to 28 U.S.C. § 1332(d). In accordance with Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action was transferred to this Court under 28 U.S.C. § 1407 for consolidation of pretrial proceedings with the In re Kugel Mesh Hernia Patch Products Liability Litigation, No. 07-1842 (D.R.I. filed June 28, 2007). Plaintiff has filed a motion to remand to West Virginia state court. For the reasons set forth below, Plaintiff's motion to remand is DENIED.

I. Background

Plaintiff brought a complaint alleging negligence and breach of the implied warranty of merchantability and requesting medical monitoring on behalf of a class of West Virginia residents in whom Composix Kugel Mesh Patches have been implanted. Defendants removed the action to federal court pursuant to the Class Action Fairness Act ("CAFA"). Plaintiff only contests whether CAFA's amount in controversy requirement has been met.

## II. Analysis

A district court must have subject matter jurisdiction in order for the removed case to remain in federal court. See 28 U.S.C. § 1447(c). To satisfy subject matter jurisdiction under CAFA, the aggregate amount in controversy must be at least $5,000,000. 28 U.S.C. § 1332(d)(2). As in other forms of original jurisdiction, federal courts have applied the general rule that the burden of demonstrating the existence of federal jurisdiction rests on the removing party. See, e.g., Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 686 (9th Cir. 2006) (per curiam); Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006); Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447-48 (7th Cir. 2005). In cases involving diversity jurisdiction, however, courts have varied on what standard the defendant must meet in proving that the plaintiff's allegations satisfy the jurisdictional amount. 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3725 (3d ed. 2007). Some courts have held that the defendant must prove to a "legal certainty" that the amount in controversy has been met. See, e.g., Universal Ins. Co., Inc. v. Warrantech Corp., 392 F.Supp.2d 205, 208, 209 (D.P.R. 2005); Saberton v. Sears Roebuck and Co., 392 F.Supp.2d 1358, 1359 (M.D. Fla. 2005). A majority of the courts that have considered the question have held that a preponderance of the evidence or an even more lenient standard applies. See, e.g., Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997) (preponderance of the evidence); De Aguilar v. Boeing Co., 47 F.3d 1404, 1411 (5th Cir. 1995) (preponderance of the evidence); Gafford v. General Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993) (preponderance of the evidence); Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 815 (7th Cir. 2006) (reasonable probability).

The majority take this approach because of the danger that plaintiffs might "seek to manipulate their state pleadings to avoid federal court while retaining the possibility of recovering greater damages in state court following remand." See De Aguilar, 47 F.3d at 1411. Several circuits have also applied the more lenient standard to the amount in controversy under CAFA. See, e.g., Abrego Abrego, 443 F.3d at 689 ("more likely than not"); Miedema, 450 F.3d at 1330 (preponderance of the evidence); Brill, 427 F.3d at 449 (reasonable probability).

The First Circuit has yet to rule on the standard to be employed in such cases. This Court agrees with those courts that have applied the less stringent preponderance standard since the thrust of CAFA is to widen the scope of federal jurisdiction for class actions. See S. Rep. No. 109-14, at 4-5 (2005). For the purpose of resolving the issue at hand, this Court need not decide between the preponderance of the evidence standard and even more lenient standards because Defendants easily meet the preponderance standard.

"[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal . . . ." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938). Thus, Defendants properly rely on the allegations in Plaintiff's complaint to calculate the amount in controversy. See Ching v. Mitre Corp., 921 F.2d 11, 13 (1st Cir. 1990); Evans v. Yum Brands, Inc., 326 F.Supp.2d 214, 223 (D.N.H. 2004). Here, Plaintiff alleges on "information and belief" that approximately 600 residents of West Virginia were implanted with Defendants' hernia patches. (Complaint ¶ 6.) Later, Plaintiff alleges "at least several hundred." (Id. ¶ 33.) Plaintiff has also requested as a remedy a medical monitoring program which would include CT scans, medical testing, screening, research and education, and a medical / legal registry. (Id. ¶¶ 60, 2.)

Defendants calculated that the cost in West Virginia of a yearly CT scan for one person for a remaining life span of 20 years would cost $29,621.40. Plaintiff does not contest Defendants' estimated cost of CT scans. Thus, the cost of CT scans alone, disregarding Plaintiff's requests for other services such as research and a registry, would meet the $5,000,000 amount in controversy requirement if only 169 West Virginians are found to need medical monitoring. Plaintiff's allegation that the class of plaintiffs exceeds "several hundred" certainly satisfies the jurisdictional amount.

## III. Conclusion

This Court finds that Plaintiff's complaint meets the amount in controversy requirement by a preponderance of the evidence. Accordingly, Plaintiff's motion to remand the case to West Virginia state court is hereby denied.

SO ORDERED

Mary M. Lisi
United States District Judge
February 26 2008