**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

IN RE: KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION
MULTIDISTRICT LITIGATION (MDL 1842)

| | |
|---|---|
| | ~~MDL DOCKET NO.~~ 07-1842-ML |
| Altine, et al. v. Davol, Inc, et al. | C.A. No. 08-37-ML |
| Thomas, et al. v. Davol, Inc., et al. | ~~C.A. No. 08-38-ML~~ |

**ALTINE AND THOMAS PLAINTIFFS' MOTION TO REMAND DUE TO IMPROPER REMOVAL FROM STATE COURT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs, Mary Altine and Paul Altine in C.A. No. 08-37-ML and Leah Thomas in C.A. 08-38-ML, file their motion to remand these two case to Rhode Island Superior Court from which Defendants improperly removed them. Plaintiffs' counsel have joined these two motions pursuant to Practice and Procedure Order No. 1 ¶ 9.

1. On January 18, 2008, Plaintiffs filed their original complaints against Defendants Davol and Bard. *See* Notices of Removal ¶ 1 and Complaint attached thereto.

2. The Complaints averred that Davol's principal place of business was in Rhode Island. Complaint ¶ 1.2.

3. Just seven days later on January 25, 2008, before either Defendant was served with suit, both Davol and Bard filed Notices of Removal. Notices of Removal ¶¶ 2, 3. The Notices conceded Davol's principal place of business in Rhode Island. Notices of Removal ¶ 10. The Civil Cover Sheets specifically indicate that Davol has Rhode Island citizenship.

4. Plaintiffs seek remand to Rhode Island state court on the basis that removal is improper under 28 U.S.C. § 1441(b) where, as here, one of the removing

defendants is a Rhode Island citizen and, also, no defendant had been served prior to removal.

5. For these reasons, Plaintiffs request that the Court grant this motion, remand these case back to the Superior Court of Rhode Island, and grant Plaintiffs all other proper relief.

Submitted by:

David Morowitz, Esq. #3892
**THE LAW OFFICE OF DAVID MOROWITZ, LTD.**
155 South Main St.
Providence, RI 02903
(401) 274-5556 [telephone]
(401) 273-8543 [facsimile]

Mikal C. Watts
TX SBN: 20981820
Anthony E. Pletcher
TX SBN: 16069800
Robert J. Patterson
TX SBN: 15604500
Austin W. Anderson
TX SBN: 24045189
**WATTS LAW FIRM LLP**
555 North Carancahua
Tower II, 14th Floor
Corpus Christi, Texas 78478
(361) 887-0500 [telephone]
(361) 887-0055 [facsimile]

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25 2008, a copy of the foregoing Plaintiff's Motion to Remand has been made upon the following in the manner listed below:

**By hand delivery and e-mail to:**

Mark T. Nugent, #2637
Thomas Robinson #6193
**MORRISON MAHONEY, LLP**
121 South Main Street, Suite 600
Providence, RI 02903
(401) 331-4660 [telephone]
(401) 351-4420 [facsimile]

**By e-mail delivery only to:**

Kirby T. Griffis
Dana Alan Gausepohl
Michael L. Junk
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, NW, 9th Floor
Washington, DC 20005
(202) 898-5800 [telephone]
(202) 862-1639 [facsimile]

**ATTORNEYS FOR DEFENDANTS DAVOL INC. AND C.R. BARD, INC.,**

**David Morowitz, Esquire**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

IN RE: KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION
MULTIDISTRICT LITIGATION (MDL 1842)

| | |
|---|---|
| | MDL DOCKET NO. 07-1842-ML |
| Altine, et al. v. Davol, Inc, et al. | C.A. No. 08-37-ML |
| Thomas, et al. v. Davol, Inc., et al. | C.A. No. 08-38-ML |

**ALTINE AND THOMAS PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs, Mary Altine and Paul Altine in C.A. No. 08-37-ML and Leah Thomas in C.A. 08-38-ML, file their memorandum of law in support of Plaintiffs' Motion to Remand Due to Improper Removal from State Court.

