**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § | |
| | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO** | § | |
| **MARY ALTINE, *et al.*, No. 08-00037** | § | **JUDGE LISI** |
| **LEAH THOMAS, No. 08-00038** | § | |
| | § | |

**<u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' MOTION TO REMAND</u>**

Seven months ago, this Court decided the precise issue of law presented by the instant motion by ruling that removal was proper when Davol was sued by an out-of-state plaintiff and removed to federal court before it is served, pursuant to 28 U.S.C. § 1441(a) (2008). Plaintiffs offer no new argument in their brief to raise doubts as to this Court's decision and diversity jurisdiction. Because circumstances have not changed, this Court should follow its previous decision to deny Plaintiffs' Motion to Remand.

## BACKGROUND

On January 18, 2008, Plaintiffs filed their respective complaints with the Superior Court of the State of Rhode Island, captioned *Mary Altine*, *et al. v. Davol Inc. & C.R. Bard, Inc.*, C.A. No. 08-0363, and *Leah Thomas v. Davol Inc. & C.R. Bard, Inc*., C.A. No. 08-0364. (Exs. 1 & 2.) Altine and her husband are from Illinois; Thomas is a resident of Washington state. (*Altine* Compl. ¶ 1.1; *Thomas* Compl. ¶ 1.1.) In their complaints, they alleged they sustained personal injuries due to Defendants' Composix® Kugel® Patches.

Pursuant to § 1441(a), Defendants removed to and answered in this Court seven days later, on January 25, 2008. (*Altine* Not. of Removal (Ex. 3); *Thomas* Not. of Removal (Ex. 4).) Plaintiffs did not serve Davol until January 28, 2008 and did not serve Bard until January 30,

2008. (Service of Process on Davol (Ex. 5); Service of Process on Bard (Ex. 6).) In the meantime, this Court ordered both *Altine* and *Thomas* to be consolidated with the MDL. (Orders, Jan. 29, 2008 ("This case is therefore consolidated for pretrial purposes with MDL Case No. 07-1842 ML[.]") (Exs. 7 & 8).)

Previously, on July 3, 2007, this Court ruled on a similar motion to remand filed by different plaintiffs' counsel, holding that removal was proper in two cases[1] filed in Rhode Island Superior Court and removed to this Court before Defendants had been served. (*See* Tr. 17:10-14, July 3, 2007 (Ex. 9).) The July hearing involved the same Defendants, similar allegations, and Donald Migliori, Plaintiffs' liaison counsel in the MDL. (*Id.* at 3:17-25; 4:1-3.)

The Altines and Thomas filed motions to remand these cases on February 25, 2008.[2] While Plaintiffs and their counsel were not involved in the earlier hearing, these Plaintiffs are now in the MDL with all other Plaintiffs and are similarly represented by liaison counsel, who, as shown above, was at the hearing. (*Id.* at 4:1-3.)

## ARGUMENT

Plaintiffs advance no new arguments to support their identical motions, so this Court's previous decision applies to reject Plaintiffs' attempt to attack removability under 28 U.S.C. § 1441.[3] When denying the two motions to remand in July 2007, this Court stated succinctly that

---

[1] *Jones v. Davol, et al.*, C.A. No. 07-190ML (D.R.I. 2007), and *Tompkins v. Davol, et al.*, C.A. No. 07-191ML (D.R.I. 2007).

[2] They have actually filed two individual motions to remand, despite the instructions from Practice and Procedure Order Number 1 (July 5, 2007), which states that "substantially identical papers" shall be filed only once. One motion was filed on February 25, 2008 under each case's original case number in the District of Rhode Island, rather than the MDL case number; both motions have since been moved into the MDL docket.

[3] Defendants attach the previously filed brief from *Jones* that captures the relevant arguments for why removal is proper in these cases. (Ex. 10.) Since the time of that briefing, several other courts have denied motions to remand when removal was effected before the in-state Defendant had been served.

"[i]n each case the matter was properly removed pursuant to Section 28 U.S.C. 1441(b) in that the resident Defendant at the time of removal had not yet been served." (Tr. 17:10-14.) The pertinent circumstances are nearly identical here: as before, Defendants removed before the in-state Defendant, Davol, was served, and Plaintiffs moved to remand based on their misreading of § 1441(b). Had Plaintiffs worked with their liaison counsel, Mr. Migliori, who participated in the July hearing, they would have learned that this Court has already ruled upon this issue. Because this Court has clearly decided that 28 U.S.C. § 1441 permits such a removal, this Court must deny Plaintiff's Motion to Remand.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand should be denied.

Date: March 3, 2008 Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

---

*See, e.g.*, *Jaeger v. Schering Corp.*, No. 07-3465 (DMC), 2007 WL 3170125 (D.N.J. Oct. 25, 2007) ("[T]his Court must give effect to the literal interpretation [of 28 U.S.C. § 1441] in the absence of a contrary Congressional intent and reject Plaintiffs' attempt to ignore the plain language of the statute and circumvent Congress's express intention"); *Ripley v. Eon Labs, Inc.*, No. 07-912, 2007 WL 2406806, at *4 (D.N.J. Aug. 16, 2007); *Yocham v. Novartis Pharms. Corp.*, No. 07-1810JBS, 2007 WL 2318493, at *3 (D.N.J. Aug. 13, 2007); *Maldonado v. Hartmann*, No. 4:07CV853 CDP, 2007 WL 1862763, at *3 (E.D. Mo. June 28, 2007).

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2008, a true and correct copy of the foregoing was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' counsel and the MDL Plaintiffs' liaison counsel in the manner indicated below:

David Morowitz
THE LAW OFFICE OF DAVID MOROWITZ, LTD.
155 South Main Street
Providence, RI 02903
*(electronic notice)*

Anthony E. Pletcher
WATTS LAW FIRM LLP
555 North Carancahua
Tower II, 14th Floor
Corpus Christi, TX 78478
*(electronic notice)*

Donald Migliori
MOTLEY RICE, LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

/s/ Kirby T. Griffis