**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| LYNN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:07-cv-00190-ML-DLM |
| | ) | |
| DAVOL INC. and C.R. BARD, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

In her Motion to Remand, plaintiff admits that this Court has diversity jurisdiction by virtue of the complete diversity between the parties. *See* Motion at 2; Compl. ¶¶ 1-3 (Att. A); *see also* 28 U.S.C. § 1332(a). Accordingly, under 28 U.S.C. § 1441(a), this case was properly removable unless Congress has expressly provided otherwise – which it has not. Plaintiff argues: (1) because Davol is a Rhode Island citizen, the procedural limitation on the statutory right of removal set forth in 28 U.S.C. § 1441(b) precluded removal here or, alternatively, (2) Davol received "constructive service" of this suit through plaintiff's service of Bard. These arguments are unavailing. First, the limit on removability is triggered only where an in-state defendant has been "properly joined and *served*." *Id.* (emphasis added). Davol had not been served with the Complaint at the time of removal[1] and so the limitation on removal contained in § 1441(b) was not applicable by its plain terms. Second, under the removal rubric, service requires *actual* service and not "constructive service" – a term that does not appear in the nation's case law. Plaintiffs' motion to remand is meritless and should be denied.

[1] Davol still has not been served.

## Background

On May 17, 2007, plaintiff filed the Complaint in the Superior Court in Providence County, Rhode Island alleging, *inter alia*, that she suffered personal injuries caused by the implantation of the prescription medical device the Composix® Kugel® Patch. In addition to Davol, plaintiff also names C.R. Bard, Inc. in her Complaint. Plaintiff served process on Bard in the state-court action on May 22, 2007, but chose not to serve Davol. After becoming aware of this case, defendants, pursuant to § 1441(a), filed an Amended Notice of Removal in this Court on May 24, 2007, asserting federal jurisdiction. *See* Notice of Removal (Att. B). To date, Davol has not been served in this action.

## I. This Case Was Properly Removed Under 28 U.S.C. § 1441(a).

Cases are removable under 28 U.S.C. § 1441(a), where "the district courts of the United States have original jurisdiction," unless "otherwise *expressly provided* by Act of Congress" (emphasis added). Plaintiff concedes that this case falls within this Court's original diversity jurisdiction, as she must, since there is total diversity of citizenship between the parties. *See* Motion at 2; *cf.* Att. A at ¶¶ 1-3. The case is, therefore, removable absent an express statutory limitation. Plaintiff's candidate for that statutory limitation is 28 U.S.C. § 1441(b), which provides that diversity cases "shall be removable only if none of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Davol was not served when the case was removed, and so its citizenship must be ignored in determining the propriety of removal.

Far from being "an egregious slap in the face to the principles upon which the federal removal statutes are based," defendants' removal comports with a well-developed body of case law holding that removal by a defendant prior to service is appropriate and in accordance with



636867v1

the plain meaning of the statutes. In construing § 1441(b), "courts have held, virtually uniformly, that where, as here, [complete] diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability." *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 180 (S.D.N.Y 2003) (alteration in original) (quoting *Ott v. Consol. Freightways Corp.*, 213 F. Supp. 2d 662, 665 (S.D. Miss. 2002)).[2] Numerous courts have held that where an in-state defendant was not properly joined and served when it *filed its notice of removal, it was* entitled to removal under the plain language of the statute.[3] *See Thompson v. Novartis Pharmaceuticals Corp.*, No. 06-6280 (JBS), 2007 WL 1521138, at *4 (D.N.J. May 22, 2007) ("This language is unambiguous-removal is prohibited only where a

---

[2] *Cf. McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship, . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."); *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 736 (D. Md. 2006) (same); *Test Drilling Serv., Co. v. Hanor Co.*, 322 F. Supp. 2d 953, 957 (C.D. Ill. 2003) ("the presence of an unserved Defendant who is a citizen of the forum state does not prevent removal when complete diversity exists"); *In re Bridgestone/Firestone, Inc.*, 184 F. Supp. 2d 826, 828 (S.D. Ind. 2002) (§ 1441(b) only precludes removal "if [in-state defendant] had been *properly served*" when removal petition filed) (emphasis in original); *Wensil v. E.I. Dupont de Nemours & Co.*, 792 F. Supp. 447, 448 (D.S.C. 1992) (where out-of-state defendants removed before service on in-state defendants, removal was proper under § 1441(b)); *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("Because [defendant] had not yet been served at the time that [another defendant] filed its removal petition the language of § 1441(b) mandates the finding that this case was properly removed."); *Windac Corp. v. Clarke*, 530 F. Supp. 812, 814 (D. Neb. 1982) (recognizing that removal prior to service on in-state defendant is appropriate but finding that voluntary appearance by in-state defendant prior to notice of removal being filed with the state court was equivalent to service on in-state defendant).

