**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| | § | |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | § § | **Judge Mary M. Lisi** **Magistrate Judge Lincoln D. Almond** |
| | § | |

**PLAINTIFFS' PROPOSED ORDER FOR THE PRESERVATION OF EVIDENTIARY DOCUMENTS AND CERTAIN DISCOVERABLE MATERIALS**

Pursuant to the court's duty to supervise pretrial proceedings in this case, including discovery, and pursuant to the court's inherent power, the court hereby orders, effective immediately, that C.R. Bard, Inc. and Davol Incorporated, their officers, agents, employees and attorneys (collectively, "Defendants") and plaintiffs and their attorneys:

***Document Preservation***

A. Shall not purge data, delete data, erase disks, tapes or electronic files of any kind, or otherwise alter, change, modify or destroy information (including any meta data) stored in or by computer (regardless of whether that information is created and/or stored before or after the entry of this order) relevant to plaintiffs' claims of alleged defects in the device models specified in Paragraph A. Plaintiffs shall have the same obligation for information relevant to defendants' defenses. This Order shall not prohibit the following actions:

(1) E-mail

(a) Reuse of incremental and/or daily tapes as part of tape rotation where full back-up tapes are being retained for all e-mail servers worldwide which are cumulative of changes over time;

(b) Deletion of e-mail going forward by individuals whose accounts are journaled, which means that every e-mail sent or received for these people is captured and placed in a secure vault;

(c) Deletion of past e-mail by individuals whose accounts have been archived to a secure vault for discovery purposes, provided that such archiving must include not only such individuals' in-box but also any other folders or archives of saved e-mail received or sent by such individuals;

(d) Application of normal tape retention of e-mail server tapes after the archiving has been completed, if the archiving and journaling process includes all individuals whose e-mails are encompassed by the e-mail server tapes.

(2) Network/Shared File Home Directories: Re-use of incremental and/or daily tapes as part of the Company's tape rotation where full back-up tapes for the Network/Shared File Home directories are being retained.

(3) Application(s) / System(s)

(a) Re-use of incremental and/or daily tapes where full back-up tapes for the applicable applications / systems are being retained.

(b) Changing applications as required to conduct business (primarily adding functionality) where the application team has been contacted and is managing a log of all such changes to the application and is maintaining copies of source and object code for all versions of the applications.

(4) The inadvertent loss of volatile memory, typically referred to as random access memory ("RAM"), which is lost through normal operation of Defendants' computer

systems.

B. Shall preserve software and programs written regarding the devices, including but not limited to software and programs to obtain, manage, read, or manipulate data from MFG Pro.

C. Shall preserve information contained on or representing patient data on laptop computers (including those used by doctor/field representatives/sales representatives) and information exchanged on shared networks relating to the devices listed in Paragraph A.

D. Shall not shred, change, modify, alter, remove, destroy, sanitize, or otherwise dispose of documents, photographs, videotapes, or any other type of documentary evidence of information relevant to the plaintiffs' claims of alleged defects in the device models specified in Paragraph A. Plaintiffs shall have the same obligation for information relevant to defendants' defenses.

E. May destroy or otherwise alter specified documents due to routine policy or programs after providing specific and detailed written notice to the other parties, including information as to the routine policy or program at issue and identification of the documents or categories thereof, if no other such party notifies defendants in writing, through counsel, of its objections within thirty days. If an objection is raised, the parties may raise the issue with this court or any other court with jurisdiction and shall preserve the documents in question pending resolution by the court.

F. Shall continue to comply with any current corporate or internal preservation and retention policies which have been enacted prior to this Order as long as those actions to not contradict or inhibit the items provided herein. In any situation where the actions outlined in a pre-existing corporate or internal preservation and retention policy conflict with the items described within this Order, this Order shall control.

G. May, without leave of court, agree in writing that certain documents or categories of documents or evidence need not be preserved in accordance with this Order. If such agreement is reached, such agreement is effective upon signing by Liaison counsel for Plaintiffs' Steering Committee and Lead Counsel for Defendants without further order of court.

H. Each party shall bear its own costs for complying with this order.

Date:

Entered: ____________________________________________