# GROUP EXHIBIT B

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| - - - - - - - - - - - - - - - - x | |
| REGINALD WOODARD and PAMELA WOODARD, | : |
| Plaintiffs, | : |
| v. | : Civil Action No.: |
| DAVOL, INC., a Rhode Island Corporation, | : 2006 CA 07689 M |
| | : Judge Ronna L. Beck |
| 100 Sockanossett Crossroad | : |
| Cranston, RI 02920 | : |
| and | : |
| WASHINGTON HOSPITAL CENTER CORP. | : |
| JOHN D. BUTLER, JR., M.D., and | : |
| JOHN DOES, AGENTS and/or EMPLOYEES, INC., et al., | : |
| Defendants. | : |
| - - - - - - - - - - - - - - - - x | |

2

STATE OF RHODE ISLAND SUPERIOR COURT
PROVIDENCE, SC

TAMMY OAKLEY, :
Plaintiff, :
v. : Civil Action No.
DAVOL, INC., a Rhode Island : PC07-1706
corporation, C.R. BARD, INC., a :
New Jersey corporation; :
Defendants. :

DELZA OZELL YOUNG, :
Plaintiff, :
v. : Civil Action No.
DAVOL, INC., a Rhode Island : PC07-3666
corporation, C.R. BARD, INC., a :
New Jersey corporation; :
Defendants. :

RAYMOND MUTZ, :
Plaintiff, :
v. : Civil Action No.
DAVOL, INC., a Rhode Island : PC07-4048
corporation, C.R. BARD, INC., a :
New Jersey corporation; :
Defendants. :

BARBARA BROKAW, :
Plaintiff, :
v. : Civil Action No.
DAVOL, INC., a Rhode Island : PC07-5058
corporation, C.R. BARD, INC., a :
New Jersey corporation; :
Defendants. :

Washington, D.C.
Thursday, December 20, 2007

Videotaped Deposition of PAUL BISSETT called for examination by counsel for the Plaintiffs in the above-entitled matter, pursuant to notice, the witness being duly sworn by CARLA L. ANDREWS, a Notary Public in and for the District of Columbia, taken at Spriggs & Hollingsworth, 1350 I Street, N.W., Washington, D.C. 20005, at 10:40 a.m., Thursday, December 20, 2007, and the proceedings being taken down by Stenotype by CARLA L. ANDREWS and transcribed under her direction.



APPEARANCES:

On behalf of the Plaintiffs Reverend Reginald and

retention or production of documents you have done for this case is limited solely to what you brought to us today?

A Yes. That's all.

Q And you have done -- and you have done nothing of a grander scale through the company or with the company?

A No.

Q Were you ever informed by the company or provided by the company with a hold letter or a retention policy?

A What do you mean by that?

Q Did you ever receive a communication from the company or the company's counsel or -- let me withdraw that last part of the company's counsel. Did you ever receive a hold letter from the company or a letter from the company saying we need you to retain certain materials?

A Yes.

Q Okay. When did you receive that letter?

A I don't recall.

233

Q Do you have a copy of that letter?

A No.

Q Okay. Do you know who you received it from?

A Uh-uh, no.
Q Did you retain -- I'm sorry. That's okay. If I go too quick --
A That's okay.
Q -- jump on me because I know we are all trying to work on time here. Did you provide them with anything in that retention letter or in response to that retention letter?
A Did I provide whom?
Q The company that you received the letter from -- the hold letter that we are talking about.
A Not to my knowledge.
Q Do you know what they asked you to retain?
A I don't recall.
Q Do you know if you received this letter in the last 12 months?
MR. GAUSEPOHL: Objection. Asked and answered.
THE WITNESS: I really don't know.

234

BY MR. CONLIN:
Q So you don't know one way or the other if it was within the last year?
A I don't know.
MR. GAUSEPOHL: Objection. Asked and answered.

BY MR. CONLIN:

Q I am going to provide you here with a list of individuals that -- I guess whatever we are on. Thirty-eight.

MR. CONLIN: Will you mark this as 38?

MR. RICHARDSON: This is all one document?

MR. CONLIN: Yeah, it's all one document. It's three pages here.

(Exhibit No. 38, marked for identification.)

BY MR. CONLIN:

Q This is a list of individuals that was provided to us by your attorneys of corporate employees who received this hold letter or retention letter.

A Okay.

Q Do you see your name?

MR. RICHARDSON: Can I just stop for a