# EXHIBIT C

Case 2:06-cv-00135-WJM-MF Document 166-4 Filed 11/15/2006 Page 1 of 6

**LITE DEPALMA GREENBERG & RIVAS, LLC**
Joseph DePalma
Jason E. Macias
Two Gateway Center, 12th Floor
Newark, NJ 07102-5003
Tel.: (973) 623-3000
**Federal Liaison Counsel**

COURTESY COPY
RECEIVED
NOV 15 2006
AT 8:30 M
WILLIAM T. WALSH, CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE HUMAN TISSUE PRODUCTS LIABILITY LITIGATION | **Civil Action No. 2:06-cv-135 (WJM)**<br><br>**MDL DOCKET NO. 1763** |
| APPLIES TO ALL RELATED ACTIONS | |

**PRETRIAL ORDER NO. 4**
**(ESTABLISHING PLAINTIFFS' LITIGATION EXPENSE FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND COMMON BENEFIT)**

This order is entered to provide for the fair and equitable sharing among plaintiffs of the cost of special services performed and expenses incurred by attorneys acting for MDL administration and common benefit of all plaintiffs in this complex litigation.

1. Plaintiffs Litigation Expense Fund to be Established

Plaintiffs' Liaison Counsel (Joseph J. DePalma) and Defendants' designees are directed to establish an interest-bearing account to receive and disburse funds as provided in this order. Counsel shall agree on and designate an escrow agent for this purpose. These funds will be held as funds subject to the direction of the Court. No party or attorney has any individual right to any

of these funds except to the extent of amounts directed to be disbursed to such person by order of the Court. These funds will not constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed as provided by court order to a specific person. These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the fund of permitted by applicable state laws and if subject to the conditions and contingencies of this order.

2. <u>Assessment</u>

a. All plaintiffs and their attorneys who, either agree or have agreed – for a monetary consideration – to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to a Human Tissue claim are subject to an assessment of the "gross monetary recovery," as provided herein.

b. Defendants are directed to withhold this assessment from amounts paid to plaintiffs and their counsel, and to pay the assessment directly into the fund as a credit against the settlement or judgment. If for any reason the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the fund promptly.

c. No orders of dismissal of any plaintiffs claim, subject to this order, shall be filed unless accompanied by a certificate of plaintiffs and defendants counsel that the assessment has been withheld and deposited into the fund.

d. The Plaintiff's Liaison Counsel shall provide Defendants' designee counsel, the escrow agent, the court or its designee with a list of cases and/or counsel who have entered into written agreements with the MDL Plaintiffs' Committee. In the event there is a dispute as to whether a case should be on the list, the Plaintiff's Lead and/or Medical Monitoring Counsel shall resolve the matter with the particular plaintiff's counsel either informally or upon motion.

e. In measuring the "gross monetary recovery":

(1) Exclude court costs that are to be paid by the defendant; and

(2) Include the present value of any fixed and certain payments to be made in the future.

f. This obligation attaches in the following instances:

(1) Traditional Assessment. All counsel shall be assessed on all Human Tissue cases now pending, or later filed in, transferred to, or removed to, this court and treated as part of the coordinated proceeding known as In re: Human Tissue Products Liability Litigation, as well as unfiled or tolled cases in the amount of six percent (6%) of the "gross monetary recovery". Counsel shall upon agreement in the form attached as Exhibit A be assessed three percent (3%) and may utilize the MDL work product in state courts cases.

(2) Limited Waiver Option. Counsel who sign an appropriate

agreement shall have an assessment on all Human Tissue cases now pending, or later filed in, transferred to, or removed to, this court and treated as part of the coordinated proceeding known as In re: Human Tissue Products Liability Litigation, in the amount of six percent (6%) of the "gross monetary recovery" of these federal cases, and in order to obtain the MDL work product must agree not to utilize the same in the state court cases. *See* Agreement attached hereto as Exhibit B. The Limited Waiver Option assessment shall not apply to cases removed from state court to federal court and then remanded to state court (based upon an order of improper removal) that have not at any time been transferred to MDL 1657.

3. Disbursements

a. Upon order of the Court, payments may be made from the fund to attorneys who provide services or incur expenses for the joint and common benefit of plaintiffs in addition to their own client or clients. Attorneys eligible are limited to Plaintiffs' Co-Lead Counsel and Medical Monitoring Counsel and members of the Plaintiff's Executive Committee, and other attorneys called upon by them to assist in performing their responsibilities, Court appointed State Liaison Counsel, and other attorneys performing similar responsibilities in state court actions. All time and expenses are subject to proper and timely submission (each month) of contemporaneous records certified. All work assignments must

be assigned and approved by Co-Lead and/or Medical Monitoring Counsel.

b. Payments will be allowed only to entities for special services performed, and to reimburse for special expenses incurred, for the joint and common benefit of all plaintiffs.

c. Payment may, for example, be made for services and expenses related to the obtaining, reviewing, indexing, and payment for hard copies of computerized images of documents for the defendants; to conducting "national" or "state" depositions; and to activities connected with the coordination of federal and state litigation. The fund will not, however, be used to pay for services and expenses primarily related to a particular case, such as the deposition of a treating physician, even if such activity results in some incidental and consequential benefit to other plaintiffs.

d. Payments will not exceed the fair value of the services performed or the reasonable amount of the expenses incurred, and, depending upon the amount of the fund, may be limited to a part of the value of such services and expenses.

e. No amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order. Defense Counsel shall provide at least quarterly notice to the Court or its designee the names and docket numbers of the cases for which it has made an assessment. Details of any individual settlement agreement, individual settlement amount and

individual amounts deposited into escrow shall be confidential and shall not be disclosed to the Plaintiffs' MDL Committee, the Court, or the Court's designee. However, monthly statements from the escrow agent shall be provided to Plaintiff's Liaison Counsel, Defense Liaison Counsel, the Court, and the Court's designee showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

f. If the fund exceeds the amount needed to make payments as provided in this order, the Court may order a refund to those who have contributed to the fund. Any such refund will be made in proportion to the amount of the contributions.

4. Plaintiffs' Co-Lead Counsel, Medical Monitoring Counsel, Liaison Counsel and member of the Executive Committee in both federal and state court are assessed at six percent (6%) for federal and four percent (4%) respectively. Any other attorney who partakes in common benefit services will also be subject to both federal and state assessments.

5. Incorporation by Reference

The individual attorney agreements attached hereto as Exhibits A and B are incorporated by reference and have the same effect as if fully set forth in the body of this order.

NEW JERSEY, this 3rd day of Nov, 2006.

s/Ronald J. Hedges

~~Honorable William J. Martini, U.S.D.J.~~
HONORABLE RONALD J. HEDGES, U.S.MJ