# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: GUIDANT DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1708 (DWF/AJB) |
| This Document Relates to All Actions | **PRETRIAL ORDER NO. 6 COMMON BENEFIT ORDER (ESTABLISHING COMMON BENEFIT FUND AND PROTOCOLS TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND OTHERWISE FOR PLAINTIFFS' GENERAL BENEFIT)** |

This Order is entered to provide for the fair and equitable sharing among Plaintiffs of the cost of special services performed and expenses incurred by attorneys acting for MDL administration and common benefit of all plaintiffs in this complex litigation. This Court's authority derives from the Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia*, *Central Railroad & Banking Co. v. Pettus,* 113 U.S. 116 (1885); *Sprague v. Ticonic National Bank,* 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in, *inter alia*, *In re MGM Grand Hotel Fire Litigation*, 660 F. Supp. 522, 525-29 (D. Nev. 1987); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977). Any disputes arising under this Order, which cannot be resolved by agreement of Counsel, will be

resolved by this Court, in the exercise of its jurisdiction under the equitable principles of the common fund/common benefit doctrine.

The Court Orders as follows:

**A. <u>Common Benefit Expense Fund to be Established</u>**

Plaintiffs' Liaison Counsel (Charles S. Zimmermann of Zimmermann Reed, PLLP) is directed to establish an interest-bearing account at M&I Bank, Minneapolis, Minnesota, to receive and disburse funds as provided in this Order. Plaintiffs' Lead Counsel have agreed on, and designate, M&I Bank as escrow agent for this purpose. These funds will be held as funds subject to the direction of the Court and are hereinafter referred to as the "common benefit fund." No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by order of the Court. These funds do not constitute the separate property of any party or attorney and are not subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed as provided by court order to a specific person. These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the fund if permitted by applicable state laws and if subject to the conditions and contingencies of this Order.

**1. <u>Assessments for the Common Benefit Expense Fund.</u>**

a. All plaintiffs and their attorneys who either agree or have agreed to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to any Guidant defibrillator

and/or pacemaker claims are subject to an assessment of the "gross monetary recovery," as provided herein.

b. Defendants are directed to withhold the amount of this assessment from any amounts paid to plaintiffs and their counsel, and to pay the assessment directly into the common benefit fund as a credit against the settlement or judgment. If, for any reason, the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the common benefit fund promptly.

c. No orders of dismissal of any plaintiff's claim in which any recovery is received, and which is subject to this Order, shall be filed unless accompanied by a certificate of plaintiff's and defendants' counsel that the assessment has been withheld and deposited into the common benefit fund.

d. The Plaintiffs' Lead Counsel Committee ("LCC") shall provide Defendants' Liaison Counsel, all plaintiffs' counsel, the escrow agent, and the Court or its designee with a list of cases and/or counsel who have entered into written agreements with the LCC. In the event there is a dispute as to whether a case should be on the list, the LCC shall resolve the matter with the particular plaintiff's counsel either informally or upon motion.

e. In measuring the "gross monetary recovery":

   (1) Exclude court costs that are to be paid by the Defendants.

   (2) Include the present value of any fixed and certain payments to be made in the future.

f. This obligation attaches in the following instances:

   (1) <u>90-Day Participation Option</u>. For all cases whose counsel have agreed within 90 days of this Order to cooperate with the MDL by signing an appropriate agreement [attached hereto as Exhibit A], the assessment in such cases shall be two percent (2%) as fees and two percent (2%) as costs

Case 1:07-md-01842-ML-LDA Document 640-5 Filed 03/14/2008 Page 5 of 16

(a total of four percent (4%)) of the "gross monetary recovery." The assessment shall apply to all Guidant defirbillator and/or pacemaker cases involving any full participation counsel now pending or later filed in, transferred to, or removed to, this Court as well as all unfiled and tolled cases and claims treated as part of the coordinated proceeding known as *In re: Guidant Defibrillators Products Liability Litigation*, MDL No. 1708, and resolved during its pendency (beginning the date the MDL was assigned by the MDL Panel), including cases later remanded to a state court or any cases on tolling agreements, filed in any state court, or clients whose cases are as yet unfiled. Two percent (2%) shall be deemed fees to be subtracted from the attorneys' fees portions of individual fee contracts, and two percent (2%) shall be deemed costs to be subtracted from the client portion of individual fee contracts. This option shall be required on all cases (state, federal, filed or unfiled) by all members of the LCC, the Plaintiffs' Steering Committee (the "PSC"), any PSC sub-committee members, and any Court approved State Liaison Committee.

