UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO KIRK, C. DAYTON, No. 1:07-cv-01885** | § § § | **JUDGE LISI** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC. TO AMENDED COMPLAINT**

Defendants Davol Inc. and C.R. Bard, Inc. (collectively "Defendants"), by and through counsel, answer Plaintiff's Amended Complaint (the "Complaint") as follows.

## Parties

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 and therefore deny the same.

2. The allegations in Paragraph 2 of the Complaint are not directed at C.R. Bard, Inc. ("Bard"); therefore, no response is required. Davol Inc. ("Davol") admits it is organized under the laws of the State of Delaware, with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island. Davol further admits that its resident agent in Rhode Island is CT Corporation System located at 10 Weybosset Street, Providence, Rhode Island. Davol admits it focuses its business on products in innovative key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. The allegations in Paragraph 3 of the Complaint are not directed at Bard; therefore, no response is required. Davol admits that at various times it designed, manufactured, and

distributed the Composix® E/X Mesh Patch for use by prescribing physicians in accordance with accompanying labeling information. Davol denies any remaining allegations.

4. The allegations in Paragraph 4 of the Complaint are not directed at Davol; therefore, no response is required. Bard admits that it is organized under the laws of the State of New Jersey and that Davol is its subsidiary. Bard denies that it participated in the manufacturing or distribution of the Composix® E/X Mesh Patch or that it manufactures or supplies Davol with materials in regard to the Composix® E/X Mesh Patch. Bard does not know what is meant by "substantial and continuous business" and therefore denies the allegation, but does admit that it does business in the State of Rhode Island.

**Jurisdiction**

5. Paragraph 5 of the Complaint purports to characterize and paraphrase information found in an action filed in the District Court for the District of Rhode Island. Defendants state that the complete and precise content of that information can be ascertained from the action itself. Defendants deny the allegations as phrased.

6. Paragraph 6 of the Complaint purports to characterize and paraphrase information found in a transfer order from the JPML. Defendants state that the complete and precise content of that information can be ascertained from the transfer order itself.

7. The docket speaks for itself. To the extent that a response is required, Defendants do not the meaning of "present matter" and therefore lack information or knowledge sufficient to form a belief as to the truth of the allegations. Defendants accordingly deny the allegations.

8. Paragraph 8 of the Complaint states conclusions of law as to which no response is required. To the extent that a response is required, Defendants admit that Paragraph 8 of the Complaint purports to characterize and/or paraphrase information found in the Notice of

Potential Tag-Along. Defendants state that the complete and precise content of that information can be ascertained from the notice itself. Defendants deny the allegations as phrased.

9. The Conditional Transfer Order speaks for itself. To the extent a response is required, Defendants admit that Paragraph 9 of the Complaint purports to quote, characterize, and paraphrase information found in the JPML's Conditional Transfer Order (CTO-2). Defendants state that the complete and precise content of that information can be ascertained from the conditional transfer itself. Defendants admit the allegations generally.

## Facts

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny the same.

11. The allegations in Paragraph are not directed at Bard; therefore, no response is required. Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12. On August 6, 1997, Davol received FDA 510(k) approval to market the Bard® Composite Prosthesis for use in the reconstruction of soft tissue deficiencies. Davol further admits that this Composite Mesh Prosthesis included a double layer of polypropylene mesh bonded to a single layer of expanded polytetrafluoroethylene (ePTFE).

13. Defendants admit that polypropelene mesh and ePTFE are components in select Davol hernia repair products, including the Composix® E/X Mesh Patch and Composix® Kugel® Hernia Patch.

14. To the extent that the allegations in this paragraph are directed to Bard, it denies those allegations. Davol admits that it submitted a 510k notification of intent on August 25, 2000. On October 11, 2000, the federal Food and Drug Administration approved Davol's Composix® E/X

Mesh Patch for use by prescribing physicians in accordance with its accompanying labeling information.

15. The allegations in Paragraph 15 of the Complaint are not directed at Bard; therefore, no response is required. Davol admits that at various times it designed, distributed, sold, and manufactured the Composix® E/X Mesh Patch for use by prescribing physicians in accordance with its accompanying labeling information.

16. Defendants admit that the Composix® Kugel® Hernia Patch and Composix® E/X Mesh Patch are used in the repair of ventral hernias.

17. Defendants admit that the Composix® Kugel® Hernia Patch is a polypropylene and expanded polytetraflouroethylene (ePTFE) patch used for soft tissue reconstruction. Defendants further admit that this patch contains a memory recoil ring.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. The allegations in Paragraph 19 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

20. The FDA's Manufacturer and User Facility Device Experience Database ("MAUDE") database speaks for itself. To the extent any material allegations are alleged, Defendants admit that the allegations of Paragraph 20 purport to characterize and paraphrase contents in the MAUDE database. Defendants state that the precise content of that information can be found from the database itself. Defendants deny the remaining allegations in Paragraph 20.

21. The FDA's MAUDE database speaks for itself. To the extent any material allegations are alleged, Defendants admit that Paragraph 21 purports to characterize and paraphrase contents in the MAUDE database. Defendants state that the precise content of that information can be found from the database itself. Defendants deny the remaining allegations in Paragraph 21.

22. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

23. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

24. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Davol further admits that it has received reports of intestinal fistulae and bowel perforation.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. The FDA's MAUDE database speaks for itself. To the extent any material allegations are alleged, Defendants admit that Paragraph 26 purports to characterize and paraphrase information found in the MAUDE database. Defendants state that the precise content of that information can be found from the database itself. Defendants deny the remaining allegations in Paragraph 26.

