Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax. 202.682.1639
www.spriggs.com

David W. Thomas
202.898.5861
dthomas@spriggs.com

March 11, 2008

VIA ELECTRONIC MAIL

M. Graham Dobbs, Esq.
Gray, Ritter & Graham, P.C.
701 Market, Suite 800
St. Louis, MO 63101

Re: *In re: Kugel® Mesh Hernia Patch Products Liability Litigation*
USDC D. R.I. MDL No. 07-1842, CA No. 07-1849
Plaintiff: Timothy J. Edgar

Dear Mr. Dobbs:

Following our initial meet and confer on February 28, 2008, I received your client's supplemental plaintiff fact sheet on March 10, 2008. While it addresses many of the deficiencies raised in our January 23, 2008 letter, several substantive deficiencies remain:

1. Section III.E (p.15) – Mr. Edgar states that he will "seasonably supplement" information regarding his mental health treatment. Given the accelerated nature of this case, and the early close of discovery, please provide this information as soon as possible.

2. Section V.F (p. 21) – Mr. Edgar fails to complete his description of his 1991 hernia repair or his 2000 hiatal hernia repair, as listed in Section III.C (pg. 18). Please provide the date of onset, date of diagnosis, person making the diagnosis, and type of treatment as requested.

3. Section VI.A. (p. 22) – Mr. Edgar has listed a gap in insurance coverage from 2002 until late 2007. Please confirm that Mr. Edgar was uninsured during this period, which encompasses both his implant and explant of the Composix® Kugel® Patch.

4. Section XI.A (p.26) – Mr. Edgar has failed to provide the following requested authorization: records authorization related to Federal and State income tax returns (Ex. G). Please provide this authorization.

From our previous conversation I understand your position to be that as Mr. Edgar is making no claim of lost income, his federal and state tax returns are not relevant, and you therefore refuse to provide signed authorizations. It is our position that the language of Section VI.D.iii of the Court's CMO provides that for a plaintiff fact sheet to be "substantially complete," a plaintiff must "provide the requested records authorizations," unless both plaintiff and defendants agree that an authorization is not necessary. For example, we have agreed to forgo Veterans Affairs and military records authorizations for non-veterans, as there would be no records. However, unless it is your position that Mr. Edgar has not filed a tax return in the previous ten (10) years, we would request that you send us a signed authorization, included as Exhibit G in the plaintiff fact sheet.

Though we are not required to provide any reasons for our request that you comply with the Court's CMO, it is our belief that a review of Mr. Edgar's tax returns may provide information that was inadvertently omitted from the plaintiff fact sheet, including previous employment and other sources of income relevant to the question of damages. Much as a review of plaintiff's medical records revealed that Mr. Edgar had inadvertently omitted Dr. Dennis Sumski from his plaintiff fact sheet, a review of Mr. Edgar's tax return may reveal similar omissions. More generally, we believe it reasonably calculated to lead to discoverable information.

Please contact me at your earliest convenience to discuss these continued deficiencies. We would prefer to resolve these deficiencies informally rather than pursuing a Court-ordered remedy pursuant to Section VI, paragraph D, subparagraph v of the Court's CMO.

Very Truly Yours,

/s/ David W. Thomas

cc: Don Migliori