**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO MUELLER, KORI No. 1:07-cv-01947** | § § § | **JUDGE LISI** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC.**

Defendants Davol Inc. and C.R. Bard, Inc., ("Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

**PARTIES**

1. Davol Inc. ("Davol") admits that it designed, distributed, sold, and conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 1 of the Complaint, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same. C.R. Bard, Inc. ("Bard") denies each and every allegation contained in Paragraph 1.

2. Davol admits that it designed, tested, conducted limited manufacturing of, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol further admits that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral and incisional hernias, when used in accordance with its accompanying labeling information. Bard denies each and every allegation contained in Paragraph 2.

3. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. Defendants deny each and every remaining allegation in Paragraph 3.

4. Paragraph 4 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

## JURISDICTION

5. Paragraph 5 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over Plaintiff's claims.

## PARTIES

6. Paragraph 6 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore deny the same.

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore deny the same.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore deny the same.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore deny the same.

10. Davol admits that it is organized under the laws of the State of Delaware with its principal place of business in Cranston, Rhode Island.

11. The allegations in Paragraph 11 are not directed to Bard, and therefore no response is required. Davol admits that it designed, tested, conducted limited manufacturing of, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol further admits that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral and incisional hernias, when used in accordance with its accompanying labeling information.

12. C.R. Bard, Inc. admits that it is organized under the laws of the State of New Jersey and that its principal place of business is in Murray Hill, NJ.

13. Defendants admit that Davol sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information and further that Davol is a wholly-owned subsidiary of bard.

## **FACTUAL BACKGROUND**

14. Davol admits that it designed, tested, conducted limited manufacturing of, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol further admits that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral and incisional hernias when used in accordance with its accompanying labeling information. Bard denies each and every allegation contained in Paragraph 14.

15. Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

16. Defendants admit that Davol began marketing certain product codes of the Composix® Kugel® Hernia Patch in February 2001 with the remaining larger-sized product codes being marketed beginning in February 2002.

17. Defendants admit that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral and incisional hernias when used in accordance with its accompanying labeling information. Defendants further admit the Composix® Kugel® Hernia Patch incorporates the "memory recoil ring" technology.

18. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. Defendants further admit that the federal Food and Drug Administration characterizes a "Class I" recall as "there is a reasonable chance that the product will cause serious health problems or death."

19. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

20. Defendants deny this allegation.

21. The allegations in Paragraph 21 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

22. The allegations in Paragraph 22 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

23. The allegations in Paragraph 23 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

24. The allegations in Paragraph 24 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

25. The allegations in Paragraph 25 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

26. The allegations in Paragraph 26 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT I**
**NEGLIGENCE**

27. In response to Paragraph 27 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

28. The allegations in Paragraph 28 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

29. The allegations in Paragraph 29 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

30. The allegations in Paragraph 30 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

31. The allegations in Paragraph 31 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT II**
**STRICT LIABILITY**

32. In response to Paragraph 32 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

33. Davol admits that it designed, tested, conducted limited manufacturing of, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard denies each and every allegation presented in Paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

35. The allegations in Paragraph 35 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

36. The allegations in Paragraph 36 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

38. The allegations in Paragraph 38 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

39. The allegations in Paragraph 39 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

40. The allegations in Paragraph 40 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

41. The allegations in Paragraph 41 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

42. The allegations in Paragraph 42 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

43. The allegations in Paragraph 43 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT III**
**BREACH OF EXPRESS WARRANTY**

44. In response to Paragraph 44 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

45. The allegations in Paragraph 45 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

46. The allegations in Paragraph 46 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

47. The allegations in Paragraph 47 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

48. The allegations in Paragraph 48 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

49. The allegations in Paragraph 49 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT IV**
**BREACH OF IMPLIED WARRANTY**

50. In response to Paragraph 50 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

51. The allegations in Paragraph 51 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

52. The allegations in Paragraph 52 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

54. The allegations in Paragraph 54 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

55. The allegations in Paragraph 55 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

56. The allegations in Paragraph 56 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT V
## FRAUDULENT MISREPRESENTATION

57. In response to Paragraph 57 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

58. The allegations in Paragraph 58 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

59. The allegations in Paragraph 59 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

60. The allegations in Paragraph 60 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

61. The allegations in Paragraph 61 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

62. The allegations in Paragraph 62 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

63. The allegations in Paragraph 63 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

66. The allegations in Paragraph 66 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

67. The allegations in Paragraph 67 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

68. The allegations in Paragraph 68 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT VI
## NEGLIGENT MISREPRESENTATION

69. In response to Paragraph 69 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

70. The allegations in Paragraph 70 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

71. The allegations in Paragraph 71 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

72. The allegations in Paragraph 72 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

73. The allegations in Paragraph 73 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT VII
## PUNITIVE DAMAGES

74. The allegations in Paragraph 74 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## FRAUDULENT CONCEALMENT

75. The allegations in Paragraph 75 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

76. The allegations in Paragraph 76 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiff's claims against Defendants in whole or in part.

5. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff's, or Plaintiff's agents', including Plaintiff's physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

7. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

9. If Plaintiff sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

10. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

11. The learned intermediary doctrine bars Plaintiff's claims.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings,

information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

16. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

17. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these Defendants are not responsible;

accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

19. Plaintiff failed to mitigate damages, which limits Plaintiff's recovery, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiff's claims are barred in whole or in part by Plaintiff's own comparative negligence.

23. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

24. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in Article I of the Rhode Island Constitution and/or applicable provisions of the Indiana Constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Rhode Island and/or Indiana Constitution.

28. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Rhode Island, Indiana, and/or other applicable laws.

29. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Rhode Island.

31. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: March 21, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC. TO PLAINTIFF'S COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiff's Liaison Counsel and counsel of record for Plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

William N. Riley, Esq.
Jamie R. Kendall, Esq.
Joseph N. Williams, Esq.
PRICE WAICUKAUSKI & RILEY, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
*(electronic notice)*

/s/ Kirby T. Griffis