**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § | |
| | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO** | § | |
| **PERKINS, ROBYN, et al.,** | § | **JUDGE LISI** |
| **No. 1:07-01939** | § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC.**

Defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol"), by and through their counsel, answer the Plaintiffs' Complaint as follows

## I. PARTIES

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. Defendants admit Bard is a New Jersey corporation with its principal place of business in Murray Hill, New Jersey. Answering further, Defendant admits that Bard has done business at various times in the State of Texas. Defendants admit that service of process may be made on Bard through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, TX 75201.

3. Defendants admit Davol is incorporated under the laws of Delaware with its principal place of business in Cranston, Rhode Island. Davol admits that it is a subsidiary of Bard. Answering further, service of process may be made on Davol through its registered agent, CT Corporation System, at 10 Weybosset Street, Providence, Rhode Island 02903.

## II. JURISDICTION AND VENUE

4. Defendants admit the requirements of §1332 have been met.

## III. CONDITIONS PRECEDENT

5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore deny the same.

## IV. FACTS

6. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 6 of the Complaint and therefore deny the same.

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 7 of the Complaint and therefore deny the same.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 8 of the Complaint and therefore deny the same.

9. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches too place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

10. The allegations in Paragraph 10 are not directed at Davol, and therefore no answer is required. Bard denies each and every allegation contained in Paragraph 10.

11. The allegations in Paragraph 11 are not directed at Bard, and therefore no answer is required. Davol admits that it designed, conducted limited manufacturing of, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with labeling information. As to the remaining allegations in Paragraph 11, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

## V. STRICT LIABILITY CAUSE OF ACTION AGAINST C.R. BARD INC.

12. In response to Paragraph 12 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

13. Bard denies each and every allegation in Paragraph 12 of the Complaint. The allegations are not directed at Davol and therefore no response is required.

14. Paragraph 14 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

15. Paragraph 15 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 16 of the Complaint and therefore deny the same.

17. Paragraph 17 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

18. Paragraph 18 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

19. Paragraph 19 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

20. Paragraph 20 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

21. Paragraph 21 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

22. Paragraph 22 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

## VI. NEGLIGENCE CAUSES OF ACTION AGAINST C.R. BARD, INC.

23. In response to Paragraph 23 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

24. The allegations in Paragraph 24, including subparts (A)-(B), are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

25. The allegations in Paragraph 25 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**VII. STRICT LIABILITY CAUSE OF ACTION AGAINST DAVOL, INC.**

26. In response to Paragraph 26 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

27. Defendants admit that Davol has designed, conducted limited manufacturing of, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its labeling information.

28. The allegations in Paragraph 28 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

29. The allegations in Paragraph 29 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

30. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 30 of the Complaint and therefore deny the same.

31. The allegations in Paragraph 31 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

32. The allegations in Paragraph 32 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

33. The allegations in Paragraph 33 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

34. The allegations in Paragraph 34 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

35. The allegations in Paragraph 35 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

36. The allegations in Paragraph 36 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## VIII. NEGLIGENCE CAUSES OF ACTION AGAINST DAVOL INC.

37. In response to Paragraph 37 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

38. The allegations in Paragraph 38, including subparts (A)-(B), are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

39. The allegations in Paragraph 39 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## IX. DAMAGES FOR PLAINTIFF ROBYN PERKINS

40. The allegations in Paragraph 40 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny those allegations.

## X. DAMAGES FOR PLAINTIFF DANNY PERKINS

41. The allegations in Paragraph 41 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny those allegations.

## XI. CLAIM FOR EXEMPLARY DAMAGES

42. The allegations in Paragraph 42 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**XII. CLAIM FOR PREJUDGMENT INTEREST**

43. The allegations in Paragraph 43 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**XIII. JURY DEMAND**

44. The allegations in Paragraph 44 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiffs' claims against Defendants in whole or in part.

5. Applicable statutes of limitations, statutes of repose, and the doctrine of laches bar Plaintiffs' claims in whole or in part.

6. Plaintiffs', or their agents', including their physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiffs' claims in whole or in part.

7. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

9. If Plaintiffs sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

10. If Plaintiffs used a product sold by Defendants, Plaintiffs used the product for off-label purposes, which bars the Plaintiffs' claims.

11. The learned intermediary doctrine bars Plaintiffs' claims.

12. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were

extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

16. If Plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases, and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law (including but not limited to Chapter 33 of the Texas Civil Practice & Remedies Code), Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party, any person, or entity, including the Plaintiffs and any party, person, or entity who has settled with the Plaintiffs. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiff from any source whatsoever with respect to the injuries and damages at issue in this suit.

17. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of

Plaintiffs or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

19. Plaintiffs failed to mitigate damages, which limits Plaintiffs' recovery, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to them.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Pursuant to Article 5.10(B)(2) of the Texas Business Corporations Act, Defendants, as acquiring corporations, are not liable for obligations not expressly assumed.

23. Plaintiffs' claims are barred in whole or in part by Plaintiffs' own comparative negligence.

24. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

25. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Texas Constitution.

28. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Texas Constitution.

29. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under Texas and/or other applicable laws.

30. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Texas.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

Dated: March 24, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFFS' COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

Linda Turley
TURLEY LAW FIRM
6440 North Central Expresway
1000 Turley Law Center
Dallas, TX 75206
(*electronic notice*)

/s/ Kirby T. Griffis



501087v2