**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO RUTHERFORD, WALTER W. No. 1:07-cv-01891** | § § § | **JUDGE LISI** |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

Defendants and Davol Inc. and C.R. Bard, Inc. (collectively "Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

**PARTIES**

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. The allegations in Paragraph 2 are not directed at C.R. Bard, Inc. ("Bard"), and therefore no response is required. Davol Inc. ("Davol") admits that it is organized under the laws of the State of Delaware, has its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island, and has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. Answering further, Davol admits that part of its medical device business focuses on hernia repair prosthetics, including the Composix® Kugel® Hernia Patch and that limited manufacturing of the Composix® Kugel® Hernia Patch has occurred in Rhode Island.

3. The allegations in Paragraph 3 are not directed at Davol; therefore, no response is required. Bard admits that it is organized under the laws of New Jersey and that

Davol is its subsidiary. Bard does not know the meaning of "substantial and continuous" and therefore denies the allegations, but admits that it has done business in the State of Louisiana. Bard denies the remaining allegations.

**JURISDICTION**

4. Defendants admit that the requirements of 28 U.S.C. § 1332 have been met. Davol admits that it is organized under the laws of Delaware with its principle place of business in Rhode Island. Davol further admits that limited manufacturing of the Composix® Kugel® Hernia Patch occurred in Rhode Island. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore deny the same.

**FACTS**

5. The allegations in Paragraph 5 are not directed to Bard; therefore, no response is required. Davol admits that it designed, distributed, and conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint and therefore denies the same.

6. The allegations in Paragraph 6 are not directed to Bard; therefore, no response is required. Davol admits that it conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 6 of the Complaint, Davol does not know what is meant by "delivery" beyond the meaning of "distributed"

which has been admitted or lacks sufficient knowledge or information to form a belief as to the truth of the allegations. Davol accordingly denies the remaining allegations.

7. Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

8. Davol admits that it designed, conducted limited manufacturing of, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Bard denies the allegations.

9. Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm.

10. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

11. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Davol further admits that it has received reports of ring migration, intestinal fistulae, bowel perforation, and death.

12. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

13. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore deny the same.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore deny the same.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

20. Paragraph 20 of the Complaint states conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

21. Paragraph 21 of the Complaint states conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

22. Paragraph 22 of the Complaint states conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

23. Paragraph 23 of the Complaint states conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

## LOUISIANA PRODUCTS LIABILITY ACT

24. In response to Paragraph 24 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

25. Paragraph 25 of the Complaint states conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

26. The allegations in Paragraph 26, including subparts (a)-(d), are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

27. Paragraph 27 of the Complaint states conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

28. Paragraph 28 of the Complaint states conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

29. Paragraph 29 of the Complaint, including subparts (a)-(b), states conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

30. Paragraph 30 of the Complaint states conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

31. Paragraph 31 of the Complaint states conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

## **VIOLATION OF WARRANTY OF REDHIBITION**

32. In response to Paragraph 32 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

33. Paragraph 33 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

34. Paragraph 34 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

35. Paragraph 35 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

36. Paragraph 36 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff's, or his agents', including his physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

7. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

9. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including

contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

10. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

11. The learned intermediary doctrine bars Plaintiff's claims.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

16. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or

omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

17. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct this defendant is not responsible; accordingly, it is entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

19. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence.

23. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

24. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Louisiana Constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Louisiana Constitution.

28. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Louisiana and/or other applicable laws.

29. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Louisiana.

31. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Dated: March 24, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFF'S COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

Matthew E. Lundy
LUNDY & DAVIS, L.L.P
501 Broad St.
Lake Charles, LA 70601
(*electronic notice*)

/s/ Kirby T. Griffis