**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § | |
| | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO ALL ACTIONS** | § § | **JUDGE LISI** |
| | § | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER REGARDING DOCUMENTS ATTACHED TO PLAINTIFFS' MOTION TO COMPEL**

Defendant, Davol, Inc. ("Davol"), through counsel, respectfully files this Memorandum of Law in Support of its Motion for Protective Order to justify the confidentiality designations of certain documents attached by Plaintiffs in support of a discovery motion. In their Motion to Seal the confidential exhibits to their Motion to Compel, Plaintiffs added the "request" that the documents be made publicly available through the ECF system. This Court should grant this Motion for Protective Order and deny Plaintiffs' request to file the documents publicly because there is no justification to unseal documents at this phase in this litigation, where the documents are not being relied upon by the Court to resolve any merits issues, and because the documents are entitled to their confidential status because they contain confidential business information and their disclosure will cause Davol significant competitive and commercial harm.

## Introduction

Pursuant to the Protective and Confidentiality Order, Plaintiffs may challenge the designation of documents as confidential by identifying challenged documents in writing. Protective Order ¶ 12. Defendants then have thirty days to make application to the Court justifying the confidentiality designation. *Id.* In connection with their reply brief in support of

their motion to compel the apex deposition of Daniel LaFever,[1] plaintiffs attached certain confidential documents, filed those under seal, and in the accompanying Motion to Seal, made a "request" that the documents be unsealed so that they could be filed through ECF and thus made available to the general public. Defendants wrote to Plaintiffs and the Court, saying that they considered the provisions of ¶ 12 to be triggered with regard to those documents, and that it would accordingly file this motion.

## Argument

### I. There Is No Substantial Public Interest At Stake In Disclosure Of Discovery Materials.

Case law nationwide and in this Circuit recognizes a distinction between materials submitted to a court for its consideration of a discovery motion and those submitted and relied upon by the Court in deciding a merits issue. *See, e.g., Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986) (noting that the public is presumed to have a right of access to materials submitted with a summary judgment motion but not with a motion to compel disclosure). As the United States Supreme Court said, "pretrial deposition and [other discovery material] are not public components of a civil trial. Such proceedings . . . are conducted in private as a matter of modern practice." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984); *see also Anderson*, 805 F.2d at 11 (holding that "there is no right of public access to documents considered in civil discovery motions"). One reason given by the First Circuit against mandating access to discovery to the public is that "the civil discovery process might actually be made more complicated and burdensome that it already is." *Anderson*, 805 F.2d at 12. The Sedona Conference's Guidelines on Best Practices Addressing Protective Orders, Confidentiality and Public Access in Civil Cases

---

[1] Following oral argument before Magistrate Almond on March 10, 2008, plaintiffs' motion to compel was denied.

recognizes and supports this distinction. *See* Sedona Guidelines at 3 (at the discovery phase and with regard to documents filed with the court regarding discovery matters, only a "good cause" showing is required to maintain confidentiality).[2]

Plaintiffs have identified no reason that *they* would benefit from the public disclosure of the documents they filed under seal, and it is not easy to conceive of a legitimate reason that unsealing the documents would benefit them. They currently have full access to the documents produced by Davol, and may use them for any proper purpose in the litigation. They suffer no prejudice or hardship as a result of the designations.

## II. The Documents Which Plaintiffs Seek To Place Into The Public Domain Should Retain Their Confidential Designation.

The documents Plaintiffs' request to file unsealed contain sensitive business information about Davol's operations as a medical device manufacturer that the Company maintains as confidential. The documents are an FDA Establishment Inspection Report, communications between Davol and FDA concerning the related FDA audit, a presentation made to FDA disclosing internal test data, and internal Davol documents relating to the audit. Such documents are maintained as confidential by Davol, *see* Drago Aff. ¶ B(1)-(2), and to the extent that they originate from or are communications with the FDA, by the FDA as well, *id.* at ¶ E. Such documents contain and reflect confidential observations made by FDA, which would not be released to the public by FDA or by Davol if demanded, *id.* at ¶¶ D-E, as well as Davol's expertise and procedures for handling and responding to FDA inquiries and audits. *Id.* at ¶ D.

---

[2] The basic structure of the Confidentiality & Protective Order in this case, which provides an easy mechanism by which plaintiffs may challenge documents designated as confidential, is endorsed by the Sedona Guidelines as well. *See id.* at 9.

The case law in this Circuit recognizes that business operations are entitled to confidentiality protection upon an appropriate showing of cause. *See, e.g., GTE Prods. Corp. v. Gee*, 112 F.R.D. 169, 171-172 (D. Mass. 1986) (limiting access to confidential business information to defendants' counsel); *Multi-Core, Inc. v. Southern Water Treatment Co.*, 139 F.R.D. 262, 264 (D. Mass. 1991) (limiting access to confidential business information to counsel and experts); *Ares-Serono, Inc. v. Organon Int'l B.V.*, 151 F.R.D. 215, 221 (D. Mass. 1993) (limiting access to confidential research data provided to the FDA to litigation counsel and experts); *Pharmachemie, B.V. v. Pharmacia, Inc.*, 1998 U.S. Dist. LEXIS 2192, at *6 and 9 (D. Mass. Jan. 30, 1998) (limiting access to confidential business information to legal counsel and approved technical employees). To make this showing, this Court may look to employee affidavits such as that of Ms. Drago. *See New England Sav. Bank v. First Commercial Corp.*, 1989 U.S. Dist. LEXIS 9296, at *7 (D.N.J. Aug. 9, 1989) (using employee affidavit to make *prima facie* showing that documents were entitled to protection); *Weathers v. American Family Mut. Ins.*, 1989 U.S. Dist. LEXIS 18300, at *5 (D. Kan. Sept. 26, 1989) (establishing confidentiality of information and economic harm by use of employee affidavit).

The nature of the documents, together with the affidavit of Robin Drago, establish "good cause" to leave the documents filed by plaintiffs in support of their discovery order under seal and to deny their request to file them publicly. The "Request" to unseal should be denied and this Motion for Protective Order granted with regard to the documents in question.

Dated: March 24, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2008, the foregoing MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER REGARDING DOCUMENTS ATTACHED TO PLAINTIFFS' MOTION TO COMPEL was electronically filed with the Clerk of Court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

/s/ Kirby T. Griffis