**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**IN RE KUGEL® MESH HERNIA REPAIR PATCH LITIG.**

**THIS DOCUMENT RELATES TO:** ***ALL CASES***

**MDL Docket No. 07-1842-ML**

**Chief Judge Mary M. Lisi**

**OPPOSITION TO PLAINTIFFS' MOTION AMEND CASE MANAGEMENT ORDER TO INCLUDE SETTLEMENT NOTIFICATION**

In a two-page motion, the Plaintiffs' Steering Committee asks this Court to require that Defendants notify it of "any and all settlement discussions with any party," whether in the MDL or outside of it, whether in federal court or in state court, and whether the party has filed a lawsuit or not. Motion at 1. Plaintiffs cite no case law in support of this extraordinary request, but refer only to three MDL orders entered under very different circumstances that do not apply here. There is no basis in law for plaintiffs' request and it should be denied.

**I. There Is No "Limited Fund" Issue Present In This Case.**

One basis for plaintiffs' demand for disclosure of settlement information is that "there is a risk that a limited fund could be created." Motion at 1. Should plaintiffs determine that it is necessary, they suggest that they could brief that issue in the future. *Id*. But they must make their showing that a limited fund exists *before* they are entitled to relief, not gain unprecedented disclosures based on pure speculation. There is simply no evidence whatsoever before this Court that Bard – a company with a market value of billions of dollars, and against which no liability judgment has been entered with regard to the Composix® Kugel® Patch – has only a "limited fund" available for the resolution of the claims against it.

Bard knows of no court that has based a decision regarding the existence of a limited fund on the speculation of counsel. As plaintiffs recognize in alluding to the possibility of "a limited fund settlement," Motion at 1, the "limited fund" issue directly raises the issue of class certification based on the existence of a limited fund. *See* First Amended Master Class Action Complaint (Docket #406) at 25. Rule 23(b)(1)(B) creates a high standard for limited fund certification. The burden is on plaintiffs to establish several factors that the Supreme Court has called "presumptively necessary." *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 842 (1999). A (b)(1)(B) class cannot be certified unless sufficient evidence has been produced to support a finding that the "totals of the . . . claims" and the "funds available for satisfying them . . . demonstrate the inadequacy of the fund to pay all the claims." *Ortiz*, 527 at 838. Findings regarding the existence and insufficiency of a limited fund must be based on actual evidence, not the speculation of counsel. *Id*. at 849 (there must be "evidence on which the district court may ascertain the limit and the insufficiency of the fund, with support in findings of fact following a proceeding in which the evidence is subject to challenge."). If the PSC continues to pursue its request for limited fund class certification, then these and other requirements regarding the existence of a limited fund will be resolved. Until and unless it meets its burdens of proof regarding demonstrating the existence of a limited fund, the PSC is entitled to no relief on this basis.

## II. The PSC's Desire For Reimbursement Does Not Justify A Global Breaching Of The Public Interest In Preservation Of Confidentiality Of Settlements.

### A. There Is a Strong Public Interest in Confidentiality of Settlements.

The importance of confidentiality of settlement negotiations and settlements themselves cannot be underestimated. "There exists a strong public interest in favor of

secrecy of matters discussed by parties during settlement negotiations." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003). Without the ability to ensure confidentiality of discussions and settlements, "[p]arties will not feel free to engage in candid settlement talks if they fear that their positions can be later used . . . against them." *Frank v. L.L. Bean*, 377 F. Supp. 2d 233, 239 (D. Me. 2005); *see also Goodyear Tire & Rubber Co.*, 322 F.3d at 980 (in absence of confidentiality, parties would not make most effective settlement efforts because they would instead be focused on posturing for litigation position); *Hasbrouck v. BankAmerica Housing Servs.*, 187 F.R.D. 453, 459 (N.D.N.Y. 1999) (without opportunity for confidential discussions, "many lawsuits would remain unsettled."). Courts have routinely recognized the importance of protecting the parties' rights to engage in confidential settlement discussions or reach confidential agreements. *Goodyear Tire & Rubber Co.*, 322 F.3d at 980; *see also Baella-Silva v. Hulsey*, 454 F.3d 5, 12 (1st Cir. 2006) (awarding sanctions against party who violated confidentiality provision of settlement agreement).

If, as the PSC urges here, Bard must disclose the existence, content, or outcome of its settlement discussions, the public policy interest of encouraging non-judicial resolution of claims will be frustrated. *Goodyear Tire & Rubber Co.*, 332 F.3d at 981-82 (public policy favors confidentiality in settlement negotiations and recognition of a settlement privilege covering all statements made in that context); *In re Vitamins Antitrust Litig.*, 357 F. Supp. 2d 50, 51 (D.D.C. 2004) (public interest that exists in settlement of complex lawsuits would be compromised and settlements would be less attractive if require disclosure of contents of negotiations); *Hasbrouck*, 187 F.R.D. at 458 (settlements further the public interest by conserving judicial and parties' resources).

