UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re KUGEL® MESH HERNIA PATCH LITIGATION | § |
| | § MDL Docket No. 07-1842-ML |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | § |
| | § Judge Mary M. Lisi |
| | § Magistrate Judge Lincoln D. Almond |
| | § |

**PROPOSED ORDER DETAILING DEFENDANTS C.R. BARD'S AND DAVOL'S DOCUMENT PRODUCTION**

Pursuant to the court's duty to supervise pretrial proceedings in this case, including discovery, and pursuant to the court's inherent power, the court hereby orders, effective immediately, the following. Entry of this stipulated Order resolves the issues raised in Plaintiff's Motion For The Entry Of An Order Detailing The Form and Format of Documents To Be Produced By Defendants, which is therefore hereby DENIED as moot.

***Document Production***

1. Order Applicable to All Cases in MDL Proceedings: The following document production protocol shall apply to the production of documents existing in hard-copy form and documents existing in electronic form by Defendants C.R. Bard, Inc. and Davol Incorporated, their officers, agents, employees and attorneys (collectively, "Defendants"). This Order shall apply to all cases currently pending in MDL No. 1842 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all cases currently pending or subsequently made a part of these proceedings and shall govern each case in the proceedings unless it explicitly states that it relates only to specific cases.

2. Production Media: Defendants shall produce documents on CDROM, DVD, external hard drive (with standard PC compatible interface formatted using NTFS with a firewire and/or USB 2.0 interface), or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Each piece of Production Media shall identify a production number corresponding to the production "wave" the documents on the Production Media are associated with (e.g., "KPRE001"; "KPRE002"). Additional information that shall be identified on the physical Production Media shall include: (1) text referencing that it was produced in MDL No. 1842, (2) the producing party's name, and (3) the production date. The following information shall also accompany the Production Media, and where practicable shall also be identified on the physical Production Media itself (but may be provided with an accompanying letter where identifying the information on the Production Media itself is not practicable): (1) the type of materials on the media (e.g., "Images," "OCR Text," "privilege log," etc.), (2) the Bates Number range(s) of the materials contained on the Production Media, and (3) any previously produced documents which are being produced in a modified sate (e.g. redactions removed, confidentiality stamp removed, etc.).

3. From this point forward, all production document images will be provided as single-page "TIFFs" in at least a 300 dpi with Group IV compression. All images generated from hard copy documents shall reflect, without visual degradation, the full and complete information contained on the original document. All images generated from native electronic documents will reflect how the source document would have appeared if printed out to a printer attached to a computer. The Defendants shall produce a "load file" to accompany the images, which load file shall include information about where each document begins and ends to facilitate the use of the produced images through a document management or litigation support database system.

4. Defendants shall produce all electronic documents and/or electronically gathered materials with the following descriptive coding and/or Metadata:

| **Coding Field** | **Description** |
|---|---|
| BegBates; EndBates: | (Doc # start and Doc # end). This should use the standard Bates # fashion in accordance with those used by Defendants in previous productions. |
| BegAttach; EndAttach: | Where appropriate and available, each e-mail with an attachment associated with it should have the metadata file to include the email and its attachments with its parent-child relationship. The beginning and ending Bates numbers of the collection to which the document and any attachments thereto are associated (i.e., for an email that is bates stamped ABC0001 - ABC0002, with two attachments bates stamped ABC0003 - ABC0004 and ABC0005 - ABC0008, the BegAttach and EndAttach for all three documents would be ABC0001 - ABC0008). |
| DocDate: | The date of the document, formatted as follows: MM/DD/YYYY, with leading zeros as appropriate (e.g., 03/01/2006). For emails, the field will reflect the date the email was sent; for other documents, the field will reflect the last date on which the document was saved. |
| DocType: | The file type extension corresponding to the document (i.e. ".doc," ".wpd," or ".xls.") |
| Filename: | The filename as it was saved. This will be provided for electronic documents (and not e-mails) only. |
| Subject Line: | The subject line of the e-mail. This will be provided for e-mails only. |
| AuthorName: | The author(s) of a document, i.e. the "From" line. This will be provided for e-mails only. |
| To: | The recipient(s) of a document. This will be provided for e-mails only. |
| CC: | The person(s) who received copies of a document. This will be provided for e-mails only. |
| BCC: | The person(s) who received blind copies of a document. This will be provided for e-mails only. |
| Custodian: | Where applicable and available, the name of the individual whose electronic custodial file contained the document at issue. |
| Source: | Where available, the location from which the electronic document was retrieved. This will consist of the specific path name of the original document (e.g. C:\Documents and Settings\dilorenzo.Davol\My Documents\Kugel Files). |

| | |
|---|---|
| Importance: | For Outlook emails, "High," "Low," or "Normal." |
| Sensitivity: | For Outlook emails, "Normal," "Private," "Personal," or "Confidential." |
| Redacted (Yes or no): | Indication of whether the document at issue is redacted. To be provided in the redaction log. |

5. Except as indicated above, all metadata and coding fields should be provided on an individual doc/document level. If Plaintiffs have problems importing and using the Objective Coding for document management, Plaintiffs and Defendants shall meet and confer to attempt to resolve the problems.

6. OCR/Extracted Text. Defendants shall produce corresponding Optical Character Recognition (OCR) text files for all hard-copy documents and any electronic documents that require redaction prior to production. For documents that exist natively in electronic format that have not been redacted and that are produced as images, the Defendants shall produce extracted text files reflecting the full text that has been electronically extracted from the original, native electronic files. The OCR/extracted text shall be provided in ASCII text format and shall be labeled and produced on Production Media in accordance with the provisions of paragraph 4. The text files will be associated with the unique Bates Number of the first page of the corresponding document followed by the extension ".txt." The OCR/extracted text files shall be provided in a manner suitable for importing the information into a commercially available document management or litigation support software.

7. Databases: For all identified databases which contain potentially discoverable materials, Defendants shall provide Plaintiffs, at the time of production, the data contained in the databases in a fully searchable format which mirrors the fields and formats of the original database. The databases include, but are not limited to, MFGPro, AS400 Wholesale database, the three "Recall" databases, Trackwise, Easy Track, and the DCS Database. Prior to the production,

Defendants will provide to Plaintiffs a detailed description of the fields in each database and parties will meet and confer about what, if any, fields Defendants' claim are protected/privileged and should be withheld from production. The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software such as Summation or Concordance.

8. Other Native Format Production: As Plaintiffs identify documents provided in the production, other than those mirrored by the databases covered under the provision of paragraph 7, which are in a form and/or format for which they deem the original native format would be useful, the parties shall meet and confer regarding whether such documents will be produced in native format before seeking relief from the Court.

9. Original Documents: Defendants shall, upon reasonable request, make originals of any produced document available for inspection and copying by the requesting party, subject to any redactions made pursuant to Court Ordered guidelines and/or agreement of the parties.

10. Searches to Identify Discoverable Materials. Parties have met and conferred and preliminarily agreed to the servers, individuals, databases, and locations (collectively "sources") which have and will be searched for potentially discoverable materials. Parties have also conferred and preliminarily agreed to the method which Defendants have and shall use in searching those sources, including the use of an agreed to set of additional search terms. Should additional sources be identified or searches required, the parties shall meet and confer to the extent reasonably necessary to facilitate these sources inclusion in production before seeking relief from the Court.

Date:

Entered: Mary M. Lisi
USDJ 3/31/08