**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO** | § | |
| *Montiel et al. v. Davol, Inc., et al.,* 1:07-cv-00064 | § § | **Judge Lisi** |
| *Horowitz et al. v. Davol, Inc. et al.,* 1:07-cv-01865 (E.D.N.Y. 1:07-cv-02392) | § § | |
| *Kane v. Davol, Inc. et al*., 1:07-cv-01914 (W.D.Mo. 4:07-cv-00575) | § § | |
| *Boggs v. Davol, Inc. et al*., 1:07-cv-01934 (S.D. Ill. 3:07-cv-642) | § § | |
| *Bost et al v. Davol, Inc. et al*., 1:07-cv-01925 (E.D. Pa. 2:07-cv-03997) | § § | |
| *Barrientos v. Davol, Inc. et al.,* 1:07-cv-01946 (M.D. Fla. 8:07-cv-01747) | § § | |
| *Girton v. Davol, Inc. et al*., 1:07-cv-01949 (D.N.J. 2:07-cv-4678) | § § | |
| *Gayvont v. Davol, Inc. et al*., 1:07-cv-01966 (N.D. W.Va. 5:07-cv-125) | § § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC. TO PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants Davol Inc. and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer the Plaintiffs' First Amended Consolidated Class Action Complaint (the "Complaint") as follows:

**NATURE OF THE ACTION**

1. Defendants admit that Davol, Inc. ("Davol") is a subsidiary of C.R. Bard, Inc. ("Bard"). Davol admits that it sold and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information, but Bard denies these allegations. The remaining allegations in this paragraph are either conclusions of law to which no response is required, or Defendants

lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Therefore, Defendants deny any remaining allegations in this paragraph.

**PURPOSE AND EFFECT OF CONSOLIDATED COMPLAINT**

2. The Practice and Procedure Order referenced in Paragraph 2 speaks for itself. Defendants admit that the Order discusses the filing of a Consolidated Class Action Complaint and that they have and continue to refuse to waive any rights under *Lexecon* or other applicable case law. Defendants specifically deny that the previous class action complaints retain any legal force or status beyond that possessed by Consolidated Class Action Complaint. Defendants admit that Plaintiffs seek to file a class complaint on behalf of themselves and others, but deny that class certification is appropriate. The statements in the fourth, fifth, and sixth sentences of this paragraph are legal argument by counsel and as such, no response is required. Defendants disagree with the characterization of the underlying complaints as "operative and controlling" and will address these legal assertions when appropriate. To the extent the fourth through sixth sentences of this paragraph contain any factual allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

**PARTIES**

3. Paragraph 3 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants admit upon information and belief that Plaintiff Sonia Montiel was implanted with a Composix® Kugel® Hernia Patch. Answering further, Defendants

admit that Montiel is a named plaintiff in an action against Defendants filed in the District Court for the District of Rhode Island. The remaining allegations are either conclusions of law to which no response is required, or Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants therefore deny the allegations.

4. Paragraph 4 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants admit upon information and belief that Plaintiff Carol Nunes-McNamara was implanted with a Composix® Kugel® Hernia Patch. Answering further, Defendants admit that Nunes-McNamara is a plaintiff in an action against Defendants originally filed in the District Court for the District of Rhode Island. The remaining allegations are either conclusions of law to which no response is required, or Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants therefore deny the allegations.

5. Paragraph 5 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants admit upon information and belief that Plaintiff Jeff Boggs was implanted with a Composix® Kugel® Hernia Patch. Answering further, Defendants admit that Boggs is a named plaintiff in an action against Defendants transferred from the District Court for the Southern District of Illinois to the District Court for the District of Rhode Island pursuant to an order from the Judicial Panel on Multidistrict Litigation ("JPML"). The remaining allegations are either conclusions of law to which no

response is required, or Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants therefore deny the allegations.

