**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**IN RE KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION**

**THIS DOCUMENT RELATES TO:**
*Montiel et al. v. Davol, Inc., et al.,* 1:07-cv-00064
*Horowitz et al. v. Davol, Inc. et al.,* 1:07-cv-01865 (E.D.N.Y. 1:07-cv-02392)
*Kane v. Davol, Inc. et al.*, 1:07-cv-01914 (W.D.Mo. 4:07-cv-00575)
*Boggs v. Davol, Inc. et al.*, 1:07-cv-01934 (S.D. Ill. 3:07-cv-642)
*Bost et al v. Davol, Inc. et al.*, 1:07-cv-01925 (E.D. Pa. 2:07-cv-03997)
*Barrientos v. Davol, Inc. et al.,* 1:07-cv-01946 (M.D. Fla. 8:07-cv-01747)
*Girton v. Davol, Inc. et al.*, 1:07-cv-01949 (D.N.J. 2:07-cv-4678)
*Gayvont v. Davol, Inc. et al.*, 1:07-cv-01966 (N.D. W.Va. 5:07-cv-125)

**MDL Docket No. 07-1842-ML**

**Chief Judge Mary M. Lisi**

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT IV OF FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Faced with nine putative class actions filed under various legal theories on behalf of various partially or entirely overlapping putative classes, last November this Court ordered plaintiffs to file a master class action complaint that would present any and all class action claims in a single complaint. *See* Practice & Procedure Order 4 dated Nov. 9, 2007 (Docket #42) (ordering filing of "master consolidated class action complaint"). Defendants today answer the First Amended Consolidated Class Action Complaint ("Consd. Compl.") (Docket #406), and herein move to dismiss Count IV, which is so incomprehensibly vague that it does not comply with the Federal Rules of Civil Procedure and must be dismissed as a matter of law.[1]

[1] Defendants will address defects in other portions of the Consolidated Complaint at the appropriate time.

Count IV of the Consolidated Complaint is entitled "Violation of Consumer Protection Statutes," but apart from that clue provides essentially no information to Defendants regarding the purported claims against them. Among the defects in Count IV are the following:

- It does not purport to identify a class, and, apart from the fact that it is part of what is supposed to be a consolidated class action complaint, gives no indication of a class definition;
- It cites the opening section of the consumer protection statutes of 46 jurisdictions, but does not say what relevant substantive portion or portions of those statutes Defendants allegedly violated;
- It does not identify any specific plaintiff who suffered any specific injury recognized by any consumer protection statute; and
- It does not identify any conduct of Defendants that allegedly violates any consumer protection act statute.

Essentially, Count IV alleges that as a result of unspecified conduct, unidentified plaintiffs have suffered unnamed injuries governed by some unrevealed state(s) law(s). This fails to meet the pleading requirements of the Federal Rules of Civil Procedure, particularly those of Rule 9 and Rule 23.

## BACKGROUND

Plaintiffs' counsel have to date filed ten separate and one consolidated class action complaints. Eight of the separately filed classes and the Consolidated Complaint are presently in this MDL, and one recently filed class action complaint is on the way. Two of the initial class action complaints transferred into this MDL seek certification of nationwide medical monitoring classes under the laws of a single jurisdiction.[2] Five others request certification of single-state medical monitoring classes under various legal theories and/or classes under that state's

---

[2] *Montiel et al. v. Davol, Inc., et al.,* 1:07-cv-00064 (D.R.I. filed Feb. 14, 2007) (Docket #1-1) (seeking nationwide class under Rhode Island law); *Girton v. Davol, Inc. et al*., 1:07-cv-01949 (D.R.I. transferred Nov. 14, 2007) (Docket #2-2) (seeking nationwide class under New Jersey law).

consumer protection or deceptive trade practices act.[3] One complaint requests certification of a nationwide personal injury class under unspecified law(s).[4] Yet another plaintiff dismissed his class action allegations.[5]

