Minute Entry
Lisi, C.J.
April 16, 2008

**United States District Court**
**District of Rhode Island**

In Re: Kugel Mesh Hernia Products Liability Litigation
Multidistrict Litigation (MDL 1842)

MDL DOCKET NO. 07-1842-ML
All Cases

The monthly status conference was held on April 10, 2008. The conference was transcribed. The Court met with counsel and discussed the items listed on the agenda (docket # 771).

Williams Kherkher / Barker Claim

Plaintiffs' counsel explained the Barker claim issue to the Court. The law firm of Williams Kherkher initially filed a complaint on behalf of 33 individual Plaintiffs. These 33 individual Plaintiffs had originally contacted the offices of Williams Kherkher for representation. Since the initial contact, Williams Kherkher has had difficulties in following up with all individual Plaintiffs. Of the original 33 Plaintiffs, Williams Kherkher now represents 8 individual Plaintiffs. Williams Kherkher will file a motion to dismiss on behalf of 5 of the 33 original individual Plaintiffs. One Plaintiff is now represented by another law firm. Counsel from Williams Kherkher will notify the Court and counsel regarding the status of the 19 remaining individual Plaintiffs. Counsel will clarify the issue and file the appropriate information by May 1.

Early Neutral Evaluation/Settlement Cases – Update

Counsel informed the Court that they believe they are in a good position with respect to the early neutral evaluation/settlement cases and will be able to participate meaningfully in the settlement process. The Court informed counsel that to the extent counsel need to prioritize setting deposition schedules they should concentrate on the early neutral evaluation/settlement cases.

Deposition Scheduling and Protocol/Status of Document Production

Defense counsel provided the Court with a document that calendared depositions. The document listed 30(b)(6) depositions and depositions of sales representatives, managers, headquarter employees, individual Plaintiffs, and treating physicians. Plaintiffs' counsel communicated to Defense counsel that counsel was going to cancel the depositions of managers and headquarter employees to be rescheduled only after Defense counsel completed the MDL

document production. Plaintiffs' counsel also informed Defense counsel that it was provisionally accepting the sales representatives' depositions and asking that Defense counsel produce the appropriate documents with respect to each sales representative at least 10 days in advance of the deposition date. Dates for some individual Plaintiffs and treating physicians' depositions are still outstanding.

Defense counsel made an initial document production (of some 280,000 pages) soon after the protective order was entered. Written responses to master discovery requests have been filed. Counsel have agreed to a form and format protocol for document production. Defense counsel agreed to run word searches of approximately 65 terms in the broad high level document folders, such as the common and shared folders of the quality assurance and marketing departments, etc. Defense counsel will run the searches and review all the documents with "hits," that is, those documents containing any of the search terms. Defense counsel also has the option that if a search term is returning an extremely high number of "hits" it may run an agreed upon boolean search in place of the high hit-rate search term.

Defense counsel informed the Court that its discovery vendor has approximately 1,700,000 documents. The vendor has informed Defense counsel that of the 1,700,000 documents it has the present ability to search about 670,000 documents. Of those 670,000 documents, the document production search term protocol resulted in approximately 181,000 "hits." Defense counsel expects that the discovery vendor will have the ability to search the full 1,700,000 documents in the near future. Defense counsel explained that he expects the discovery vendor to identify between 450,000 and 500,000 documents that produce "hits" and those documents will need to be reviewed by Defense counsel. Defense counsel will inform the Court when it expects the discovery vendor to have the ability to search all 1,700,000 documents. The Court encouraged the parties to expedite the document production process when possible.

Plaintiffs' counsel notified the Court of a potential problem with respect to some of the depositions occurring without full document production. Plaintiffs' counsel also notified the Court that the time limits placed on some of the depositions may pose a potential problem. The Court informed counsel that they should try to work out these matters between themselves but if they cannot reach an agreement they should file a motion.

The Court informed counsel that the Court has a zero tolerance policy for inappropriate language and/or behavior of counsel during depositions. The Court informed counsel that any such inappropriate language and/or behavior from counsel during a deposition would result in counsel being summarily removed from the Steering Committee.

Pending Motions Update

Two motions are pending but neither is ripe for decision.

Other

The open session conference will be scheduled for the June monthly meeting.

Next Meeting

May 1, 2008, at 1:00 p.m. in Room 307 in United States District Courthouse, Providence, Rhode Island.