**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO GREG KUHNLE, ET AL CA 1:08-CV-2416** | § | **JUDGE LISI** |
| **GREG KUHNLE and MARY KUHNLE,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | |
| **DAVOL, INC., and C.R. BARD, INC.,** | § | **DEMAND FOR JURY TRIAL** |
| **Defendants,** | § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs Greg Kuhnle and Mary Kuhnle allege:

**PARTIES, JURISDICTION AND VENUE**

1.

Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiffs Greg and Mary Kuhnle are husband and wife, and citizens of the State of Oregon. At all times material herein, each Defendant was a foreign corporation with its principal place of business outside of the State of Oregon, and doing business in the State of Oregon. The amount in controversy, exclusive of interest and costs against Defendants exceeds $75,000. Venue lies in

the District of Oregon pursuant to 28 USC § 1391(a).

2.

At the times material herein, Defendants were in the business of designing, manufacturing, marketing, and distributing medical products including the Bard Composix Kugel Hernia Patch throughout the United States, including the State of Oregon. Defendants' activities were and are continuous and substantial contacts within the State of Oregon.

**FIRST CLAIM FOR RELIEF**
**(Strict Liability)**

3.

Plaintiff Greg Kuhnle realleges and incorporates by reference paragraphs 1 and 2 above.

4.

On May 3, 2002, Plaintiff Greg Kuhnle underwent a hernia repair procedure involving the placement of a Bard Composix Kugel Hernia Patch (Kugel patch), product number 0010202 and lot number 43DMD200.

5.

The Kugel patch provided to and placed inside of Plaintiff Greg Kuhnle was designed, manufactured, marketed, and/or distributed into the chain of commerce by defendants Davol, Inc. and/or C.R. Bard, Inc.

6.

At the time the Bard Composix Kugel Hernia Patch was placed inside Greg Kuhnle, it was in substantially the same condition as when provided and sold by Defendants.

7.

On or about August 5, 2007, Plaintiff Greg Kuhnle developed severe pain in his abdomen

and difficulty passing stool. Surgical intervention revealed that the Kugel patch had adhered to and entrapped Greg Kuhnle's small bowels. Following this discovery, Greg Kuhnle's bowels were surgically freed from the Kugel patch and the memory ring of the Kugel patch was surgically removed.

8.

The Bard Composix Kugel Hernia Patch provided to and placed inside of Plaintiff Greg Kuhnle was defective and unreasonably dangerous in one or more of the following:

(a) It was designed and manufactured so that the patch could adhere to bowels;

(b) It was designed and manufactured so that it did not adequately conform to movements of and within the abdominal cavity;

(c) It was designed and manufactured so that it did not adequately incorporate with the abdominal wall;

(d) It was designed and manufactured so that the memory ring of the Kugel patch was susceptible to buckling and subsequent entrapment of small bowels; and

(e) It failed to include and/or to utilize economically and technically feasible safety design alternatives.

9.

The defective and unreasonably dangerous condition of the Kugel patch in one or more of the foregoing ways was a substantial factor in causing Plaintiff Greg Kuhnle to suffer serious injuries, including bowel adhesions, bowel entrapment, and operative intervention.

/ / / / /

/ / / / /

**SECOND CLAIM FOR RELIEF**
**(Negligence)**

10.

Plaintiff Greg Kuhnle realleges and incorporates by reference paragraphs 1 through 7 above.

11.

Defendants Davol, Inc. and C.R. Bard, Inc. were negligent in one or more of the following ways:

(a) In designing and manufacturing the Kugel patch so that it could adhere to bowels;

(b) In designing and manufacturing the Kugel patch so that it did not adequately conform to movements of and within the abdominal cavity;

(c) In designing and manufacturing the Kugel patch so that it did not adequately incorporate with the abdominal wall;

(d) In designing and manufacturing the Kugel patch so that the memory ring of the patch was susceptible to buckling and subsequent entrapment of small bowels;

(e) In failing to adequately research, design, manufacture, and market the Kugel patch that was placed in Plaintiff Greg Kuhnle;

(f) In failing to adequately test or research the large and extra-large sized Kugel patches before use in humans such as Plaintiff Greg Kuhnle;

(g) In failing to properly monitor and notify and/or report critical failures of the Kugel patch in a timely fashion;

(h) In failing to warn medical providers of the unreasonably dangerous nature of the Kugel patch in a timely fashion;

(i) In failing to withdraw the Kugel patch from the market and chain of commerce in a timely fashion; and

(j) In failing to notify or warn medical providers or patients of the need to monitor potential life threatening failures of the Kugel patches when it was otherwise known of the unreasonable risk of harm such products posed to patients.

12.

Defendants knew, or in the exercise of reasonable care should have known, that any of the foregoing acts or omissions would create a foreseeable risk fo harm to users of the Kugel patch, including Plaintiff Greg Kuhnle.

13.

The negligence of Defendants Davol, Inc. and C.R. Bard, Inc. as alleged above was a substantial factor in causing Greg Kuhnle's injuries, including bowel adhesions, bowel entrapment, and surgical intervention.

**THIRD CLAIM FOR RELIEF**
**(Loss of Consortium)**

14.

Plaintiff Mary Kuhnle alleges and incorporates by reference paragraphs 1 through 13 above.

15.

Because of the injuries to her husband Greg Kuhnle, Plaintiff Mary Kuhnle has experienced loss of care, comfort, society, companionship, and assistance from her husband.

/ / / / /

## DAMAGES

16.

