**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO ALL ACTIONS** | § § § | **JUDGE LISI** |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THE MOTION TO COMPEL THE PRODUCTION OF TAX RECORDS AUTHORIZATIONS AS A PART OF THE PLAINTIFF FACT SHEET PRODUCTION**

Plaintiffs' opposition attempts to argue as if it a *de novo* issue that tax records should not be produced in this litigation by all plaintiffs. The issue should be settled by the fact that tax authorizations are explicitly required by the extensively negotiated and agreed-to Plaintiff Fact Sheet approved by this Court.

As the Court is aware, the negotiations over the wording of the PFS stretched over several months. Indeed, the final part of the negotiations required the assistance of Magistrate Almond on several issues, including whether plaintiffs would be allowed to respond "I don't know" on the central question of "are you making a claim that the 'memory recoil ring" within the Composix® Kugel® Patch that you received failed?" As part of these negotiations, rather than requiring each individual plaintiff to obtain all of their records and produce them to Defendants, Defendants agreed to accept the signed authorizations included in Section XI of the PFS.[1] *See* Exhibit A – PFS for Victoria McNeir at 28. This agreement also allowed the Defendants to ensure the completeness of the records it received.

To counter the weight of the written record, Plaintiffs' make only one argument that the tax records authorization was not a part of the original PFS, stating that "Defendants did not [originally] include tax records authorizations." (Opp. at 5). But regardless of when the

[1] The very first Plaintiff Fact Sheets (including that of Victoria McNeir, Exh. A) had Section XI as X. The PFS itself has not changed in any respect material to this motion.

authorization forms were first provided to plaintiffs' counsel, Section X of the PFS has always included the statement that the plaintiffs would provide tax authorization forms:

> Provide executed copies of each of the records authorization forms attached as Ex. G authorizing C.R. Bard, Inc., Davol Inc., and/or its attorneys or agents to obtain your Federal and State income tax returns for each of the years from ten (10) years prior to your injury to the present.

*See, e.g.*, Exhibit A at pg. 28.[2] As plaintiffs have no dispute with the authorization form itself, but instead with having to provide tax forms at all, the issue of when they first saw the form is irrelevant. The language requiring tax forms has been a part of the PFS since at least November, when Mrs. McNeir signed the Sworn Declaration page. Plaintiffs further memorialized this agreement when they consented to the language in the jointly-drafted and extensively negotiated Case Management Order, adopted on December 6, 2007, and requiring plaintiffs to provide the "requested records authorizations" contained in the Plaintiff Fact Sheets. Plaintiffs attempt to portray Defendant's position as one that would allow them to receive anything at all that they request from the Plaintiffs – *see* Opp. at 6 – is wrong. The CMO's reference to "requested records authorizations" in the section entitled "Plaintiff Fact Sheet" clearly refers to the records authorizations listed in Section X of the PFS, which is entitled "Authorizations for Records," *See* Docket No. 257, pg. 4-5; Ex. A at 28, and not to any discovery that Defendants may at some future point decide to propound.

Plaintiffs' counsel's statement that they never agreed to produce tax authorizations for all plaintiffs is not supported by the plain language of the agreement between the parties, which plainly and without limitation requires all plaintiffs to provide all authorizations requested in Section X. Nor can "relevance" limitations within Section X be implied since Section X

---

[2] Defendants have even compromised on the PFS's requirement to reduce the burden on plaintiffs. As the language indicates, plaintiffs are requested to provide authorizations from ten years before their *date of injury* to the present. To ease the burden on Plaintiffs' counsel, Defendants have agreed to accept authorizations from 1998 to the present for all plaintiffs, regardless of date of injury.

contains conditional language where such language was agreed to. For instance, Exhibit H only calls for an authorization "If [the plaintiff] ha[s] served in the military." Had the two sides intended that tax record authorizations would only be produced for plaintiffs making explicit lost income or lost capacity claims, similar language could have been used at the beginning of Exhibit G.

Tax records are both directly relevant and are likely to lead to the discovery of additional admissible evidence. The parties have agreed that plaintiffs would provide authorizations so that such records could be obtained, and plaintiffs should be held to that agreement. This Court should require that plaintiffs abide by the terms of the Amended Case Management Order and the PFS, and compel the production of the previously agreed upon tax records authorizations.

Dated: April __, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on April __, 2008, the foregoing REPLY MEMORANDUM IN SUPPORT OF THE MOTION TO COMPEL THE PRODUCTION OF TAX RECORDS AUTHORIZATIONS AS A PART OF THE PLAINTIFF FACT SHEET PRODUCTION was electronically filed with the Clerk of Court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

/s/ Kirby T. Griffis