**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § | |
| | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO** | § | |
| **SMITH v. C.R. BARD, INC., et al.** | § | **JUDGE LISI** |
| **No. 1:07-cv-01937** | § | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S "AMENDED COMPLAINT"**

Because Plaintiff did not receive leave of the Court before filing an "Amended Complaint" that raises new allegations and amends previous allegations, the so-called Amended Complaint is inappropriate and should be stricken. Plaintiff's pleading ignores Rule 15 of the Federal Rules of Civil Procedure, the Local Rules for the District of Rhode Island, and the standing orders of this Court. Among its defects are the following:

- It has been incorrectly described as an Amended Complaint when it is in actuality a Supplemental Complaint.
- It was filed without permission of the Court as required by Rule 15(d) of the Federal Rules of Civil Procedure.
- It has been filed without an explanation of reasons as required by the Local Rules and long after the deadline for amending complaints in the MDL had passed.

Plaintiff's pleading has no legal force and should be disregarded by the Court.

**BACKGROUND**

Hadley Scott Smith filed the original complaint against Davol Inc. ("Davol") and C.R. Bard, Inc. ("Bard") (collectively "Defendants") on August 17, 2007. In September 2007, Defendants removed the case to the United States District Court for the Southern District of New York and answered the Complaint. The case was then transferred to this Court through CTO-5. In November, the Plaintiffs' Steering Committee designated this case as one of 10 representative

cases that would be referred to the Court's Alternative Dispute Resolution Program. On December 6, 2007, the court entered its first Case Management Order. (*See* Docket # 66.) That order permitted any plaintiff with an action currently pending in the MDL to file an amended complaint within 30 business days of the date of the order, giving Plaintiff until January 17 to amend the complaint. (*Id.*) Plaintiff Hadley Smith did not amend the complaint.

Hadley Smith died on February 25 of Acquired Immune Deficiency Syndrome. On March 5, Plaintiff's counsel notified the court of Smith's death. (*See* Docket # 442.) On March 6, Plaintiff's counsel filed a motion to substitute Smith's mother, Darlene Percy, as the expected administrator of Smith's estate. (*See* Docket # 444.) Defendants agreed to this motion to substitute, and the Court granted the motion. (*See* Docket #446.)

On April 24, 2008, 98 days after the deadline to amend the complaint per the CMO, and without a motion to amend, leave of court, or consent of the Defendants, Plaintiff filed a "First Amended Complaint." (*See* Docket #853.)

## ARGUMENT

### I. The First Amended Complaint Must be Disregarded Because Plaintiff Has Not Satisfied the Procedural Requirements of Rule 15 or Local Rule 15

Prior to filing its "amended complaint," Plaintiff – without opposition from Defendants – sought and received leave under Rule 25 to substitute Darlene Percy as the nominal defendant following the death of Hadley Smith. Rule 25, however, contemplates only the substitution of a party, not a new pleading with new claims and new factual allegations. Among other changes, the "Amended Complaint" purports to state new substantive claims and assert new facts. (*See* Am. Compl. ¶¶ 1, 18, 91 (stating that the Composix® Kugel® Hernia Patch "was a significant contributing factor in the death of Hadley Scott Smith")); (*id.* ¶ 79 ("as a proximate result of Defendants' fraudulent misrepresentations … Plaintiff suffered … death.").) Darlene Percy –

rather than just being substituted as the nominal plaintiff – now asserts new claims for relief for her own injuries. (*See id.* ¶¶ 1, 92.) Such damages - "loss of love, affection, and companionship" and "mental grief and anguish" – are often sought when asserting a wrongful death claim (a claim that has not been explicitly made either in the original or "amended" complaint). But addition of such claims, or demands for damages, is not permitted under the Federal Rules of Civil Procedure and the local rules of this Court without explicit advance permission.

