Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax. 202.682.1639
www.spriggs.com

David W. Thomas
202.898.5861
dthomas@spriggs.com

March 17, 2008

VIA FACSIMILE, ORIGINAL TO FOLLOW BY U.S. MAIL

Travis M. Holley, Esq.
1302 Leavell Ave.
Bastrop, LA 71220
Fax: (318) 283-3242

Re: *In re: Kugel® Mesh Hernia Patch Products Liability Litigation*
USDC D. RI. MDL No. 07-1842
Plaintiff: Judith D. Collins

Dear Mr. Holley:

On December 6, 2007, Judge Mary Lisi entered a Case Management Order ("CMO") requiring all plaintiffs to complete a Plaintiff's Fact Sheet ("PFS") and provide certain authorizations and documents as requested in the PFS. The CMO required that all plaintiffs who were a part of the MDL as of December 6, 2007 submit a PFS to Defendants by March 5, 2008.

As of the date of this letter, we have yet to receive a PFS from your client. Pursuant to the CMO, should you fail to provide a PFS which is substantially complete in all respects[1] by May 1, 2008 (45 days from the date of this letter), this case is subject to dismissal.

Your client's failure to submit a PFS in a timely fashion imposes unnecessary costs on Bard and hampers Bard's ability to proceed with discovery. Conducting case-specific fact discovery without the benefit of a PFS results in unnecessary inefficiencies.

Sincerely,

David W. Thomas

Cc: Don Migliori

---

[1] As ordered by Judge Lisi, to "substantially complete in all respects" a PFS a plaintiff must "answer every question contained in the PFS and leave no blanks, even if a plaintiff can only answer the question in good faith by indicating 'not applicable' or 'I don't know'." Sec. VI.D.3.

Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax. 202.682.1639
www.spriggs.com

David W. Thomas
202.898.5861
dthomas@spriggs.com

March 17, 2008

VIA FACSIMILE, ORIGINAL TO FOLLOW BY U.S. MAIL

Michael P. Mallia, Esq.
Vickery, Waldner & Mallia, L.L.P.
One Riverway, Suite 1150
Houston, TX 77056
Fax: (713) 523-5939

Re: *In re: Kugel® Mesh Hernia Patch Products Liability Litigation*
USDC D. RI. MDL No. 07-1842
Plaintiff: Richard Reyna

Dear Mr. Mallia:

On December 6, 2007, Judge Mary Lisi entered a Case Management Order ("CMO") requiring all plaintiffs to complete a Plaintiff's Fact Sheet ("PFS") and provide certain authorizations and documents as requested in the PFS. The CMO required that all plaintiffs who were a part of the MDL as of December 6, 2007 submit a PFS to Defendants by March 5, 2008.

As of the date of this letter, we have yet to receive a PFS from your client. Pursuant to the CMO, should you fail to provide a PFS which is substantially complete in all respects[1] by May 1, 2008 (45 days from the date of this letter), this case is subject to dismissal.

Your client's failure to submit a PFS in a timely fashion imposes unnecessary costs on Bard and hampers Bard's ability to proceed with discovery. Conducting case-specific fact discovery without the benefit of a PFS results in unnecessary inefficiencies.

Sincerely,

David W. Thomas

Cc: Don Migliori

---

[1] As ordered by Judge Lisi, to "substantially complete in all respects" a PFS a plaintiff must "answer every question contained in the PFS and leave no blanks, even if a plaintiff can only answer the question in good faith by indicating 'not applicable' or 'I don't know'." Sec. VI.D.3.

Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax. 202.682.1639
www.spriggs.com

David W. Thomas
202.898.5861
dthomas@spriggs.com

March 17, 2008

VIA FACSIMILE, ORIGINAL TO FOLLOW BY U.S. MAIL

Chris M. Limberopoulos, Esq.
400 N. Ashley Drive, Suite 2150
Tampa, FL 33602
Fax: (813) 875-2368

Re: *In re: Kugel® Mesh Hernia Patch Products Liability Litigation*
USDC D. RI. MDL No. 07-1842
Plaintiff: Clarissa Mahr

Dear Mr. Limberopoulos:

On December 6, 2007, Judge Mary Lisi entered a Case Management Order ("CMO") requiring all plaintiffs to complete a Plaintiff's Fact Sheet ("PFS") and provide certain authorizations and documents as requested in the PFS. The CMO required that all plaintiffs who were a part of the MDL as of December 6, 2007 submit a PFS to Defendants by March 5, 2008.

As of the date of this letter, we have yet to receive a PFS from your client. Pursuant to the CMO, should you fail to provide a PFS which is substantially complete in all respects[1] by May 1, 2008 (45 days from the date of this letter), this case is subject to dismissal.

Your client's failure to submit a PFS in a timely fashion imposes unnecessary costs on Bard and hampers Bard's ability to proceed with discovery. Conducting case-specific fact discovery without the benefit of a PFS results in unnecessary inefficiencies.

Sincerely,

David W. Thomas

Cc: Don Migliori

---

[1] As ordered by Judge Lisi, to "substantially complete in all respects" a PFS a plaintiff must "answer every question contained in the PFS and leave no blanks, even if a plaintiff can only answer the question in good faith by indicating 'not applicable' or 'I don't know'." Sec. VI.D.3.

Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax. 202.682.1639
www.spriggs.com

David W. Thomas
202.898.5861
dthomas@spriggs.com

March 17, 2008

VIA FACSIMILE, ORIGINAL TO FOLLOW BY U.S. MAIL

Travis M. Holley, Esq.
1302 Leavell Ave.
Bastrop, LA 71220
Fax: (318) 283-3242

Re: *In re: Kugel® Mesh Hernia Patch Products Liability Litigation*
USDC D. RI. MDL No. 07-1842
Plaintiff: Amy Barlow

Dear Mr. Holley:

On December 6, 2007, Judge Mary Lisi entered a Case Management Order ("CMO") requiring all plaintiffs to complete a Plaintiff's Fact Sheet ("PFS") and provide certain authorizations and documents as requested in the PFS. The CMO required that all plaintiffs who were a part of the MDL as of December 6, 2007 submit a PFS to Defendants by March 5, 2008.

As of the date of this letter, we have yet to receive a PFS from your client. Pursuant to the CMO, should you fail to provide a PFS which is substantially complete in all respects[1] by May 1, 2008 (45 days from the date of this letter), this case is subject to dismissal.

Your client's failure to submit a PFS in a timely fashion imposes unnecessary costs on Bard and hampers Bard's ability to proceed with discovery. Conducting case-specific fact discovery without the benefit of a PFS results in unnecessary inefficiencies.

Sincerely,

David W. Thomas

Cc: Don Migliori

[1] As ordered by Judge Lisi, to "substantially complete in all respects" a PFS a plaintiff must "answer every question contained in the PFS and leave no blanks, even if a plaintiff can only answer the question in good faith by indicating 'not applicable' or 'I don't know'." Sec. VI.D.3.

Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax. 202.682.1639
www.spriggs.com

David W. Thomas
202.898.5861
dthomas@spriggs.com

March 17, 2008

VIA FACSIMILE, ORIGINAL TO FOLLOW BY U.S. MAIL

Jason A. Itkin, Esq.
Arnold & Itkin LLP
1401 McKinney St., Suite 2550
Houston, TX 77010
Fax: (713) 222-3850

Re: *In re: Kugel® Mesh Hernia Patch Products Liability Litigation*
USDC D. RI. MDL No. 07-1842
Plaintiff: Juan Ramos

Dear Mr. Itkin:

On December 6, 2007, Judge Mary Lisi entered a Case Management Order ("CMO") requiring all plaintiffs to complete a Plaintiff's Fact Sheet ("PFS") and provide certain authorizations and documents as requested in the PFS. The CMO required that all plaintiffs who were a part of the MDL as of December 6, 2007 submit a PFS to Defendants by March 5, 2008.

As of the date of this letter, we have yet to receive a PFS from your client. Pursuant to the CMO, should you fail to provide a PFS which is substantially complete in all respects[1] by May 1, 2008 (45 days from the date of this letter), this case is subject to dismissal.

Your client's failure to submit a PFS in a timely fashion imposes unnecessary costs on Bard and hampers Bard's ability to proceed with discovery. Conducting case-specific fact discovery without the benefit of a PFS results in unnecessary inefficiencies.

Sincerely,

David W. Thomas

Cc: Don Migliori

---

[1] As ordered by Judge Lisi, to "substantially complete in all respects" a PFS a plaintiff must "answer every question contained in the PFS and leave no blanks, even if a plaintiff can only answer the question in good faith by indicating 'not applicable' or 'I don't know'." Sec. VI.D.3.

Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax. 202.682.1639
www.spriggs.com

David W. Thomas
202.898.5861
dthomas@spriggs.com

March 17, 2008

VIA FACSIMILE, ORIGINAL TO FOLLOW BY U.S. MAIL

Jack Modesett III, Esq.
500 N. Water St., Suite 1200
Corpus Christi, TX 78471
Fax: (361) 885-7983

Re: *In re: Kugel® Mesh Hernia Patch Products Liability Litigation*
USDC D. RI. MDL No. 07-1842
Plaintiff: Catalina Garcia

Dear Mr. Modesett:

On December 6, 2007, Judge Mary Lisi entered a Case Management Order ("CMO") requiring all plaintiffs to complete a Plaintiff's Fact Sheet ("PFS") and provide certain authorizations and documents as requested in the PFS. The CMO required that all plaintiffs who were a part of the MDL as of December 6, 2007 submit a PFS to Defendants by March 5, 2008.

As of the date of this letter, we have yet to receive a PFS from your client. Pursuant to the CMO, should you fail to provide a PFS which is substantially complete in all respects[1] by May 1, 2008 (45 days from the date of this letter), this case is subject to dismissal.

Your client's failure to submit a PFS in a timely fashion imposes unnecessary costs on Bard and hampers Bard's ability to proceed with discovery. Conducting case-specific fact discovery without the benefit of a PFS results in unnecessary inefficiencies.

Sincerely,

David W. Thomas

Cc: Don Migliori

[1] As ordered by Judge Lisi, to "substantially complete in all respects" a PFS a plaintiff must "answer every question contained in the PFS and leave no blanks, even if a plaintiff can only answer the question in good faith by indicating 'not applicable' or 'I don't know'." Sec. VI.D.3.