**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO JOHNSON, DONALD G., No. 1:08-cv-02155** | § § § | **JUDGE LISI** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC. TO FIRST AMENDED COMPLAINT**

Defendants Davol Inc. and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer the Plaintiff's First Amended Complaint (the "Complaint") as follows:

## NATURE OF THE ACTION

1. Defendants admit that Davol, Inc. ("Davol") is a subsidiary of C.R. Bard, Inc. ("Bard"). Davol admits that it sold and distributed products named the Bard® Kugel® Hernia Patch and the Bard® Composix® Kugel® Hernia Patch, and denies that it sold and distributed a product named the Kugel® Hernia Patch. Bard denies that it sold or distributed any of these patches. The remaining allegations contained in this paragraph are either conclusions of law to which no response is required, or Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. Therefore, Defendants deny any remaining allegations.

## PARTIES

2. Paragraph 2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

3. The allegations in Paragraph 3 of the Complaint are not directed at Bard; therefore, no response is required. Davol admits that it is a subsidiary of Bard and that it is incorporated under the laws of Delaware with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island 02920. Answering further, Davol admits that its resident agent in Rhode Island is CT Corporation System located at 10 Weybosset Street, Providence, Rhode Island 02903. Davol further admits that it designed, conducted limited manufacturing of, tested, distributed, advertised, supplied, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States. As to the remaining allegations, Davol does not know what is meant by “analyzed,” “merchandised,” “recommended,” or “promoted” beyond the meaning of “tested” and “advertised,” which have been admitted. Davol accordingly denies those remaining allegations.

4. The allegations in Paragraph 4 of the Complaint are not directed at Davol; therefore, no response is required. Bard admits that it is organized under the laws of the State of New Jersey with its principle place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. Answering further, Bard admits that Davol is its subsidiary. Bard denies each and every remaining allegation contained in this paragraph.

**JURISDICTION AND VENUE**

5. Defendants admit that the requirements of 28 U.S.C. § 1332(a) have been met.

6. Paragraph 6 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants admit that

Plaintiff's claims properly invoke the jurisdiction of this Court. Defendants deny each and every remaining allegation.

## GENERAL ALLEGATIONS

7. Defendants admit that a Bard subsidiary completed an asset purchase in January 2000 acquiring a product called the Kugel® Patch. Davol admits that it has conducted limited manufacturing of certain hernia repair products that contain a memory recoil ring and that it sold these products for use by prescribing physicians in accordance with its accompanying labeling information, but Bard denies these allegations.

8. Defendants admit that a hernia may occur when stomach muscles are in a weakened state causing intestines to protrude through. Defendants further admit that the Composix® Kugel® Hernia Patch is designed to treat soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with its accompanying labeling information.

9. Defendants admit that a Bard subsidiary completed an asset purchase in January 2000 acquiring the Kugel Patch product line, including the 510(k) for the Kugel® Patch. Answering further, Defendants admit that Davol began marketing certain product codes of the Bard® Kugel® Patch in 2001.

10. Defendants deny the allegations as phrased. Defendants admit that the Composix® Kugel® Hernia Patch is made partly of polypropylene mesh and is designed to treat soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with its accompanying labeling information. Answering further, Defendants admit that the Composix® Kugel® Hernia Patch may be inserted behind a hernia defect

through a small incision and that the Composix® Kugel® Hernia Patch's PET memory recoil ring is designed to assist in proper placement of the Composix® Kugel® Hernia Patch. Defendants deny each and every remaining allegation in this paragraph.

11. Defendants deny each and every allegation in Paragraph 11 of Complaint.

12. Paragraph 12 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in this paragraph, including subparts (a) through (f).

13. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. Answering further, Defendants admit that the FDA classifies a Class I recall as its highest recall and that the FDA characterizes such a recall as representing a reasonable chance that the product will cause serious health problems or death. Defendants deny any remaining allegations contained in this paragraph.

14. Davol admits that it sold certain hernia repair products for use by prescribing physicians in accordance with its accompanying labeling information, but Bard denies these allegations. Davol further admits that at times it sold and continues to sell Bard® Kugel® Patches with product codes 0010101, 0010102, 0010103, 0010104, and 0010105, and Bard® Composix® Kugel® Patches with product codes 0010201, 0010202, 0010203, 0010204, 0010205, 0010206, 0010207, 0010208, and 0010209. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint and therefore deny the same.

15. Paragraph 15 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

16. Paragraph 16 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

17. Paragraph 17 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

18. Paragraph 18 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

19. Paragraph 19 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**PLAINTIFF'S EXPERIENCE**

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore deny the same.

