**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO BUSTAMANTE, ALICE MARIE, No. 1:08-cv-02162** | § § § | **JUDGE LISI** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC.**

Defendants Davol Inc. and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

**NATURE OF THE ACTION**

1. Defendants admit that Davol, Inc. ("Davol") is a subsidiary of C.R. Bard, Inc. ("Bard"). Davol admits that it sold and distributed products named the Bard® Kugel® Hernia Patch and the Bard® Composix® Kugel® Hernia Patch, and denies that it sold and distributed a product named the Kugel® Hernia Patch. Bard denies that it sold or distributed any of these patches. The remaining allegations in this paragraph are either conclusions of law to which no response is required, or Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph. Therefore, Defendants deny any remaining allegations in this paragraph.

**PARTIES**

2. Paragraph 2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny the same.

3. The allegations in Paragraph 3 are not directed at Bard and therefore no response is required. Davol admits that it is a subsidiary of Bard and that it is incorporated under the laws of Delaware with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island 02920. Answering further, Davol admits that its resident agent in Rhode Island is CT Corporation System located at 10 Weybosset Street, Providence, Rhode Island 02903. Davol further admits that it designed, conducted limited manufacturing of, tested, distributed, advertised, supplied, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States. As to the remaining allegations, Davol does not know what is meant by "analyzed," "merchandised," "recommended," or "promoted" beyond the meaning of "tested" and "advertised," which have been admitted. Davol accordingly denies those remaining allegations.

4. The allegations in Paragraph 4 are not directed at Davol; therefore, no response is required. Bard admits that it is organized under the laws of the State of New Jersey and that Davol is its subsidiary. Bard denies each and every remaining allegation in Paragraph 4.

**JURISDICTION AND VENUE**

5. Defendants admit that the requirements of 28 U.S.C. § 1332(a) have been met.

6. The allegations in Paragraph 6 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants admit that Plaintiff's claims properly invoke the jurisdiction of this Court. Defendants deny each and every remaining allegation in Paragraph 6.

**GENERAL ALLEGATIONS**

7. Defendants admit that a Bard subsidiary completed an asset purchase in January 2000 acquiring a product called the Kugel® Patch. Davol admits that it has conducted limited manufacturing of certain hernia repair products that contain a memory recoil ring and that it sold these products for use by prescribing physicians in accordance with its accompanying labeling information, but Bard denies these allegations.

8. Defendants admit that a hernia may occur when stomach muscles are in a weakened state causing intestines to protrude through. Defendants further admit that the Composix® Kugel® Hernia Patch is designed to treat soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with its accompanying labeling information.

9. Defendants admit that a Bard subsidiary completed an asset purchase in January 2000 acquiring the Kugel Patch product line, including the 510(k) for the Kugel® Patch. Answering further, Defendants admit that Davol began marketing certain product codes of the Bard® Kugel® Patch in 2001.

10. Bard and Davol deny the allegations as phrased. Bard and Davol admit that the Composix® Kugel® Hernia Patch is made partly of polypropylene mesh and is designed to treat soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with its accompanying labeling information. Answering further, Bard and Davol admit that the Composix® Kugel® Hernia Patch may be inserted behind a hernia defect through a small incision and that Composix® Kugel® Hernia Patch's PET memory recoil ring is designed to assist in proper placement of the

Composix® Kugel® Hernia Patch. Bard and Davol deny each and every remaining allegation in Paragraph 10.

11. Defendants deny each and every allegation in Paragraph 11.

12. Paragraph 12 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 12, including subparagraphs (a) through (f).

13. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. Answering further, Bard and Davol admit that FDA classifies a Class I recall as its highest recall and that FDA characterizes such a recall as representing a reasonable chance that the product will cause serious health problems or death. Defendants deny any remaining allegations contained in Paragraph 13.

14. Davol admits that it sold certain hernia repair products for use by prescribing physicians in accordance with its accompanying labeling information, but Bard denies these allegations. Davol further admits that at times it sold and continues to sell Bard® Kugel® Patches with product codes 0010101, 0010102, 0010103, 0010104, and 0010105, and Bard® Composix® Kugel® Patches with product codes 0010201, 0010202, 0010203, 0010204, 0010205, 0010206, 0010207, 0010208, and 0010209. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint and therefore deny the same.

15. The allegations in Paragraph 15 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

16. The allegations in Paragraph 16 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

17. The allegations in Paragraph 17 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

18. The allegations in Paragraph 18 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

19. The allegations in Paragraph 19 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**PLAINTIFF'S EXPERIENCE**

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore deny the same.

21. Davol admits that it designed, conducted limited manufacturing of, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol further admits that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias. Bard denies each and every allegation contained in Paragraph 21.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore deny the same.

