**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| IN RE: KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENTS RELATES TO:<br>*Montiel et al. v. Davol, Inc. et al.*, 1:07-cv-0064;<br>*Horowitz et al. v. Davol, Inc. et al.*, 1:07-cv-01865 (E.D.N.Y. 1:07-cv-02392);<br>*Kane et al. v. Davol, Inc. et al.*, 1:07-cv-01914 (W.D.Mo. 4:07-cv-00575);<br>*Boggs v. Davol, Inc. et al.*, 1:07-cv-01934 (S.D.Ill. 3:07-cv-642);<br>*Bost et al v. Davol, Inc. et al.* 1:07-cv-01925 (E.D.Pa. 2:07-cv-03997);<br>*Barrientos et al v. Davol, Inc. et al.* 1:07-cv-01946 (M.D.Fla. 8:07-cv-01747);<br>*Girton et al v. Davol, Inc. et al.* 1:07-cv-01949 (D.N.J. 2:07-cv-4678);<br>*Gayvont et al v. Davol, Inc. et al.* 1:07-cv-01966 (N.D.W.Va. 5:07-cv-125). | ) | MDL Docket No. 07-1842-ML<br><br>Judge Mary M. Lisi<br><br>Magistrate Judge Lincoln D. Almond |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT IV OF FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Class Action Plaintiffs, by their attorneys, hereby respond to Defendants' Motion to Dismiss Count IV of the First Amended Consolidated Class Action Complaint ("Motion to Dismiss") as follows:

## I. INTRODUCTION

In accordance with this Court's November 9, 2007 Practice and Procedure Order No. 4, Plaintiffs filed their First Amended Consolidated Class Action Complaint ("Consolidated Complaint") on February 15, 2008. The purpose of filing the Consolidated Complaint was to

coordinate the individual class actions within the MDL for purposes of discovery.[1] The result of this consolidation will be a streamlining of the class action litigation and an elimination of duplicative efforts.

The Consolidated Complaint contains eleven (11) separate counts, is 58 pages long and encompasses 257 paragraphs. Defendants have answered the Consolidated Complaint in its entirety with the exception of their Motion to Dismiss, which is directed at Count IV. That Count of the Consolidated Complaint alleges that Defendants are liable for the recalled Composix Kugel Mesh Patch under various state consumer protection laws, each of which is enumerated and cited by Plaintiffs. Defendants seek dismissal of Count IV on the basis that it does not meet the specificity requirements of Rule 23 and Rule 9(b).

First, Defendants argue that Count IV does not contain a class definition and identifies no class representative as required under Rule 23. Defendants ignore the fact that Plaintiffs have filed a Consolidated Complaint – not a motion for class certification – and that class definitions and certification will be addressed by the Court at the appropriate time. In any event, the class definitions and named representatives are plainly listed earlier in the Consolidated Complaint and incorporated into Count IV by reference. Tellingly, Defendants do not make this unorthodox argument as to any of the other counts in the Consolidated Complaint.

Second, Defendants argue that the allegations in Count IV do not meet the heightened pleading requirements of Rule 9(b). Defendants do not attack the actual statutory claims on their face – by alleging a particular deficiency with regard to any specific consumer protection statute

---

[1] Federal Rule of Civil Procedure 42(a) gives courts discretion to consolidate simultaneously pending actions that involve a common question of law or fact to avoid unnecessary cost or delay. The Court has "broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice." *Ford Motor Credit Co. v. Chiorazzo*, 529 F.Supp.2d 535, 542 (D.N.J. 2008) (internal citations omitted).

– Defendants simply make generalized statements that the allegations in the Consolidated Complaint are inadequate because they do not specify the "time, place or conduct" of Defendants' wrongful acts. Defs' Brief, p.7. However, as demonstrated below, the specificity and thoroughness of the allegations contained in the Consolidated Complaint prove Defendants arguments wrong.

## II. STANDARD OF LAW

The burden is heavy on a party moving to dismiss. *General Elec. Co. v. Lyon,* 894 F. Supp. 544, 548 (D. Mass. 1995). The appropriate inquiry is whether the non-mover is entitled to offer evidence in support of its claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, a court must look only to the allegations and, "if under any theory they are sufficient to state a cause of action in accordance with the law, a motion to dismiss . . . must be denied." *Knight v. Mills,* 836 F.2d 659, 664 (1st Cir. 1987), citing *Melo-Tone Vending Inc. v. United States,* 666 F.2d 687, 688 (1st Cir. 1981). For purposes of this Motion to Dismiss, the Court must accept as true all the factual allegations set forth in the Consolidated Complaint and draw all reasonable inferences in their favor. *Bergeson v. Franchi,* 783 F. Supp. 713 (D. Mass. 1992), citing *Correa-Martinez v. Arrillaga-Belendez,* 903 F.2d 49, 52 (1st Cir. 1990); *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir. 1989).

