**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § | |
| | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO** | § | |
| **BRILL, RICHARD,** | § | **JUDGE LISI** |
| **No. 1:08-cv-02151** | § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD INC. TO PLAINTIFFS' COMPLAINT**

Defendants Davol Inc. and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer Plaintiffs' Complaint (the "Complaint") as follows:

**BACKGROUND**

1. The allegations Paragraph 1 of the Complaint are directed at parties other the Defendants; therefore, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

2. The allegations in Paragraph 2 of the Complaint are not directed at C.R. Bard Inc. ("Bard"); therefore, no response is required. Davol Inc. ("Davol") denies the allegations as phrased. Davol admits it is organized under the laws of Delaware with its principal place of business in Rhode Island. Davol admits that at various times it manufactured the Composix® Kugel® Hernia Patch in Rhode Island. Answering further, Davol admits that it focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. The allegations in Paragraph 3 of the Complaint are not directed at Davol; therefore, no response is required. Bard admits that it is organized under the laws of New Jersey and that Davol is its subsidiary. Bard denies that it participated in the manufacturing or

distribution of the Composix® Kugel® Hernia Patch or that it manufactures or supplies Davol with materials in regard to the Composix® Kugel® Hernia Patch. Bard admits that it does business in Rhode Island.

4. Defendants admit that at various times Davol designed, manufactured, tested, advertised, marketed, sold, and distributed the Composix® Kugel® Hernia Patch for the repair of soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with its accompanying labeling information. Defendants do not know the meaning of "researched" and "promoted" beyond the meaning of "manufactured" and "marketed" which have been addressed above. Defendants accordingly deny these allegations.

5. Defendants deny the allegations as phrased. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state that these products have since been returned to the market with FDA approval.

6. Paragraph 6 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

9. The allegations in Paragraph 9 of the Complaint are not directed at Bard; therefore, no response is required. Davol admits that at various times it designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

10. The allegations in Paragraph 10 of the Complaint are not directed at Bard; therefore, no response is required. Davol admits that at various times it manufactured Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Davol does not know what is meant by “delivery” beyond the meaning of “distributed” which has been already admitted so it denies this allegation. Davol lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation in this paragraph and therefore denies the same.

11. Defendants admit that Davol submitted a 510k Application for the Composix® Kugel® Hernia Patch on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol’s Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Defendants admit that the FDA classifies the Composix® Kugel® Hernia Patch as a Class II medical device.

## JURISDICTION

12. Paragraph 12 of the Complaint states conclusions of law as to which no response is required. To the extent that a response is required, Defendants admit that the requirements of 28 U.S.C. § 1332 have been satisfied.

## PARTY PLAINTIFFS

13. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny the allegations.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny the allegations.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and therefore deny the allegations.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and therefore deny the allegations.

17. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny the allegations.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny the allegations.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and therefore deny the allegations.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and therefore deny the allegations.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and therefore deny the allegations.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and therefore deny the allegations.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny the allegations.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and therefore deny the allegations.

25. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and therefore deny the allegations.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and therefore deny the allegations.

27. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and therefore deny the allegations.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny the allegations.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 and therefore deny the allegations.

30. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 and therefore deny the allegations.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and therefore deny the allegations.

32. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and therefore deny the allegations.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and therefore deny the allegations.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 and therefore deny the allegations.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 and therefore deny the allegations.

36. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and therefore deny the allegations.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 and therefore deny the allegations.

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 and therefore deny the allegations.

39. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 and therefore deny the allegations.

40. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 and therefore deny the allegations.

41. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 and therefore deny the allegations.

42. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 and therefore deny the allegations.

43. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 and therefore deny the allegations.

44. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 and therefore deny the allegations.

45. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 and therefore deny the allegations.

46. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 and therefore deny the allegations.

47. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 and therefore deny the allegations.

48. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 and therefore deny the allegations.

