**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO HUERTA, MARIA, No. 1:08-cv-02154** | § § § | **JUDGE LISI** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC. TO PLAINTIFF'S COMPLAINT**

Defendants Davol Inc. and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

## I. DISCOVERY PLAN

1. Paragraph 1 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations. .

## II. PARTIES

2.1 Paragraph 2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

2.2 The allegations in Paragraph 3 of the Complaint are not directed at Davol; therefore, no response is required. Bard admits that it is organized under the laws of New Jersey and has its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. The remaining allegations are conclusions of law as to which no response is required. To the extent a response is required, Bard denies the allegations.

2.3 Defendants admit that Davol is a subsidiary of Bard and is located at 100 Crossings Boulevard, Warwick, RI 02886. Defendants deny each and every remaining allegation presented in this paragraph.

2.4 Davol admits that it is organized under the laws of Delaware with its principal place of business in Rhode Island. Davol admits at various times it designed, manufactured, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Bard admits it is a New Jersey corporation, but denies that it designed, manufactured, and sold the Composix® Kugel® Hernia Patch. The remaining allegations are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

## III. SUMMARY OF FACTS

3.1 Davol admits that at various times it designed, manufactured, and marketed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information, but Bard denies these allegations.

3.2 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

3.3 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

3.4 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

## IV. CAUSES OF ACTION

### LIABILITY OF C.R. BARD FOR NEGLIGENCE

4.1 Denied.

4.2 Denied.

4.3 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.4 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.5 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.6 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.7 This paragraph, including subparts (a) through (f), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

### LIABILITY OF DAVOL FOR NEGLIGENCE

4.8 Denied.

4.9 Denied.

4.10 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.11 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.12 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.13 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.14 This paragraph, including subparts (a) through (f), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**LIABILITY OF BARD BASED ON GROSS NEGLIGENCE**

4.15 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**LIABILITY OF DAVOL BASED ON GROSS NEGLIGENCE**

4.16 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**LIABILITY OF BARD BASED ON STRICT LIABILITY**

4.17 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.18 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.19 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.20 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**LIABILITY OF DAVOL BASED ON STRICT LIABILITY**

4.21 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.22 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.23 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**LIABILITY OF DAVOL BASED ON MISREPRESENTATION**

4.24 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**LIABILITY OF BARD BASED ON MISREPRESENTATION**

4.25 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**LIABILITY OF BARD BASED ON BREACH OF IMPLIED OR EXPRESS WARRANTY**

4.26 This paragraph states conclusions of law as to which no response is required or Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations. To the extent a response is required, Defendants deny the allegations.

**LIABILITY OF DAVOL BASED ON BREACH OF IMPLIED OR EXPRESS WARRANTY**

4.27 This paragraph states conclusions of law as to which no response is required or Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations. To the extent a response is required, Defendants deny the allegations.

**LIABILITY OF BARD BASED ON RES IPSA LOQUITUR**

4.28 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**LIABILITY OF DAVOL BASED ON RES IPSA LOQUITUR**

4.29 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**VICARIOUS LIABILITY OF BARD / RESPONDEAT SUPERIOR**

4.30 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.31 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**VICARIOUS LIABILITY OF DAVOL / RESPONDEAT SUPERIOR**

4.32 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.33 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**V. CONTRIBUTORY NEGLIGENCE**

5.1 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**VI. PRE-EXISTING CONDITION**

6.1 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**VII. DAMAGES**

7.1 This paragraph, including subparts (a) through (r), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**PUNITIVE DAMAGES**

7.2 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

7.3 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

7.4 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

7.5 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

7.6 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**TOTAL DAMAGES SOUGHT**

7.7 This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiff's Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiff's claims against Defendants in whole or in part.

6. Applicable statutes of limitations, statutes of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiff's, or Plaintiff's agents', including Plaintiff's physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

8. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

10. If Plaintiff sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

12. The learned intermediary doctrine bars Plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

17. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which

Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases, and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law (including but not limited to Chapter 33 of the Texas Civil Practice & Remedies Code), Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party, any person, or entity, including the Plaintiff and any party, person, or entity who has settled with the Plaintiff. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiff from any source whatsoever with respect to the injuries and damages at issue in this suit.

18. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

20. Plaintiff failed to mitigate damages, which limits Plaintiff's recovery, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to them.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Pursuant to Article 5.10(B)(2) of the Texas Business Corporations Act, Defendants, as acquiring corporations, are not liable for obligations not expressly assumed.

24. Plaintiff's claims are barred in whole or in part by Plaintiff's own comparative negligence.

25. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

26. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

27. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

28. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Texas Constitution.

29. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Texas Constitution.

30. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Texas and/or other applicable laws.

31. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

32. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Texas.

33. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: May 23, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFF'S COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

Martin L. Perez
601 La Mancha
Edinburg, TX 78539
(*electronic notice*)

/s/ Kirby T. Griffis