**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO** Smith v. C.R. Bard, Inc., et al No. 1:07-cv-1937 | § § § § | **JUDGE LISI** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO WITHDRAW FIRST AMENDED COMPLAINT AND FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**

Plaintiff, by counsel and pursuant to Fed. R. Civ. P.15, respectfully requests leave to withdraw the First Amended Complaint, previously filed on April 24, 2008, and leave to file the attached Supplemental Complaint (Exhibit A), including the addition of any relevant claims against Defendants.

**BACKGROUND**

Plaintiff, Hadley Scott Smith, filed his original Complaint in this matter in the Supreme Court of New York on August 17, 2007. On September 10, 2007, Defendants removed the case to the United States District Court for the Southern District of New York. The case was then transferred to this Court on October 15, 2007. Subsequent to the filing of this case (and its transfer to this Court), Mr. Smith passed away. Accordingly, on March 5, Plaintiff's counsel notified the Court of Mr. Smith's death [Docket No. 442], and on March 6, without objection by Defendants, Plaintiff's counsel filed a motion to substitute Mr. Smith's mother, Darlene "Dolly" Percy as the expected administrator of his estate under Fed. R. Civ. P. 25. [Docket No. 444]. The Court granted that motion on March 6, 2008. [Docket No. 446]. On April 24, 2008, Plaintiff filed the attached First Amended Complaint. [Docket No. 853]. On May 8, 2008,

Defendants moved to strike Plaintiff's First Amended Complaint in its entirety, claiming that Plaintiff needed leave, pursuant to Fed. R. Civ. P. 15, to file the First Amended Complaint. [Docket No. 875]. Plaintiff brings this Motion in order to cure the procedural deficiencies asserted by Defendants' motion – and to save the Court and the parties the time and expense of having to brief and argue that motion to strike.

**ARGUMENT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a district court may grant leave to amend pleadings and such leave "shall be freely given when justice so requires." Trial courts have broad discretion to decide motions to amend the pleadings." *Almeida v. USW*, 50 F. Supp. 2d 115, 120 (D.R.I. 1999) (*citing Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)) (granting leave to amend). This Court may deny leave to amend "where it finds the amendments to be futile," *Almeida*, 50 F. Supp. 2d at 120 (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)), or where the amendments would result in "unfair prejudice to the opposing party, undue delay, or bad faith" *id.* (*citing Grant v. News Group Boston, Inc.*, 55 F.3d 1, 5 (1st Cir. 1995)). Here, there is no such delay, bad faith, or dilatory motive, and the amendments would not be futile.[1] Upon Mr. Smith's death, his mother has taken the necessary steps to preserve the claims of her now deceased son, along with her claims own claims arising out of these circumstances.

---

[1] Defendants' Motion to Strike points out that the Case Management Order ("CMO"), entered on December 6, 2007, allowed Plaintiffs 30 days to file amended complaints – as if this prevented Mr. Smith from filing an amended complaint (for any reason) after the expiration of that "deadline." *See* Defs' Brief, p. 1 [Docket No.876]. However, Defendants are wrong to refer to this 30 day period as a "deadline" – as the CMO clearly states that it "is without waiver or prejudice to any party to seek leave to amend pleadings in accordance with the Federal Rules." The filing of an amended complaint is necessitated by the death of Plaintiff Hadley Smith, which did not occur until just recently. The CMO did not contemplate the barring of all amended and supplemental complaints where – as here – amendment is appropriate under the Federal Rules.

Pursuant to Local Rule 15(b), Plaintiff states that the amendment to the Complaint will: allege that the injuries and resulting pain and suffering Mr. Smith experienced because of Defendants' defective medical product were a significant contributing factor in his death, add causes of action based upon these circumstances, and substitute Plaintiff Darlene "Dolly" Smith, the mother of Hadley Smith (now deceased), as the administrator of his estate.

Federal Rule of Civil Procedure 15(d) allows a plaintiff to file a Supplemental Complaint in order to supplement the allegations contained in the original complaint due to the occurrence of an "event that happened after the date of the pleading…" Fed. R. Civ. P. 15(d). As set forth in Plaintiff's Supplemental Complaint, the death of Hadley Scott Smith occurred subsequent to the date of the original pleading. As such, Plaintiff's Supplemental Complaint shall serve to amend the original Complaint, which was filed in the Supreme Court of the State of New York, New York County, on August 17, 2007 and is operative until the time that Plaintiff's Supplemental Complaint is filed.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff leave to withdraw the First Amended Complaint, previously filed on April 24, 2008, and leave to file the attached Supplemental Complaint (Exhibit A), including the addition of any relevant claims against Defendants.

Dated: May 30, 2008

Respectfully submitted,

/s/ Donald A. Migliori

Donald A. Migliori (RI Bar 4936)
Motley Rice LLC
321 South Main Street, Suite 200
Providence, RI 02903
Telephone: (401)457-7700
Facsimile: (401)457-7708

***MDL 1842 Plaintiffs Liaison Counsel***

David Buchanan
Seeger Weiss LLP
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799

John W. deGravelles
deGravelles, Palmintier, Holthaus & Frugé, L.L.P.
618 Main Street
Baton Rouge, LA 70808
Telephone: (225) 344-3735
Facsimile: (225) 336-1146

Daniel A. Claitor
7520 Perkins Road, Suite 170
Baton Rouge, LA 70808
Telephone: (225) 757-0159
Facsimile: (225) 757-0169

***Attorneys for Plaintiffs***