**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **IN RE: KUGEL MESH HERNIA REPAIR PATCH LITIGATION** | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO: Ramos, No. 07-1940-ML-LDA** | § | **Chief Judge Mary M. Lisi** |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF'S CLAIMS SHOULD NOT BE DISMISSED**

Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol") (collectively, the "Defendants") request that this Court issue an Order to Show Cause why the claims of Plaintiff Juan Ramos should not be dismissed for failure to timely serve Defendants with a Plaintiff's Fact Sheet ("PFS") completed in all respects. Mr. Ramos' PFS was due March 6, 2008, more than three months ago. Without providing the Court additional information as to why Mr. Ramos was unavailable, "unavailability" alone does not constitute excusable neglect.

In Rhode Island, "excusable neglect" can include "situations in which the failure to comply with a filing deadline is attributable to negligence." *Conetta v. National Hair Care Centers, Inc.*, 182 F.R.D. 403, 406 (D.R.I., 1998), *quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 394, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74 (1993). In determining when the neglect of a party is "excusable", the Supreme Court has held that a District Court must make:

> [A]n equitable [decision], taking account of all relevant circumstances surrounding the party's omission. These include... the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395.

As in *Conetta*, the issue in this case is whether the failure to timely provide a PFS was willful. Without additional context for Mr. Ramos' "unavailability," there is insufficient information for the Court to make this determination. The Court should issue an order to show cause, at which time Mr. Ramos would be entitled to provide a complete explanation for the three month delay in providing a PFS.

Dated: June 9, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
William J. Cople, III
1350 I Street NW
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

*Attorneys for Defendant C.R. Bard, Inc. and Defendant Davol Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2008, the foregoing MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS' CLAIMS SHOULD NOT BE DISMISSED was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon the Plaintiffs' Liaison Counsel in the manner indicated below:

Donald Migliori
Motley Rice LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
Fax: (401) 457-7708
Email: dmigliori@motleyrice.com
*via electronic mail*

Jason A. Itkin, Esq.
Arnold & Itkin LLP
1401 McKinney St., Suite 2550
Houston, TX 77010
Fax: (713) 222-3850

s/ Kirby T. Griffis
Kirby T. Griffis
1350 I Street NW
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)