A CERTIFIED TRUE COPY
ATTEST
By Mecca Thompson on Jun 06, 2008
FOR THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
Jun 06, 2008
FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION**

Andy Valence v. Jefferson Parish Hospital Service District No. 2, et al., E.D. Louisiana, C.A. No. 2:08-1121 ) MDL No. 1842

RHODE ISLAND CASE NO.
CA 08-2498

**TRANSFER ORDER WITH SIMULTANEOUS SEPARATION AND REMAND**

**Before the entire Panel**: Plaintiff in an action pending in the Eastern District of Louisiana has moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the action to the District of Rhode Island for inclusion in MDL No. 1842. Responding defendants C.R. Bard, Inc. (Bard) and its wholly-owned subsidiary, Davol, Inc. (Davol), support transfer of the action.

After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to the District of Rhode Island, and that transfer of the action to the District of Rhode Island for inclusion in MDL No. 1842 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the District of Rhode Island was a proper Section 1407 forum for products liability actions involving allegations relating to the recall of several models of an allegedly defective prescription medical device known as the Composix Kugel Hernia Patch (the Patch) – used to surgically repair soft-tissue defects, most commonly incisional hernias of the abdominal region. *See In re Kugel Mesh Hernia Patch Products Liability Litigation*, 493 F.Supp.2d 1371 (J.P.M.L. 2007).

Also, we are persuaded by plaintiff's alternative request that the claims in this action involving the Davol Salute Laproscopic 38cm Sterile Implant Cartridge (the Davol Fixation device) – which was used to staple a Patch to plaintiff's abdomen, and which plaintiff alleges contained defective staples – are not appropriate for inclusion in Section 1407 proceedings in this docket. While there may be some slight overlap in discovery, claims involving the Davol Fixation device do not share sufficient questions of fact with previously centralized MDL No. 1842 actions, and coordination between the transferor and transferee courts can minimize any inefficiencies. Accordingly, plaintiff's claims relating to the Davol Fixation device should be separated and simultaneously remanded to the Eastern District of Louisiana.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Rhode Island and, with the consent of that court, assigned to the Honorable Mary M. Lisi for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that claims relating to the Davol Fixation device are separated and remanded, pursuant to 28 U.S.C. § 1407(a), to the Eastern District of Louisiana.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |