**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**IN RE KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION**

**MDL Docket No. 07-1842-ML**

**Chief Judge Mary M. Lisi**

**THIS DOCUMENT RELATES TO:**
*Montiel et al. v. Davol, Inc., et al.,* 1:07-cv-00064
*Horowitz et al. v. Davol, Inc. et al.,* 1:07-cv-01865 (E.D.N.Y. 1:07-cv-02392)
*Kane v. Davol, Inc. et al*., 1:07-cv-01914 (W.D.Mo. 4:07-cv-00575)
*Boggs v. Davol, Inc. et al*., 1:07-cv-01934 (S.D. Ill. 3:07-cv-642)
*Bost et al v. Davol, Inc. et al*., 1:07-cv-01925 (E.D. Pa. 2:07-cv-03997)
*Barrientos v. Davol, Inc. et al.,* 1:07-cv-01946 (M.D. Fla. 8:07-cv-01747)
*Girton v. Davol, Inc. et al*., 1:07-cv-01949 (D.N.J. 2:07-cv-4678)
*Gayvont v. Davol, Inc. et al*., 1:07-cv-01966 (N.D. W.Va. 5:07-cv-125)

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT IV OF FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Under federal pleading rules, a putative class action complaint is not required to contain case citations or the legal arguments allegedly supporting certification. However, it is axiomatic that a putative class action complaint must contain a class definition that places defendants and the Court on notice of the scope of the putative class and the claims it intends to pursue. Count IV of the First Amended Consolidated Class Action Complaint ("Consd. Compl.") (Docket #406) does not meet these requirements. It does not identify a "consumer protection class" or indicate how many, if any, consumer protection classes plaintiffs seek. Contrary to Federal Rules of Civil Procedure 8 and 9,

Count IV also does not specify which provisions of the listed jurisdictions' consumer protection laws defendants allegedly violated with respect to any specific plaintiff.

These failures are not mere technicalities. Proper class action and consumer protection act pleadings are a due process necessity. They also permit tailored discovery and focused motions practice, thereby increasing judicial efficiency and ensuring that the parties' and Court's resources are spent resolving matters actually in dispute. Allowing plaintiffs to proceed without defining the putative consumer protection class in a manner that enables tailored discovery creates unnecessary chaos.

## ARGUMENT

Plaintiffs claim that their "incorporation by reference" of prior allegations in the Consolidated Complaint stating that they "intend to seek certification of two classes, a Medical Monitoring Class and an Economic Class" clarifies what consumer protection classes are sought. *See, e.g.,* Response in Opposition To Defendants' Motion To Dismiss Count IV of First Amended Consolidated Class Action Complaint ("Opp.") at 2 (class sought is "plainly listed") (Docket #928); *id.* at 8 (prior class allegations are "explicitly incorporated" into Count IV). The only support offered for this sweeping conclusion is that defendants did not move to dismiss the other 10 counts that assert common law claims including strict liability, negligence, and failure to warn.

Both applicable case law and the facts of this case belie such a simplistic approach. No applicable precedent from the First or any other Circuit supports certification of the classes proposed in the Consolidated Complaint. Bard will discuss the numerous bars to certification when the Court considers the merits of class certification.

Count IV is different and must be dismissed now because of plaintiffs' failure to properly plead any consumer protection class. Whatever – if any – class is sought in Count IV differs from the medical monitoring or so-called economic class in scope and content. Count IV cannot be matched – through incorporation by reference or otherwise – to any class description in the Consolidated Complaint. The count alleges violations of unspecified laws of 46 jurisdictions, which matches neither the 35-jurisdiction[1] nor the 15- jurisdiction versions of the proposed medical monitoring classes (Consd. Compl. ¶¶ 80-81), nor the putative national, 52-jurisdiction economic class proposed.[2] Consd. Compl. ¶ 82. Moreover, the Consolidated Complaint leaves defendants completely in the dark about whether plaintiffs seek 46 individual classes, one large class including individuals from all 46 jurisdictions, or some other class including some other number of jurisdictions.

