**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| IN RE: KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL Docket No. 07-1842-ML |
| THIS DOCUMENTS RELATES TO: | ) | Judge Mary M. Lisi |
| *Collins v. Davol, Inc. et al.*, 1:07-cv-1858 | ) ) ) | Magistrate Judge Lincoln D. Almond |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANTS DAVOL, INC. AND C.R. BARD AND THEIR ATTORNEYS**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Plaintiffs, by their attorneys, hereby respectfully move this Honorable Court for sanctions against Defendants Davol, Inc. and C.R. Bard and their attorneys based on the following:

## I. INTRODUCTION

On June 11, 2008, the case of *Collins v. Davol, Inc. et al.*, Case No. 1:07-cv-1858 ("Collins") was set for mediation. As required by Rule 16 of the Federal Rules of Civil Procedure, and pursuant to orders from this Court and Magistrate Judge Lovegreen, the parties were required to participate in the mediation in good faith. *See* Fed. R. Civ. P. 16; Exhibit A.. Plaintiff (and his son-in-law), who traveled from Kentucky to Providence, appeared at the mediation in good faith. Defendants appeared at the settlement conference with no intention of entering into any settlement discussions. As demonstrated below, Defendants and their attorneys had ample opportunity --- and the obligation --- to notify Plaintiff and the Court of their intentions not to make any offer of settlement, but they did not do so. As a result, Plaintiff and his attorneys were forced to incur significant (and needless) expense to prepare for and attend this mediation, all of which could have been avoided if Defendants' had advised them that the mediation would be futile. Defendants' conduct violates Rule 16 and Plaintiff seeks sanctions for

the costs and fees incurred as a result of the failure of Defendants and their lawyers to advise of the futility of this exercise in the *Collins* case. *See, e.g.*, *Pitman v. Brinker Int'l, I*nc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003) (Sanctions were imposed against employer and defense counsel for violating court's settlement conference order by, *inter alia*, not advising court in advance of futility of conference.)

## II. <u>RULE 16 CANNOT BE IGNORED</u>

This Court has the authority under Rule 16 of the Federal Rules of Civil Procedure to sanction any party who does not participate in a court ordered settlement conference in good faith. Rule 16(f) states "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate – or ***does not participate in good faith – in the conference***; or (C) fails to obey a scheduling or other pretrial order." Rule 16(f) applies to court mandated settlement conferences under Rule 16(a)(5).

The sanctions available under Rule 16(f) include those provided in Rule 37(b)(2)(A)(ii)-(vii). In addition to those sanctions permissible under Rule 37, under Rule 16(f)(2), the court "must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with [Rule 16]." Fed. R. Civ. P. 16(f)(2). Sanction for violation of Rule 16 does not necessarily require showing of bad faith or willfulness; if failure to comply is unexcused, sanctions may be appropriate. *See, e.g., Empire, Inc. v. Wal-Mart Stores, Inc.*, 188 F.R.D. 478, 480 (E.D. Ky. 1999); *Rice v. Barnes*, 201 F.R.D. 549, 551 (M.D. Ala. 2001). Moreover, considerable discretion is vested in a district judge to decide whether to impose sanctions and what form they should take. *Anderson v. Beatrice Foods Co.*, 900 F.2d 388, 393-94 (1st Cir. 1990).

Rule 16 simply cannot be ignored. Indeed, "[i]n this age of burgeoning litigation expense and overcrowded dockets, neither a [party] nor a busy trial judge should have to tolerate litigants' repeated efforts to stall a case, harass other participants, and frustrate the operation of the justice system." *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 5 (1st Cir. 1993). A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. *Payne v. Ryder Sys.*, 173 F.R.D. 537, 538 (M.D. Fla. 1997). Sanctions against a party are generally appropriate where the party has defied court orders without good reason. *See e.g. Jones*, 990 F.2d at 5. Here, the Court was well within its powers under Rule 16 to require the presence of all parties – with authority to make a reasonable settlement offer – at an alternative dispute resolution conference. *Dvorak v. Shibata*, 123 F.R.D. 608, 610-11 (D. Neb. 1988) (Rule 16 includes authority to require represented party's attendance at settlement conference, since possibility of settlement is not possible if only person with authority to negotiate is located elsewhere and can be reached only by telephone, if at all.). [1]

Like in this matter, where a party allows plaintiffs to incur substantial expense when it is aware that the process would be futile, sanctions are appropriate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-96 (8th Cir. 2001) (District court did not abuse its discretion in imposing sanction against party and its outside counsel, where defendant's failure to participate in good faith in court-ordered alternative dispute resolution resulted in a waste of time and money.).

