**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § | |
| | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO ALL ACTIONS** | § § | **JUDGE LISI** |
| | § | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE PLAINTIFF FACT SHEET**

Defendants Davol Inc. and C.R. Bard, Inc. (collectively "Defendants") hereby move this Court to enter an order denying plaintiffs' motion to amend the Plaintiff Fact Sheet ("PFS"). Plaintiffs have demonstrated no prejudice which warrants revisiting the bargained-for PFS. Having already argued and lost a motion to compel with a nearly identical memorandum, Plaintiffs should not be allowed two bites at the same apple.

## ARGUMENT

### I. Having Failed to Timely Appeal Magistrate Judge Almond's Decision, Plaintiffs Motion to Amend is Improper

As Plaintiffs note in their memorandum, this issue arose in the context of Plaintiff's refusal to provide tax authorization forms for all plaintiffs, despite the clear wording of the authorization section of the PFS. Defendants were forced to move to compel, and on May 2, 2008 Judge Almond granted their motion. As of the filing of this opposition, Plaintiffs have still not provided tax authorizations for all plaintiffs.

In their memorandum, plaintiffs argue that they "respect the Magistrate Judge's report and recommendation. . . and do not rehash those arguments here," Motion at 3, but they do. Over half of the plaintiffs' memorandum from page 6 onward is directly lifted from their opposition brief. *Compare, e.g.*, Memo. at 8-9 *with* Opp. at 7-8. Magistrate Almond correctly

ruled that the bargained-for PFS should be enforced in full, not abandoned piecemeal and unilaterally by plaintiffs. The ruling should be enforced.[1]

**II. Plaintiffs Have Failed to Demonstrate Good Cause to Revisit the Bargained For PFS Adopted by this Court.**

Magistrate Judge Almond ruled that the plaintiffs had agreed to a PFS which "contains an unconditional requirement that all Plaintiffs execute an authorization for the release of income tax returns." *See* Judge Almond's May 2, 2008 Text Order. Plaintiffs have demonstrated no good cause as to why this PFS, the result of several months of negotiating, needs to be revisited.

None of the cases cited by plaintiffs in their memorandum, as in their opposition before, address the situation wherein plaintiffs have previously agreed to provide tax returns as part of the consolidated discovery process. For instance, in *Mitsui & Co v. Puerto Rico Water Resources Authority*, 79 F.R.D. 72 (D.P.R. 1978), which plaintiff claims stand for the proposition that production was only required because plaintiff had clearly put at stake its income, the court actually held that the tax returns must "reasonably appear [to be] relevant and material to the matters at issue." *Id.* at 81. Similarly, while *Buntzman v. Springfield Redevelopment Authority*, 146 F.R.D. 30 (D. Mass. 1993), stands for the proposition that "the burden to show relevancy lies on the party seeking the returns," it also notes that "the party resisting disclosure bears the burden of establishing alternative sources for the information," a key factor omitted by plaintiffs. *Id.* at 32. The case similarly cites with approval the proposition that "[t]ax returns are subject to discovery as long as they are relevant to the subject matter of the litigation." *Id., citing Heathman v. United States Dist. Court for Cent. District*, 503 F.2d 1032 (9th Cir. 1974); *Powell*

[1] Moreover, by failing to timely object to the Magistrate's decision, Plaintiffs have waived their right to have the substance of that decision reviewed by a collateral attack. *FDIC v. LeBlanc*, 85 F.3d 815 (1st Cir. 1996). The failure to file any objections with this Court waives plaintiffs' right to appeal any

*v. Merrimack Mut. Fire Ins. Co.*, 80 F.R.D. 431, 433 (N.D.Ga. 1978); *Weiner v. Bache Halsey Stuart, Inc.*, 76 F.R.D. 624, 627 (S.D.Fla. 1977).

Each of these cases is inapposite to the situation at hand, because defendants are not seeking the tax authorizations over plaintiffs' opposition. Instead, defendants went before Judge Almond to ask that plaintiffs be required to honor a previously bargained for agreement that can lead to the discovery of admissible evidence.[2]

Plaintiffs have failed to demonstrate any compelling need to amend the PFS to exclude tax records. Plaintiffs' tax records are both directly relevant and are likely to lead to the discovery of additional admissible evidence. Judge Almond ruled that the parties had agreed that plaintiffs would provide authorizations so that such records could be obtained, and required plaintiffs to honor that agreement. This Court should require that plaintiffs abide by Judge Almond's order and their bargained-for agreement.

---

issue, factual or legal, reached by the Magistrate Judge. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

[2] To give just one example, whether or not they have made a lost wage claim, every plaintiff in this litigation claims that the Composix® Kugel® Patch has negatively affected their quality of life, physically and often emotionally. Such information as a steady or rising level of income and employment at jobs requiring physical labor or mental concentration is directly relevant to these issues and can lead to the discovery of additional information as well as serving as a check on the information provided in other discovery.

Dated: June 19, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2008, the foregoing DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE PLAINTIFF FACT SHEET was electronically filed with the Clerk of Court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

/s/ Kirby T. Griffis