**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO HILL, RICHARD RANDY, No. 1:08-cv-02394** | § § § | **JUDGE LISI** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD INC. TO PLAINTIFF'S COMPLAINT**

Defendants Davol Inc. and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

## INTRODUCTION

Davol Inc. ("Davol") admits its principal place of business is located at 100 Crossings Boulevard, Warwick, RI 02886. C.R. Bard, Inc. ("Bard") admits it has its principle place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. The remaining allegations set forth in the introductory statement are not directed at Defendants; therefore, no response is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

## BACKGROUND

1. Paragraph 1 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Davol admits that at various times it designed, manufactured, tested, marketed, distributed, labeled, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Davol does not know what is meant by "development," "packaging," or "promoting" beyond the meanings of manufacturing and

marketing which have been admitted. Davol therefore denies the allegations. Bard denies each and every allegation in this paragraph.

2. Davol admits that at various times it designed, manufactured, tested, advertised, marketed, sold, and distributed the Composix® Kugel® Hernia Patch to treat soft tissue defects such as ventral hernias when used in accordance with accompanying labeling information. Davol does not know what is meant by "promoted" or "researched" beyond the meanings of manufactured and marketed which have been already admitted. Davol therefore denies the allegations. Bard denies each and every allegation in this paragraph.

3. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

4. Paragraph 4 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

5. Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## JURISDICTION & VENUE

7. Paragraph 7 of the Complaint states conclusions of law as to which no response is required. To the extent that a response is required, Defendants admit that the requirements of 28 U.S.C. § 1332(a) have been satisfied.

8. Paragraph 8 of the Complaint states conclusions of law as to which no response is required. To the extent that a response is required, Defendants admit that the requirements of 28 U.S.C. § 1332 have been satisfied.

9. Paragraph 9 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

10. Paragraph 10 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## PARTY PLAINTIFF

11. The allegations in Paragraph 11 of the Complaint are not directed at Defendants; therefore, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the allegations.

## PARTY DEFENDANTS

12. The allegations in Paragraph 12 of the Complaint are not directed at Bard; therefore, no response is required. Davol denies the allegations as phrased. Davol admits it is organized under the laws of Delaware with its principal place of business located at 100 Crossings Boulevard, Warwick, RI 02886.

13. The allegations in Paragraph 13 of the Complaint are not directed at Bard; therefore, no response is required. Davol admits that it sells medical devices, including the Composix® Kugel® Hernia Patch, to licensed healthcare professionals throughout the United States, including the State of New Jersey.

14. The allegations in Paragraph 14 of the Complaint are not directed at Bard; therefore, no response is required. "Substantial revenue" is a legal term of art and the legal conclusion contained therein does not require an answer. To the extent that a response is required, Davol denies the allegation. Davol admits that at various times it designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information, and that it earned revenue from sales in New Jersey.

15. See response to Paragraph 14. Answering further, Davol states "substantial revenue from interstate commerce," to the extent it has any meaning, is a legal term of art and contains a legal conclusion which does not call for a response. To the extent that a response is required, Davol denies the allegation. As to the remaining allegations, Davol is unable to respond as they are unintelligibly overbroad. To the extent that a response is required, Davol denies the allegations.

16. Davol admits that it focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

17. The allegations in Paragraph 17 of the Complaint are not directed at Bard; therefore, no response is required. Davol admits that it designed, manufactured, advertised, marketed, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Davol

does not know what is meant by “research” or “promote” beyond the meanings of “manufacture” and “market” which have been admitted previously. Davol therefore denies the allegations.

18. Admitted.

19. The allegations in Paragraph 19 are not directed at Davol; therefore, no response is required. Bard sells medical devices to licensed healthcare professionals throughout the United States, including the State of New Jersey.

20. The allegations in Paragraph 20 are not directed at Davol; therefore, no response is required. Substantial revenue” is a legal term of art and the legal conclusion contained therein does not require an answer. To the extent that a response is required, Bard denies the allegation.

21. See response to Paragraph 20. Answering further, Bard states “substantial revenue from interstate commerce,” to the extent it has any meaning, is a legal term of art and contains a legal conclusion which does not call for a response. To the extent that a response is required, Bard denies the allegation. As to the remaining allegations, Bard is unable to respond as they are unintelligibly overbroad. To the extent that a response is required, Bard denies the allegations. The allegations in Paragraph 21 are not directed at