**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § | |
| | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO** | § | |
| **SEAMAN, TABITHA L., et al.** | § | **JUDGE LISI** |
| **No. 1:08-cv-02398** | § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD INC. TO PLAINTIFFS' COMPLAINT**

Defendants Davol Inc. and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer Plaintiffs' Complaint (the "Complaint") as follows:

**INTRODUCTION**

Davol Inc. ("Davol") admits its principal place of business is located at 100 Crossings Boulevard, Warwick, RI 02886. C.R. Bard, Inc. ("Bard") admits it has its principle place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. The remaining allegations set forth in the introductory statement are not directed at Defendants; therefore, no response is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

**BACKGROUND**

1. Paragraph 1 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Davol admits that at various times it designed, manufactured, tested, marketed, distributed, labeled, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Davol does not know what is meant by "development," "packaging," or "promoting" beyond the meanings of manufacturing and

marketing which have been admitted. Davol therefore denies the allegations. Bard denies each and every allegation in this paragraph.

2. Davol admits that at various times it designed, manufactured, tested, advertised, marketed, sold, and distributed the Composix® Kugel® Hernia Patch to treat soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with accompanying labeling information. Davol does not know what is meant by “promoted” or “researched” beyond the meanings of manufactured and marketed which have been admitted. Davol therefore denies the allegations. Bard denies each and every allegation in this paragraph.

3. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

4. Paragraph 4 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

5. Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## JURISDICTION & VENUE

7. Paragraph 7 of the Complaint states conclusions of law as to which no response is required. To the extent that a response is required, Defendants admit that the requirements of 28 U.S.C. § 1332(a) have been satisfied.

8. Paragraph 8 of the Complaint states conclusions of law as to which no response is required. To the extent that a response is required, Defendants admit that the requirements of 28 U.S.C. § 1332 have been satisfied.

9. Paragraph 9 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

10. Paragraph 10 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## PARTY PLAINTIFFS

11. The allegations in Paragraph 11 of the Complaint are not directed at Defendants; therefore, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the allegations.

12. The allegations in Paragraph 12 of the Complaint are not directed at Defendants; therefore, no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the allegations.

**PARTY DEFENDANTS**

13. The allegations in Paragraph 13 of the Complaint are not directed at Bard; therefore, no response is required. Davol denies the allegations as phrased. Davol admits it is organized under the laws of Delaware with its principal place of business located at 100 Crossings Boulevard, Warwick, RI 02886.

14. The allegations in Paragraph 14 of the Complaint are not directed at Bard; therefore, no response is required. Davol admits that it sells medical devices, including the Composix® Kugel® Hernia Patch, to licensed healthcare professionals throughout the United States, including the State of New Jersey.

15. The allegations in Paragraph 15 of the Complaint are not directed at Bard; therefore, no response is required. "Substantial revenue" is a legal term of art and the legal conclusion contained therein does not require an answer. To the extent that a response is required, Davol denies the allegation. Davol admits that at various times it designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information, and that it earned revenue from sales in New Jersey.

16. See response to Paragraph 15. Answering further, Davol states "substantial revenue from interstate commerce," to the extent it has any meaning, is a legal term of art and contains a legal conclusion which does not call for a response. To the extent that a response is required, Davol denies the allegation. As to the remaining allegations, Davol is unable to respond as these allegations are unintelligibly overbroad. To the extent that a response is required, Davol denies the allegations.

17. Davol admits that it focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

18. The allegations in Paragraph 18 of the Complaint are not directed at Bard; therefore, no response is required. Davol admits that at various times it designed, manufactured, advertised, marketed, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Davol does not know what is meant by "research" or "promote" beyond the meanings of "manufacture" and "market" which have been admitted. Davol therefore denies the allegations.

19. Admitted.

20. The allegations in Paragraph 20 are not directed at Davol; therefore, no response is required. Bard sells medical devices to licensed healthcare professionals throughout the United States, including the State of New Jersey.

21. The allegations in Paragraph 21 are not directed at Davol; therefore, no response is required. "Substantial revenue" is a legal term of art and the legal conclusion contained therein does not require an answer. To the extent that a response is required, Bard denies the allegation.

22. See response to Paragraph 21. Answering further, Bard states "substantial revenue from interstate commerce," to the extent it has any meaning, is a legal term of art and contains a legal conclusion which does not call for a response. To the extent that a response is required, Bard denies the allegation. As to the remaining allegations, Bard is unable to respond as the allegations are unintelligibly overbroad. To the extent that a

response is required, Bard denies the allegations. The allegations in Paragraph 22 are not directed at Davol; therefore, no response is required.

