inclusive, and each of them, recklessly and/or intentionally falsely represented the dangerous and serious health and safety concerns inherent in the use of the Kugel® Patch to the public at large, the medical community, and Plaintiff and his healthcare providers in particular, for the purpose of influencing the sales of a product known by Defendants to be dangerous and defective, and not as safe and effective as alternative hernia repair devices.

144. A foreseeable, direct, and proximate result of Defendants described acts and omissions; plaintiff was caused to suffer the serious and dangerous side effects as are more specifically described in this Complaint.

145. Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, knew when they made the aforementioned representations that the representations were false. Defendants intended that Plaintiff would reasonably rely on the representations. Plaintiff did rely on these representations and purchased and used the Product, all her detriment. In this context, Defendants' conduct constituted malice, oppression, and fraud. Plaintiff is therefore intended to recover punitive or exemplary damages.

146. As a foreseeable, direct and proximate result of Defendants' a DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, acts and omissions as described herein, and Plaintiff LARRY PALMER 'S implantation with Defendants' defective product, Plaintiff has suffered serious physical injuries and has incurred substantial medical costs and expenses to treat and care for his injuries described herein. As a further direct and proximate result of Defendants acts and omissions, Plaintiff will continue to suffer serious and permanent physical and emotional injuries, and will continue to incur significant medical costs and expenses, expend large sums of money to pay for medical care and treatment of her physical injuries, and will continue to suffer economic loss, and physical and emotional injuries.

147. As a proximate result of Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, engaging in deceitful and fraudulent conduct, Plaintiff was caused to suffer the injuries and damages described in this complaint.

///

**NINTH CAUSE OF ACTION**

**FRUAD AND DECEIT**

**(By Plaintiff LARRY PALMER Against DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

148. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

149. Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, from the time the Kugel® Patch was first manufactured, marketed, distributed, and sold and up to the present, willfully deceived Plaintiff by concealing from and misrepresenting to him, his healthcare providers, the FDA, and the general public the true facts concerning the Kugel® Patch, which Defendants, as manufacturers, makers, and distributors of the Patch, had a duty to disclose.

150. Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, negligently, knowingly, willfully, wrongfully, and intentionally concealed certain material facts, as previously set forth herein, from Plaintiff, the healthcare community, the FDA, and other American consumers, including without limitation, failing to disclose that the Kugel® Patch was not safe, fit, and effective for use as a surgically implanted hernia repair device despite being aware at all relevant times of the dangerous and defective nature of the Kugel® Patch, as described in this Complaint.

151. Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, negligently, knowingly, willfully, wrongfully, and intentionally fraudulently represented, as previously set forth herein, to Plaintiff, the healthcare community, the FDA, and other American consumer s, including without limitation, that the Kugel® Patch was safe, fit, and effective for use as a surgically implanted hernia repair device despite being aware at all relevant times of the dangerous and defective nature of the Kugel® Patch, as described in this Complaint.

152. At all times relevant to this action and herein mentioned, Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, conducted a sales and marketing campaign to promote the sale of the Kugel® Patch and willfully deceived Plaintiff, the

healthcare community, the FDA, and other American consumers as to the health risks and harmful consequences associated with the use of the Patch. Said Defendants knew and were aware of the foregoing, and that the Patch was not safe, fit, and effective for its intended use, that the use of said product is hazardous to human health, and that said Product has a serious propensity to cause serious injuries to users, including but not limited to the injuries suffered by Plaintiff as described in this Complaint.

153. At all relevant times the Kugel® Patch was not safe, fit, and effective for human use as a surgically implanted hernia repair device, use of the Patch is hazardous to health, and said product has a serious propensity to cause users to suffer serious injuries, including without limitation the injuries Plaintiff suffered.

154. Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, intentionally concealed and misrepresented the true facts concerning the Kugel® Patch, although Defendants were bound to disclose the true facts. Defendants concealed and misrepresented the foregoing material facts knowing that they were false. These representations were made directly by Defendants, their authorized agents, including sales agents, and in publications and other written materials directed to the public and the medical community, with the intention of inducing Plaintiffs' and other consumers' reliance, purchase, and use of the Product.

155. In reliance upon false and fraudulent misrepresentations and omissions made by Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, Plaintiff was induced to, and did use the Kugel® Patch, thereby sustaining severe and permanent personal injuries and damages. Said Defendants knew and had reason to know that Plaintiff, the healthcare community, and other American consumers did not have the ability to determine the true facts intentionally concealed and misrepresented by them in prescribing and implanting the Kugel® Patch, and would not have, respectively, implanted same, if the true facts regarding the Patch had not been concealed and misrepresented by them.

156. Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, had sole access to material facts concerning the defective nature of the

Product and its propensity to cause serious and dangerous side effects in the form of dangerous injuries and damages to persons who are implanted with the Patch.

157. At the time Defendants failed to disclose and misrepresented the foregoing facts, and at the time Plaintiff used the Kugel® Patch, he was unaware of the Defendants' fraudulent misrepresentations and omissions.

158. Plaintiff, the healthcare community, and other American consumers reasonably relied upon Defendants' misrepresentations, where knowledge of the concealed and misrepresented facts were critical to understanding the true dangers inherent in the use of the Kugel® Patch.

159. Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, knew when they made the aforementioned representations that the representations were false. Said Defendants intended that Plaintiff would reasonably rely on the representations. Plaintiff did rely on these representations and purchased and used the Product, all to his detriment. In this context, Defendants' conduct constituted malice, oppression, and fraud.

160. As a proximate result of Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, engaging in deceitful and fraudulent conduct, Plaintiff was caused to suffer the injuries and damages described in this complaint.

**TENTH CAUSE OF ACTION**

**NEGLIGENT MISREPRESENTATION**

**(By Plaintiff LARRY PALMER Against DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

161. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

162. Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, made false misrepresentations, as previously set forth herein, to Plaintiff, the healthcare community, the FDA, and other American consumers, including without limitation, the misrepresentation that the Kugel® Patch was safe, fit, and effective for use in its intended and reasonably foreseeable manner.

163. Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, made the foregoing representations without reasonable grounds for believing them to be true. These representations were made directly by Defendants, their authorized agents, including sales agents, and in publications and other written materials directed to the public, with the intention of inducing Plaintiff, the healthcare community, and other American consumers to rely on these representations and purchase and use the Kugel® Patch.

