**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO TELLER, DONALD, et al., No. 1:08-cv-02380** | § § § | **JUDGE LISI** |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANTS DAVOL INC. AND C.R. BARD, INC.**

Defendants and Davol Inc. and C.R. Bard, Inc. (collectively "Defendants") by and through counsel, answer the Plaintiffs' Complaint (the "Complaint") as follows:

**PARTIES**

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. Paragraph 2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny the same.

3. The allegations in Paragraph 3 are not directed at C.R. Bard, Inc. ("Bard"), and therefore no response is required. Davol Inc. ("Davol") admits that it is organized under the laws of the State of Delaware, has its principal place of business at 100 Crossings Boulevard, Warwick, RI 02886. Answering further, Davol admits that part of its medical device business focuses on hernia repair prosthetics, including the Composix® Kugel® Hernia

Patch. Davol does not know the meaning of "substantial and continuous" and therefore denies the allegations, but admits that it has done business in the State of Colorado.

4. The allegations in Paragraph 4 are not directed at Davol; therefore, no response is required. Bard admits that it is organized under the laws of New Jersey and that Davol is its subsidiary. Bard does not know the meaning of "substantial and continuous" and therefore denies the allegations, but admits that it has done business in the State of Colorado. Bard denies the remaining allegations.

**JURISDICTION**

5. Defendants admit that the requirements of 28 U.S.C. § 1332 have been met.

6. Defendants state that the allegations in Paragraph 6 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**FACTS**

7. The allegations in Paragraph 7 are not directed to Bard; therefore, no response is required. Davol admits that at certain times it designed, distributed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and therefore denies the same.

8. The allegations in Paragraph 8 are not directed to Bard; therefore, no response is required. Davol admits that at certain times it manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 8 of the Complaint, Davol does not know what is meant by "delivery" beyond the meaning of "distributed"

which has been admitted or lacks sufficient knowledge or information to form a belief as to the truth of the allegations. Davol accordingly denies the remaining allegations.

9. Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

10. Defendants deny the allegation in Paragraph 10 of the Complaint.

11. The Establishment Inspection Report referenced in Paragraph 11 speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

12. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore deny the same.

13. Davol admits that at certain times it designed, manufactured, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Bard denies the allegations.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants admit that the allegations in Paragraph 15 purport to characterize and paraphrase information found in the Establishment Inspection Report. Defendants state that the complete and precise content of that information can be found in the Establishment Inspection Report itself. Defendants deny the remaining allegations in Paragraph 15.

16. Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm.

17. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007.

Defendants further state these products have since been returned to the market with FDA approval.

18. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Defendants further admit that Davol has received reports of ring migration, intestinal fistulae, bowel perforation, and death.

19. Defendants admit that the allegations in Paragraph 19 purport to characterize and paraphrase information found in the Establishment Inspection Report. Defendants state that the complete and precise content of that information can be found in the Establishment Inspection Report itself. Defendants deny the remaining allegations in Paragraph 19, including subparts (i) through (viii).

20. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

21. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore deny the same.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore deny the same.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore deny the same.

25. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore deny the same.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore deny the same.

27. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore deny the same.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore deny the same.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore deny the same.

30. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore deny the same.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

## COUNT I
## Negligence

37. In response to Paragraph 37 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

38. The allegations in Paragraph 38 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

39. The allegations in Paragraph 39 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

40. The allegations in Paragraph 40 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

41. The allegations in Paragraph 41 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

42. The allegations in Paragraph 42 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

43. The allegations in Paragraph 43 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

44. The allegations in Paragraph 44 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

45. The allegations in Paragraph 45 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

46. The allegations in Paragraph 46 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

47. The allegations in Paragraph 47 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT II
## Violation of the Colorado Deceptive Trade Practices Act

48. In response to Paragraph 48 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

49. The allegations in Paragraph 49 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

50. Davol admits that at certain times it tested, designed, developed, manufactured, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by “study,” “inspect,” “produce,” and “promote” beyond the meanings of design, develop, manufacture, market, distribute, and sell, which have already been admitted. Davol therefore denies these allegations specifically. The remaining allegations in Paragraph 50 are conclusions of law and no answer is required. To the extent an answer is required, Davol denies the allegations. Bard denies each and every allegation presented in this paragraph.

51. The allegations in Paragraph 51 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

52. The allegations in Paragraph 52 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

53. The allegations in Paragraph 53 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

54. Denied. Defendants state that at all relevant times they timely informed the FDA of all reportable medical device reports of which they were aware.

