**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO RANDALL, KENNETH, et al., No. 1:08-cv-02382** | § § § | **JUDGE LISI** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS C.R. BARD, INC. AND DAVOL INC.**

Defendants C.R. Bard, Inc. and Davol Inc., ("Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

**JURISDICTION AND VENUE**

1. Defendants admit that the requirements of 28 U.S.C. § 1332 are met.

2. Defendants admit that the requirements of 28 U.S.C. § 1332 are met.

3. The allegations in Paragraph 3 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

4. Defendants admit that transfer of the instant action to the MDL in the United States District Court for the District of Rhode Island is proper. The remaining allegations in Paragraph 4 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**PARTIES**

5. Paragraph 5 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

6. The allegations in Paragraph 6 of the Complaint are not directed at Bard, therefore no response is required. Davol Inc. ("Davol") admits that it is a subsidiary of Bard. Davol further admits that it is organized under the laws of the State of Delaware with its principal place of business at 100 Crossings Boulevard, Warwick, RI 02886. Davol admits that at various times it manufactured, tested, distributed, labeled, sold, supplied and marketed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States, including the State of Florida. Davol does not know what is meant by "analyzed" and "promoted" beyond the meanings of "tested" and "marketed" which were previously admitted. Davol accordingly denies the allegations.

7. The allegations in Paragraph 7 of the Complaint are not directed at Davol, therefore no response is required. Bard admits that it is organized under the laws of the State of New Jersey. Bard admits that it does business throughout the United States, including the State of Florida. Bard denies the remaining allegations.

8. Defendants admit that Davol is a subsidiary of Bard. The remaining allegations in Paragraph 8 of the Complaint are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## FACTUAL BACKGROUND

9. Defendants admit that the Composix® Kugel® Hernia Patch is designed to treat soft tissue defects such as ventral (or abdominal) hernias when used by prescribing physicians in accordance with its accompanying labeling information. Defendants further admit that a hernia may occur when stomach muscles are in a weakened state causing intestines to protrude through. .

10. Defendants deny the allegations as phrased. Defendants admit that the Composix® Kugel® Hernia Patch is made partly of polypropylene mesh and is designed to treat soft tissue defects such as abdominal hernias when used by prescribing physicians in accordance with its accompanying labeling information. Defendants further admit that the Composix® Kugel® Hernia Patch may be inserted behind a hernia defect through a small incision and that the Composix® Kugel® Hernia Patch's PET memory recoil ring is designed to assist in proper placement of the Patch. Defendants deny the remaining allegations.

11. Defendants admit that a Bard subsidiary completed an asset purchase in January 2000 acquiring a product called the Kugel® Patch. Davol admits that at various times it manufactured certain hernia repair mesh products and that it sold these products for use by prescribing physicians in accordance with their accompanying labeling information, but Bard denies the allegations.

12. Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food & Drug Administration ("FDA") approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

13. Davol admits that at various times it manufactured and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard denies the allegations.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. The remaining allegations contained in this paragraph are not directed at Defendants and no answer is required. To the extent an answer is required, Defendants deny the allegations.

17. Defendants admit that the allegations in Paragraph 17 of the Complaint, including its subparts (a) through (h), purport to characterize and paraphrase information found in the Establishment Inspection Report (EIR). Defendants state that the complete and precise content of that information can be found in the EIR. Defendants deny the remaining allegations in this paragraph, including subparts (a) through (h).

18. Davol admits that at various times it designed, manufactured, assembled, tested, sterilized, labeled, distributed, marketed, advertised, supplied and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "made," "created," "inspected," "packaged" or "promoted" beyond the meanings of "manufactured," "tested," "distributed" and "advertised" previously admitted and accordingly denies the allegations. Bard denies the allegations.

19. The allegations in Paragraph 19 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

20. The allegations in Paragraph 20 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

21. The allegations in Paragraph 21, including its subparts (a) through (e), are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

22. The allegations in Paragraph 22 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

23. The allegations in Paragraph 23 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

24. The allegations in Paragraph 24 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore deny the same.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore deny the same.

27. The allegations in Paragraph 27 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore deny the same.

29. The allegations in Paragraph 29 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

30. The allegations in Paragraph 30 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

31. The allegations in Paragraph 31 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT I – STRICT LIABILITY

Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore deny the same.

33. The allegations in Paragraph 33 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

34. The allegations in Paragraph 34, including its subparts (a) through (d), are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

35. The allegations in Paragraph 35 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

36. The allegations in Paragraph 36 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

37. The allegations in Paragraph 37 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

38. The allegations in Paragraph 38 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

39. The allegations in Paragraph 39 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

40. The allegations in Paragraph 40 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT II - NEGLIGENCE**

Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

41. The allegations in Paragraph 41 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

42. The allegations in Paragraph 42 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

43. The allegations in Paragraph 43, including its subparts (a) through (c), are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

44. The allegations in Paragraph 44 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

45. The allegations in Paragraph 45 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT III – LOSS OF CONSORTIUM**
**AS TO PLAINTIFF, CHERYL M. RANDALL**

Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

46. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore deny the same.

47. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and therefore deny the same.

48. The allegations in Paragraph 48 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiffs' claims in whole or in part.

6. Plaintiffs', or their agents', including their physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

7. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

9. If Plaintiffs sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

10. If Plaintiffs used a product sold by Defendants, Plaintiffs used the product for off-label purposes, which bars the Plaintiffs' claims.

11. The learned intermediary doctrine bars Plaintiffs' claims.

12. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

16. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which

Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

17. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiffs or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

19. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative negligence.

23. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

24. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees embodied in the Florida Constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the

Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Florida Constitution.

28. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under Florida and/or other applicable laws.

29. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Florida.

31. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Dated: July 7, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFFS' COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

Brenda S. Fulmer
James D. Clark
Don G. Griewe
C. Todd Alley
ALLEY, CLARK, GREIWE & FULMER
701 E. Washington Street
PO Box 3127
Tampa, FL 33601-3127
*(electronic notice)*

/s/ Kirby T. Griffis