**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **IN RE: KUGEL MESH HERNIA REPAIR PATCH LITIGATION** | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO:** Huerta, No. 08-2154-ML-LDA; Walters, No. 08-2147-ML-LDA | § | **Chief Judge Mary M. Lisi** |

**MEMORANDUM IN SUPPORT OF DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS' CLAIMS SHOULD NOT BE DISMISSED**

Defendant C.R. Bard, Inc. and Defendant Davol Inc. (collectively, the "Defendants") request that the Court issue an Order to Show Cause why the claims of Plaintiffs Maria Huerta and John Walters (collectively "Plaintiffs") should not be dismissed for failure to serve Defendants with a Plaintiff's Fact Sheet ("PFS") completed in all respects.

## STATEMENT OF FACTS

The Court's Case Management Order ("CMO") (Docket # 66) requires all plaintiffs to serve a completed PFS. The claims of plaintiffs who fail to do so are subject to dismissal after Defendants' counsel sends the plaintiff a warning letter and the cure period established in the CMO expires. *Id.* at 5.

Plaintiffs must serve a complete PFS within 90 days of the date of docketing of their cases in the MDL. Docket # 66 at 4. The claims of Plaintiffs Huerta and Walters were transferred to this MDL on February 12, 2008 (CTO-13). Accordingly, their PFSs were due to defendants by May 12, 2008. Plaintiffs failed to submit a completed PFS within the ninety day period required by the Court's Order.

As specified in the CMO, Defendants sent a warning letter to plaintiffs' counsel in each of these cases on May 20, 2008. *See* Letters from David W. Thomas of May 20, 2008 (Exhibit A). None of these plaintiffs responded to Defendants' warning letters or requested additional time to respond, and as of July 8, 2008, Defendants have still not received their PFSs. Plaintiffs Huerta and Walters have therefore failed to comply with the CMO, making dismissal appropriate under Federal Rules of Civil Procedure 41(b), 37(b)(2)(C) and 16(f).

## **ARGUMENT**

Coordination of cases in a MDL is intended to promote efficiency in pre-trial discovery. To effectuate the efficient administration of claims through the MDL process, a MDL court must have the discretion to control its docket and authority to ensure that its orders are followed. *See, e.g.*, Docket # 66 at 3.

Dismissal is appropriate where, as here, plaintiffs have failed to comply with a MDL Court's PFS process. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865-68 (8th Cir. 2007) (affirming MDL court's denial of relief under Fed. R. Civ. P. 60(b) from dismissal with prejudice based on plaintiffs' delay and deficiencies in completing PFS and medical disclosure form where plaintiffs had received warnings and opportunity to cure); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006) (upholding MDL court's dismissal of plaintiffs' claims for failure to serve PFS; noting that warning letters were sent to plaintiffs, but letters did not prompt service of PFSs).

As this Court has recognized, when plaintiffs fail to proceed with their claims in the manner consistent with this Court's orders, the Court may order a variety of sanctions, including dismissal. Docket # 66 at 5. Although the sanction of dismissal is severe, it is justified where the plaintiff (1) has failed to submit a PFS, or (2) where the plaintiff has failed to substantially

complete the PFS in all respects, and the PFS thus contains a material deficiency and (3) Defendants state to the Court that they have exhausted all efforts described in paragraph VI.D.v. *See id.* Each of these elements exists here.

1. Plaintiffs knew of their obligation to serve a PFS. In addition to clear language in the CMO and Order, Defendants sent correspondence to plaintiffs highlighting this obligation. *See* Exhibit A. Plaintiffs' failure to timely serve PFSs is thus not due to lack of knowledge or warning.

2. Defendants are unfairly prejudiced by Plaintiffs' failure to comply with the Court-ordered CMO requirements. Plaintiffs' failure to serve Defendants with PFSs — especially as it relates to authorizations and core medical discovery — is a material deficiency that impedes Defendants' ability to begin their defense in this matter. *See, e.g.*, Docket # 66 at 5 ("*i.e.*, a deficiency that prejudices Defendants through a failure to provide the necessary information, thereby impending Defendants' access to material and relevant evidence").

3. Plaintiffs have been warned by the Court in the CMO and by Defendants in their correspondence that the sanction of dismissal could be imposed if plaintiffs failed to serve PFSs. *See* Docket # 66 at 5; Exhibit A.

The Court provided an appropriate opportunity for plaintiffs to cure their failure to comply with the PFS obligations of the CMO. Docket # 66 at 5. In such circumstances, dismissal is an appropriate remedy in MDL proceedings. *See In re Guidant*, 469 F.3d at 867 (dismissal for delay and deficiencies in completing a PFS protects the efficiency purpose of an MDL); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1234 ("dismissal [for failure to serve a PFS] serves the public interest in expeditious resolution of litigation as well as

the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt . . . .").

As the *In re Guidant* and *In re PPA* courts recognized, MDL litigation is procedurally unique given the complex issues and large volume of cases. These are among the reasons that MDL courts approve the use of PFSs to streamline pretrial discovery and regularly set significant sanctions in CMOs to ensure compliance with the PFS process. Plaintiffs' failure to serve PFSs has precluded discovery regarding their claims in disregard for this Court's case management objectives.

* * *

For the forgoing reasons, Defendants respectfully request that the Court enter an order to show cause why the claims of plaintiffs Maria Huerta and John Walters should not be dismissed for failure to comply with the CMO.

Dated: July 8, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
William J. Cople, III
1350 I Street NW
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

*Attorneys for Defendants C.R. Bard, Inc. and Davol Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2008, the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT C.R. BARD, INC'S AND DEFENDANT DAVOL INC.'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS' CLAIMS SHOULD NOT BE DISMISSED was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon the Plaintiffs' Liaison Counsel in the manner indicated below:

Donald Migliori
Motley Rice LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
Fax: (401) 457-7708
Email: dmigliori@motleyrice.com
*via facsimile and electronic mail*

Charles H. Johnson
Charles H. Johnson & Associates, P.A.
2599 Mississippi Street
New Brighton, Minnesota 55112
johnsonbarbara5@aol.com
*via electronic mail*

Martin L. Perez
601 La Mancha
Edinburg, TX 78539
*via first-class mail*

Jesus Sotelo
Jesus Sotelo & Associates, PLLC
P.O. Box 763
Pharr, TX 78577-1615
Fax: (956) 283-8811
*via facsimile and first-class mail*

s/ Kirby T. Griffis