Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax. 202.682.1639
www.spriggs.com

David W. Thomas
202.898.5861
dthomas@spriggs.com

May 20, 2008

VIA U.S. MAIL

Martin L. Perez, Esq.
601 La Mancha
Edinburg, TX 78539

Re: *In re: Kugel® Mesh Hernia Patch Products Liability Litigation*
USDC D. RI. MDL No. 07-1842, CA 1:07-cv-00463
Plaintiff: Maria Huerta

Dear Mr. Sotelo:

Our office received a facsimile from Mr. Sotelo which appears to have been sent to the JPML after the case had already been transferred to the Federal District Court for the District of Rhode Island. That fax contained a motion to substitute counsel, but does not appear to have been entered by Judge Lisi. In an abundance of caution, I am sending this letter to your office to notify you of your obligations under the CMO. I will cc: Mr. Soleto on this letter.

On December 6, 2007, Judge Mary Lisi entered a Case Management Order ("CMO") requiring all plaintiffs to complete a Plaintiff's Fact Sheet ("PFS") and provide certain authorizations and documents as requested in the PFS. The CMO required that all plaintiffs who were a part of the MDL as of February 12, 2008 submit a PFS to Defendants by May 12, 2008.

As of the date of this letter, we have yet to receive a PFS from your client. Pursuant to the CMO, should you fail to provide a PFS which is substantially complete in all respects[1] by July 7, 2008 (45 days from the date of this letter), this case is subject to dismissal.

Your client's failure to submit a PFS in a timely fashion imposes unnecessary costs on Bard and hampers Bard's ability to proceed with discovery. Conducting case-specific fact discovery without the benefit of a PFS results in unnecessary inefficiencies.

---

[1] As ordered by Judge Lisi, to "substantially complete in all respects" a PFS a plaintiff must "answer every question contained in the PFS and leave no blanks, even if a plaintiff can only answer the question in good faith by indicating 'not applicable' or 'I don't know'." Sec. VI.D.3.

Very Truly Yours,



David W. Thomas

Cc: Jesus Soleto (956) 283-8811
Don Migliori

Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax. 202.682.1639
www.spriggs.com

David W. Thomas
202.898.5861
dthomas@spriggs.com

May 20, 2008

VIA FACSIMILE, ORIGINAL TO FOLLOW BY U.S. MAIL

Charles H. Johnson, Esq.
Charles H. Johnson & Associates, P.A.
2599 Mississippi Street
New Brighton, Minnesota 55112
johnsonbarbara5@aol.com

Re: *In re: Kugel® Mesh Hernia Patch Products Liability Litigation*
USDC D. RI. MDL No. 07-1842
Ruth E. Permann, CA 1:07-cv-04952
John E. Walters, CA 1:07-cv-04871

Dear Mr. Johnson:

On December 6, 2007, Judge Mary Lisi entered a Case Management Order ("CMO") requiring all plaintiffs to complete a Plaintiff's Fact Sheet ("PFS") and provide certain authorizations and documents as requested in the PFS. The CMO required that all plaintiffs who were a part of the MDL as of February 12, 2008 submit a PFS to Defendants by May 12, 2008.

As of the date of this letter, we have yet to receive a PFS from the following clients who appear to be represented by your firm: Ruth E. Permann and John E. Walters. Pursuant to the CMO, should you fail to provide a PFS which is substantially complete in all respects[1] by July 7, 2008 (45 days from the date of this letter), this case is subject to dismissal.

Your client's failure to submit a PFS in a timely fashion imposes unnecessary costs on Bard and hampers Bard's ability to proceed with discovery. Conducting case-specific fact discovery without the benefit of a PFS results in unnecessary inefficiencies.

[1] As ordered by Judge Lisi, to "substantially complete in all respects" a PFS a plaintiff must "answer every question contained in the PFS and leave no blanks, even if a plaintiff can only answer the question in good faith by indicating 'not applicable' or 'I don't know'." Sec. VI.D.3.

Sincerely,

David W. Thomas

Cc: Don Migliori