1. On January 25, 2008, Davol and Bard filed their Notices of Removal. Under 27 U.S.C. § 1447(c), Plaintiffs have 30 days to move for remand. The 30th day after January 25, 2008, fell on Sunday, February 24. Under Federal Rule of Civil Procedure 6(a), that day is not included in the 30-day period, and Plaintiffs' motion to remand is timely filed today, Monday, February 25.

2. Removal statutes are strictly construed, and defendants have the burden of showing the federal court's jurisdiction. *E.g., Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999), *cited with approval in Pascale Serv. Corp. v. International Truck and Engine Corp.*, — F. Supp. 3d —, 2007 WL 2905622 (D.R.I. October 1, 2007). In light of this burden and the important federalism concerns at play in considering removal jurisdiction, any doubt as to the propriety of removal must be resolved in favor of remand. *E.g., Rosello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 11 (1st Cir. 2004).

3. Under 28 U.S.C. § 1441(b), unless founded upon federal question jurisdiction, no case is removable to federal court where any properly joined and served

defendant is a resident of the forum state. This includes Defendant Davol, who is a citizen of Rhode Island by admission and, also, by statute. Under 28 U.S.C. § 1332(a)(c)(1), a corporation is a citizen of the state where it has its principal place of business.

4. One recent district court opinion held that the "forum defendant rule" bars removal regardless whether the resident defendant has been served:

> On the other hand, where-as in this case-the forum defendant is the removing party, and clearly a legitimate defendant, there is no reason to ignore the forum defendant rule and permit removal, regardless of whether or not the removing defendant has been served. Because the party seeking removal hails from the forum state, there is no fear of local bias. Removal under such circumstances does not comport with the policy underlying the statutes providing for removal based upon diversity jurisdiction and frustrates the policy underlying the forum defendant rule.
>
> * * *
>
> The result of blindly applying the plain "properly joined and served" language of § 1441(b) is to eviscerate the purpose of the forum defendant rule. It creates a procedural anomaly whereby defendants can always avoid the imposition of the forum defendant rule so long as they monitor the state docket and remove the action to federal court before they are served by the plaintiff. In other words, a literal interpretation of the provision creates an opportunity for gamesmanship by defendants, which could not have been the intent of the legislature in drafting the "properly joined and served" language. In short, this Court holds that the "properly joined and served" language of § 1441(b) does not encompass the situation in which the removing party is a forum defendant, and that in such situations removal to federal court is improper.

*DeAngelo-Shuayto v. Organon USA, Inc.*, — F. Supp. 3d —, 2007 WL 4365311, Slip op. at 4-5 (D.N.J. December 12, 2007) (citations omitted). Another court has reached the same result:

> Under 28 U.S.C. § 1441(b), the presence of "properly joined and served" defendants that are citizens of the forum state defeats the right of removal on the basis of diversity of citizenship. To be sure, there is a line of cases which holds that if the in-state defendants had not been served at the time of removal, an out-of-state defendant may remove where, as here, there is complete diversity. Nevertheless, I am persuaded to adhere to the rule followed by the majority of courts that have rejected this interpretation of § 1441(b).