[3] The First Circuit has consistently held that when the plain meaning of a statute is clear, there is no need look beyond that text to discern legislative intent. *See Palmieri v. Nynex Long Distance Co.*, 437 F.3d 111, 115 (1st Cir. 2006); *Bonilla v. Muebles J.J. Álvarez, Inc.*, 194 F.3d 275, 277 n. 2 (1st Cir.1999) (When "the plain meaning of the statute resolves the issue *sub judice*, we need not rummage through the legislative history or search for other interpretive aids."). Here, given the statute's clarity, this Court is compelled to deny plaintiff's motion. *See Arnold v. United Parcel Serv., Inc.*, 136 F.3d 854, 858 (1st Cir.1998) (when "the language of a statute 'is plain and admits of no more than one meaning ... the sole function of the courts is to enforce the statute according to its terms.'" (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)); *see also Pritzker v. Yari*, 42 F.3d 53, 67-68 (1st Cir.1994) ("we will not depart from, or otherwise embellish, the language of a statute absent either undeniable textual ambiguity or some other extraordinary consideration, such as the prospect of yielding a patently absurd result." (citations omitted). Accordingly, this compels the conclusion that removal was proper because Davol had not been joined *and* served at the time of removal.

defendant, who is a resident of the forum state, has been 'properly joined *and served.*'") (quoting 28 U.S.C. § 1441(b)) (Att. C); *City of Ann Arbor Employee's Retirement Sys. v. Gecht*, No. C-06-7453EMC, 2007 WL 760568 (N.D. Cal. March 9, 2007) (denying motion to remand where in-state defendant had been served at the time of removal) (Att. D); *Perez v. McNamee*, No.C-06-5031, 2006 U.S. Dist. LEXIS 89820 (N.D. Cal. Nov. 30, 2006) (removal proper before in-state defendant served) (Att. E); *Frick v. Novartis Pharms. Corp.*, No. 05-5429, 2006 WL 454360, *1 (D.N.J. Feb. 23, 2006) (same) (Att. F); *Massey v. Cassens & Sons, Inc.*, No. 05-CV-598-DRH, 2006 U.S. Dist. LEXIS 9675, at *10 (S.D. Ill. Feb. 16, 2006) (same) (Att. G).

## II. Actual Service On Davol Is Required Under Federal Law.

Plaintiff argues in the alternative that the Court should remand the case because Davol received "constructive service" of process. Plaintiff cites no legal authority in support of this proposition, and Davol's search reveals no instance of the phrase occurring in the context of service of legal process in all of federal jurisprudence. If knowledge and service were the same thing, then none of the cases cited above in which a defendant removed a case prior to their being served would have come out as it did, and the federal rules of civil procedure and federal removal statutes would have to be written differently than they are. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding mere receipt of complaint absent *actual* service of summons to be meaningless in removal context); *id.* at 351 ("Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."). Indeed, Congress' decision to insert the words "properly joined and served" into the statute in 1948 strongly supports giving them effect. The predecessor statute prohibited removal

of any case in which an in-state resident was named as a defendant, and these words were clearly intended to restrict the applicability of this exception to the statutory right of removal. *See Windac, Windac Corp. v. Clarke*, 530 F. Supp. 812, 813 (D. Neb. 1982) ("Under the predecessor of the present 1441(b) the residence of any defendant in the state where the case was sought to be removed was adequate to defeat removal.").

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Remand should be denied.

Date: June 7, 2007

Respectfully submitted,

/s/ Mark T. Nugent
Mark T. Nugent, #2637
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420
mnugent@morrisonmahoney.com

Of Counsel:

Joe G. Hollingsworth, *pro hac pending*
Kirby T. Griffis, *pro hac pending*
Dana Alan Gausepohl, *pro hac pending*
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

ATTORNEYS FOR DEFENDANTS
C.R. BARD, INC. AND DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2007, a true and correct copy of the foregoing was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Donald A. Migliori
Motley Rice
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067

*via electronic notice & first-class, postage prepaid, mail*

/s/ Mark T. Nugent
Mark T. Nugent