(2) Post 90-Day Assessment Options.

(a) Later participation by attorneys with no prior filed Guidant Defibrillator/Pacemaker cases. Following the 90-Day period in the preceding paragraph, any counsel who files for the first time a case involving a personal injury claim relating to Guidant defibrillator or pacemaker that becomes part of this MDL shall have 45 days from the date of initial filing of the claim to cooperate with the MDL by signing an appropriate agreement [attached hereto as Exhibit A], and the assessment in such cases shall be two percent (2%) as fees and two percent (2%) as costs (a total of four percent (4%)) of the "gross monetary recovery." The assessment shall

Case 1:07-md-01842-ML-LDA Document 640-5 Filed 03/14/2008 Page 6 of 16

apply to all Guidant defibrillator and/or pacemaker cases involving any full participation counsel now pending or later filed in, transferred to, or removed to, this Court as well as all unfiled and tolled cases and claims treated as part of the coordinated proceeding known as *In re: Guidant Defibrillators Products Liability Litigation*, MDL No. 1708, and resolved during its pendency (beginning the date the MDL was assigned by the MDL Panel), including cases later remanded to a state court or any cases on tolling agreements, filed in any state court, or clients whose cases are as yet unfiled. Two percent (2%) shall be deemed fees to be subtracted from the attorneys' fees portions of individual fee contracts, and two percent (2%) shall be deemed costs to be subtracted from the client portion of individual fee contracts.

(b) Non-participation in MDL. Any Counsel who determines not to participate in the MDL, but who desires access to MDL and/or LCC and/or PSC non-work-product materials, including but not limited to non-work product portions of the virtual document repository, shall be allowed access to such non-work product materials.

(c) Later Participation. Other than as identified in paragraph A(1)(f)(2)(a) above, following the initial 90-day period to permit counsel to consider the 90-Day Participation Option, Counsel who sign an appropriate agreement [attached hereto as Exhibit B] shall be assessed on all Guidant defibrillator and/or pacemaker cases now pending, or later filed in, transferred to, or removed to, this court and treated as part of the coordinated proceeding known as *In re: Guidant Defibrillator Products*

*Liability Litigation*, MDL No. 1708, as well as unfiled or tolled cases, in the amount of the "gross monetary recovery" established and agreed to by the LCC. This amount shall exceed the 4% assessment under the full participation option. Such counsel shall also be assessed in the same amount of the "gross monetary recovery" such as shall be established by the LCC on any other cases filed in any state court, and on clients whose cases are as yet unfiled, or whose cases are later remanded to state court; unless these percentages are modified by agreement of counsel or by the Court upon showing of good cause.

2. **Disbursements from Common Benefit Expense Fund.**

a. Upon Order of the Court, payments may be made from the fund to attorneys who provide services or incur expenses for the joint and common benefit of Plaintiffs in addition to their own client or clients. Attorneys eligible are limited to the LCC, the PSC, and other attorneys called upon by them to assist in performing their responsibilities, any Court appointed State Liaison Counsel, and other attorneys performing similar responsibilities in state court actions. All time and expenses are subject to proper and timely submission of contemporaneous records certified to have been timely received.

b. Payments will be allowed only to entities for special services performed, and to reimburse for special expenses incurred, for the joint and common benefit of all plaintiffs.

c. Payment may, for example, be made for services and expenses related to the obtaining, reviewing, indexing, and payment for hard copies of computerized images of documents for the defendants; to conducting depositions; and to activities connected with the coordination of federal and state litigation. The fund will not, however, be used to pay for services and expenses primarily related to a

Case 1:07-md-01842-ML-LDA Document 640-5 Filed 03/14/2008 Page 8 of 16

particular case, such as the deposition of a treating physician, even if such activity results in some incidental and consequential benefit to other plaintiffs.

d. Payments will not exceed the fair value of the services performed (plus any court approved multiplier) or the reasonable amount of the expenses incurred, and, depending upon the amount of the fund, may be limited to a part of the value of such services and expenses.

e. No amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order. Defense Counsel shall provide at least quarterly notice to the Court or its designee of the names and docket numbers of the cases for which it has made an assessment. Details of any individual settlement agreement, individual settlement amount and individual amounts deposited into escrow shall be confidential and shall not be disclosed to the LCC, the PSC, the Court, or the Court's designee. However, monthly statements from the escrow agent shall be provided to Plaintiffs' Liaison Counsel, Defense Liaison Counsel, the Court, and the Court's designee showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

f. If the fund exceeds the amount needed to make all payments as provided in this Order (for court approved costs, fees, and any court approved multiplier on any fees), the Court may order a refund to those who have contributed to the fund. Any such refund will be made in proportion to the amount of the contributions.