27. The FDA's MAUDE database speaks for itself. To the extent any material allegations are alleged, Defendants admit that Paragraph 27 purports to characterize and paraphrase information found in the MAUDE database. Defendants state that the precise content of that information can be found from the database itself. Defendants deny the remaining allegations in Paragraph 27.

28. The FDA's MAUDE database speaks for itself. To the extent any material allegations are alleged, Defendants admit that Paragraph 28 purports to characterize, quote, and paraphrase information found the MAUDE database. Defendants state that the precise content of that

information can be found from the database itself. Defendants deny the remaining allegations in Paragraph 28.

29. The FDA's MAUDE database speaks for itself. To the extent any material allegations are alleged, Defendants admit that Paragraph 29 purports to characterize and paraphrase information found the MAUDE database. Defendants state the precise content of that information can be found from the database itself. Defendants deny the remaining allegations in Paragraph 29.

30. The FDA's MAUDE database speaks for itself. To the extent any material allegations are alleged, Defendants admit that Paragraph 30 purports to characterize and paraphrase information found in the MAUDE database. Defendants state that the precise content of that information can be found from the database itself. Defendants deny the remaining allegations in Paragraph 30.

31. Bard denies the allegations. Davol denies the allegations as phrased. Davol admits that it has received reports of adhesion, small bowel obstruction, and intestinal fistulae but denies that these adverse events were "similar." Answering furthering, Davol admits that Paragraph 31 purports to characterize and paraphrase information found in the MAUDE database. Davol states that the precise content of that information can be found from the database itself. Davol denies any remaining allegations.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. The allegations in Paragraph 34 of the Complaint are general or conclusory statements to which no response is required. If a response is required, Defendants deny the allegations.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore deny the same.

36. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore deny the same.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore deny the same.

38. The allegations in Paragraph 38 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

39. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore deny the same.

40. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore deny the same.

41. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore deny the same.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

**Count I – Products Liability / Negligence**

43. Defendants incorporate by reference their responses to each of the preceding Paragraphs of the Complaint.

44. Paragraph 44 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

45. Paragraph 45 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

46. Paragraph 46 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

47. Paragraph 47 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

48. Paragraph 48 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

49. Paragraph 49 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

50. Paragraph 50 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

51. Paragraph 51 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

52. Paragraph 52 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

53. Paragraph 53 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

54. To the extent the allegations in Paragraph 54 of the Complaint are directed to Bard, Bard denies those allegations. Davol admits that it designed, conducted limited manufacturing of, distributed, and sold the Composix® E/X Mesh Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know the meaning of “conveyed” beyond “distributed” which was addressed above and therefore denies the allegation. Davol denies any remaining allegations.

55. Paragraph 55 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and therefore deny the allegations.

57. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and therefore deny the allegations.

58. Paragraph 58 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations, including subparagraphs "i" through "x."

59. Paragraph 59 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

60. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and therefore deny the same.

61. Paragraph 61 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Count II – Unfair and Deceptive Trade Practices – N.C.G.S. 75-1, *et seq*.**

62. Defendants incorporate by reference their responses to each of the preceding Paragraphs of the Complaint.

63. Paragraph 63 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

64. Davol admits that it designed, tested, conducted limited manufacturing of, distributed, advertised, and sold the Composix® E/X Mesh Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations, Davol

does not know what is meant by "study," "inspect," "produce," "advertise," and "promote" beyond the meaning of "designed," "tested," "developed," "distributed," and "marketed," which have been admitted. Davol accordingly denies those remaining allegations.

65. Paragraph 65 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

66. Paragraph 66 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

67. Paragraph 67 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

68. Defendants deny each and every allegation in Paragraph 68 of the Complaint.

69. Defendants deny each and every allegation in Paragraph 69 of the Complaint.

70. Defendants deny each and every allegation in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

72. Paragraph 72 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

73. Paragraph 73 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT III – Breach of Implied Warranty**

74. Defendants incorporate by reference their responses to each of the preceding Paragraphs of the Complaint.

75. Paragraph 75 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations.

76. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint, which also contains conclusions of law to which no response is required. To the extent a response is required, Defendants therefore deny the same.

77. Paragraph 77 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

78. Paragraph 78 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

79. Paragraph 79 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

80. Paragraph 80 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

81. Paragraph 81 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT IV - Fraud**

82. Defendants incorporate by reference their responses to each of the preceding Paragraphs of the Complaint.

83. Paragraph 83 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

84. Paragraph 84 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

85. Paragraph 85 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

86. Paragraph 86 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

87. Paragraph 87 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff's claims are barred, in whole or in part, for the failure to provide Defendants with timely notice of his claims as required by applicable North Carolina law.

7. Plaintiff's, or his agent's, misuse or abnormal use of the product or failure to follow instructions bar the plaintiff's claims in whole or in part, pursuant to N.C. Gen. Stat. § 99B-4(1) and § 99B-5(b).

8. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

10. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

11. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars Plaintiff's claims.

12. The learned intermediary doctrine bars Plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

17. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

18. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® E/X Mesh Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

20. Plaintiff failed to mitigate damages, which limits Plaintiff's recovery, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence.

24. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

25. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® E/X Mesh Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in the North Carolina constitution.

28. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the North Carolina constitution.

29. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under North Carolina and/or other applicable laws.

30. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than North Carolina.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Davol, Inc. and Defendant C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: March 17, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFF'S AMENDED COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

Gary K. Shipman
SHIPMAN & WRIGHT, LLP.
575 Military Cutoff Road, Suite 106
Wilmington, NC 28403
(*electronic notice*)

/s/ Kirby T. Griffis