**B. Plaintiffs Have Made No Showing of Need for or Entitlement To Settlement Information.**

In the Motion, the PSC appears to suggest that it will ultimately seek the creation of a common benefit fund. Motion at 1-2.[1] Two of the three MDL orders that plaintiffs attach – *In re Human Tissue Products Liability Litig.* and *In re Guidant Defibrillators Products Liability Litig.* – represent the creation of such funds – following appropriate briefing and argumentation, of course. The third MDL order that plaintiffs attach, *In re VIOXX*, is a *final settlement* order representing not only years of litigation but also agreement of the parties. No such procedures have occurred in this case, and the motion is premature. Apart from the nonexistent "limited fund" argument, plaintiffs say little more with regard to *why* they should be notified about all settlement discussions than that they are supposed to handle settlement and accounting matters. *See* Motion at 1 (quoting from Practice & Procedure Order 2 (Docket #24)). Tellingly, the language quoted – and the Amended Case Management Order – refer to the PSC's responsibilities "in this litigation," which, of course, binds only the plaintiffs before this Court. Amended CMO § I (Docket #257).

Also fatal to plaintiffs' request is the fact that this Court lacks jurisdiction to interfere with settlement discussions in state court actions and other matters (such as unlitigated claims) not before it. *See In re Zyprexa Prods. Liab. Litig.*, 467 F. Supp. 2d 256 (E.D.N.Y. 2006) (finding that MDL court lacked jurisdiction over state court cases never subject to its transfer powers and therefore that in cases where the same attorneys represent MDL plaintiffs and state court plaintiffs, or where state court plaintiffs are

[1] The Motion itself is not such a request: it says that "at some point, this Court *may be asked*" to consider sharing of costs and services. *Id.* at 1. The Motion contains no details regarding any such proposed fund, its management, or its distribution of funds.

entitled to use MDL discovery, any contribution order must come from the appropriate state court); *see also In re Showa Denko K.K. L-Tryptophan Prods. Liab. Litig. II*, 953 F.2d 162 (4th Cir. 1992) (MDL court lacks jurisdiction to place requirements on settlements in matters not subject to transfer); *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 644 (E.D. Pa. 2003) (same).

If the PSC wishes to force upon state-court litigants who chose not to participate in the MDL or private parties who did not even file a lawsuit an obligation to give the PSC money upon settling a case, they must provide far more justification to do so than they have to date. Their power to compel such payment without the voluntary prior agreement of those parties is, to say the least, doubtful. For example, the VIOXX settlement order attached by plaintiffs represented an *agreed settlement* in which the state-court claimants consented to the federal court's control over the distribution mechanisms.

With regard to parties *in* the MDL, the PSC's request amounts to an attempt to make Bard an unwilling enforcer of the PSC's own rights – such that any exist – created by contract or by the CMO. If an attorney in the MDL chooses to discuss settlement with Bard, that fact and the details of the settlement should not be paraded before the PSC, either before settlement (when the PSC's involvement would be particularly chilling of free and frank discourse about settlement) or afterwards. The individual attorney's ethical obligations to comply with his or her duties under the CMO and any agreements with the PSC should suffice to protect the PSC's interests.

Even when, after appropriate briefing and argumentation, MDL courts order the creation of common benefit funds, they recognize the appropriate limitations on

disclosure of confidential settlement information. For example, in *In re Protegen Sling and Vesica Sys. Prods. Liab. Litig.*, Nos. 1:01-01387, 1387, 2002 WL 31834446 (D. Md. Apr. 12, 2002), the court required the defendant to make payments of portions of settlements into a common benefit fund, but ordered that the payments be made through an independent appointed escrow agent not connected with the parties. The escrow agent provided only limited aggregated information to the plaintiffs' steering committee. *Id.* at *2.[2]

## CONCLUSION

Plaintiffs have made no attempt to establish that a "limited fund" exists in this litigation and none to justify the extraordinary interference with the confidential settlement process that their motion entails. Their motion must be denied.

Respectfully submitted,

March 28, 2008

s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol, Inc.*

[2] The Court also recognized that it could order payments of portions of state-court settlements only to the extent this was consistent with an order *by the state court*. *Id.* at *3.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2008, the foregoing Opposition To Motion To Amend Case Management Order To Include Settlement Notification, was electronically filed with the Clerk of Court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon the Plaintiffs' Liaison Counsel via facsimile and e-mail as indicated below:

Donald Migliori
Motley Rice LLC
321 S. Main Street
P.O. Box 6067
Providence, RI 02940-6067
Facsimile: (401) 457-7708
E-mail: dmigliori@motleyrice.com

s/ Kirby T. Griffis
Kirby T. Griffis
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol, Inc.*