6. Paragraph 6 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants admit upon information and belief that Plaintiff Brenda Gayvont was implanted with a Composix® Kugel® Hernia Patch. Answering further, Defendants admit that Gayvont is a named plaintiff in an action against Defendants transferred from the District Court for the Northern District of West Virginia to the District Court for the District of Rhode Island pursuant to an order from the JPML. Defendants admit that Plaintiff filed a motion to remand but deny that the motion is pending before this court. Defendants admit that Gayvont seeks only the causes of action in her original complaint and medical monitoring on behalf of West Virginia residents but does not seek to represent the purported economic class referenced in Paragraph 82 of the Complaint. The remaining allegations are either conclusions of law to which no response is required, or Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants therefore deny the allegations.

7. Paragraph 7 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants admit upon information and belief that Plaintiff Steven Bost was implanted with a Composix® Kugel® Hernia Patch. Defendants further admit that Bost is a named plaintiff in an action against Defendants transferred from the District Court for the Eastern District of Pennsylvania to the District Court for the District of Rhode Island pursuant to an order from the JPML. The remaining allegations are either conclusions of

law to which no response is required, or Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants therefore deny the allegations.

8. Paragraph 8 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants admit upon information and belief that Plaintiff Donna Byers was implanted with a Composix® Kugel® Hernia Patch. Defendants further admit that Byers is a plaintiff in an action against Defendants transferred from the District Court for the Eastern District of Pennsylvania to the District Court for the District of Rhode Island pursuant to an order from the JPML. The remaining allegations are either conclusions of law to which no response is required, or Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants therefore deny the allegations.

9. Paragraph 9 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. Defendants admit that Plaintiff Joseph Girton is a named plaintiff in an action against Defendants transferred from the District Court for the District of New Jersey to the District Court for the District of Rhode Island pursuant to an order from the JPML. The remaining allegations are either conclusions of law to which no response is required, or Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants therefore deny the allegations.

10. Paragraph 10 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is

required, Defendants admit upon information and belief that Plaintiff Florence Horowitz was implanted with a Composix® Kugel® Hernia Patch. Defendants further admit that Horowitz is a named plaintiff in an action against Defendants transferred from the District Court for the Eastern District of New York to the District Court for the District of Rhode Island pursuant to an order from the JPML. The remaining allegations are either conclusions of law to which no response is required, or Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants therefore deny the allegations.

11. Paragraph 11 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants admit upon information and belief that Plaintiff Ruth Babcock was implanted with a Composix® Kugel® Hernia Patch. Defendants further admit that Babcock is a plaintiff in an action against Defendants transferred from the District Court for the District Court for the Eastern District of New York to the District Court for the District of Rhode Island pursuant to an order from the JPML. The remaining allegations are either conclusions of law to which no response is required, or Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants therefore deny the allegations.

12. Paragraph 12 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants admit upon information and belief that Plaintiff Robert Witt was implanted with a Composix® Kugel® Hernia Patch. Defendants deny that Witt filed a class action complaint, but admit that he is a plaintiff in an action against Defendants that

was transferred from the District Court for the Western District of Texas to the District Court for the District of Rhode Island pursuant to an order from the JPML. The remaining allegations are either conclusions of law to which no response is required, or Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants therefore deny the allegations.

13. Paragraph 13 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants admit upon information and belief that Plaintiff Sandra Barrientos was implanted with a Composix® Kugel® Hernia Patch. Defendants further admit that Barrientos is a named plaintiff in an action against Defendants transferred from the District Court for the Middle District of Florida to the District Court for the District of Rhode Island pursuant to an order from the JPML. The remaining allegations are either conclusions of law to which no response is required, or Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants therefore deny the allegations.

14. Paragraph 14 of the Complaint contains allegations regarding parties other than Defendant to which no response is required. To the extent that a response is required, Defendants admit upon information and belief that Plaintiff Wallis Kane was implanted with a Composix® Kugel® Hernia Patch. Defendants further admit that Kane is a named plaintiff in an action against Defendants transferred from the District Court for the Western District of Missouri to the District Court for the District of Rhode Island pursuant to an order from the JPML. The remaining allegations are either conclusions of law to which no response is required, or Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations. Defendants therefore deny the allegations.

15. The allegations in Paragraph 15 are not directed at Bard; therefore, no response is required. Davol admits that it is a subsidiary of Bard and that it is incorporated under the laws of Delaware with its principal place of business at 100 Sockanosset Crossroad, P.O. Box 8500, Cranston, Rhode Island 02920.