Against this backdrop, the Court and parties discussed the filing of a "consolidated" class action complaint and agreed that the federal class claims would be governed by one complaint:[6]

> MS. LATIMER: Since there are these I'll say I think it's nine federal class actions that are filed that we're aware of right now, it is the proposal that those classes will be withdrawn, and is counsel in a position to control those cases and those lawyers such that we're just dealing with one?
>
> THE COURT: I think that goes without saying. If we're going to go this route with a consolidated, I think and I understood Mr. Migliori to be saying that what he's proposing to do is to bring in all of the claims there so you're dealing with one complaint, I'm dealing with one complaint, and then we'll sort it out.
>
> MR. MIGLIORI: It is.

Transcript of Hearing on October 30, 2007 at 10:5-17 (Ex. 1). In the Consolidated Complaint, plaintiffs abandoned any request for a personal injury class, instead focusing on medical monitoring (Consd. Compl. at ¶¶ 80-82) and other relief.

---

[3] *Barrientos v. Davol, Inc. et al.,* 1:07-cv-01946 (D.R.I. transferred Nov. 14, 2007) (Docket #2-1) (Florida); *Bost et al v. Davol, Inc. et al*., 1:07-cv-01952 (D.R.I. transferred Nov. 14, 2007) (Docket #2-1) (Pennsylvania); *Gayvont v. Davol, Inc. et al*., 1:07-cv-01966 (D.R.I. transferred Nov. 14, 2007) (Docket #2 (Ex. B)) (West Virginia); *Kane v. Davol, Inc. et al*., 1:07-cv-01914 (D.R.I. transferred Sept. 26, 2007) (Docket #2-2) (Missouri); *Boggs v. Davol, Inc. et al*., 1:07-cv-01934 (D.R.I. transferred Oct. 22, 2007) (Docket #2) (Illinois).

[4] *Horowitz et al. v. Davol, Inc. et al.,* 1:07-cv-01865 (D.R.I. transferred Aug. 8, 2007) (Docket #2).

[5] *Mathein v. Davol, Inc. et al.*, No. 1:07-cv-01842 (D.R.I. dismissed Mar. 10, 2008).

[6] Despite PPO 4, PSC member Cory Watson recently filed an *additional* federal class action that includes certain Tennessee residents already included in the Consolidated Complaint. *See French v. Davol, Inc. et al.*, No. 3:08-cv-00301 (M.D. Tenn. filed Mar. 24, 2008) (Ex. 2). Transfer into this MDL is pending.

# ARGUMENT

## I. Count IV Must Be Dismissed For Failure To Comply With Rule 23.

For a class to be *adequately* pled under Rule 23, it must, of course, be pled at all. But Count IV neither contains nor alludes to any class definition. It does not specify whether it seeks certification of any consumer protection class; if it does, it does not state whether it seeks single jurisdiction classes, one large class with an unspecified jurisdiction's law controlling, or some other configuration. It identifies no class representative purportedly relevant to the Count.

Plaintiffs *do* identify two alternative purported "Medical Monitoring" classes and a purported "Economic Class" (Consd. Compl. at ¶¶ 80-82), but fail to link the consumer protection act count to either. To the extent that reference is made to consumer protection statutes in the class definition, those references are affirmatively confusing as to what if any class is intended. Paragraph 86(o)(2), for example, describes as a "common issue" whether *medical monitoring* is warranted under unspecified state consumer protection statutes. But plaintiffs' two purported "Medical Monitoring" classes involve residents of 35 and 15 jurisdictions, respectively (¶¶ 80-81 nn. 1-2), which do not match the 46 jurisdictions' statutes cited in Count IV.

Detailed notice regarding the members of and claim pursued by the purported class is critical to a class action defendant's basic due process rights. *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (class action pleadings must provide an adequate statement of the basic facts to indicate that each requirement of the Rules is satisfied). Here, although one paragraph in Count IV purports to incorporate the prior allegations in the Consolidated Complaint (which would include the class allegations), nothing in Count IV specifies that class treatment is sought for the consumer protection claims. *See* Consd. Compl. at ¶ 127. This

ambiguity is highly prejudicial to Defendants, who are left to guess what class or classes the plaintiffs seek (if any).