Plaintiffs Greg Kuhnle and Mary Kuhnle reallege and incorporate by reference paragraphs 1 through 15 above.

17.

As a result of the defective, unreasonably dangerous condition of the Kugel patch, and as a result of Defendants' negligence described above, Plaintiff Greg Kuhnle sustained life-threatening bowel adhesions and bowel obstructions requiring medical investigation and surgical intervention. The injuries have and will continue to cause Plaintiff Greg Kuhnle to incur medical expenses and loss of earnings, all to his economic damage. The injuries have and will continue to cause Plaintiff Greg Kuhnle to sustain pain, suffering, scarring, disfigurement, interference with normal activities, and loss of enjoyment of life pursuits and activities, all to his non-economic damage.

18.

As a result of the defective, unreasonably dangerous condition of the Kugel patch, and as a result of Defendants' negligence described above, Plaintiff Mary Kuhnle has suffered loss of care, comfort, society, companionship, and assistance from her husband, all to her non-economic damage.

19.

Defendants, in one or more of the acts or omissions alleged herein above, have acted with malice or with reckless and outrageous indifference to a highly unreasonable risk of harm and have acted with conscious indifference to the health, safety and welfare of others, including Greg

Kuhnle. Punitive damages should be awarded against Defendants in an amount to be determined by a jury at trial in accordance with the law.

WHEREFORE, Plaintiff s Greg Kuhnle and Mary Kuhnle pray for judgment in their favor against Defendants, and each of them, as follows:

(1) For Greg Kuhnle's economic damages including past and future medical expenses and past and future loss of earnings, in an amount to be determined by the jury upon trial;

(2) For Greg Kuhnle's non-economic damages in an amount to be determined by the jury upon trial;

(3) For Mary Kuhnle's non-economic damages in an amount to be determined by the jury upon trial;

(4) For punitive or exemplary damages in an amount to be determined by the jury upon trial;

(5) For costs and disbursements incurred herein; and

(6) For such other and further relief as the Court may deem just and reasonable.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury in this case.

DATED this 24th day of April 2008.

/s/ Donald A. Migliori
Donald A. Migliori
RI Bar No. 4936
**MOTLEY RICE LLC**
321 South Main Street
P. O. Box 6067
Providence, RI 02940
Telephone: (401) 457-7700
Facsimile: (401) 457-7748

**MDL-1842 Plaintiffs' Liaison and Co-Lead Counsel**

/s/ Derek C. Johnson
Derek C. Johnson
Oregon State Bar No. 88234
djohnson@jclslaw.com
Michele C. Smith
Oregon State Bar No. 02095
msmith@jclslaw.com
**JOHNSON, CLIFTON, LARSON & SCHALLER**
975 Oak Street, Suite 1050
Eugene, OR 97401
Telephone: (541) 484-2434
Facsimile: (541) 484-0882

**Attorneys for Plaintiffs Greg Kuhnle and Mary Kuhnle**

## CERTIFICATION

I hereby certify that on this 24th day of April, 2008, that a true copy of the foregoing Plaintiff's First Amended Complaint has been filed electronically and that it is available for viewing and downloading from the ECF system. I also certify that a true copy of this document was also mailed or electronically mailed to the following:

**Ernest Cory** ecory@cwcd.com

**Kirby T. Griffis** kgriffis@spriggs.com

**Mark T. Nugent** mnugent@morrisonmahoney.com

**Thomas M. Robinson** trobinson@morrisonmahoney.com

**Teresa C Toriseva** tct@wtwlaw.us

**Samuel J. Abate, Jr**
Pepper Hamilton LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405

**Andrew L. Colocotronis**
Baker, Donelson, Bearman, Caldwell & Berkowitz
900 South Gay Street
2200 Riverview Tower
Knoxville, TN 37902

**Kathleen Ann DeLaney**
Delaney & Delaney LLC
3640 North Washington Blvd.
Indianapolis, IN 46205

**John A. Fagg, Jr**
Moore & Van Allen
100 N. Tryon Street
Suite 4700
Charlotte, NC 28202-4003

**Gary D. Hermann**
Hermann, Cahn & Schneider
Suite 500
1301 East Ninth Street
Cleveland, OH 44114

**James B. Irwin**
Irwin Fritchie
400 Poydras Street
Suite 2700
New Orleans, LA 70130

**D. Mitchell McFarland**
Harrison Bettis Staff McFarland & Weems
500 Dallas Street
Suite 2600
Houston, TX 77002

**Michelle R. Schwarz**
Mandelbaum & Schwarz
2012 Hamilton Lane
Suite 303
Las Vegas, NV 89106

**Lesley Stine**
Saieva, Rousselle & Stine
601 W. Swann Ave., Suite B
Tampa, FL 33606

**Kara T. Stubbs**
Baker Sterchi Cowden & Rice
2400 Pershing Road
Suite 500
Kansas City, MO 64108

**Kevin K. Trout**
Heron Sweet Fox & Trout
2601 NW Expressway
Suite 707 W
Oklahoma City, OK 73112

**Danene J. Tushar**
Fraser Stryker Law Firm
409 South 17th Street
Suite 500 Energy Plaza
Omaha, NE 68102

**David Bowman White**
Gallivan White and Boyd
PO Box 1505
Greenville, SC 29603

**Dennie M. Zankel**
Baker and Sterchi
1010 Market Street
Suite 950
St. Louis, MO 63101

/s/ Donald A. Migliori
Donald A. Migliori
RI Bar#4936
Motley Rice LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940
Telephone: 401-457-7700
Fax: 401-457-7708