A revised pleading setting forth allegations arising subsequent to the original pleadings, or representing additions to or continuations of earlier pleadings, is a supplemental complaint, not an amended complaint, and is governed by Rule 15(d). *See U.S. v. Russell*, 241 F.2d 879, 882 (1st Cir. 1957) (determining that an amended complaint filed after the date of the original pleading was in fact a supplemental pleading within the meaning of Rule 15(d)); *Abbott Diabetes Care, Inc. v, DexCom, Inc.*, No. 05-590, 2006 U.S. Dist. 57469, at *12 (D. Del. 2006) (applying 15(d) when pleading addressed events occurring after original complaint). Rule 15(d) requires advance permission for the filing of a supplemental complaint, which of course would have to set forth what the plaintiff proposes to change and why. *See* Fed R. Civ. P. 15(d); *see also Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) (noting that Rule 15(d) requires a motion); *Fund for Animals v. Hall*, 246 F.R.D. 53, 54 (D.D.C. 2007); ("Supplements under Rule 15(d) always require leave of the court"); *Todaro v. Township of Union*, 27 F. Supp. 2d 517, 531 (D.N.J. 1998) ("a party is required to 'seek leave to file a supplemental pleading thereby submitting to judicial discretion the determination of whether the claim should be joined in that action or a subsequent suit")(quoting *McNally v. Providence Washington Ins. Co.*, 698 A.2d 543,

548 (N.J. Super. 1997)); *Tyson v. McPhail Properties, Inc.*, 478 S.E. 2d 467, 469 (Ga. App. 1996) ("[A] party does not have the right to unilaterally file supplemental pleadings.")

Moreover, when supplementing *or* amending a pleading in Rhode Island District Court, Local Rule 15 requires a motion, an accompanying proposed amended pleading, and "a supporting memorandum that explains how the amended pleading differs from the original and why the amendment is necessary be provided to the Court." D.R.I. Civ. R. 15(a)-(b). Here, plaintiff has filed no such motion. Their Rule 25 motion seeking leave only to substitute a party did not even raise the issue of filing new claims, much less comply with these mandatory pleading obligations. Had plaintiff filed such a motion in support of their proffered "Amended Complaint," Defendants would have opposed it on multiple grounds.

Failure to properly move to supplement the complaint requires that the pleading be stricken. *Abbott*, 2006 U.S. Dist. LEXIS 57469, at *12 (because Abbott did not file a motion to supplement its complaint in the present case, the court will strike it from the docket for failure to comply with Rule 15(d)"); *Bronson v. Horn*, No. 02-663, 2006 U.S. Dist. LEXIS 38791, at *5 (W.D. Pa. June 12, 2006) (dismissing supplemental complaint because it was not filed pursuant to a motion); *accord Childers v. Pumping Systems, Inc.*, 968 F.2d 565 (5th Cir. 1992) (striking of amendment to pleading was not abuse of discretion under Texas law, where amending party failed to seek leave of court as required by rules for amendment); *County of Dakota v. City of Lakeville*, 559 N.W. 2d 716, 721 (Minn. Ct. App. 1997) (amended complaint brought after defendant served its answer was not valid where the trial court did not grant a motion to amend and the defendant did not consent to the amendment); *Dauernheim v. Lendlease Cars, Inc.*, 202 A.D. 2d 624, 625 (N.Y. App. Div. 1994) ("failure to obtain court approval rendered plaintiff's amended complaint a legal nullity").

**CONCLUSION**

For the foregoing reasons, Plaintiff's "Amended" Complaint should be stricken.

Respectfully submitted,

Dated: May 8, 2008

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2008, the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for Plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

David Buchanan
SEEGER WEISS LLP
One William Street
New York, New York 10004
*(electronic notice)*

John W. deGravelles
DEGRAVELLES, PALMINTIER, HOLTHAUS & FRUGÉ, L.L.P.
618 Main Street
Baton Rouge, LA 70801-1910
*(electronic notice)*

Daniel A. Claitor
7520 Perkins Road, Suite 170
Baton Rouge, LA 70808
*(electronic notice)*

/s/ Kirby T. Griffis