21. Davol admits that it designed, conducted limited manufacturing of, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol further admits that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias. Bard denies each and every allegation in this paragraph.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore deny the same.

23. Paragraph 23 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT I

### Unfair And Deceptive Trade Practices

24. In response to Paragraph 24 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

25. Davol admits that it designed, conducted limited manufacturing of, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations in Paragraph 25 of the Complaint, Davol does not know what is meant by “assembled” or “conveyed” beyond the meanings of “manufactured” and “distributed” which have been addressed above. Davol accordingly denies the remaining allegations. Bard denies each and every allegation contained in this paragraph.

26. Paragraph 26 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

27. Paragraph 27 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

28. Paragraph 28 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

29. Paragraph 29 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

30. Paragraph 30 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

31. Paragraph 31 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

32. Paragraph 32 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

33. Paragraph 33 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

34. The allegations in Paragraph 34 are general statements and/or opinions that are not directed at Defendants. Therefore, no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT II**

**Negligence**

35. In response to Paragraph 35 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

36. Paragraph 36 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

37. Paragraph 37 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

38. Paragraph 38 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

39. Paragraph 39 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

40. Paragraph 40 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

41. Paragraph 41 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

42. Paragraph 42 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

43. Paragraph 43 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

44. Paragraph 44 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

45. Paragraph 45 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT III

### Strict Liability

46. In response to Paragraph 46 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

47. Paragraph 47 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

48. Davol admits that it designed, conducted limited manufacturing of, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations set forth in Paragraph 48 of the Complaint, Davol does not know

what is meant by “assembled” or “conveyed” beyond the meanings of “manufactured” and “distributed” which have been addressed above. Davol accordingly denies the remaining allegations. Bard denies each and every allegation contained in this paragraph.

49. Paragraph 49 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and therefore deny the same.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and therefore deny the same.

52. Paragraph 52 of the Complaint, including its subparts (a) through (j), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

53. Paragraph 53 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT IV

### Intentional Infliction of Emotional Distress

54. In response to Paragraph 54 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

55. Paragraph 55 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

56. Paragraph 56 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

57. Paragraph 57 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

58. Paragraph 58 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

59. Paragraph 59 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT V

### Breach of Implied Warranty

60. In response to Paragraph 60 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

61. Paragraph 61 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

62. Paragraph 62 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

63. Paragraph 63 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and therefore deny the same.

65. Paragraph 65 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

66. Paragraph 66 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT VI**

**Failure to Warn**

67. In response to Paragraph 67 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

68. Davol admits that it designed, conducted limited manufacturing of, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations set forth in Paragraph 68 of the Complaint, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Davol accordingly denies these allegations. Bard denies each and every allegation contained in this paragraph.

69. Paragraph 69 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

70. Paragraph 70 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

71. Paragraph 71 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint and therefore deny the same.

73. Paragraph 73 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

74. Paragraph 74 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiff's Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiff's claims against Defendants in whole or in part.

6. Applicable statutes of limitations, statutes of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiff's claims are barred, in whole or in part, for Plaintiff's failure to provide Defendants with timely notice of Plaintiff's claims as required by the Rhode Island Deceptive Trade Practices Act and/or Texas Uniform Commercial Code.

8. Plaintiff's, or Plaintiff's agents', including Plaintiff's physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

9. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

10. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

11. If Plaintiff sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

12. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

13. The learned intermediary doctrine bars Plaintiff's claims.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

15. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

16. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

17. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

18. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases,

and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law (including but not limited to Chapter 33 of the Texas Civil Practice & Remedies Code), Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party, any person, or entity, including the Plaintiff and any party, person, or entity who has settled with the Plaintiff. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiff from any source whatsoever with respect to the injuries and damages at issue in this suit.

19. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

20. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

21. Plaintiff failed to mitigate damages, which limits Plaintiff's recovery, if any, in whole or in part.

22. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to them.

23. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

24. Pursuant to Article 5.10(B)(2) of the Texas Business Corporations Act, Defendants, as acquiring corporations, are not liable for obligations not expressly assumed.

25. Plaintiff's claims are barred in whole or in part by Plaintiff's own comparative negligence.

26. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

27. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

28. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

29. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Texas Constitution.

30. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Texas Constitution.

31. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Texas and/or other applicable laws.

32. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

33. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Texas.

34. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: May 19, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFF'S AMENDED COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

David W. Alexander
WILLIAMS KHERKHER HART BOUNDAS, LLP.
8441 Gulf Freeway, Suite 600
Houston, TX 77017
(*electronic notice*)

/s/ Kirby T. Griffis