23. The allegations in Paragraph 23 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT I

**Unfair And Deceptive Trade Practices**

24. In response to Paragraph 24 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

25. Davol admits that it designed, conducted limited manufacturing of, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 25 of the complaint, Davol does not know what is meant by "assembled" or "conveyed" beyond the meanings of "manufactured" and "distributed" which have been addressed above. Davol accordingly denies the remaining allegations. Bard denies each and every allegation presented in Paragraph 25.

26. The allegations in Paragraph 26 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

27. The allegations in Paragraph 27 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

28. The allegations in Paragraph 28 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

29. The allegations in Paragraph 29 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

30. The allegations in Paragraph 30 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

31. The allegations in Paragraph 31 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

32. The allegations in Paragraph 32 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

33. The allegations in Paragraph 33 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

34. The allegations in Paragraph 34 are general statements and/or opinions that are not directed at Defendants. Therefore, no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT II

### Negligence

35. In response to Paragraph 35 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

36. The allegations in Paragraph 36 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

37. The allegations in Paragraph 37 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

38. The allegations in Paragraph 38 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

39. The allegations in Paragraph 39 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

40. The allegations in Paragraph 40 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

41. The allegations in Paragraph 41 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

42. The allegations in Paragraph 42 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

43. The allegations in Paragraph 43 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

44. The allegations in Paragraph 44 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

45. The allegations in Paragraph 45 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT III**

**Strict Liability**

46. In response to Paragraph 46 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

47. The allegations in Paragraph 47 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

48. Davol admits that it designed, conducted limited manufacturing of, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 48 of the complaint, Davol does not know what is meant by “assembled” or “conveyed” beyond the meanings of “manufactured” and “distributed” which have been addressed above. Davol accordingly denies the remaining allegations. Bard denies each and every allegation presented in Paragraph 48.

49. The allegations in Paragraph 49 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

52. The allegations in Paragraph 52 and its subparts (a) through (j) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

53. The allegations in Paragraph 53 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT IV

### Intentional Infliction of Emotional Distress

54. In response to Paragraph 54 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

55. The allegations in Paragraph 55 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

56. The allegations in Paragraph 56 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

57. The allegations in Paragraph 57 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

58. The allegations in Paragraph 58 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

59. The allegations in Paragraph 59 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT V**

**Breach of Implied Warranty**

60. In response to Paragraph 60 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

61. The allegations in Paragraph 61 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

62. The allegations in Paragraph 62 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

63. The allegations in Paragraph 63 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

65. The allegations in Paragraph 65 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

66. The allegations in Paragraph 66 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT VI**

**Failure to Warn**

67. In response to Paragraph 67 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

68. Davol admits that it designed, conducted limited manufacturing of, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 68 of the complaint, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations. Bard denies each and every allegation presented in Paragraph 68.

69. The allegations in Paragraph 69 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

70. The allegations in Paragraph 70 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

71. The allegations in Paragraph 71 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and Defendants therefore deny the allegations.

73. The allegations in Paragraph 73 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

74. The allegations in Paragraph 74 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiff's Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiff's claims against Defendants in whole or in part.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiff's claims are barred, in whole or in part, for Plaintiff's failure to provide Defendants with timely notice of Plaintiff's claims as required by the Rhode Island Deceptive Trade Practices Act, the Texas Uniform Commercial Code, and/or applicable Nebraska law.

8. Plaintiff's, or Plaintiff's agents', including Plaintiff's physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

9. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

10. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

11. If Plaintiff sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

12. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

13. The learned intermediary doctrine bars Plaintiff's claims.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

15. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

16. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

17. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

18. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which

Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases, and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law (including but not limited to Chapter 33 of the Texas Civil Practice & Remedies Code and/or Nebraska law), Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party, any person, or entity, including the Plaintiff and any party, person, or entity who has settled with the Plaintiff. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiff from any source whatsoever with respect to the injuries and damages at issue in this suit.

19. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

20. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

21. Plaintiff failed to mitigate damages, which limits Plaintiff's recovery, if any, in whole or in part.

22. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to them.

23. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

24. Plaintiff's claims are barred in whole or in part by Plaintiff's own comparative negligence.

25. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

26. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

27. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

28. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Texas Constitution and/or the Nebraska Constitution.

29. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Texas Constitution and/or the Nebraska Constitution.

30. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Texas, Nebraska, and/or other applicable laws.

31. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

32. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Texas.

33. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: May 19, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFF'S AMENDED COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

David W. Alexander
WILLIAMS KHERKHER HART BOUNDAS, LLP.
8441 Gulf Freeway, Suite 600
Houston, TX 77017
(*electronic notice*)

/s/ Kirby T. Griffis