## III. ARGUMENT

Defendants claim Count IV does not contain information sufficient to comply with the pleading requirements under Rules 23 and 9. Defendants bring their Motion to Dismiss against Count IV alone. In essence, Defendants' seemingly want to carve Count IV out of the Consolidated Complaint and ask this Court to view that count as if it is completely independent of the rest of the allegations. This logic is flawed, as the very first paragraph of Count IV states:

> Plaintiffs re-allege and incorporate by reference each and every allegation contained in this Complaint as though fully set forth herein.

Consolidated Complaint, ¶ 127. Therefore, the allegations contained in the Factual Background section (Compl., ¶¶ 23 - 62) and the General Allegations section (Compl., ¶¶ 63 - 74) of the Consolidated Complaint – which apparently allow Counts I, II, III, V, VI, VII, VIII, IX, X and XI to be properly pled – are also applicable to Count IV.

**A. Count IV of the Consolidated Complaint Complies with Rule 23.**

Defendants' Rule 23 arguments are not only directly contrary to the clear allegations of the complaint, but they are also premature. As a district court recently held:

> It should also be said that no view is expressed either way as to the viability or nonviability of a class (as contrasted with an individual) action here. **That of course is a function of Fed.R.Civ.P. ("Rule") 23 analysis, to be addressed when the facts are flushed out beyond [Plaintiff's] Complaint's allegations (which are accepted as true for the present purpose of evaluating the Complaint's legal sufficiency.)**

*Soprych v. AFF Enters*., No. 08 C 2297, 2008 U.S. Dist. LEXIS 33762 at *2 (N.D. Ill. Apr. 24, 2008) (emphasis added).[2] As such, Defendants' objection to the class definition leapfrogs class discovery and Plaintiffs' Rule 23 motion.[3]

In any event, Defendants' contention that they are "left to guess what class or classes the plaintiffs seek (if any)" is simply illogical. Defs' Brief, p. 5. The Consolidated Complaint

---

[2] In *Soprych*, Judge Shadur of the Northern District of Illinois held that it was premature to address whether Rule 23 was satisfied, but struck Plaintiff's complaint so Plaintiff "could cure some problematic aspects of the Complaint." *Soprych*, 2008 U.S. Dist. LEXIS 33762 at *1.

[3] Notably, Defendants' Motion does not claim that these putative classes are improper as a matter of law – simply that they are confused and "left to guess" as to their application. Defs' Brief, p. 5.

makes it clear that Plaintiffs intend to seek certification of two classes, a Medical Monitoring Class and an Economic Class:[4]

> 80. Plaintiffs bring this class action on behalf of themselves and on behalf of all others similarly situated, as members of a proposed class (the "Medical Monitoring Class") defined as follows:
>
> All citizens, residents or domiciliaries of jurisdictions that do not preclude certification of a class for medical monitoring or surveillance, who have had a Composix Kugel Mesh Patch implanted into their person, which has not been explanted, and who have not previously filed a claim or lawsuit for personal injury, but will require medical monitoring.
>
> 81. Alternatively, Plaintiffs bring this class action on behalf of the following proposed medical monitoring class:
>
> All citizens, residents or domiciliaries of jurisdictions that expressly allow a class for medical monitoring or surveillance, who have had a Composix Kugel Mesh Patch implanted into their person, which has not been explanted, and who have not previously filed a claim or lawsuit for personal injury, but will require medical monitoring.
>
> 82. Additionally, Plaintiffs bring this class action for monetary damages, equitable, injunctive and declaratory relief (including but not limited to the cost of purchasing the relevant products) on behalf of themselves and on behalf of all others similarly situated, as members of a proposed class (the Economic Class) defined as follows:
>
> All person who purchased and/or paid, in whole or in part, for a Composix Kugel Mesh Patch.

Consolidated Complaint, ¶¶ 80 - 82.[5]

---

[4] As demonstrated by the distinction made in Paragraphs 80 and 81 of the Consolidated Complaint, Plaintiff contemplates the Court's involvement in the certification process and the possibility of separate Medical Monitoring classes (or sub-classes).