**PARTY DEFENDANTS**

49. Davol denies the allegations as phrased. Davol admits it is organized under the laws of Delaware with its principal place of business located in Warwick, Rhode Island. The allegations in Paragraph 49 of the Complaint are not directed at Bard; therefore, no response is required.

50. Davol admits that it sells medical devices, including the Composix® Kugel® Hernia Patch, to licensed healthcare professionals throughout the United States, including the State of New York. The allegations in Paragraph 50 of the Complaint are not directed at Bard; therefore, no response is required.

51. "Substantial revenue" is a legal term of art and the legal conclusion contained therein does not require an answer. To the extent that a response is required, Davol denies the allegation. Davol admits that at various times it designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information, and that it earned revenue from sales in New York. The allegations in Paragraph 51 of the Complaint are not directed at Bard; therefore, no response is required.

52. Davol states "substantial revenue from interstate commerce," to the extent it has any meaning, is a legal term of art and contains a legal conclusion which does not call for a response. To the extent a response is response, Davol denies the allegation. As to the remaining allegations, Davol is unable to respond as these allegations are unintelligibly overbroad. To the

extent that a response is required, Davol denies the allegations. The allegations in Paragraph 52 of the Complaint are not directed at Bard; therefore, no response is required.

53. Davol admits that at various times it designed, manufactured, advertised, marketed, sold, and distributed the Composix® Kugel® Hernia Patch for the repair of soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by “research” or “promote” beyond the meanings of “manufacture” and “market” which have been admitted. Davol therefore denies the allegations. The allegations in Paragraph 53 of the Complaint are not directed at Bard; therefore, no response is required.

54. Bard admits the allegations in Paragraph 54. The allegations in Paragraph 54 are not directed at Davol; therefore, no response is required.

55. Bard admits that it sells medical devices to licensed healthcare professionals throughout the United States, including the State of New York. The allegations in Paragraph 55 are not directed at Davol; therefore, no response is required.

56. “Substantial revenue” is a legal term of art and the legal conclusion contained therein does not require an answer. To the extent that a response is required, Bard denies the allegation. Bard does admit that at various times its subsidiary Davol designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. The allegations in Paragraph 56 not directed at Davol; therefore, no response is required.

57. See response to Paragraph 56. Bard states “substantial revenue from interstate commerce,” to the extent it has any meaning, is a legal term of art and contains a legal conclusion which does not call for a response. To the extent that a response is required, Bard

denies the allegation. As to the remaining allegations, Bard is unable to respond as the allegations are unintelligibly overbroad. To the extent that a response is required, Bard denies the allegations. The allegations in Paragraph 57 are not directed at Davol; therefore, no response is required.

58. Bard admits that at various times its subsidiary Davol sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information.

## FACTUAL BACKGROUND

59. Davol admits at various times it designed, manufactured, tested, advertised, marketed, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Davol does not know what is meant by “research” or “promote” beyond the meanings of manufacture and market which have been admitted. Davol accordingly denies the allegations. Bard denies each and every allegation in this paragraph.

60. Defendants admit that Bard acquired Davol in 1980, and that Davol is a subsidiary of Bard.

61. Bard states that its Surgical Specialties business segment includes all soft tissue repair, performance irrigation, and hemostasis product lines, and that the Composix® Kugel® Hernia Patch is merely one product within the soft tissue repair sub-segment. Answering further, Bard admits that in 2004 the entirety of its surgical specialty business segment had sales of approximately $313,300,000.00.

62. Bard states that its Surgical Specialties business segment includes all soft tissue repair, performance irrigation, and hemostasis product lines, and that the Composix® Kugel®

Hernia Patch is merely one product within the soft tissue repair sub-segment. Answering further, Bard admits that in 2005 the entirety of its surgical specialty business segment had sales of approximately $330,200,000.00.

63. Bard states that its Surgical Specialties business segment includes all soft tissue repair, performance irrigation, and hemostasis product lines, and that the Composix® Kugel® Hernia Patch is merely one product within the soft tissue repair sub-segment. Answering further, Bard admits that in 2006 the entirety of its surgical specialty business segment had sales of approximately $357,400,000.00.