Further, Federal Rules of Civil Procedure 8 and 9 require that a basic explanation of the consumer protection claims be provided now – before discovery – to ensure judicial efficiency and protect defendants' due process rights. In their opposition, plaintiffs claim to have "incorporated" a laundry list of alleged conduct by defendants that violates unspecified consumer protection statutes. Rule 9 and its accompanying case law require more. *See, e.g., In re GMC Anti-Lock Brake Prods. Liab. Litig.,* 966 F. Supp. 1525, 1536 (E.D. Mo. 1997) ("Each state's [consumer protection] statute is unique and plaintiffs are *required to plead the essential elements of each one.*") (emphasis added); *aff'd* 172 F.3d 623 (8th Cir. 1999). To be properly pled, a consumer protection act claim

[1] Plaintiffs state that the larger medical monitoring class sought contains 35 jurisdictions, though they list only 33. *See* Consd. Compl. ¶ 80, n.1. Whichever may be the case, neither number matches the 46 jurisdictions of Count IV.
[2] Presumably, plaintiffs' putative national class includes all 50 states, as well as Puerto Rico and Guam.

based on fraud must identify a plaintiff who allegedly suffered an identified injury because of specific wrongful conduct under a particular statute. *See* Memorandum in Support of Defendants' Motion To Dismiss Count IV of First Amended Consolidated Class Action Complaint at 6-7 (Docket #839). No named plaintiff is linked either to Count IV generally or to any specific paragraph within the Complaint.

Plaintiffs' claim that they have included the "name and citation of each consumer protection statute under which [they] bring their claims" (Opp. at 11) is disingenuous at best. For example:

- Plaintiffs' citation to Arizona Statute § 44-1521 (Consd. Compl. ¶ 131) lists only the *definitions* to be used in the following 13 sections, some of which do not appear to apply to private causes of action. Similarly, the two Delaware statutes cited (Consd. Compl. ¶ 136) contain *definitions* applicable to two chapters in the statute, and do not themselves create any cause of action.

- The Florida and Texas statutory sections cited are the sections that provide the names of the statutes, not any substantive provisions. *See* Consd. Compl. ¶ 138 (citing Fla. Stat. Ann. § 501.201, which states "[t]his part shall be known and may be cited as the 'Florida Deceptive and Unfair Trade Practices Act.'"); *see also* Consd. Compl. ¶ 169 (citing Tex. Bus. & Com. Code Ann. § 17.41, which states "[t]his subchapter may be cited as the Deceptive Trade Practices-Consumer Protection Act.").

- The Arkansas statute cited is a portion of the Arkansas Uniform Commercial Code concerning investment securities. Consd. Compl. ¶ 132. The Consolidated Complaint provides no indication of how a statute concerning investment securities is applicable here.

The "et seq." designation after almost every cited statute does not provide the required information under Rule 9. For example, the Texas statutory chapter cited contains over 23 subsections, including one entitled "Deceptive Trade Practices Unlawful," which itself contains 25 subparts. *See* Tex. Bus. & Com. Code Ann. § 17.46. In Alaska Statute § 45.50.471 (Consd. Compl. ¶ 130), there are over 50 possible

violations listed, many of which reference other provisions of Alaska's code. Defendants should not have to guess which if any of these 25 subparts form the basis of a claim.

Defendants are entitled to know from the outset of the litigation against what consumer protection act-based allegations they are defending. Rule 9 requires more than general "incorporated" allegations that deceptive or unfair trade practices occurred that may have affected some or all of the putative representatives. To survive a motion to dismiss, plaintiffs asserting consumer protection act claims must identify what violation of which specific statute occurred to which plaintiff. Although plaintiffs' allegations in other counts are flawed in respects more suitable for later dispositive motions, Count IV must be dismissed now for its failure to meet the basic pleading requirements of Rules 8 and 9.

## CONCLUSION

For all of the above reasons, Count IV should be dismissed.

Respectfully submitted,

June 10, 2008

s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2008, the foregoing Reply Memorandum in Support of Defendants' Motion To Dismiss Count IV of Plaintiffs' First Amended Consolidated Class Action Complaint was electronically filed with the Clerk of Court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon the Plaintiffs' Liaison Counsel via facsimile and e-mail as indicated below:

Donald Migliori
Motley Rice LLC
321 S. Main Street
P.O. Box 6067
Providence, RI 02940-6067
Facsimile: (401) 457-7708
E-mail: dmigliori@motleyrice.com

s/ Kirby T. Griffis
Kirby T. Griffis
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol, Inc.*