## III. <u>ARGUMENT</u>

On November 9, 2007, this Court ordered Plaintiffs to select ten (10) representative "ring break" cases for referral into the Court's alternative dispute resolution program. The Court

---

[1] Even if Defendant claims that the Order requiring ADR was not appropriate, Defendant was still under an obligation to abide by that Order unless it was vacated – and sanctions are appropriate for a failure to do so. *In re Novak*, 932 F.2d 1397, 1409 (11th Cir. Ga. 1991).

concurrently ordered the parties to prepare for and participate in settlement conferences in June 2008. The *Collins* case was one of the cases selected and, on May 15, 2008, a notice was issued by Magistrate Judge Lovegreen ordering a settlement conference for 2:00 p.m. on June 11, 2008. (See Exhibit A). Fact discovery was completed for the *Collins* case approximately one month prior to the settlement conference. Defendants took depositions of Mr. Collins and his physician on May 15 and 16, 2008.

All parties are expected and required to participate in such a settlement conference in good faith. In addition to the good faith requirement stated in Rule 16, Magistrate Judge Lovegreen's Notice of Settlement Conference (which is consistent with Rule 16) requires that parties and their attorneys shall attend the scheduled mediation and shall conduct good faith negotiations.[2] On June 4, 2008, a week before mediations were scheduled to begin, Plaintiffs' Liaison Counsel sent a letter to Defendants' counsel advising that the plaintiffs would be present at these mediations and requesting Defendants to advise immediately if they did not intend to have representatives from their insurance carriers present, or if they did not intend to engage in good faith negotiations. (See Exhibit B). This letter was accompanied by a demand in each of the cases that were scheduled for mediation. Plaintiffs' Liaison Counsel initiated this process so that the clients (as well as the lawyers and the Court) would not have to endure the frustration or

---

[2] In part the Notice states: "trial counsel must attend with his/her party or a representative (e.g. insurance company representative) with **FULL** financial and other authority to conduct good faith negotiations (i.e. without the necessity to contact an absent person for settlement approval)." See Exhibit A. Indeed, courts have often found that it is sanctionable for a party to attend a court-ordered settlement conference without authority to make a settlement offer. *Francis v. Women's Obstetrics & Gynecology Group, P.C.*, 144 F.R.D. 646, 648 (W.D.N.Y. 1992) (Medical malpractice defendant's attorneys acted in bad-faith and would be sanctioned for waiting until settlement conference to notify plaintiffs that defendant's insurance carrier had not yet authorized coverage; mere physical presence at settlement conference is insufficient compliance with order to attend); *see also St. Paul Fire & Marine Ins. Co. v. CEI Fla.,* 152 F.R.D. 95, 99 (E.D. Mich. 1993).

unnecessary expense of participating in a mediation process if Defendants did not intend to make the process productive and meaningful. In their response, dated June 9, 2008, Defendants assured Plaintiffs that they would comply fully with Magistrate Judge Lovegreen's orders, including the requirement to participate in good faith. (See Exhibit C). Based on these representations, Plaintiffs' counsel encouraged clients and their counsel to fly to Providence for the settlement conferences. In addition, prior to the conference, the parties undertook substantial discovery and attended meetings in New York and Rhode Island to prepare the cases for mediation. Consultants were retained in connection with the mediation and substantial monies were spent by the Plaintiffs' lawyers, in anticipation that the mediations would take place in good faith and that they would not amount to a futile exercise.

Mr. Collins and his counsel prepared for a productive and meaningful session with Magistrate Judge Lovegreen - and attended the settlement conference in good faith. The Defendants, however, had no intention of participating fully in the process, and did not do so. The session began at 2:00 p.m. as scheduled. Plaintiffs and Defendants briefly presented their cases to the Magistrate Judge, after which Defendants and Plaintiffs were placed in separate rooms. It was *only* then – after much preparation, travel and attending the initial portion of the mediation in good faith – that Mr. Collins and his counsel were made aware that Defendants did not intend to do the same. Until this point, Defendants had told no one (despite having ample opportunity to do so or even seek leave to cancel the conference) that they had no intention of not even making an offer.