23. Bard admits that Davol is its subsidiary.

24. Defendants admit that Bard acquired Davol in 1980.

25. Bard admits that at various times its subsidiary Davol sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

## FACTUAL ALLEGATIONS

27. Davol admits at various times it designed, manufactured, tested, advertised, marketed, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Davol does not know what is meant by “research” or “promote” beyond the meaning of manufacture and market which have been admitted. Davol accordingly denies the allegations. Bard denies each and every allegation in this paragraph.

28. Bard states that its Surgical Specialties business segment includes all soft tissue repair, performance irrigation, and hemostasis product lines, and that the Composix® Kugel® Hernia Patch is merely one product within the soft tissue repair sub-segment. Answering further, Bard admits that in 2004 the entirety of its surgical specialty business segment had sales of approximately $313,300,000.00.

29. Bard states that its Surgical Specialties business segment includes all soft tissue repair, performance irrigation, and hemostasis product lines, and that the Composix® Kugel® Hernia Patch is merely one product within the soft tissue repair sub-

segment. Answering further, Bard admits that in 2005 the entirety of its surgical specialty business segment had sales of approximately $330,200,000.00.

30. Bard states that its Surgical Specialties business segment includes all soft tissue repair, performance irrigation, and hemostasis product lines, and that the Composix® Kugel® Hernia Patch is merely one product within the soft tissue repair sub-segment. Answering further, Bard admits that in 2006 the entirety of its surgical specialty business segment had sales of approximately $357,400,000.00.

31. Defendants admit that Davol sells hernia products, including the Composix® Kugel® Hernia Patch, for the treatment of soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with accompanying labeling information.

32. Defendants admit that Davol submitted a 510(k) Application for the Composix® Kugel® Hernia Patch on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Defendants admit that the FDA classifies the Composix® Kugel® Hernia Patch as a Class II medical device.

33. Defendants admit that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with accompanying labeling information.

34. Defendants admit that the Composix® Kugel® Hernia Patch may be inserted behind a hernia defect through a small incision

35. Defendants admit that the Composix® Kugel® Hernia Patch contains a PET memory recoil ring which is designed to assist in proper placement of the Composix® Kugel® Hernia Patch.

36. Defendants admit the monofilament polypropylene mesh of the Composix® Kugel® Hernia Patch encourages a prompt fibroblastic response through the interstices of the mesh reducing the risk of hernia recurrence and that the ePTFE layer has a sub-micronal porosity which minimizes tissue ingrowth.

37. Defendants admit that on January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore deny the same.

38. Defendants admit that Davol began marketing certain product codes of the Composix® Kugel® Hernia Patch in February 2001 with the remaining larger-sized product codes being marketed beginning in February 2002.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. The Establishment Inspection Report referenced in Paragraph 43 of the Complaint speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state that these products have since been returned to the market with FDA approval.

47. Defendants admit that the FDA categorizes a “Class I” recall as potentially life threatening or posing a potential for serious bodily harm.

48. Defendants deny the allegations as phrased. Defendants state that the FDA’s December 22, 2005 Class I recall information sheet reads: “The ‘memory recoil ring’ that opens the Bard® Composix® Kugel® Hernia Patch can break under the stress of placement of the large sized products in the intra-abdominal (inside the belly area) space. This can lead to bowel perforations (rupture) and/or chronic (recurring) intestinal fistulae (abnormal connections or passageways between the intestines and other organs).”

49. Defendants admit that the allegations in Paragraph 49 of the Complaint quote and paraphrase information about the recalls posted on the FDA’s website. Defendants state that the complete and precise content of this recall information can be ascertained from the website itself.

50. Defendants admit that on March 24, 2006, the initial recall was expanded to include additional Composix® Kugel® Patch product types. Defendants further state these products have since been returned to the market with FDA approval.

51. Defendants admit that on January 10, 2007, the initial recall was expanded to include additional Composix® Kugel® Patch product types. Defendants further state these products have since been returned to the market with FDA approval.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

58. Paragraph 58 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

59. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 and therefore deny the same.

60. Paragraph 60 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

61. Paragraph 61 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore deny the allegations.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore deny the allegations.