164. The foregoing representations by Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, were in fact false. The Kugel® Patch was not safe, fit, and effective for human use in its intended and reasonably foreseeable manner, the use of the Kugel® Patch is hazardous to the user's health, and said Patch has a serious propensity to cause users to suffer serious injuries, including without limitation, the injuries Plaintiff suffered.

165. In reliance upon the false and fraudulent misrepresentations and omissions made by Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, Plaintiff, the healthcare community, and other American consumers were induced to, and did use the Kugel® Patch, thereby causing those persons implanted, including Plaintiff, to sustain severe and permanent personal injuries and damages. Said Defendants knew and had reason to know that Plaintiff, the healthcare community, and other American consumers did not have the ability to determine the true facts intentionally and/or negligently concealed and misrepresented by them in prescribing and implanting the Kugel® Patch, and would not have, respectively, prescribed and implanted same, if the true facts regarding the Patch had not been concealed and misrepresented by Defendants.

166. Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, had sole access to material facts concerning the defective nature of the product and its propensity to cause serious and dangerous side effects in the form of dangerous injuries and damages to persons who are implanted with the Patch.

167. At the time Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, failed to disclose and misrepresented the foregoing facts, and at the time Plaintiff used the Kugel® Patch, Plaintiff and his physicians were unaware of said Defendants' fraudulent misrepresentations and omissions.

168. Plaintiff, the healthcare community, and other American consumers reasonably relied upon Defendants' the misrepresentations made by Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, where knowledge of the concealed and misrepresented facts were critical to understanding the true dangers inherent in the use of the Kugel® Patch.

169. Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, knew when they made the aforementioned representations that the representations were false. Said Defendants intended that Plaintiff, the healthcare community, and other American consumers would reasonably rely on the representations. Plaintiff, the healthcare community, and other American consumers did rely on these representations and purchased and used the Product, all to detriment of those whom the product was implanted, including Plaintiff. In this context, Defendants' conduct constituted malice, oppression, and fraud. Plaintiff is therefore intended to recover punitive or exemplary damages.

170. As a proximate result of the negligent misrepresentations made by Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, Plaintiff was caused to suffer the injuries and damages described in this complaint.

## ELEVENTH CAUSE OF ACTION

## VIOLATION OF *BUSINESS AND PROFESSIONS CODE* §§ 17200, *ET SEQ.*

**(By Plaintiff LARRY PALMER Against DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

171. Plaintiff re-alleges and incorporates by reference each and every allegation contained in foregoing paragraphs as though fully set forth herein.

172. Plaintiff brings this cause of action pursuant to The Unfair Practices Act *Business and Professions Code* §§ 17200 *et seq.* which provides that unfair and deceptive business practices shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.

173. The acts and practices described above, were and are likely to and did mislead the general public, including plaintiff, and therefore constitute unfair business practices within the meaning of *Business and Professions Code* §§ 17200, *et seq*. The acts of untrue and misleading advertising set forth in preceding paragraphs are incorporated by reference and are, by definition, in violation of *Business and Professions Code* §§ 17200 *et seq*. This conduct includes but is not limited to:

(a) Representing to Plaintiff, his physicians, and the general public that the Kugel® Patch was safe, fit, and effective for its intended use, knowing that said representations were false, and concealing from Plaintiff, his physicians, and the general public that said product had a serious propensity to and did cause physical harm and injuries to users.

(b) Engaging in advertising programs designed to create the image, impression, and belief by consumers and physicians that the Kugel® Patch was safe for human use, had fewer side effects and/or adverse reactions than other surgically implanted hernia repair devices, constituted a safe and effective form of repairing hernias, even though Defendants knew these representations to be false, and even though Defendants had no reasonable grounds to believe them to be true.

(c) Purposefully and intentionally downplaying and understating the health hazards and risks associated with the Kugel® Patch which were known to Defendants.

(d) Issuing promotional literature deceiving potential users of the Kugel® Patch by relaying positive information, including testimonials from satisfied users to suggest widespread acceptability, while downplaying the known adverse and serious health effects and concealing material relevant information regarding the safety and efficacy of said product.

(e) Encouraging the use of the Kugel® Patch while knowing that the said product was especially hazardous, had not been systemically

tested by appropriate clinical trials, had not been adequately tracked post-marketing, and causes serious adverse health effects.

174. These practices constitute unlawful, unfair, and fraudulent business acts or practices, within the meaning of *Business and Professions Code* §§17200 *et seq*., as well as unfair, deceptive, untrue and misleading advertising as prohibited by *Business and Professions Code* § 17500.

175. Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, acted willfully, knowingly, intentionally, unconscionably and with reckless indifference for the health, safety, and well being of the consumers of the product when committing the foregoing false and misleading advertising. As a foreseeable, direct, and proximate result of Defendants' actions towards consumers of the Kugel® Patch, Plaintiff purchased and was implanted with an unreasonably dangerous and unsafe product and incurred monetary damages and expenses.

176. The unlawful, unfair, and fraudulent business practices of Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, described above present a continuing threat to members of the public in that Defendants continue to engage in the conduct described herein.

177. As a result of their conduct described in this Complaint and specifically in this cause of action, Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, have been and will be unjustly enriched. Specifically, said Defendants have been unjustly enriched by receipt of hundreds of millions of dollars in ill-gotten gains from the sale of said Product, sold as a result of Defendants' acts and omissions, as unlawful, unfair, deceptive, and fraudulent described herein.

178. Because of the fraudulent misrepresentations by Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, as detailed above, and the inherently unfair practice of committing a fraud against the public by intentionally misrepresenting and concealing material information, the acts of said Defendants described herein constitute unfair or fraudulent business practices.

179. Plaintiff, pursuant to *Business and Professions Code* § 17203, seeks an order of this court compelling Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive,

and each of them, to provide restitution, and to disgorge the monies collected and profits realized by said Defendants, and each of them, as a result of their unfair business practices, and injunctive relief calling for same, to forever cease and desist such unfair business practices in the future.