55. Denied. Defendants state that at all relevant times they timely informed the FDA of all reportable medical device reports of which they were aware. Defendants’ ability to “inform the public at large” is controlled by FDA regulations, which were complied with.

56. The allegations in Paragraph 56 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

57. The allegations in Paragraph 57 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

58. The allegations in Paragraph 58 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT III
## Strict Product Liability

59. In response to Paragraph 59 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

60. The allegations in Paragraph 60 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

61. Davol admits that at certain times it designed, manufactured, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 61 of the complaint, Davol does not know what is meant by "assembled" or "conveyed" beyond the meanings of "manufactured" and "distributed" which have been addressed above. Davol accordingly denies the remaining allegations. Bard denies each and every allegation presented in Paragraph 61.

62. The allegations in Paragraph 62 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

65. The allegations in Paragraph 65 and its subparts (i) through (x) are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

66. The allegations in Paragraph 66 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT IV
## Negligent Infliction of Emotional Distress

67. In response to Paragraph 67 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

68. The allegations in Paragraph 68 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

69. The allegations in Paragraph 69 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

70. The allegations in Paragraph 70 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

71. The allegations in Paragraph 71 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

72. The allegations in Paragraph 72 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT V**
**Intentional Infliction of Emotional Distress**

73. In response to Paragraph 73 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

74. The allegations in Paragraph 74 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

75. The allegations in Paragraph 75 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

76. The allegations in Paragraph 76 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

77. The allegations in Paragraph 77 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

78. The allegations in Paragraph 78 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT VI**
**Breach of Implied Warranty**

79. In response to Paragraph 79 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

80. The allegations in Paragraph 80 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

81. The allegations in Paragraph 81 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

82. The allegations in Paragraph 82 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

83. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint and therefore deny the same.

84. The allegations in Paragraph 84 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

85. The allegations in Paragraph 85 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT VII**
**Failure to Warn**

86. In response to Paragraph 86 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

87. Davol admits that at certain times it designed, manufactured, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard denies the allegations.

88. The allegations in Paragraph 88 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

89. The allegations in Paragraph 89 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

90. The allegations in Paragraph 90 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

91. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint and therefore deny the allegations.

92. The allegations in Paragraph 92 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

93. The allegations in Paragraph 93 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT VIII**
**Fraud**

94. In response to Paragraph 94 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

95. Davol admits that at certain times it designed, manufactured, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard denies the allegations.

96. The allegations in Paragraph 96 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

97. The allegations in Paragraph 97 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

98. The allegations in Paragraph 98 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

99. The allegations in Paragraph 99 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

100. The allegations in Paragraph 100 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

101. The allegations in Paragraph 101 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT IX**
**Misrepresentation by Omission**

102. In response to Paragraph 102 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

103. The allegations in Paragraph 103 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

104. Defendants deny the allegations in Paragraph 104 of the Complaint.

105. The allegations in Paragraph 105 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

106. The allegations in Paragraph 106 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

107. The allegations in Paragraph 107 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT X**
**Loss of Consortium**

108. In response to Paragraph 108 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

109. The allegations in Paragraph 109 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiffs' claims in whole or in part.

6. Plaintiffs', or their agents', including Plaintiff Donald Teller's physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

7. Plaintiffs' claims are barred, in whole or in part, for Plaintiffs' failure to provide Defendants with timely notice of their claims as required by Colorado's Consumer Protection Act and/or other applicable Colorado law.

8. If Plaintiff Donald Teller used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiff Donald Teller assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

10. If Plaintiffs sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiff Donald Teller used a product sold by Defendants, Plaintiff Donald Teller used the product for off-label purposes, which bars the Plaintiffs' claims.

12. The learned intermediary doctrine bars Plaintiffs' claims.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

17. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

18. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiffs or others, for whose conduct this defendant is not responsible; accordingly, it is entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

20. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to it.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative negligence.

24. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

25. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Colorado Constitution.

28. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Colorado Constitution.

29. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs has failed to allege conduct warranting the imposition of punitive damages under Colorado and/or other applicable laws.

30. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Colorado.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Dated: July 7, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFFS' COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

Ernest Cory
Jon C. Conlin
Stephen R. Hunt, Jr.
CORY WATSON CROWDER & DEGARIS
2131 Magnolia Avenue
Birmingham, AL 35209
*(electronic notice)*

Michael David McDivitt
Michael McDivitt
MCDIVITT LAW FIRM, P.C.
19 East Cimarron
Colorado Springs, CO 80903
(*electronic notice*)

/s/ Kirby T. Griffis