> Section 1441(b) provides that an action based on diversity "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Prior to the enactment of section 1441(b), the Supreme Court in *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939), stated that where a non-separable controversy involves a resident defendant, the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. In *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160- 61 (8th Cir.1981), the court held that the enactment of § 1441(b) did not qualify the requirement of complete diversity; rather, it "further limited jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought." *Pecherski*, 636 F.2d at 1160, 1161 n. 6 (noting that because simultaneous service upon multiple defendants is unlikely to occur, removal could be proper one day when service of certain defendants was completed, but improper the next day when all defendants have been served); *see Sharp v. Elkins*, 616 F. Supp. 1561 (W.D. La. 1985) (congressional intent behind section 1441(b) is to restrict federal removal jurisdiction, not expand upon it); *South Panola Consol. School Dist. v. O'Bryan*, 434 F. Supp. 750, 754 (N.D. Miss. 1977) (same); *Workman v. National Supaflu Systems, Inc.*, 676 F. Supp. 690, 692 (D.S.C.1987); *cf. Hunter Douglas Inc. v. Sheet Metal Workers Intern. Ass'n. Local 159*, 714 F.2d 342, 345 (4th Cir.1983) (diversity jurisdiction is determined by the face of the complaint, not by which defendants have been served). Accordingly, the fact that defendant Aventis Pasteur, Inc., cleverly managed to learn of the filing of the first four cases and quickly obtained copies of the complaints before plaintiffs could serve their amended complaints does not require denial of the motions for remand.

*Oxendine v. Merck and Co., Inc.*, 236 F. Supp. 2d 517, 524-25 (D. Md. 2002) (citations omitted). Thus, resident defendant Davol improperly removed these two cases to federal court.

5. The *DeAngelo-Shuayto* court also noted the rule that even non-resident defendants cannot remove before service on any defendant. Where no defendant has been served, the policy of the joined and served requirement is not implicated. In that situation, present here, the non-forum defendant stands on equal footing as the forum defendant in that neither defendant is obligated to appear in court. Stated another way, an out-of-state defendant should not fear local bias before it is served, and therefore,

has no basis for removal before it has been served. *DeAngelo-Shuayto*, Slip op. at 5 (citing *Holmstrom v. Harad*, No. 05 C 2714, 2005 WL 1950672, (N.D. Ill. Aug. 11, 2005)); *see also Recognition Communications, Inc. v. American Auto. Ass'n*, No. Civ. A. 3:97-CV-0945-P, 1998 WL 119528, Slip op. at 3 n.3 (N.D. Tex. March 5, 1998) (holding citizenship of an unserved forum defendant cannot be disregarded for removal purposes under § 1441(b) where no defendant has been served prior to removal).

6. In conclusion, Defendants' removal of these cases just seven days after Plaintiffs' filed suit and before service of on Defendants was improper because resident-Defendant Davol jointly filed the notices of removal. Had non-resident Defendant Bard attempted to remove these cases by itself, such removals would also have been improper, as no Defendant had been served.

7. For these reasons, Plaintiffs request that the Court grant their motion to remand these cases back to the Superior Court of Rhode Island and grant Plaintiffs all other proper relief.

Submitted by:

David Morowitz, Esq. #3890
**THE LAW OFFICE OF DAVID MOROWITZ, LTD.**
155 South Main St.
Providence, RI 02903
(401) 274-5556 [telephone]
(401) 273-8543 [facsimile]

Mikal C. Watts
TX SBN: 20981820
Anthony E. Pletcher
TX SBN: 16069800
Robert J. Patterson
TX SBN: 15604500
Austin W. Anderson
TX SBN: 24045189
**WATTS LAW FIRM LLP**
555 North Carancahua
Tower II, 14th Floor
Corpus Christi, Texas 78478
(361) 887-0500 [telephone]
(361) 887-0055 [facsimile]

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2008, a copy of the foregoing Memorandum in Support of Plaintiff's Motion to Remand has been made upon the following in the manner listed below:

**By hand delivery and e-mail to:**

Mark T. Nugent, #2637
Thomas Robinson #6193
**MORRISON MAHONEY, LLP**
121 South Main Street, Suite 600
Providence, RI 02903
(401) 331-4660 [telephone]
(401) 351-4420 [facsimile]

**By e-mail delivery only to:**

Kirby T. Griffis
Dana Alan Gausepohl
Michael L. Junk
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, NW, 9th Floor
Washington, DC 20005
(202) 898-5800 [telephone]
(202) 862-1639 [facsimile]

**ATTORNEYS FOR DEFENDANTS**
**DAVOL INC. AND C.R. BARD, INC.,**

**David Morowitz, Esquire**