**3. Incorporation by Reference**

The individual attorney agreements attached hereto as Exhibits A and B are incorporated by reference and have the same effect as if fully set forth in the body of this order.

**B. Plaintiffs' Common Cost Fund and Submission of Time and Expense.**

**1. Plaintiffs' Counsel's Time and Expense Submissions – Standards and Rules.**

Reimbursement for costs and/or fees for services of all Plaintiffs' counsel performing functions in accordance with this Order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing. The following standards and procedures are to be utilized by any counsel who will seek fees and/or expense reimbursement.

a. **General Rules and Standards.**

(1) All time and expenses submitted must be incurred only for work authorized by the LCC and/or the PSC.

(2) These Time and Expense Guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL No. 1708.

(3) Time and expense submissions must be made on the forms prepared by the LCC (Exhibits C-E hereto) and pursuant to the protocols set forth in this Order and to the entity or entities designated by the LCC.

(4) Representation as to Time and Expense Submissions. Each attorney submitting a time or expense submission shall be considered as representing to the Court, under oath, that the time and expense submitted meets the criteria set forth herein.

(5) The Monthly Time Detail and Monthly Time Reports (Exhibits D and E hereto) must be submitted no later than 30 days following the close of the month that is subject to the time listing. The first submission is due on April 1, 2006, and should include all time relative to common benefit work involving this litigation beginning with June 1, 2005 and through February 28, 2006. Thereafter, the reports are due no later than thirty

Case 1:07-md-01842-ML-LDA Document 640-5 Filed 03/14/2008 Page 10 of 16

(30) days following the close of the month that is subject to the time listing.

(6) The Monthly Expense Report (Exhibit C) and accompanying copies of supporting receipts, logs or documentation must be submitted no later than fourty-five (45) days following the close of the month that is the subject of the report.

b. **Compliance**. A failure to submit any of the monthly reports timely could result in partial or complete disallowance of claimed time or expenses.

**2. Time Reporting**

a. Only time spent on matters common to all claimants in MDL No. 1708 ("common benefit work") will be considered in determining fees. No time spent on developing or processing individual issues in any case for an individual client (claimant) will be considered or should be submitted.

b. All time must be accurately and contemporaneously maintained. Time shall be kept according to these guidelines set forth below. All counsel shall keep a daily record of their time spent in connection with common benefit work on this litigation, indicating with specificity the hours and particular activity. Illustrative time entries are contained in Attachment D.

c. All common benefit work time for each firm shall be maintained in at least quarter-of-an-hour increments, or smaller increments if the individual or firm regularly keeps time in smaller increments. The following eleven (11) codes should be used:

1) Investigation and Research

2) Discovery

3) Pleadings, Briefs, Pre-trial motions (excluding class certification)

4) Court Appearances (including preparation for same)

5) Litigation Strategy and Analysis

6) Class Certification

7) Trial Preparation and Trial

8) Appeals

9) Settlement

10) Administrative (data, file management or other administrative tasks as directed by the LCC and/or the PSC)

11) Travel

The codes will help simplify the reporting process, but an adequate description of the activity undertaken is still required.

3. **Expense Reporting: Rules, Shared and Held Costs and Assessments.**

a. **Receipts**. Unless otherwise addressed below, each expense claim must be properly documented by a receipt or some other form of proof of payment acceptable for ultimate presentation and approval by the Court. Copies of receipts need to be submitted on a monthly basis. Originals must be available for production upon request. Cash advances will not be considered for reimbursement without evidence of payment made with the case.

b. **Shared & Held Costs**. Advanced costs will be deemed as either "Shared" or "Held."

(1) Shared Costs are costs that will be paid out of a separate Plaintiffs' Steering Committee MDL No. 1708 Fund account to be established by Plaintiffs' Liaison counsel at M&I Bank, and to be funded by all members of the LCC and PSC and others as determined by the PSC. The PSC MDL No. 1708 Fund account will be administered by Plaintiffs' Liaison Counsel.