16. The allegations in Paragraph 16 are not directed at Bard; therefore, no response is required. Davol admits that at various times it designed, manufactured, tested, distributed, advertised, supplied, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information within the United States. As to the remaining allegations, Davol does not know what is meant by "analyzed," "merchandised," "recommended," or "promoted" beyond the meaning of "tested" and "advertised," which have been admitted. Davol accordingly denies the allegations.

17. The allegations in Paragraph 17 are not directed at Davol; therefore, no response is required. Bard admits that it is organized under the laws of the State of New Jersey with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey, 07974. Bard denies each and every remaining allegation in Paragraph 17.

18. Defendants admit that Davol is a subsidiary of Bard and that Davol sells the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Bard denies that it sells the Composix® Kugel® Hernia Patch.

19. Defendants admit that they have done business within the United States and have earned revenue from the sale of various products within the United States. "Substantial revenue" is a legal term of art and the legal conclusion it contains does not require an answer. To the extent a response is required, Defendants deny the allegations.

**JURISDICTION AND VENUE**

20. The allegations in Paragraph 20 are conclusions of law to which no response is required. To the extent a response is required, Defendants admit that the requirements of 28 U.S.C. § 1332(a) have been met. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny the same.

21. The allegations in Paragraph 21 are conclusions of law to which no answer is required. To the extent a response is required, Defendants admit that venue is only proper in this jurisdiction because such venue was conferred by the Judicial Panel on Multidistrict Litigation ("JPML.") Defendants deny the remaining allegations in Paragraph 21.

22. Defendants admit the allegations in Paragraph 22 of the Complaint.

**FACTUAL BACKGROUND**

23. Davol admits that at various times it has sold and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information, but Bard denies these allegations.

24. Defendants state that Bard's Surgical Specialty products group includes all soft tissue repair, performance irrigation, and hemostasis product lines, and that the Composix® Kugel® Hernia Patch is one product within the soft tissue repair sub-segment.

Answering further, Defendants admit that the entirety of its surgical specialty products group had sales of approximately $313,000,000 in 2004, $333,000,000 in 2005, and $357,000,000 in 2006.

25. Defendants admit that a hernia may occur when stomach muscles are in a weakened state causing intestines to protrude through. Defendants further admit that the Composix® Kugel® Hernia Patch is designed to treat soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with its accompanying labeling information.

26. Defendants deny the allegations as phrased. Defendants admit that Davol designed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information in the treatment of soft tissue defects.

27. Defendants admit that a Bard subsidiary completed an asset purchase in January 2000 acquiring the Kugel Patch product line.

28. Defendants admit that Davol submitted a 510(k) Application for the Composix® Kugel® Hernia Patch on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Defendants admit that the FDA classifies the Composix® Kugel® Hernia Patch as a Class II medical device. Defendants further admit that Davol began marketing certain product codes of the Composix® Kugel® Hernia Patch in 2001.

29. Defendants deny the allegations as phrased. Defendants admit that the Composix® Kugel® Hernia Patch is designed to treat soft tissue defects such as ventral

hernias when used by prescribing physicians in accordance with its accompanying labeling information. Answering further, Defendants admit that the Composix® Kugel® Hernia Patch may be inserted behind a hernia defect through a small incision and that Composix® Kugel® Hernia Patch's PET memory recoil ring is designed to assist in proper placement of the Composix® Kugel® Hernia Patch. Defendants deny each and every remaining allegation in Paragraph 29.

30. Defendants deny the allegations as phrased. Defendants admit that the Composix® Kugel® Hernia Patch consists of polypropylene mesh and expanded polytetrafluoroethylene (ePTFE) and is intended to be used by prescribing physicians in accordance with accompanying labeling information in the repair of soft tissue defects. Defendants admit that the polypropylene side is intended to face the abdominal wall, while the ePTFE side is intended to face the bowel. To extent any other material allegations are alleged, Defendants deny the allegations.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations as phrased. The memory recoil ring is designed to assist in proper placement of the Composix® Kugel® Hernia Patch.