Plaintiffs either have not defined any consumer protection class at all, in which case Count IV must be dismissed as surplusage, or have endeavored to define one but have utterly failed to do so in a manner which places Defendants on fair notice of the claims that they face or this Court on notice of the claims it is asked to adjudicate. Whichever is the case, Count IV does not comport with Rule 23's pleading requirements and must be dismissed.

## II. Count IV Must Be Dismissed For Failure To Comply With Rule 9(b).

Even if it were not located in a class action complaint, Count IV would have to be dismissed as inadequately pled. In Count IV, plaintiffs list the consumer fraud and deceptive trade practice statutes of 46 jurisdictions, saying as to each that "Defendants have engaged in unfair competition or unfair or deceptive acts or practices." *See* Consd. Compl. ¶¶ 130-76. Allegations of violations of consumer protection statutes are subject to the pleading requirements of Rule 9(b), even if they purport to be based on alternative theories of liability. *See In re Tyco Int'l, Ltd.*, No. 02-1335-B, 2007 WL 1703023, at *14 (D.N.H. June 11, 2007) (applying Rule 9(b) to all claims based on an alleged unified course of fraudulent conduct, even where another legal theory was specified) (citations and quotations omitted); *see also United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 227 (1st Cir. 2004) (applying the heightened pleading standard of Rule 9(b) to allegations under the False Claim Act). Numerous other courts have found that claims predicated on state consumer protection laws are subject to Rule 9(b)'s heightened pleading requirements. *See In re GMC Anti-Lock Brake Prods. Liab.*

*Litig.*, 966 F. Supp. 1525, 1536 (E.D. Mo. 1997) ("The pleading requirements of Rule 9(b) apply to claims based on state consumer fraud statutes."); *aff'd* 172 F.3d 623 (8th Cir. 1999).[7]

Indeed, one of the *only* things that the Consolidated Complaint makes clear regarding the consumer protection claims is that they are based on allegations of fraud. According to plaintiffs:

> The actions and failure to act of defendants, including the false and misleading representations and omissions of material facts regarding the safety and potential risks of the [patch] and the above described course of fraudulent conduct and fraudulent concealment constitute acts, uses or employment by Defendants of unconscionable commercial practices, *deception, fraud, false pretenses, misrepresentations, and the knowing concealment, suppression or omission of material facts* with the intent that others rely upon such concealment, suppression, or omission of material facts in connection with the sale of merchandise of Defendants in violation of the consumer protection statutes listed above.

*See* Consd. Compl. at ¶ 177 (emphasis added); *see also id.* ¶ 129 (Defendants failed to "adequately warn consumers and the medical community of the safety risks" and "[a]s a direct result of Defendants' deceptive, unfair, unconscionable, and fraudulent conduct, Plaintiffs suffered and will continue to suffer personal injury, economic loss, . . . and other compensable injuries"); ¶¶ 130-76 (alleging Defendants engaged in "deceptive acts") (Docket #406).