[5] As stated above, these class definitions were incorporated into Count IV via paragraph 127.

At a time proscribed by the Court, Plaintiffs will file a motion seeking certification of these classes. However, for now, the putative classes prosecuting Counts I - XI are the same classes prosecuting Count IV.

Likewise, Defendants' contention that Count IV "identifies no class representative" is specious. The named Plaintiffs and Class Representatives are identified in paragraphs 3 - 14 of the Consolidated Complaint. Those paragraphs are incorporated into Count IV via paragraph 127. The Composix Kugel Mesh Patch was sold throughout the United States. As evidenced by Plaintiffs' Class Definitions, Plaintiffs seek to represent similarly situated members of the proposed Class residing in all applicable jurisdictions. (Compl., ¶¶ 80-82). Additionally, as stated in paragraph 2 of the Consolidated Complaint – and in accord with Practice and Procedure Order No. 4 – Plaintiffs intend to "incorporate additional named class representatives where appropriate."

Plaintiffs' Consolidated Complaint does not leave Defendants (or the Court) to guess what classes are being pursued – the putative classes are clearly identified. At best, Defendants' arguments are untimely; whether or not Plaintiffs will succeed with certification will be addressed at the appropriate time. Indeed, the transparency of Defendants' initial argument is demonstrated by the fact that the lone case cited by Defendants, *In re Am. Med. Sys., Inc.*, 75 F.3d 1069 (6th Cir. 1996), involved a weighing of the Rule 23 requirements on a *motion for class certification* – not a motion to dismiss. Admittedly, satisfaction of the requirements of Rule 23 is required for class certification; however, that is not yet an issue in this case.

**B. Count IV of the Consolidated Complaint Complies with Rule 9(b).**

The allegations contained in Count IV are specific enough to meet the pleading requirements in Rule 9(b). Rule 9(b) states, in relevant part, that "[i]n all averments of fraud ...,

the circumstances constituting the fraud ... shall be stated with particularity." However, as noted by the Sixth Circuit:

> Rule 9(b) is not to be read in isolation, but is to be interpreted in conjunction with Federal Rule of Civil Procedure 8. Rule 8 requires only "a short and plain statement of the claim" made by "simple, concise, and direct allegations." Rule 8 is commonly understood to embody a regime of "notice pleading" where technical pleading requirements are rejected in favor of an approach designed to reach the merits of an action. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim. When read against the backdrop of Rule 8, it is clear that the purpose of Rule 9 is not to reintroduce formalities to pleading, but is instead to provide defendants with a more specific form of notice as to the particulars of their alleged misconduct. The purpose undergirding the particularity requirement of Rule 9(b) is to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading.

*U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 493, 503 (6th Cir. 2007) (internal citations omitted). As demonstrated in the following paragraphs, Plaintiffs' 58 page (257 paragraph) Consolidated Complaint adequately gives Defendants "fair notice" of the substance of Plaintiffs' claims.

1. <u>Defendants Do Not Even Attempt to Satisfy Their Burden</u>

As cited in Section II above, on a motion to dismiss the burden is on a defendant to show that the plaintiff did not adequately plead circumstances supporting the elements of the cause of action with the specificity to comply with the requirements of Rule 9(b). *General Elec. Co.*, 894 F. Supp. at 548. Despite this burden, Defendants have not identified any particular deficiencies in the pleading – as they relate to the elements of a specific state's consumer protection statute – they simply argue generally that the allegations are inadequate. Therefore, Defendants do not even attempt to meet their burden of showing that Plaintiffs failed to plead the elements required under the state statutes.

2. Specific Allegations Support Plaintiffs' Consumer Protection Claims

The allegations contained in the Factual Background (Compl., ¶¶ 23 - 62) and the General Allegations (Compl., ¶¶ 63 - 74) sections of the Consolidated Complaint have been explicitly incorporated into each count contained in the document. As such, Count IV provides detailed information regarding the time, place, and content of the alleged misconduct on which the Plaintiffs rely, the fraudulent scheme and intent of the Defendants, and the injuries resulting from the Defendants' misconduct.