64. Defendants state that this allegation as currently worded is unintelligible, and therefore are unable to respond accordingly. To the extent a response is required, Defendants deny the allegation.

65. Defendants admit that the federal Food and Drug Administration approved the marketing of Davol's Composix® Kugel® Hernia Patch on January 22, 2001 for use by prescribing physicians in accordance with its accompanying labeling information.

66. Defendants admit that Davol began marketing certain product codes of the Composix® Kugel® Hernia Patch in February 2001 with the remaining larger-sized product codes being marketed beginning in February 2002.

67. Defendants admit that the Composix® Kugel® Hernia Patch is a self-expanding, non-absorbable, sterile prosthesis indicated for use in the reconstruction of soft tissue deficiencies such as ventral or incisional hernias. The patented monofilament ring adds stability to the device, facilitating placement and assurance in the proper placement of the patch while the polypropylene monofilaments encourage a prompt fibroblastic response through the interstices of the mesh reducing the risk of hernia recurrence.

68. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in December 2005. Defendants further state these products have since been returned to the market with FDA approval. Answering further, Defendants admit that the FDA categorizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm.

69. Defendants deny the allegations as phrased. Defendants admit that the allegations in Paragraph 69 of the Complaint quote and paraphrase information about the recalls posted on the FDA's website. Defendants state that the complete and precise content of this recall information can be ascertained from the website itself.

70. Defendants admit that on March 24, 2006, the initial recall was expanded to include additional Composix® Kugel® Patch product types. Defendants further state these products have since been returned to the market with FDA approval.

71. Defendants admit that on January 10, 2007, the initial recall was expanded to include additional Composix® Kugel® Patch product types. Defendants further state these products have since been returned to the market with FDA approval.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Paragraph 77 states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

78. Paragraph 78 states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

79. Paragraph 79 states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

80. Paragraph 80 states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

81. Paragraph 81 states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

82. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 82 and therefore deny the allegation.

83. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 83 and therefore deny the allegation.

**FIRST CAUSE OF ACTION**
**AS AGAINST THE DEFENDANTS**
**(NEGLIGENCE AND NEGLIGENCE PER SE)**

84. In response to Paragraph 84 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

85. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

86. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

87. This paragraph and its subparts (a) through (p) state a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

88. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

89. This paragraph and its subparts (a) through (g) state a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

90. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

91. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

92. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

93. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

94. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

95. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

## SECOND CAUSE OF ACTION
## AS AGAINST THE DEFENDANTS
## (STRICT PRODUCTS LIABILITY)

96. In response to Paragraph 96 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

97. Defendants admit that at various times Davol designed, manufactured, tested, marketed, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants do not know

what is meant by "researched" and "promoted" beyond the meanings of manufactured and marketed which have already been admitted so they deny these allegations. As to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the allegations.

98. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 98 and therefore deny the allegation.

99. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

100. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

101. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

102. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

103. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

104. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 104 and therefore deny the allegation.

105. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

106. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

107. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

108. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

109. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

110. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

111. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 111 and therefore deny the allegation.

112. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

113. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

114. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

115. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

116. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

117. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

118. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

119. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

120. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

**THIRD CAUSE OF ACTION**
**AS AGAINST THE DEFENDANTS**
**(BREACH OF EXPRESS WARRANTY)**

121. In response to Paragraph 121 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

122. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

123. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

124. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 124 and therefore deny the allegation.

125. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 125 and therefore deny the allegation.

126. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph

127. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph

128. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph

129. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph

130. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph

131. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph

**FOURTH CAUSE OF ACTION**
**AS AGAINST THE DEFENDANTS**
**(BREACH OF IMPLIED WARRANTIES)**

132. In response to Paragraph 132 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

133. Defendants admit that at various times Davol manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information for the repair of ventral and incisional hernia defects. Defendants do not know what is meant by "compounded," "portrayed," "recommended," "merchandized," "advertised," or "promoted" beyond the meanings of manufactured and marketed which have already been admitted so they deny these allegations.

134. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

135. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

136. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

137. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 137 and therefore deny the allegation.

138. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 138 and therefore deny the allegation.

139. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

140. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

141. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

142. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

143. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

## FIFTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (FRAUDULENT MISREPRESENTATION)

144. In response to Paragraph 144 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

145. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

146. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

147. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

148. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

149. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

150. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 150 and therefore deny the allegation.

151. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

152. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

153. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

154. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

155. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

156. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

**SIXTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (FRAUDULENT CONCEALMENT)**

157. In response to Paragraph 157 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

158. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

159. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

160. This paragraph and its subparts (a) through (k) state a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

161. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

162. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

163. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

164. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

165. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

166. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

167. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

168. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

**SEVENTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (NEGLIGENT MISREPRESENTATION)**

169. In response to Paragraph 169 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint..

170. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

171. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

172. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

173. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

174. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

175. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

176. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

**EIGHTH CAUSE OF ACTION AS AGAINST DEFENDANTS (FRAUD AND DECEIT)**

177. In response to Paragraph 177 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

178. Defendants state that this allegation as currently worded is unintelligible, and therefore are unable to respond accordingly. To the extent a response is required, Defendants deny the allegation.

179. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

180. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

181. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

182. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

183. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

184. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

185. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

186. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

187. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

188. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

189. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

190. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

191. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

192. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

193. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

194. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.’

195. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

196. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

197. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 197 and therefore deny the allegations.

198. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 198 and therefore deny the allegations.

199. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 199 and therefore deny the allegations.

200. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

201. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

202. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

203. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

204. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph..

**NINTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (LOSS OF CONSORTIUM)**

205. In response to Paragraph 205 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

206. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 206 and therefore deny the allegations.

207. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

208. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 208 and therefore deny the allegations.

209. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

210. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 210 and therefore deny the allegations.

211. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

212. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

**TENTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (WRONGFUL DEATH)**

213. In response to Paragraph 213 of the Complaint, Defendants incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

214. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

215. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

216. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

217. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiffs' Complaint should be dismissed for improper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims against Defendants in whole or in part.

4. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar claims against Defendants in whole or in part.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiffs' claims in whole or in part.

7. Plaintiffs', or their agents', including their physicians, misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

8. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

10. If Plaintiffs sustained any damages or injuries, which Defendants deny, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs,

including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiffs used a product sold by Defendants, Plaintiffs used the product for off-label purposes, which bars the Plaintiffs' claims.

12. The learned intermediary doctrine bars Plaintiffs' claims.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

17. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on

the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law, Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party, any person, or entity, including the Plaintiffs and any party, person, or entity who has settled with the Plaintiffs. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiffs from any source whatsoever with respect to the injuries and damages at issue in this suit.

18. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

19. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with plaintiffs and owe no duty to plaintiffs by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any

warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiffs' causes of action are barred in whole or in part by plaintiffs' own comparative/contributory negligence.

23. Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs received from collateral sources.

24. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bard or Davol product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiffs may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the New York Constitution and/or Ohio Constitution and/or Missouri Constitution and/or California Constitution and/or Nevada Constitution and/or other applicable laws.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the

verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the New York Constitution and/or Ohio Constitution and/or Missouri Constitution and/or California Constitution and/or Nevada Constitution and/or other applicable laws.

28. To the extent plaintiffs' Complaint seeks punitive damages, such claims are barred because plaintiffs have failed to allege conduct warranting the imposition of punitive damages under New York, Ohio, Missouri, California, Nevada and/or other applicable laws.

29. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiffs' claims are, in whole or in part, subject to adjudication under laws of states or jurisdictions other than New York.

31. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiff, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Dated: May 23, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC. TO PLAINTIFFS' COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiff's Liaison Counsel and counsel of record for Plaintiffs in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

Michael London, Esq.
DOUGLAS & LONDON, P.C.
111 John Street, Suite 1400
New York, New York 10038

/s/ Kirby T. Griffis