Defendants caused Mr. Collins, who is 80 years old and walks with the aid of a cane, to travel to Providence all the way from Kentucky for a fruitless meeting with Defendants and their counsel on an unusually hot day. Not only did Mr. Collins and his son-in-law, Terry Border fly

to Providence from Kentucky, Mr. Border was required to take time off from his job as a private music teacher, which resulted in lost income. Additionally, Plaintiffs were caused to incur expenses for items such as meals and car service to and from the airport. Plaintiffs' counsel spent time preparing for and attending the settlement conference, and Plaintiffs seek compensation for the related fees for Donald A. Migliori, Ernest Cory, and Jon C. Conlin.[3]

All of these time consuming and very expensive efforts have been for naught – this is in some ways worse than a "no-show" by defendants, which itself is sanctionable. *See, e.g., Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc*., 275 F.3d 762, 769 (9th Cir. 2001). The fact that Mr. Collins and Mr. Border had to not only appear, but wait to find out what happened is simply humiliating; and it leaves the lawyers left trying to explain to their client that the justice system really does work. This is especially disappointing after Plaintiffs' Liaison Counsel made efforts to ensure the process would be meaningful.[4] Indeed, there was never even so much as a "stay home" to the Plaintiffs and their lawyers. At a minimum, Defendants had an obligation to advise the Court of the futility of attending this conference – prior to forcing the plaintiff to travel across the Country – and their failure to do so warrants the Court's sanctions. *Pitman v. Brinker Int'l, I*nc., 216 F.R.D. at 485-86 (Sanctions imposed because for, *inter alia*, not advising court in advance of futility of settlement conference.)

[3] While Plaintiffs only seek compensation for these three attorneys – who attended Mr. Collins' settlement conference – they point out that countless other individuals within their firms, including associate attorneys and administrative personnel, spent many hours helping to prepare them for this needless and wasteful settlement conference. Documentation concerning all of the costs and fees expended can be provided to the Court upon request.

[4] This is, in so many ways, worse than a spat between lawyers. To be sure, the lawyers have had their differences with each other and have rightly not involved the Court. But here defendants went beyond the lawyers ---- by failing to participate in good faith in this mediation, they needlessly wasted the client and Court's precious time and resources. Clearly, this is not a motion to take, or even file, lightly. But the circumstances, at least in plaintiff's counsel's view, warrant it.

## IV. CONCLUSION

Due to Defendants' failure to advise of the futility of the *Collins* settlement conference, this Court has the authority under Rule 16 of the Federal Rules of Civil Procedure to sanction Defendants and their counsel, in addition to ordering Defendants and their counsel to pay fees and costs incurred because of Defendants' noncompliance, and such other relief as this Court deems just and appropriate. Plaintiffs respectfully request this Court enter an Order consistent with such authority.

Dated: June 12, 2008

Respectfully submitted,

/s/ Donald A. Migliori
Donald A. Migliori (# 4936)
Vincent L. Greene (#5971)
Leah J. Donaldson (#7711)
Motley Rice, LLC
321 South Main Street
Providence, RI 02903
(401) 457-7700 – Telephone
(401) 457-7708 – Facsimile

Teresa E. Toriseva
Wexler Toriseva Wallace LLP
1446 National Road
Wheeling, WV 26003
(304) 238-0066 – Telephone
(304) 238-0149 – Facsimile

Ernest Cory
Jon C. Conlin
Stephen R. Hunt, Jr.
Cory Watson Crowder & Degars P.C.
2131 Magnolia Avenue
Birmingham, AL 35209
(205) 328-2200 – Telephone
(205) 326-7896 – Facsimile

Edward A. Wallace
Mark R. Miller
Wexler Toriseva Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
(312) 346-2222 – Telephone
(312) 346-0022 – Facsimile

Fred Thompson, III
Rhett D. Klok
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465
(843) 216-9000 – Telephone
(843) 216- 9450 – Facsimile

***Counsel for Plaintiffs***