64. Paragraph 64 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

65. Paragraph 65 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

66. Paragraph 66 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

67. Paragraph 67 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT I**
**PRODUCT LIABILITY – NEGLIGENCE (N.J.S.A. 2A:58C-1 *et seq.*)**

68. In response to Paragraph 68 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

69. Paragraph 69 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

70. Paragraph 70 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

71. Paragraph 71 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

72. Paragraph 72 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

73. Paragraph 73 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

74. Paragraph 74 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

75. Paragraph 75 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

76. Paragraph 76 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

77. Paragraph 77 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

78. Paragraph 78 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

79. Paragraph 79 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

80. Paragraph 80 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

81. Paragraph 81 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT II**
**PRODUCT LIABILITY- DEFECTIVE DESIGN (N.J.S.A. 2A:58C-1 *et seq.*)**

82. In response to Paragraph 82 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

83. Defendants admit that at various times Davol designed, developed, manufactured, tested, marketed, distributed, labeled, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Defendants do not know what is meant by “packaging” and “promoting” beyond the meanings of manufacturing and marketing which have been admitted so Defendants deny these allegations. Bard denies each and every allegation in this paragraph.

84. Paragraph 84 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

85. Paragraph 85 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

86. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86 and therefore deny the same.

87. Paragraph 87 of the Complaint, including subparts (a) through (f), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

88. Paragraph 88 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

89. Paragraph 89 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT III**
**PRODUCT LIABILITY- MANUFACTURING DEFECT**
**(N.J.S.A. 2A:58C-1 *et seq.*)**

90. In response to Paragraph 90 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

91. Defendants admit that at various times Davol designed, manufactured, tested, marketed, distributed, labeled, and sold the Composix® Kugel® Hernia Patch for

use by prescribing physicians in accordance with accompanying labeling information. Davol does not know the meaning of "packaging" or "promoting" beyond the meanings of manufactured and marketed which have been admitted so Defendants deny these allegations. Bard denies each and every allegation in this paragraph.

92. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

93. Paragraph 93 of the Complaint, including subparts (a) through (d), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

94. Paragraph 94 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT IV**
**PRODUCT LIABILITY- FAILURE TO WARN (N.J.S.A. 2A:58C-1 *et seq.*)**

95. In response to Paragraph 95 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

96. Paragraph 96 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

97. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

98. Paragraph 98 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

99. Paragraph 99 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

100. Paragraph 100 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

101. Paragraph 101 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

102. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

103. Paragraph 103 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

104. Paragraph 104 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

105. Paragraph 105 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT V**
**PRODUCT LIABILITY- BREACH OF IMPLIED WARRANTY**
**(N.J.S.A. 2A:58C-1 *et seq.*)**

106. In response to Paragraph 106 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

107. Paragraph 107 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

108. Davol admits at various times it designed, manufactured, marketed, distributed, supplied and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information in the treatment of soft tissue defects such as ventral and incisional hernias. Bard denies these allegations.

109. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 109 and therefore deny the same.

110. Paragraph 110 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

111. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111 and therefore deny the same.

112. Paragraph 112 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

113. Paragraph 113 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

114. Paragraph 114 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

115. Paragraph 115 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

116. Paragraph 116 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

117. Paragraph 117 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT VI
## BREACH OF EXPRESS WARRANTY

118. In response to Paragraph 118 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

119. Paragraph 119 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

120. Paragraph 120 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

121. Paragraph 121 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

122. Paragraph 122 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

123. Paragraph 123 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

124. Paragraph 124 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

125. Paragraph 125 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

126. Paragraph 126 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

127. Paragraph 127 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT VII**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

128. In response to Paragraph 128 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

129. Paragraph 129 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

130. Paragraph 130 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

131. Paragraph 131 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

132. Paragraph 132 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

133. Paragraph 133 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

134. Paragraph 134 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT VIII**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

135. In response to Paragraph 135 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

136. Paragraph 136 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

137. Paragraph 137 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

138. Paragraph 138 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

139. Paragraph 139 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

140. Paragraph 140 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

141. Paragraph 141 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT IX**
**FRAUDULENT MISREPRESENTATION**

142. In response to Paragraph 142 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

143. Paragraph 143 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

144. Paragraph 144 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

145. Paragraph 145 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

146. Paragraph 146 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

147. Paragraph 147 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

148. Paragraph 148 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

149. Paragraph 149 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

150. Paragraph 150 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

151. Paragraph 151 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

152. Paragraph 152 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

153. Paragraph 153 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT X
## FRAUDULENT CONCEALMENT

154. In response to Paragraph 154 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

155. Paragraph 155 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

156. Paragraph 156 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

157. Paragraph 157 of the Complaint, including its subparts (a) through (k), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

158. Paragraph 158 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

159. Paragraph 159 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

160. Paragraph 160 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

161. Paragraph 161 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

162. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and therefore deny the allegations.