**TWELFTH CAUSE OF ACTION**

**VIOLATION OF *BUSINESS AND PROFESSIONS CODE* §§ 17500, *ET SEQ.***

**(By Plaintiff LARRY PALMER Against DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

180. Plaintiff re-alleges and incorporates by reference each and every allegation contained in foregoing paragraphs as though fully set forth herein.

181. Plaintiff brings this cause of action pursuant to *Business and Professions Code* § 17500 which provides that it is unlawful for any person, firm, corporation or association to dispose of property or perform services, or to induce the public to enter into any obligation relating thereto, through the use of untrue or misleading statements.

182. At all times herein mentioned Defendants have committed acts of disseminating untrue and misleading statements as defined by *Business and Professions Code* § 17500 by engaging in the following acts and practices with intent to induce members of the public to purchase and use Defendants' Kugel® Patch:

a. Representing to Plaintiff, his physicians, and the general public that said product was safe, fit, and effective for its intended use, knowing that said representations were false, and concealing from Plaintiff, his physicians, and the general public that said product had a serious propensity to and did cause injuries to users.

b. Engaging in advertising programs designed to create the image, impression, and belief by consumers, including Plaintiff, and his physicians that the use of the Kugel® Patch was safe for human use, had fewer side effects and/or adverse reactions than other surgically implanted hernia repair devices, constituted a effective

and safe hernia repair method and would not interfere with daily life, even though Defendants knew these statements and representations to be false, and even though Defendants had no reasonable grounds to believe them to be true.

c. Purposefully and intentionally downplaying and understating the health hazards and risks associated with the Kugel® Patch, which were known to Defendants.

d. Issuing promotional literature deceiving potential users of the Kugel® Patch by relaying positive information, including testimonials from satisfied users to suggest widespread acceptability, while downplaying the known adverse and serious health effects and concealing material relevant information regarding the safety and efficacy of said product.

e. Encouraging the use of the Kugel® Patch while knowing that the said product was especially hazardous, had not been systemically tested by appropriate clinical trials, had not been adequately tracked post-marketing, and causes serious adverse health effects.

183. The foregoing practices constitute false and misleading advertising within the meaning of *Business and Professions Code* § 17500.

184. Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, acted willfully, knowingly, intentionally, unconscionably and with reckless indifference for the health, safety, and well being of the consumers of the product when committing the foregoing false and misleading advertising. As a foreseeable, direct, and proximate result of Defendants' actions towards consumers of the Kugel® Patch, Plaintiff purchased and was implanted with an unreasonably dangerous and unsafe product and incurred monetary damages and expenses.

185. The acts of untrue and misleading statements by Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, described in this Complaint and specifically in this cause of action present a continuing threat to members of the public in that the acts

alleged herein are continuous and ongoing, and the public will continue to suffer the harm proximately caused by said Defendants' conduct and Product.

186. As a result of their false and misleading statements described above, Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, have been and will be unjustly enriched. Specifically, Defendants have been unjustly enriched by hundreds of millions of dollars in ill-gotten gains from the sale and implantation of the Kugel® Patch, implanted and sold as a result of the false or misleading statements of Defendants described herein.

Pursuant to *Business and Professions Code* §17535, Plaintiff seeks an order of this court compelling Defendants Pursuant to *Business and Professions Code* §17535, Plaintiff seeks an order of this court compelling Defendants to provide restitution, and to disgorge the monies collected and profits realized by Defendants, and each of them, as a result of their unfair business practices, and injunctive relief calling for Defendants, and each of them, to forever cease and desist such unfair business practices in the future.

187. Plaintiff seeks the imposition of a constructive trust over, and restitution and disgorgement of, the monies collected and profits realized by Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, to cease such false and misleading advertising in the future.

**THIRTEENTH CAUSE OF ACTION**

**VIOLATION OF *CIVIL CODE* §§ 1750, *ET SEQ.***

**(By Plaintiff LARRY PALMER Against DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

188. Plaintiff re-alleges and incorporates by reference each and every allegation contained in foregoing paragraphs as though fully set forth herein.

189. Plaintiff is informed and believes and thereon alleges that Defendants, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, by the acts and misconduct alleged herein, violated the Consumers Legal Remedies Act *Civil Code* §§ 1750 *et. seq.* ("CLRA").

190. Plaintiff hereby seeks injunctive relief as appropriate against Defendants DAVOL,

BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, for their violations of *Civil Code* §§ 1750, *et seq*. The CLRA applies to Defendants' actions and conduct described herein because it extends to transactions which are intended to result, or which have resulted, in the sale of goods to consumers.

191. Plaintiff is a "consumer" within the meaning of *Civil Code* § 1761(d).

192. Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, have violated, and continue to violate the CLRA which prohibits the following unfair methods of competition and unfair or deceptive acts or practices when undertaking in connection with a transaction that is intended to result, or that does result in the sale of goods to a consumer.

a. "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." *Civil Code* § 1770(a)(5).

b. "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.' *Civil Code* § 1770(a)(7).

193. At all times herein mentioned Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, have committed acts of disseminating untrue and misleading statements as defined by *Civil Code* § 1770 by engaging in the following acts and practices with intent to induce members of the public, including Plaintiff, to purchase and use the Kugel® Patch:

a. Representing to Plaintiff, the healthcare community, and other American consumers that the Kugel® Patch was safe, fit, and effective for human use, and that said product was just as safe, fit, and effective as alternative surgically implanted hernia repair devices, knowing that said representations were false, and concealing from Plaintiff, the healthcare community, and other American consumers that the Patch

had an increased propensity to cause physical harm and injuries to users;

b. Engaging in advertising programs designed to create the image, impression and belief by consumers and physicians that the use of the Kugel® Patch was safe, had fewer side effects and/or adverse reactions than other surgically implanted hernia repair devices, and would not interfere with daily life, even though Defendants knew these representations to be false at the time they made them, even though Defendants had no reasonable ground to believe them to be true;

c. Purposely downplaying and understating the health hazards and risks associated with the Kugel® Patch; and

d. Issuing promotional literature deceiving potential users of the Kugel® Patch by relaying positive information and manipulating statistics to suggest that the risks of said product were the same as those known to be associated with other surgically implanted hernia repair devices, while downplaying the known increase of adverse and serious health effects and concealing material relevant information regarding the safety of the Patch.