(2) Held Costs are those that will be carried by each attorney in MDL No. 1708 and reimbursed as and when determined by the LCC and the PSC.

c. **Assessments**. Each member of the LCC and the PSC and any others, such as members of PSC committees, as determined by the LCC, shall contribute to the Plaintiffs' Steering Committee MDL No. 1708 Fund at times and in amounts sufficient to cover Plaintiffs' expenses for the administration of the MDL. The timing and amount of each assessment will be determined by the LCC, and each assessment will be paid to Plaintiffs' Liaison Counsel. Failure to pay assessments may be grounds for suspension from the LCC, the PSC or a position within the Plaintiffs' leadership structure in the litigation.

d. **Shared Costs.**

(1) Shared Costs are costs incurred for the common benefit of the MDL as a whole. No client-related costs can be considered as Shared Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the MDL account. All Shared Costs must be approved by Plaintiffs' Liaison Counsel and the Administrative Committee prior to payment. Shared Costs include:

(a) Court, filing and service costs;

(b) Deposition and court reporter costs;

(c) Document Depository: creation, operation, staffing, equipment and administration;

(d) Plaintiffs' Liaison or Lead Counsel administrative matters, e.g., bank or financial institution charges, expenses for equipment, technology, courier services, long distance,

telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.);

(e) LCC and PSC group administration matters such as meetings and conference calls;

(f) Legal and accountant fees;

(g) Expert witness and consultant fees and expenses;

(h) Printing, copying, coding, scanning (out of house or extraordinary firm cost);

(i) Research by outside third party vendors/consultants/ attorneys;

(j) Common witness expenses including travel;

(k) Translation costs; and,

(l) Investigative service.

(2) Request for payments for any matters described must include sufficient information to allow the LCC to account properly for costs and to provide adequate detail to the Court. All requests shall be subject to review and approval by the LCC and any Administrative Committee it may establish.

e. **Held Costs.**

(1) Held Costs are costs incurred for the global benefit of the MDL. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. No specific client-related costs can be considered as held Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the LCC and/or the PSC and the Court for future reimbursement.

(2) Held Cost records shall be submitted pursuant to the protocols established above and, as with Shared Costs, request for payments for any matters described must include sufficient information to allow the LCC to account properly for costs and to provide adequate detail to the Court. All requests shall be subject to review and approval by the LCC and any Administrative Committee it may establish.

f. **Travel Expense Limitations.** Except in extraordinary circumstances approved by the LCC, all travel reimbursements are subject to the following limitations:

(1) Airfare. Only the price of a coach seat for a reasonable itinerary will be reimbursed.

(2) Hotel. Hotel room charges will be reimbursed up to the greater of (a) $300 per night excluding taxes or surcharges, or (b) the average available room rate of the Hyatt, Hilton, and Marriott hotels in that city. Charges for associated expenses in connection with the stay, e.g., laundry, toiletries, movies, etc., in excess of $15 will not be reimbursed.

(3) Meals. Meal expenses must be reasonable.

(4) Cash Expenses. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

(5) Rental Automobiles. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed.

(6) Mileage. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 40.5 cents per mile).

g. **Non-Travel Limitations**. The following apply:

(1) Long Distance and Cellular Telephone: Long distance and cellular telephone charges must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to MDL No. 1708.

(2) Shipping, Courier, and Delivery Charges: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

(3) Postage Charges: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

(4) Telefax Charges: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

(5) In-House Photocopy: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 15¢ per page.

(6) Secretarial and Clerical time: An itemized description of the task and time spent must be submitted for secretarial and clerical time. All overtime must be approved before submission by the LCC or the PSC.

(7) Computerized Research – Lexis/Westlaw: Claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services.

(8) Equipment Purchases. Purchases of equipment, including laptop computer purchases for and utilized by the individual attorneys and their staff, even if used primarily for MDL No. 1708, are not to be claimed, absent special circumstances approved by the LCC.

**4. Monitoring Time and Expenses.**

The LCC shall monitor all time and expenses to ensure that the work being done is for common benefit purposes and is proper and reasonable. Any changes that may be needed to these protocols may be recommended to the Court by the LCC.

Questions regarding these guidelines or procedures or the completion of any forms should be directed to the LCC (in the first instance), or to the Court.

Dated: February 15, 2006

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court