35. Paragraph 35 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint, including its subparts (a) through (f).

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. The Establishment Inspection Report referenced in Paragraph 45 of the Complaint speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

46. Paragraph 46 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

47. Defendants deny the allegations. Defendants state that at all relevant times they timely informed the FDA of all reportable medical device reports of which they were aware.

48. The Establishment Inspection Report referenced in Paragraph 48 of the Complaint speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. Answering further, Defendants admit that FDA classifies a Class I recall as its highest recall and that FDA characterizes such a recall as representing a reasonable chance that the product will cause serious health problems or death. Defendants deny any remaining allegations contained in Paragraph 52.

53. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

54. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

55. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. The Establishment Inspection Report referenced in Paragraph 57 of the Complaint speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations, including subparts (a) through (j).

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

## GENERAL ALLEGATIONS

63. Paragraph 63 of the Complaint, including subparts (a) through (f), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

64. Davol admits that at various times it designed, manufactured, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard denies these allegations.

65. Paragraph 65 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

66. Paragraph 66 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

67. Paragraph 67 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

68. Paragraph 68 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

69. Defendants deny the allegations in Paragraph 69 of the Complaint. Defendants state that at all relevant times they timely informed the FDA of all reportable medical device reports of which they were aware.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## NAMED PLAINTIFFS' EXPERIENCE

75. Paragraph 75 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and therefore deny the same.

76. Defendants admit that at various times Davol designed, manufactured, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. The remaining allegations are either conclusions of law to which no response is required or Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Accordingly, Defendants deny the allegations.

77. Paragraph 77 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

78. Paragraph 78 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations. .

**CLASS ACTION ALLEGATIONS**

79. The Practice and Procedure Order referenced in Paragraph 79 of the Complaint speaks for itself. To the extent any material allegations are made, Defendants deny the allegations. Defendants admit that Plaintiffs seek class treatment for certain groups of plaintiffs but deny that class treatment is appropriate in this case.

80. Paragraph 80 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs seek class treatment for the class purported to be defined by the allegations of Paragraph 80 but deny that the allegations set forth an appropriate class and deny that class treatment is appropriate for the proposed class.

81. Paragraph 81 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs seek class treatment for the class purported to be defined by the allegations of Paragraph 81 but deny that the allegations set forth an appropriate class and deny that class treatment is appropriate for the proposed class.

82. Paragraph 82 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs seek class treatment for the class purported to be defined by the allegations of Paragraph 82 but deny that the allegations set forth an appropriate class and deny that class treatment is appropriate for the proposed class.

83. Paragraph 83 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

84. Paragraph 84 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

85. Paragraph 85 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

86. Paragraph 86 of the Complaint, including subparts (a) through (s), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

87. Paragraph 87 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

88. Paragraph 88 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

89. Paragraph 89 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

90. Paragraph 90 of the Complaint, including subparts (a) through (c), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

91. Paragraph 91 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

92. Paragraph 92 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

93. Paragraph 93 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## MEDICAL MONITORING ALLEGATIONS

94. In response to Paragraph 94 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

95. Paragraph 95 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

96. Paragraph 96 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

97. Paragraph 97 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

98. Defendants deny the allegations in Paragraph 98 of the Complaint.

## COUNT I
**(Negligence and Negligence Per Se)**

99. In response to Paragraph 99 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

100. Paragraph 100 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

101. Paragraph 101 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

102. Paragraph 102 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

103. Paragraph 103 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

104. Paragraph 104 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

105. Paragraph 105 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

106. Paragraph 106 of the Complaint, including subparts (a) through (m), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

107. Paragraph 107 of the Complaint, including subparts (a) through (g), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

108. Paragraph 108 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

109. Paragraph 109 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

110. Paragraph 110 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

111. Paragraph 111 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT II**
**(Products Liability – Failure to Warn)**

112. In response to Paragraph 112 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

113. Defendants admit that at various times Davol manufactured and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Defendants deny the remaining allegations.