---

[7] *See, e.g., Fass v. State Farm Fire & Cas. Co.,* Civ. A. No-06-02398, 2006 WL 2129098, at *2 (E.D. Pa. July 26, 2006) ("It is well-settled that a plaintiff must plead the elements of common fraud to properly state a claim under [Pennsylvania's Unfair Trade Practices and Consumer Protection Law]."); *Meridian Project Sys., Inc. v. Hardin Constr. Co.,* 404 F. Supp. 2d 1214, 1225 (E.D. Cal. 2005) (plaintiffs must meet heightened pleading requirements under 9(b) when suing under Cal. Bus. & Prof. Code §§ 17200 *et seq.*); *Stires v. Carnival Corp*, 243 F. Supp. 2d 1313, 1321-22 (M.D. Fla. 2002) ("Most courts construing claims alleging [deceptive trade practices] have required the heightened pleading standard requirements of Rule 9(b).") (citations omitted); *Patel v. Holiday Hospitaliy Franchising Inc.*, 172 F. Supp. 2d 821, 825 (N.D. Tex. 2001); *Witherspoon v. Philip Morris, Inc.*, 964 F. Supp. 455, 463-64 (D.D.C. 1997); *Veal v. First Am. Sav. Bank*, 914 F.2d 909, 913 (7th Cir. 1990) (claims under Indiana's deceptive trade practices act must be pled with particularity because "the facts alleged in support of [this claim] would constitute fraud by [the defendant] if proven"); *Duran v. Clover Club Foods Co.,* 616 F. Supp. 790, 793 (D. Colo. 1985) (applying Rule 9(b) to claims under Colorado Consumer Protection Act). Count IV includes allegations under the laws of each jurisdiction encompassed by these cases.

Here, where plaintiffs seek to pursue fraud-based consumer protection claims, pleadings standard are elevated. *Alternative Sys. Concepts, Inc. v. Synopsis, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004). Rule 9(b) mandates that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The First Circuit requires that every fraud-based allegation contain the time, place, or conduct of the alleged fraud or fraudulent representation. *See Karvelas*, 360 F.3d at 226. Conclusory allegations that a defendant engaged in unspecified fraudulent conduct will not suffice. *See Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985) ("mere allegations of fraud … are too conclusional to satisfy the particularity requirement, no matter how many times such allegations are repeated.").

To survive Rule 9 scrutiny, plaintiffs must plead the "who, what, where, and when" of the alleged consumer protection law violations. The allegations in the Consolidated Complaint do not satisfy any of these requirements. Plaintiffs failed to identify any specific putative class representative or class member that suffered an injury, referring only generally to "plaintiffs". Therefore, it is not apparent from the complaint "who" suffered an injury. It is equally unknown "what" violation of a specific section of the consumer protection statute occurred. Plaintiffs do not even provide a clue as to the conduct they complain of by citing to relevant sections of the various consumer protection statutes, but cite only the first statutory section of each. Far less do they link up each statutory standard allegedly violated with specific conduct by Defendants. As one MDL court noted when it dismissed a similar poorly pled consumer-fraud claim, "Each state's [consumer protection] statute is unique and plaintiffs are *required to plead the essential elements of each one.* Plaintiffs have completely failed to do so." *In re GMC Anti-Lock Brake Prods. Liab. Litig.,* 966 F. Supp. at 1536 (emphasis added); *Brown v. Califano*, 75 F.R.D. 497, 498-99 (D.D.C. 1977) (dismissing complaint with prejudice because it did not state claims with

sufficient particularity to permit the defendant to respond, prepare its defense, and confine discovery to the particular issues to be litigated).

Here, plaintiffs identify *no* putative injured party or representative injured party, *no* specific conduct by the Defendants that allegedly harmed anyone, *no* date or location of such conduct, and *no* resulting injury cognizable by any of the statutes. Defendants simply cannot meaningfully respond to these allegations or prepare a defense to them, and so Count IV must be dismissed under Rule 9(b).

**CONCLUSION**

For all of the above reasons, Plaintiff's claim of violation of state consumer protection laws (Count IV) should be dismissed.

Respectfully submitted,

April 15, 2008

s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2008, the foregoing Motion To Dismiss Count IV of Plaintiffs' First Amended Consolidated Class Action Complaint was electronically filed with the Clerk of Court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon the Plaintiffs' Liaison Counsel via facsimile and e-mail as indicated below:

Donald Migliori
Motley Rice LLC
321 S. Main Street
P.O. Box 6067
Providence, RI 02940-6067
Facsimile: (401) 457-7708
E-mail: dmigliori@motleyrice.com

s/ Kirby T. Griffis
Kirby T. Griffis
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol, Inc.*