Indeed, Plaintiffs' Factual Background section alleges the following conduct by the Defendants: The Composix Kugel Mesh Patch ("Patch") was manufactured by the Defendants between 2001 and January 2007 (Compl., ¶ 23). Those patches were designed to repair hernias (Compl., ¶ 26). Defects in the Patch allow the adhesive component to come in contact with bowels and other organs (Compl., ¶¶ 31-32), which can result in serious health problems including death (Compl., ¶ 33). Defects in the Patch cause the memory recoil ring to fail (Compl., ¶ 35) causing serious health problems including death (Compl., ¶¶ 37-38). The defects were caused by numerous design and manufacturing errors and oversights. (Compl., ¶ 36). Immediately after the Patch was placed in the market, Defendants received actual notice of the defects in the patch and the resulting injuries to patients. (Compl., ¶ 39). Defendants actively and intentionally concealed this notice. (Compl., ¶ 40). For example, Defendants knew of serious problems with the weld process no later than 2003 (Compl., ¶ 41) and efforts to correct the problems were found to be ineffective (Compl., ¶ 42). Despite actual knowledge of the problems, Defendants intentionally withheld this information. (Compl., ¶ 43). As early as 2002, Defendants conducted physician screenings (Compl., ¶ 44), but were found by the FDA in 2006 (Compl., ¶ 45) to have failed to properly conduct and monitor those surveys including those which demonstrated unfavorable results (Compl., ¶ 46). Defendants actively concealed the

complaints and concerns of surgeons. (Compl., ¶ 47). In 2006, Defendants informed the FDA that there was a marketed increase in the number of complaints received in the spring and summer of 2005 (Compl., ¶ 48); however, Defendants had waited until August 30, 2005 to initiate a partial Patch distribution hold (Compl., ¶ 49). Despite recognizing this need for a distribution hold, Defendants actively and intentionally chose not to immediately inform the appropriate persons and agencies. (Compl., ¶ 50). Defendants have since admitted that the quality hold and release procedure was not applied on a timely basis (Compl., ¶ 51). As a result of the dangerous and defective nature of the Patch, the FDA issued recalls of several types of Patches. (Compl., ¶ 52). Defendants announced the recall of Patches on December 22, 2005 and January 13, 2006. (Compl., ¶ 53). An additional recall was announced on January 10, 2007. (Compl., ¶ 55). An investigation by the FDA in January and February of 2006 revealed over ten (10) failures by the Defendants to ensure the Patch was safe. (Compl., ¶ 57). Defendants held back on implementing a full recall (Compl., ¶ 60) and withheld damaging evidence from the FDA (Compl., ¶¶ 58, 61). As of January 2007, roughly 100,000 Patches had been sold, the majority of which are currently still inside patients residing throughout the United States. (Compl., ¶ 62).

Moreover, Count IV incorporates the following allegations made in the General Allegations section of the Consolidated Complaint: the memory recoil ring of the Patch is likely to malfunction during or after it is implanted, the Patch was not properly manufactured, was defectively designed, did not perform as safely as an ordinary consumer/patient would expect, and was inadequate to maintain its normal integrity during normal use. (Compl., ¶ 63). Defendants designed, manufactured, and sold the Patch knowing it would be sold to patients in need of hernia repair. (Compl., ¶ 64). Defendants knew, or should have known that the Patches

were not suitable for the purposes intended and likely to cause injuries (Compl., ¶ 66) and that there were serious risks associated with using the Patch (Compl., ¶ 68). Defendants did not have adequate systems in place and/or did not apply adequate systems to analyze complaints received regarding the Patch. (Compl., ¶ 67). Defendants failed to send product failure reports to the FDA which caused serious and fatal injuries to users of the Patch. (Compl., ¶ 69). Defendants misrepresented the known risks inherent in using the Patch. (Compl., ¶ 70). Defendants did not timely apprise the appropriate persons or agencies of the defect in the Patches and actively concealed such knowledge. (Compl., ¶ 71). Defendants' conduct was purposely committed (Compl., ¶ 72) to create demand for the Patch and increase sales (Compl., ¶ 73). Finally, as a result of Defendants' conduct, Plaintiffs and the putative Class have suffered injuries and are entitled to relief. (Compl., ¶ 74).

In addition to the above allegations, which were incorporated into Count IV by reference, paragraphs 128, 129 and 177 of Count IV, itself, allege that Defendants committed the following conduct in violation of the consumer protection laws in various states:

> 128. Defendants are liable for the recalled devices, under the state laws below, for the reasons set forth in this Count.
>
> 129. Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the state consumer protection statute listed below when they failed to adequately warn consumers and the medical community of the safety risks associated with the Composix Kugel Mesh Patch. As a direct result of Defendants' deceptive, unfair unconscionable, and fraudulent conduct, Plaintiffs suffered and will continue to suffer personal injury, economic loss, pecuniary loss, loss of companionship and society, mental anguish and other compensable injuries.
>
> * * *
>
> 177. The actions and failure to act of Defendants, including the false and misleading representations and omissions of material facts regarding the safety and potential risks of the

> Composix Kugel Mesh Patch and the above described course of fraudulent conduct and fraudulent concealment constitute acts, uses or employment by Defendants of unconscionable commercial practices, deception, fraud, false pretenses, misrepresentations, and the knowing concealment, suppression or omission of material facts with the intent that others rely upon such concealment, suppression or omission of material facts in connection with the sale of merchandise of Defendants in violations of the consumer protection statues listed above.