163. Paragraph 163 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

164. Paragraph 164 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT XI**
**NEGLIGENT MISREPRESENTATION**

165. In response to Paragraph 165 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

166. Paragraph 166 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

167. Paragraph 167 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

168. Paragraph 168 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

169. Paragraph 169 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

170. Paragraph 170 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

171. Paragraph 171 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT XII**
**FRAUD AND DECEIT**

172. In response to Paragraph 172 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

173. Defendants state that this allegation as currently worded is unintelligible. Defendants are therefore unable to respond. To the extent a response is required, Defendants deny the allegations.

174. Paragraph 174 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

175. Paragraph 175 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

176. Paragraph 176 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

177. Paragraph 177 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

178. Paragraph 178 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

179. Paragraph 179 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

180. Paragraph 180 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

181. Paragraph 181 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

182. Paragraph 182 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

183. Paragraph 183 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

184. Paragraph 184 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

185. Paragraph 185 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

186. Paragraph 186 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

187. Paragraph 187 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

188. Paragraph 188 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

189. Paragraph 189 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

190. Paragraph 190 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

191. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and therefore deny the allegations.

192. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and therefore deny the allegations.

193. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and therefore deny the allegations.

194. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and therefore deny the allegations.

195. Paragraph 195 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

196. Paragraph 196 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT XIII**
**VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT**
**(N.J.S.A. 56:8-1 *et seq.*)**

197. In response to Paragraph 197 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

198. Paragraph 198 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

199. Paragraph 199 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

200. Paragraph 200 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

201. Paragraph 201 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

202. Paragraph 202 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

203. Paragraph 203 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

204. Paragraph 204 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

205. Paragraph 205 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

206. Paragraph 206 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

207. Paragraph 207 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

208. Paragraph 208 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

209. Paragraph 209 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT XIV**
**PUNITIVE DAMGES UNDER COMMON LAW**
**PUNITIVE DAMAGES ACT (N.J.S.A. 2A:15-5.9, *et seq.*) and**
**PRODUCT LIABILITY ACT (N.J.S.A. 2A:58C-1 *et seq.*)**

210. In response to Paragraph 210 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

211. Paragraph 211 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

212. Paragraph 212 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

213. Paragraph 213 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

214. Paragraph 214 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

215. Paragraph 215 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

216. Paragraph 216 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

217. Paragraph 217 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

218. Paragraph 218 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

219. Paragraph 219 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

220. Paragraph 220 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT XV**
**LOSS OF CONSORTIUM ON BEHALF OF SPOUSE**

221. In response to Paragraph 221 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

222. Paragraph 222 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and deny the same.

223. Paragraph 223 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiffs' complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar claims against Defendants in whole or in part.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiffs' claims in whole or in part.

7. Plaintiffs', or Plaintiffs' agents', including Plaintiffs' physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiffs' claims in whole or in part.

8. If Plaintiff Tabita L. Seaman used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiff Tabita L. Seaman assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

10. If Plaintiff Tabita L. Seaman sustained any damages or injuries, which is denied, then such damages and injuries was caused or contributed to by the acts, omissions or fault of Plaintiff Tabita L. Seaman, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiff Tabita L. Seaman used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiffs' claims.

12. The learned intermediary doctrine bars Plaintiffs' claims.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiffs' claims are barred, in whole or in part, because Plaintiff Tabita L. Seaman's injuries, if any, were the result of conduct of Plaintiff Tabita L. Seaman, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff Tabita L. Seaman's pre-existing medical conditions.

17. If Plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases, and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

18. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiffs or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

20. Plaintiffs failed to mitigate damages, which limits Plaintiffs' recovery, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to them.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Further, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiffs' claims are barred in whole or in part by Plaintiffs' own comparative negligence.

24. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

25. If Plaintiffs has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the New Jersey Constitution and/or the South Carolina Constitution.

28. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the New Jersey Constitution and/or the South Carolina Constitution.

29. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under New Jersey, South Carolina, and/or other applicable laws.

30. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiffs' claims are, in whole or in part, subject to adjudication under laws of states or jurisdictions other than New Jersey.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: June 24, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFFS' COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiff's Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

Jerrold S. Parker
Herbert L. Waichman
Andres F. Alonso
Melane H. Muhlstock
PARKER WAICHMAN ALONSO, LLP.
111 Great Neck Road, 1st Floor
Great Neck, NY 11021-5402
*(electronic notice)*

/s/ Kirby T. Griffis