194. The foregoing practices constitute false and misleading advertising and representations within the meaning of *Civil Code* § 1770. The acts of untrue and misleading statements by Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, described herein present a continuing threat to members of the public and individual consumers, including Plaintiff, in that the acts alleged herein are continuous and ongoing, and the public and individual consumers will continue to suffer harm as alleged herein.

195. Unless Defendants are enjoined from continuing to engage in these violations of the CLRA, Plaintiff will continue to be harmed by Defendants' wrongful actions and conduct.

196. Unless Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them ,are enjoined from continuing to engage in these violations of the CLRA, Plaintiff will continue to be harmed by Defendants' wrongful actions and conduct.

197. Pursuant to *Civil Code* § 1780, Plaintiff seek an order of this court for injunctive relief calling for Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, and each of them, to cease such deceptive business practices in the future.

## FORTEENTH CAUSE OF ACTION
## MEDICAL NEGLIGENCE

**(By Plaintiff LARRY PALMER Against Defendants COLLEEN L. COLEMAN, M.D.., HOAG MEMORIAL HOSPITAL PRESBYTERIAN, and DOES 151 through 300, inclusive.)**

198. Plaintiff re-alleges and incorporates by reference each and every allegation contained in foregoing paragraphs as though fully set forth herein.

199. Plaintiff LARRY PALMER engaged for compensation the services of Healthcare Defendants, COLLEEN L. COLEMAN, M.D., HOAG MEMORIAL HOSPITAL PRESBYTERIAN, and DOES 151 through 300, inclusive, on dates including but not limited to, October 29, 2003 through October 31, 2003, to examine, diagnose, prescribe medicines for, perform surgery upon, treat, handle, control and provide competent medical consultant advice for the care, treatment and diagnosis of a medical condition involving his ventral hernia and to perform the necessary tests, therapy and surgery for the treatment of said condition, if same were required.

200. During October 2003, Healthcare Defendants undertook to handle and control the medical care and treatment of Plaintiff, LARRY PALMER, and to provide whatever medical consultant advice was reasonably necessary for the treatment and surgery of plaintiff Mr. PALMER.

201. In the aforementioned examinations, diagnoses, prescriptions of medicines and drugs, surgery and the handling and control of the care and treatment of Plaintiff, Mr. PALMER, by Healthcare Defendants, said Defendants on or about October 29, 2003 willfully, negligently, recklessly, and dangerously failed to possess, provide, and/or exercise that degree and standard of knowledge or skill that is required to be possessed and exercised by physicians and surgeons, hospitals, nurses, surgical technicians, attendants, medical clinics, physician assistants, and other healthcare providers and healthcare professionals engaged in said professions in the same locality as Healthcare Defendants, in

that said Defendants negligently, willfully, and unlawfully failed to properly and correctly diagnose, render care and treatment to, perform proper surgery upon, and prescribe and administer medications and treatment for the condition, and health and well being of Plaintiff, LARRY PALMER, on said date which proximately resulted in, but not limited to, major surgery to remove a defective and unreasonably dangerous Kugel® Patch, bowel injury, with resulting sever and permanent injury.

202. Healthcare Defendants again acted willfully, negligently, recklessly, dangerously, and failed to possess, provide, and/or exercise that degree and standard of knowledge or skill that is required to be possessed and exercised by physicians and surgeons, hospitals, nurses, surgical technicians, attendants, medical clinics, physician assistants, and other healthcare providers and healthcare professionals engaged in said professions in the same locality as Healthcare Defendants, in that said Defendants negligently, willfully, and unlawfully failed to notify Plaintiff LARRY PALMER that the Kugel Mesh they implanted into him had been recalled. Healthcare Defendants were notified on December 22, 2005 that the Kugel Patch implanted into Plaintiff LARRY PALMER on October 29, 2003 was being recalled. Healthcare Defendants were notified that the recall was a class 1 recall due to the potential for the memory recoil ring breaking causing serious injuries, as described in detail above. They were made further aware that unexplained persistent abdominal pain was a symptom of said product failure. Prior to December 22, 2005, Healthcare Defendants were aware that Plaintiff LARRY PALMER was suffering unexplained persistent abdominal pain, and that said pain was persistent and ongoing. Despite this knowledge, Healthcare Defendants did not advise Plaintiff that his Kugel Mesh was recalled or advise him to be examined for potential device failure.

203. As a direct and proximate result of the acts and omissions of Healthcare Defendants Plaintiff, LARRY PALMER, has incurred medical expenses, both past, present and future, the exact value and amount of which is presently unknown, and plaintiff will ask leave of court to amend this complaint when the same is ascertained. Plaintiff also has suffered and will suffer in the future, loss of earnings and loss of earnings capacity.

204. As a further, direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff, LARRY PALMER, has suffered the injuries and damages set forth in this complaint.

## FIFTEENTH CAUSE OF ACTION

## LOSS OF CONSORTIUM

**(By Plaintiff LORETTA PALMER Against All Defendants)**

205. Plaintiffs re-allege and incorporate by reference each and every allegation contained in foregoing paragraphs as though fully set forth herein.

206. LORETTA PALMER is and was at all times relevant to this action, the legal wife of LARRY PALMER, and they have at all times relevant to this action, lived together as husband and wife.

207. As a proximate result of the personal injuries suffered by LARRY PALMER, LORETTA PALMER has been deprived of the benefits of their marriage including her husband's love, affection, society, and consortium, and other husbandly duties and actions. LARRY PALMER provided LORETTA PALMER with all of the benefits of a marriage between husband and wife, prior to his implantation with the Kugel® Patch and the resulting injuries described above.

208. LORETTA PALMER has also suffered the permanent loss of her husband's daily and regular contribution to the household duties and services, which each provides to the household as husband and wife.

209. LORETTA PALMER has also incurred the costs and expenses related to the medical care, treatment, medications, and hospitalization to which LARRY PALMER was subjected for the physical injuries he suffered as a proximate result of his ingestion of the Kugel® Patch. LORETTA PALMER will continue to incur the future costs and expenses related to the care, treatment, medications, and hospitalization of MR. PALMER due to his injuries from the Kugel® Patch.