114. Paragraph 114 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

115. Paragraph 115 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

116. Paragraph 116 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

117. Paragraph 117 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

118. Paragraph 118 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

119. Paragraph 119 of the Complaint, including its subparts (a) through (c), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT III**
**(Products Liability – Defective Design and/or Defective Manufacture)**

120. In response to Paragraph 120 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

121. Paragraph 121 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

122. Paragraph 122 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

123. Paragraph 123 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

124. Paragraph 124 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

125. Paragraph 125 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

126. Paragraph 126 of the Complaint, including its subparts (a) through (c), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT IV**
**(Violation of Consumer Protection Statutes)**

127. In response to Paragraph 127 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

128. Paragraph 128 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

129. Paragraph 129 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

130. Paragraph 130 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

131. Paragraph 131 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

132. Paragraph 132 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

133. Paragraph 133 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

134. Paragraph 134 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

135. Paragraph 135 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

136. Paragraph 136 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

137. Paragraph 137 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

138. Paragraph 138 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

139. Paragraph 139 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

140. Paragraph 140 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

141. Paragraph 141 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

142. Paragraph 142 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

143. Paragraph 143 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

144. Paragraph 144 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

145. Paragraph 145 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

146. Paragraph 146 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

147. Paragraph 147 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

148. Paragraph 148 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

149. Defendants state the allegations as currently worded are unintelligible. Therefore, Defendants are unable to respond. To the extent a response is required, Defendants deny the allegations.

150. Defendants state the allegations as currently worded are unintelligible. Therefore, Defendants are unable to respond. To the extent a response is required, Defendants deny the allegations.

151. Paragraph 151 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

152. Paragraph 152 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

153. Paragraph 153 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

154. Paragraph 154 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

155. Paragraph 155 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

156. Paragraph 156 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

157. Paragraph 157 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

158. Paragraph 158 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

159. Paragraph 159 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

160. Paragraph 160 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

161. Paragraph 161 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

162. Paragraph 162 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

163. Paragraph 163 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

164. Paragraph 164 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

165. Paragraph 165 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

166. Paragraph 166 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

167. Paragraph 167 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

168. Paragraph 168 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

169. Paragraph 169 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

170. Paragraph 170 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

171. Paragraph 171 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

172. Paragraph 172 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

173. Paragraph 173 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

174. Paragraph 174 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

175. Paragraph 175 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

176. Paragraph 176 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

177. Paragraph 177 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

178. Paragraph 178 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

179. Paragraph 179 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT V**
**(Breach of Express Warranty)**

180. In response to Paragraph 180 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

181. Paragraph 181 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

182. Paragraph 182 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

183. Paragraph 183 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

184. Paragraph 184 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

185. Paragraph 185 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

186. Paragraph 186 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

187. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 of the Complaint and therefore deny the same.

188. Paragraph 188 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

189. Paragraph 189 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT VI**
**(Breach of Implied Warranty)**

190. In response to Paragraph 190 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

191. Defendants admit that at various times Davol manufactured, distributed, advertised, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Defendants do not know what is meant by “compounded,” “portrayed,” “recommended,” “merchandized,” and “promoted” beyond the meanings of “manufactured” and “advertised” which have

been admitted and therefore deny these allegations. Defendants deny the remaining allegations in Paragraph 191.

192. Paragraph 192 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

193. Paragraph 193 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

194. Paragraph 194 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

195. Paragraph 195 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

196. Paragraph 196 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

197. Paragraph 197 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

198. Paragraph 198 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT VII**
**(Unjust Enrichment)**

199. In response to Paragraph 199 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

200. Paragraph 200 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

201. Paragraph 201 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

202. Paragraph 202 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

203. Paragraph 203 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

204. Paragraph 204 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT VIII**
**(Fraud and Deceit)**

205. In response to Paragraph 205 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

206. Defendants state that this allegation as currently worded is unintelligible. Defendants are therefore unable to respond accordingly. To the extent a response is required, Defendants deny the allegations.

207. Paragraph 207 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

208. Paragraph 208 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

209. Paragraph 209 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

210. Paragraph 210 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

211. Paragraph 211 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

212. Paragraph 212 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

213. Paragraph 213 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

214. Paragraph 214 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

215. Paragraph 215 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

216. Paragraph 216 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

217. Paragraph 217 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

218. Paragraph 218 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

219. Paragraph 219 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

220. Paragraph 220 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

221. Paragraph 221 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

222. Paragraph 222 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

223. Paragraph 223 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

224. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 and therefore deny the allegations.

225. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 and therefore deny the allegations.

226. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 and therefore deny the allegations.

227. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 and therefore deny the allegations.

228. Paragraph 228 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

229. Paragraph 229 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

230. Paragraph 230 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT IX**
**(Negligent Misrepresentation)**

231. In response to Paragraph 231 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

232. Paragraph 232 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

233. Paragraph 233 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

234. Paragraph 234 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

235. Paragraph 235 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

236. Paragraph 236 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT X**
**(Fraudulent Misrepresentation)**

237. In response to Paragraph 237 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

238. Paragraph 238 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

239. Paragraph 239 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

240. Paragraph 240 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

241. Paragraph 241 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

242. Paragraph 242 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

243. Paragraph 243 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

244. Paragraph 244 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

245. Paragraph 245 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

246. Paragraph 246 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

247. Paragraph 247 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT XI**
**(Fraudulent Concealment)**

248. In response to Paragraph 248 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

249. Paragraph 249 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

250. Paragraph 250 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

251. Paragraph 251 of the Complaint, including its subparts (a) through (h), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

252. Paragraph 252 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

253. Paragraph 253 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

254. Paragraph 254 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

255. Paragraph 255 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

256. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256 and therefore deny the allegations.

257. Paragraph 257 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

258. Paragraph 258 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. This action cannot be maintained as a class action because it does not meet the requirements to be certified as a valid class action set forth in Rule 23 of the Federal Rules of Civil Procedure.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiffs' claims against Defendants in whole or in part.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiffs' claims in whole or in part.

7. Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

8. Plaintiffs' claims are barred because the risks associated with the use of the product at issue, if any, are outweighed by the utility and benefits such devices provide.

9. Plaintiffs' claims are barred in whole or in part because Defendants are entitled to the benefit of all defenses and presumptions contained in, and arising from, any rule of law or statute of any state whose substantive law controls the action. Plaintiffs' claims under the consumer protection statutes listed in Count IV are barred because Defendants do not fit within the statutory definitions of the type of defendants contemplated by these statutes, Plaintiffs do not fit within the statutory definitions of the proper types of plaintiffs contemplated by these statutes, and Plaintiffs' claimed injuries do not fit within statutory definitions of action injuries contemplated by these statutes.

10. Plaintiffs', or Plaintiffs' agents', including Plaintiffs' physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiffs' claims in whole or in part.

11. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

12. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

13. If Plaintiffs sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

14. If Plaintiffs used a product sold by Defendants, Plaintiffs used the product for off-label purposes, which bars the Plaintiffs' claims.

15. The learned intermediary doctrine bars Plaintiffs' claims.

16. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

17. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

18. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

19. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

20. If Plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases, and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law, Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party, any person, or entity, including the Plaintiffs and any party, person, or entity who has settled with the Plaintiffs. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiffs from any source whatsoever with respect to the injuries and damages at issue in this suit.

21. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiffs or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

22. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

23. Plaintiffs failed to mitigate damages, which limits Plaintiffs' recovery, if any, in whole or in part.

24. To the extent Plaintiffs are required to plead their claims with sufficient particularity to satisfy the requirement of Fed. R. Civ. P. 9, they have failed to do so and their claims must be dismissed.

25. Plaintiffs' claims under state consumer fraud and unlawful or deceptive trade practice acts are barred to the extent that Plaintiffs have not alleged any misrepresentation or misleading statement with specificity required by Fed. R. of Civ. P. 9(b).

26. Defendants have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to them.

27. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Further, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

28. Plaintiffs' claims are barred, in whole or in part, to the extent that they lack standing to pursue the claims against alleged Defendants.

29. Plaintiffs' claims are barred in whole or in part by Plaintiffs' own comparative negligence.

30. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

31. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

32. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

33. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of state constitutions.

34. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of state constitutions.

35. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under state laws.

36. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

37. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' First Amended Consolidated Class Action Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: April 15, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFFS' FIRST AMENDED CONSOLIDATED MASTER CLASS ACTION COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

/s/ Kirby T. Griffis