Consolidated Complaint, ¶¶ 128 - 129 and 177.

The conduct alleged by Plaintiffs is sufficient to bring a cause of action under each of the consumer protection statutes cited in the Consolidated Complaint. Defendants argue that the Consolidated Complaint "does not identify any conduct of Defendants that allegedly violates any consumer protection act statute." Defs' Brief, p.2. This argument seemingly ignores the detailed allegations contained in paragraphs 23 - 74 and in paragraphs 128, 129 and 177. The essential elements of each consumer protection statute have been adequately pled and Defendants have not offered proof to the contrary. In fact, it is difficult to imagine what additional details Plaintiffs could possibly be expected to add to their Consolidated Complaint.

3. <u>Plaintiffs Are Not Required to List Subsections of the Statutes.</u>

Defendants additionally argue that Count IV of the Consolidated Complaint should be dismissed because it does not identify the "relevant sections" of the statutes violated by Defendants. Defs' Brief, p. 7.[6] The Consolidated Complaint provides the name and citation of each consumer protection statute under which Plaintiffs bring their claims. This is more than enough information to provide Defendants with fair notice of the claims. There is no

[6] Additionally, Defendants seem to imply that it is improper for Plaintiffs to bring all consumer protection statute claims under the same count in the Consolidated Complaint. The purpose of the Consolidated Complaint was to file a single comprehensive pleading that would cover the claims of all cases pending in this MDL. Asserting an entirely separate cause of action for each consumer protection statute would be contrary to the purpose of consolidation (efficiency and manageability) and would greatly lengthen a pleading which is already 58 pages long.

requirement in the Federal Rules (or at common law) that each relevant subsection of a statute must be specifically identified in order to bring a cause of action under that statute – and Defendants cite no case law in support of such an assertion.

## IV. CONCLUSION

Count IV of the Consolidated Complaint satisfies all applicable pleading requirements. Accordingly, this Court should deny Defendants' Motion to Dismiss Count IV of the First Amended Consolidated Class Action Complaint.

Dated: May 20, 2008

Respectfully submitted,

/s/ Donald A. Migliori

Donald A. Migliori (# 4936)
Vincent L. Greene (#5971)
Leah J. Donaldson (#7711)
Motley Rice, LLC
321 South Main Street
Providence, RI 02903
(401) 457-7700 – Telephone
(401) 457-7708 – Facsimile

Teresa E. Toriseva
Wexler Toriseva Wallace LLP
1446 National Road
Wheeling, WV 26003
(304) 238-0066 – Telephone
(304) 238-0149 – Facsimile

Ernest Cory
Jon C. Conlin
Stephen R. Hunt, Jr.
Cory Watson Crowder & Degars P.C.
2131 Magnolia Avenue
Birmingham, AL 35209
(205) 328-2200 – Telephone
(205) 326-7896 – Facsimile

Edward A. Wallace
Mark R. Miller
Wexler Toriseva Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
(312) 346-2222 – Telephone
(312) 346-0022 – Facsimile

Fred Thompson, III
Rhett D. Klok
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465
(843) 216-9000 – Telephone
(843) 216- 9450 – Facsimile

***Counsel for Plaintiffs***

**CERTIFICATE OF SERVICE**

I, Donald A. Migliori, hereby certify that a copy of the foregoing ***Response in Opposition to Defendants' Motion to Dismiss Count IV of First Amended Consolidated Class Action Complaint*** was electronically filed. Those attorneys who are registered with the Electronic Filing System may access these filings through the Court's System, and notice of these filings will be sent to these parties by operation of the Court's Electronic Filing System.

Dated: May 20, 2008

/s/ Donald A. Migliori

Donald A. Migliori (# 4936)
Vincent L. Greene (#5971)
Leah J. Donaldson (#7711)
Motley Rice, LLC
321 South Main Street
Providence, RI 02903
(401) 457-7700 – Telephone
(401) 457-7708 – Facsimile