210. LORETTA PALMER has suffered a loss of consortium, as described herein, including the past, present, and future loss of her husband's companionship, services, society, and the ability of LARRY PALMER to provide LORETTA PALMER with the benefits of marriage, including *inter alia*, loss of contribution to household income and loss of household services, all of which has resulted in her pain, suffering, and mental and emotional distress and worry.

///

///

**PUNITIVE DAMAGES ALLEGATIONS**

***CIVIL CODE § 3294***

**(Against Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

211. Plaintiffs reallege each and every allegation in this Complaint and incorporate each allegation into this Count, as if set forth at length, in its entirety.

212. Plaintiffs are entitled to an award of punitive and exemplary damages based upon Defendants' DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, and each of them, intentional, willful, knowing, fraudulent, malicious acts, omissions, and conduct, and their complete and total reckless disregard for the public safety and welfare. Defendants intentionally and fraudulently misrepresented facts and information to both the healthcare community and the general public, including Plaintiff, by making intentionally false and fraudulent misrepresentations about the safety and efficacy of the Kugel® Patch. Defendants intentionally concealed the true facts and information regarding the serious risks of harm associated with the ingestion of said product, and intentionally downplayed the type, nature, and extent of the adverse side effects of being implanted with the Kugel® Patch, despite Defendants' knowledge and awareness of the serious and permanent side effects and risks associated with use of same.

213. Defendants had knowledge of, and were in possession of evidence demonstrating that, the Kugel® Patch caused serious physical side effects. Defendants continued to market said product by providing false and misleading information with regard to the product's safety and efficacy to the regulatory agencies, the medical community, and consumers of Kugel® Patch, notwithstanding Defendants' knowledge of the true serious side effects of the Kugel® Patch,

214. Defendants failed to provide accurate information and warnings to the healthcare community that would have dissuaded physicians from surgically implanting the Kugel® Patch and consumers from agreeing to being implanted with the Kugel® Patch, thus depriving physicians and consumers from weighing the true risks against the benefits of prescribing and implanting the Kugel® Patch.

215. As a foreseeable, direct, and proximate result of Defendants' acts and omissions a described herein, and Plaintiff's implantation with Defendants' defective product, Plaintiff suffered, and will continue to suffer, the injuries and damages described in this complaint.

## PRAYER FOR DAMAGES

**WHEREFORE**, Plaintiffs, LARRY PALMER AND LORETTA PALMER, pray for relief on the entire Complaint, as follows:

1. Judgment be entered against all Defendants on all causes of action of this Complaint;
2. Plaintiffs be awarded their full, fair and complete recovery for all claims and causes of action alleged herein;
3. Plaintiffs be awarded all appropriate costs, attorney's fees, expenses, and pre-judgment and post-judgment interest, as authorized by law on the judgments which are entered in Plaintiffs favor; and,
4. Such other relief the court deems as just and appropriate.

**WHEREFORE**, Plaintiffs, LARRY PALMER AND LORETTA PALMER, pray for judgment against Defendants, and each of them, as follows:

**AS TO THE FIRST CAUSE OF ACTION FOR NEGLIGENCE**

1. General damage according to proof at the time of trial;
2. Medical and other special damages, past, present and future, according to proof at the time of trial;
3. Loss of earnings and loss earnings capacity, according to proof at the time of trial;
4. For medical monitoring according to proof;
5. For pre-judgment and post-judgment interest as followed by the laws of the state of California;

6. Costs of suit incurred herein; and

7. For such other and further relief as the court may deem just and proper.

**AS TO THE SECOND CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY – FAILURE TO WARN**

1. General damage according to proof at the time of trial;

2. Medical and other special damages, past, present and future, according to proof at the time of trial;

3. Loss of earnings and loss earnings capacity, according to proof at the time of trial;

4. For medical monitoring according to proof;

5. For pre-judgment and post-judgment interest as followed by the laws of the state of California;

6. Punitive Damages;

7. Costs of suit incurred herein; and

8. For such other and further relief as the court may deem just and proper.

**AS TO THE THIRD CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY – DESIGN DEFECT**

1. General damage according to proof at the time of trial;

2. Medical and other special damages, past, present and future, according to proof at the time of trial;

3. Loss of earnings and loss earnings capacity, according to proof at the time of trial;

4. For medical monitoring according to proof;

5. For pre-judgment and post-judgment interest as followed by the laws of the state of California;

6. Punitive Damages;

7. Costs of suit incurred herein; and

8. For such other and further relief as the court may deem just and proper.

**AS TO THE THIRD CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT**

1. General damage according to proof at the time of trial;

2. Medical and other special damages, past, present and future, according to proof at the time of trial;

3. Loss of earnings and loss earnings capacity, according to proof at the time of trial;

4. For medical monitoring according to proof;

5. For pre-judgment and post-judgment interest as followed by the laws of the state of California;

6. Punitive Damages;

7. Costs of suit incurred herein; and

8. For such other and further relief as the court may deem just and proper.

**AS TO THE FIFTH CAUSE OF ACTION FOR BREACH OF EXPRESS WARRANTY**

1. General damage according to proof at the time of trial;

2. Medical and other special damages, past, present and future, according to proof at the time of trial;

3. Loss of earnings and loss earnings capacity, according to proof at the time of trial;

4. For medical monitoring according to proof;

5. For pre-judgment and post-judgment interest as followed by the laws of the state of California;

6. Costs of suit incurred herein; and

7. For such other and further relief as the court may deem just and proper.

**AS TO THE SIXTH CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTY**

1. General damage according to proof at the time of trial;

2. Medical and other special damages, past, present and future, according to proof at the time of trial;

3. Loss of earnings and loss earnings capacity, according to proof at the time of trial;

4. For medical monitoring according to proof;

5. For pre-judgment and post-judgment interest as followed by the laws of the state of California;

6. Costs of suit incurred herein; and

7. For such other and further relief as the court may deem just and proper.

**AS TO THE SEVENTH CAUSE OF ACTION FOR DECEIT BY CONCEALMENT**

1. General damage according to proof at the time of trial;

2. Medical and other special damages, past, present and future, according to proof at the time of trial;

3. Loss of earnings and loss earnings capacity, according to proof at the time of trial;

4. For medical monitoring according to proof;

5. For pre-judgment and post-judgment interest as followed by the laws of the state of California;

6. Punitive Damages;

7. Costs of suit incurred herein; and

8. For such other and further relief as the court may deem just and proper.

**AS TO THE EIGHTH CAUSE OF ACTION FOR DECEIT BY INTENTIONAL MISREPRESENTATION**

1. General damage according to proof at the time of trial;
2. Medical and other special damages, past, present and future, according to proof at the time of trial;
3. Loss of earnings and loss earnings capacity, according to proof at the time of trial;
4. For medical monitoring according to proof;
5. For pre-judgment and post-judgment interest as followed by the laws of the state of California;
6. Punitive Damages;
7. Costs of suit incurred herein; and
8. For such other and further relief as the court may deem just and proper.

**AS TO THE NINTH CAUSE OF ACTION FOR FRAUD AND DECEIT**

1. General damage according to proof at the time of trial;
2. Medical and other special damages, past, present and future, according to proof at the time of trial;
3. Loss of earnings and loss earnings capacity, according to proof at the time of trial;
4. For medical monitoring according to proof;
5. For pre-judgment and post-judgment interest as followed by the laws of the state of California;
6. Punitive Damages;
7. Costs of suit incurred herein; and
8. For such other and further relief as the court may deem just and proper.

**AS TO THE TENTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION**

1. General damage according to proof at the time of trial;

2. ical and other special damages, past, present and future, according to proof at the time of trial;

3. Loss of earnings and loss earnings capacity, according to proof at the time of trial;

4. For medical monitoring according to proof;

5. For pre-judgment and post-judgment interest as followed by the laws of the state of California;

6. Costs of suit incurred herein; and

7. For such other and further relief as the court may deem just and proper.

**AS TO THE ELEVENTH CAUSE OF ACTION FOR VIOLATION OF *BUSINESS AND PROFESSIONS CODE* §§ 17200 *ET SEQ.***

1. For injunctive relief, forever enjoining Defendants from the acts of unfair competition and untrue and misleading business practices, and ordering Defendants to pay restitution to Plaintiff, LARRY PALMER, all funds acquired by means of any act or practice declared by this court to be in violation of *Business and Professions Code* Section 17200, et seq., unlawful or fraudulent, or to constitute unfair competition or untrue or misleading advertising;

2. For disgorgement of Defendant's profits;

3. For exemplary and punitive damages in an amount to be proven at trial;

4. For such other and further relied as the Court deems just and proper;

5. For attorneys, according to proof.

**AS TO THE TWELFTH CAUSE OF ACTION FOR VIOLATION OF *BUSINESS AND PROFESSIONS CODE* §§ 17500 *ET SEQ.***

1. For injunctive relief, forever enjoining Defendants from the acts of unfair competition and untrue and misleading business practices, and ordering Defendants to pay restitution to Plaintiff, LARRY PALMER, all funds acquired by means of any act or practice declared by this court to be in violation of *Business and Professions Code* Section 17500, et seq., unlawful or fraudulent, or to

constitute unfair competition or untrue or misleading advertising;

2. For disgorgement of Defendant's profits;

3. For exemplary and punitive damages in an amount to be proven at trial;

4. For such other and further relied as the Court deems just and proper;

5. For attorneys, according to proof.

**AS TO THE THIRTEENTH CAUSE OF ACTION FOR VIOLATION OF *CIVIL CODE* §§ 1750 *ET SEQ.***

1. For injunctive relief, forever enjoining Defendants from the acts of unfair competition and untrue and misleading business practices, and ordering Defendants to pay restitution to Plaintiff, LARRY PALMER, all funds acquired by means of any act or practice declared by this court to be in violation of *Civil Code* Section 1750, et seq., unlawful or fraudulent, or to constitute unfair competition or untrue or misleading advertising;

2. For disgorgement of Defendant's profits;

3. For exemplary and punitive damages in an amount to be proven at trial;

4. For such other and further relied as the Court deems just and proper;

5. For attorneys, according to proof.

**AS TO THE FORTEENTH CAUSE OF ACTION FOR MEDICAL NEGLIGENCE**

1. General damage according to proof at the time of trial;

2. Medical and other special damages, past, present and future, according to proof at the time of trial;

3. Loss of earnings and loss earnings capacity, according to proof at the time of trial;

4. For medical monitoring according to proof;

5. For pre-judgment and post-judgment interest as followed by the laws of the state of California;

6. Costs of suit incurred herein; and

7. For such other and further relief as the court may deem just and proper.

**AS TO THE FIFTEENTH CAUSE OF ACTION FOR LOSS OF CONSORTIUM**

1. General damage according to proof at the time of trial;
2. Medical and other special damages, past, present and future, according to proof at the time of trial;
3. Loss of earnings and loss earnings capacity, according to proof at the time of trial;
4. For medical monitoring according to proof;
5. For pre-judgment and post-judgment interest as followed by the laws of the state of California;
6. Costs of suit incurred herein; and
7. For such other and further relief as the court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs LARRY PALMER and LORETTA PALMER demand a trial by jury on all triable issues in this civil action.

LOPEZ McHUGH LLP

Dated: February 25, 2008

By: [signature]
RAMON ROSSI LOPEZ
CHRISTINA ANNE FOUNTAIN
TROY A. BRENES
Attorneys for Plaintiffs
LARRY PALMER and LORETTA PALMER

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 Bayview Circle, North Tower, Ste. 5600, Newport Beach, CA 92660.

On February 25, 2008, I served the foregoing document described as **FIRST AMENDED COMPLAINT FOR DAMAGES** in this action by placing the true copies thereof enclosed in sealed envelopes addressed and sent as follows:

**SEE ATTACHED SERVICE LIST**

______ BY MAIL as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on the same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation ate or postage meter date is more than one day after date of deposit for mailing in affidavit.

_X_ BY FEDERAL EXPRESS: I caused such envelope(s) to be delivered via overnight courier service to the addressee(s) designated.

____ BY FACSIMILE: I caused said documents to be transmitted by facsimile machine to the number indicated after the addresses noted herein.

_X_ BY PERSONAL SERVICE: I caused said documents to be picked up and personally delivered to addresses noted herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 25, 2008, Newport Beach, California.

Wendy Espitia

***PALMER v. DAVOL, et al***

**SERVICE LIST**

Larry T. Pleiss, Esq.
MADORY, ZELL, PLEISS & McGRATH — *Via Federal Express*
The Centre Building
17822 East 17th Street, Ste. 205
Tustin, CA 92780
Telephone: 714.832.3772
Facsimile: 714.832.7163
**Attorneys for Defendant HOAG MEMORIAL HOSPITAL PRESBYTERIAN**

C.R. BARD, Inc. — *Via Service of Process*
Agent for Service
818 W. 7th Street
Los Angeles, CA 90017

DAVOL, INC. — *Via Service of Process*
Agent for Service
818 W. 7th Street
Los Angeles, CA 90017

Colleen Coleman, M.D. — *Via Service of Process*
360 San Miguel Dr. Ste. 608
Newport Beach, CA 92660
Telephone: 949.706.2607

# Exhibit B

U.S. Food and Drug Administration

CENTER FOR DEVICES AND RADIOLOGICAL HEALTH



# Class 1 Recall: Bard® Composix® Kugel® Mesh Patch - Expansion

**Date Recall Initiated:** December 22, 2005

**Product:** **"This recall notice was updated on January 24, 2007, to include additional product codes and lot numbers recalled by the manufacturer since the first list was issued (see previous announcements). The expanded list below includes all recalled product codes and lot numbers."**

| Product Code | Description | Lot Numbers Recalled | Date Recalled |
|---|---|---|---|
| 0010206 | Bard® Composix® Kugel® Extra Large Oval, 8.7" x 10.7" | All Lot Numbers manufactured before January 2006 | December 2005 and January 2006 |
| 0010207 | Bard® Composix® Kugel® Extra Large Oval, 10.8" x 13.7" | All Lot Numbers manufactured before January 2006 | December 2005 and January 2006 |
| 0010208 | Bard® Composix® Kugel® Extra Large Oval, 7.7" x 9.7" | All Lot Numbers manufactured before January 2006 | December 2005 and January 2006 |
| 0010209 | Bard® Composix® Kugel® Oval, 6.3" x 12.3" | All Lot Numbers manufactured before March 2006 | March, 24, 2006 |
| 0010202 | Bard® Composix® Kugel® Large Oval, 5.4" x 7.0" | Lot Numbers manufactured before October 2005 (see below) | January 10, 2007 |
| 0010204 | Bard® Composix® Kugel® Large Circle, 4.5" | Lot Numbers manufactured before October 2005 (see below) | January 10, 2007 |

**Use:** The Bard® Composix® Kugel® Mesh Patch is used to repair ventral

(incisional) hernias caused by thinning or stretching of scar tissue that forms after surgery. The patch is placed behind the hernia defect through a small incision. The patch is then held open by a "memory recoil ring" that allows the patch to be folded for insertion and later spring open and lay flat once it is in place.

**Recalling Firm:** Davol, Inc., Sub. C.R. Bard, Inc.
100 Sockanossett Crossroad
Cranston, RI 02920

**Reason for Recall:** The "memory recoil ring" that opens the Bard® Composix® Kugel® Mesh Patch can break under the stress of placement of the large sized products in the intra-abdominal (inside the belly area) space. This can lead to bowel perforations (rupture) and/or chronic (recurring) intestinal fistulae (abnormal connections or passageways between the intestines and other organs).

**Public Contact:** Robin Drago
VP Regulatory & Clinical Affairs
Davol, Inc., Sub. C.R. Bard, Inc.
100 Sockanossett Crossroad
Cranston, RI 02920
401-463-7000

**FDA District:** New England

**FDA Comments:**

- On January 10, 2007, Davol, Inc. (a subsidiary of C.R. Bard) sent letters to health care professionals and distributors notifying them of the most recent expansion of this recall of specific lots of Bard® Composix® Kugel® Large Oval and Large Circle Mesh Patches for product codes 0010202 and 0010204. Surgeons and hospitals should stop using the recalled product and return unused units to the company.

- Patients who have been implanted with one of the recalled devices should seek medical attention immediately if they experience symptoms that could be associated with ring breakage such as unexplained or persistent abdominal pain, fever, tenderness at the implant site or other unusual symptoms.

- It should be noted that product codes 0010202 and 0010204 were involved in both recall expansions. The lots manufactured prior to January 2004 were recalled during the March 2006 expansion. Since the March expansion, Davol received 4 confirmed complaints of recoil ring breakage from product code 0010202 manufactured between January 2004 and September 2005. There were no complaints for product code 0010204 . Davol is recalling the following lotsfor product codes 0010202 and 0010204:

- All lots with the letter "O" in the fourth position

- All lots with the letter "P" in the fourth position and the letters "A" through "I" in the third position.

  For instance, an example of a recalled lot number is "43IPD###."

- Davol also decided to withdraw from the market specific lots of 0010202 and 0010204 manufactured from October 2005 to October 2006. A market withdrawal is a firm's removal or correction of a distributed product that involves a minor violation or no violation of the law and would not be subject to legal action by the FDA. Davol is withdrawing the following lots:

- All lots with the letter "P" in the fourth position and the letters "J" through "L" in the third position
- All lots with the letter "Q" in the fourth position and the letters "A" through "I" in the third position

  For instance, an example of a withdrawn lot number is "43IQD###."

- An upgraded product design for both product codes is available for replacement. Product codes and lot numbers that contain the re-designed product can easily be identified on the case or unit package with the label stating **"Redesigned for improved ring integrity."** If this label is affixed to your case stock and/or individual packages, this product is not affected by this market withdrawal and need not be returned to Davol.

- Davol notified U.S. customers of the initial recall by letter on 12/27/05 via Federal Express. On March 24, 2006, Bard issued letters to hospitals and health care professionals alerting them to the additional recalled products. The letters included updated Instructions for Use ("IFU") clarifying the proper insertion technique and Supplemental Patient Management Information. Copies of current product IFUs to be used for both Open Placement and Laparoscopic Placement for the Large Bard® Composix® Kugel® Mesh Patches are available from Davol Customer Service by calling 1-800-531-4124.

- For more information, customers can contact Davol Customer Service at 1-800-531-4124. Physicians may contact Bard's Medical Services and Support Department at 1-800-562-0027 or to speak with the Bard Medical Director, call 1-908-277-8306. A copy of the company's press release regarding this recall expansion can be found on the Davol website.

Updated February 6, 2007

---

# Exhibit C

# UNITED STATES JUDICIAL PANEL
on
# MULTIDISTRICT LITIGATION

CHAIRMAN:
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

MEMBERS:
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

DIRECT REPLY TO:

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888
http://www.jpml.uscourts.gov

March 18, 2008

Christina A. Fountain, Esq.
LOPEZ MCHUGH LLP
100 Bayview Circle
Suite 5600, North Tower
Newport Beach, CA 92660

Re: MDL No. 1842 -- IN RE: Kugel Mesh Hernia Patch Products Liability Litigation

Larry Palmer, et al. v. Davol, Inc., et al., C.D. California, C.A. No. 8:08-220
(Judge Alicemarie H. Stotler)
Brian Sutton, et al. v. Davol, Inc., et al., E.D. California, C.A. No. 1:08-280
(Judge Oliver W. Wanger)

Motion and Brief Due on or before: **April 2, 2008**

Dear Ms. Fountain:

We have received and filed your Notice of Opposition to the proposed transfer of the referenced matter for coordinated or consolidated pretrial proceedings. In accordance with Rule 7.4(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435 (2001), the conditional transfer order is stayed until further order of the Panel. You must adhere to the following filing requirements:

1) **Your Motion and Brief to Vacate the Conditional Transfer Order must be received in the Panel office by the due date listed above.** An **ORIGINAL** and **FOUR** copies of all pleadings, as well as a **COMPUTER GENERATED DISK** of the pleading in Adobe Acrobat (PDF) format, are currently required for filing. **Fax transmission of your motion and brief will not be accepted.** *See* Panel Rule 5.12(d). **Counsel filing oppositions in more than one action are encouraged to consider filing a single motion and brief with an attached schedule of actions.**
2) **Papers must be served on the enclosed Panel Service List. Please attach a copy of this list to your certificate of service.** (Counsel who have subsequently made appearances in your action should be added to your certificate of service).
3) **Rule 5.3 corporate disclosure statements are due within 11 days of the filing of the motion to vacate.**
4) **Failure to file and serve the required motion and brief within the allotted 15 days will be considered a withdrawal of the opposition and the stay of the conditional transfer order will be lifted.**

Any recent official change in the status of a referenced matter should be brought to the attention of the clerk's office as soon as possible by facsimile at (202) 502-2888. Your cooperation would be appreciated.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By Denise Morgan-Stone
Deputy Clerk

Enclosure

cc: Panel Service List
Transferee Judge: Judge Mary M. Lisi
Transferor Judges: Judge Alicemarie H. Stotler; Judge Oliver W. Wanger

JPML Form 37

**IN RE: Kugel Mesh Hernia Patch Products Liability Litigation** MDL No. 1842

**PANEL SERVICE LIST (EXCERPTED FROM CTO-16)**

Larry Palmer, et al. v. Davol, Inc., et al., C.D. California, C.A. No. 8:08-220
Brian Sutton, et al. v. Davol, Inc., et al., E.D. California, C.A. No. 1:08-280

Christina A. Fountain
LOPEZ MCHUGH LLP
100 Bayview Circle
Suite 5600
North Tower
Newport Beach, CA 92660

Thomas M. Frieder
HASSARD BONNINGTON LLP
Two Embarcadero Center
Suite 1800
San Francisco, CA 94111-3993

Joe G. Hollingsworth
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W.
Washington, DC 20005

Ramon Rossi Lopez
LOPEZ MCHUGH LLP
100 Bayview Circle
Suite 5600
North Tower
Newport Beach, CA 92660

Donald A. Migliori
MOTLEY RICE LLC
321 South Main Street, 2nd Floor
P.O. Box 6067
Providence, RI 02940-6067

Ramon Rossi Lopez, Bar No. 086361
Christina Anne Fountain, Bar No. 111220
Troy Alexander Brenes, Bar No. 249776
**LOPEZ McHUGH LLP**
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
(949) 737-1501 Telephone
(949) 737-1504 Facsimile
rlopez@lopezmchugh.com
cfountain@lopezmchugh.com
tbrenes@lopezmchugh.com
Attorneys for Plaintiffs LARRY PALMER and LORETTA PALMER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY PALMER, an individual, and LORETTA PALMER, an individual, and as husband and wife,<br><br>*Plaintiff,*<br><br>vs.<br><br>DAVOL, INC., a corporation, BARD DEVICES, INC., a corporation, and C.R. BARD, Inc., a corporation, COLLEEN L. COLEMAN, M.D., an individual, HOAG MEMORIAL HOSPITAL PRESBYTERIAN, a corporation, and DOES 1 through 300, inclusive,<br><br>*Defendants.* | **Case No. SA CV08-00220—AHS (RNBx)**<br><br>**DECLARATION OF CHRISTINA ANNE FOUNTAIN IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND**<br><br>DATE: May 5, 2008<br>TIME: 10:00 a.m.<br>Courtroom: 10A<br><br>(a Superior Court of California, County of Orange, Case No. 30-2007-00100114-CU-PO-CJC) |

**DECLARATION OF CHRISTINA ANNE FOUNTAIN:**

I, Christina Anne Fountain, declare as follows:

1. I am an attorney at law licensed to practice before this Court and an associate with Lopez McHugh LLP, attorneys of record for plaintiffs herein. I have personal knowledge of the facts set forth below, and would competently testify thereto if called upon to do so.

2. Attached hereto as Exhibit "A" is a true and correct copy of the First Amended Complaint filed in the Orange County Superior Court on February 25, 2008.

3. Attached hereto as Exhibit "B" is the recall alert for the Bard® Composix® Kugel® Hernia Patch issued by the Food and Drug Administration on December 22, 2005.

4. Attached hereto as Exhibit "C" is a notice from the Judicial Panel on Multidistrict Litigation accepting Plaintiffs' notice of objection to the conditional transfer order.

4. I have spent no fewer than 10 hours reviewing the Notice of Removal, researching and analyzing law, preparing the initial and final draft of motion to remand and declaration, and my hourly fee is $450.

I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct.

Dated: March 28, 2008

By: ______________________
CHRISTINA ANNE FOUNTAIN