**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO WILSON, PAMELA ANN No. 1:07-cv-1907** | § § § | **JUDGE LISI** |

**MEMORANDUM IN SUPPORT OF DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF'S CLAIMS SHOULD NOT BE DISMISSED**

Defendants C.R. Bard, Inc. and Davol Inc. (collectively "Defendants") request that the Court issue an Order to Show Cause why the claims of plaintiff Pamela Ann Wilson should not be dismissed pursuant to the Case Management Order ("CMO") (Docket # 66) for failure to serve Defendants with a Plaintiff's Fact Sheet ("PFS") which is complete in all material respects.

**STATEMENT OF FACTS**

The CMO requires all plaintiffs to serve a completed PFS. *See* Docket # 66 at 4-5. Plaintiffs who fail to do so are subject to dismissal following transmission of a warning letter and the expiration of the cure period established in the CMO. *See id.* at 5.

Defendants received Pamela Ann Wilson's ("Ms. Wilson") PFS on March 7, 2008. *See* Plaintiff's Fact Sheet submitted by Pamela Ann Wilson (Exhibit A). Ms. Wilson answered "will supplement" to most of the questions in her PFS and failed to provide required authorizations for records of disability insurance or worker's compensation benefits and the previous ten years of her Federal and State tax returns. As specified in the CMO, Defendants sent a warning letter informing Ms. Wilson's counsel that Ms. Wilson's PFS was incomplete and therefore noncompliant with the CMO. *See* Letter from David W. Thomas to Amy Carter of April 12, 2008 (Exhibit B). As provided by the CMO, Ms. Wilson's supplemental PFS was due on May

29, 2008. On May 28, 2008, Defendants granted Ms. Wilson's request for an additional 30 days. See Email from David W. Thomas to David Alvarado of May 29, 2008 (Exhibit C). As of July 3, 2008, Ms. Wilson has failed to provide Defendants with a supplemental PFS, despite Defendants' warning letter and the passage of nearly three months.

Among the deficiencies identified by Defendants are a failure to provide all of the required authorizations and the failure to provide core medical information, including information related to the alleged injury, alternative causation, and even product use. For example:

- Ms. Wilson answered "will supplement" to all of the questions about her marital history, including "Are you currently married?" Exhibit A at pages 3-4; Exhibit B at paragraph 4.

- Ms. Wilson answered "will supplement" to all of the questions about her residential history, her educational history, and her employment history. Exhibit A at pages 3-4; Exhibit B at paragraphs 2-3, 5-6.

- Ms. Wilson answered "will supplement" to questions about work absences related to her health. Exhibit A at page 5; Exhibit B at paragraph 7.

- Ms. Wilson failed to provide the size, product code (or model number) and lot number of the Composix® Kugel® Patch s/he received, and failed to provide addresses for the doctors involved with the implantation of her Composix® Kugel® Patch. *See* Exhibit A at page 6; Exhibit B at paragraphs 8, 28.

- Ms. Wilson answered "will supplement" to questions about the explantation of her Composix® Kugel® Patch and questions about her injuries. Exhibit A at pages 7, 10-11; Exhibit B at paragraphs 9, 11-12.

- Ms. Wilson answered "will supplement" to claims for lost wages, out-of-pocket expenses, loss of consortium and prior claims. *See* Exhibit A at pages 12-14; Exhibit B at paragraphs 13-17.

- Ms. Wilson answered "will supplement" to questions about her entire medical history, including surgeries, doctors visited, conditions suffered and prescription medications taken. *See* Exhibit A at pages 15-19; Exhibit B at paragraphs 18-22. While Ms. Wilson provided medical records authorizations, Defendants have no idea to whom to send most of them.

- Ms. Wilson failed to provide the required health insurance information for the last ten (10) years. *See* Exhibit A at page 20; Exhibit B at paragraph 23.

- Ms. Wilson failed to identify individuals, other than health care providers, who may possess information concerning her injury/ies and current medical condition. *See* Exhibit A at page 24; Exhibit B at paragraph 27.

- Ms. Wilson failed to provide any information or belief s/he may have about failure or breakage of the "memory recoil ring" within the Composix® Kugel® Patch, or failed to provide specific circumstances which prevented him/her from answering whether or not the ring failed or broke. *See* Exhibit A at pages 22-23; Exhibit B at paragraphs 29-30.

- Ms. Wilson also failed to provide authorizations allowing Defendants to obtain her medical records and other documents required by the Court-approved PFS:

  - ➢ Ms. Wilson failed to provide an executed authorization for the release of disability insurance or worker's compensation benefits. *See* Exhibit B at paragraph 31.

  - ➢ Ms. Wilson failed to provide executed authorizations for the previous ten (10) years of her Federal and State tax returns. *See* Exhibit B at paragraph 32.

Ms. Wilson did not respond to Defendants' deficiency letter, except to request a 30 day extension. To date, she has not served Defendants with a supplemental PFS or any other information curing the deficiencies noted in Defendants' warning letter. She has therefore failed to comply with the CMO, making dismissal appropriate under Federal Rules of Civil Procedure 41(b), 37(b)(2)(C) and 16(f).

## ARGUMENT

Coordination of cases in a MDL is intended to promote efficiency in pre-trial discovery. To effectuate the efficient administration of claims through the MDL process, a MDL court must have the discretion to control its docket and authority to ensure that its orders are followed. *See, e.g.*, Docket # 66 at 3; *see also Torres v. Puerto Rico*, 485 F.3d 5, 10 (1st Cir. 2007). As this Court has recognized, when plaintiffs fail to proceed with their claims in a manner consistent with the Court's orders, the Court may order a variety of sanctions, including dismissal with

prejudice. Docket # 66 at 5; *see also Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este And Sarah Lopez, M.D.*, 456 F.3d 272, 275 (1st Cir. 2006) ("[F]ederal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines. . . . [including] case-management orders.") (citations omitted); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus warrants dismissal)") (citation omitted). Although the sanction of dismissal is severe, it is justified when, as here, (1) a plaintiff has failed to substantially complete the PFS in all respects such that the PFS contains one or more material deficiencies and (2) Defendants have exhausted all efforts provided by the Court's CMO. *See* Docket # 66 at 5; *see also Tower Ventures, Inc.*, 296 F.3d at 45-46 ("[A] litigant who ignores case-management deadlines does so at his peril.") (citation omitted). Each of these elements exists here.

1. Ms. Wilson knew of the obligation to serve a complete PFS. As ordered by this Court, plaintiff's obligation to serve a complete PFS includes the requirement to leave no questions blank, even if "plaintiff can only answer the question in good faith by indicating 'not applicable' or 'I don't know.'" Docket # 66 at 5; Exhibit A at page 1. In addition to the clear language of the CMO, Defendants sent a warning letter to Ms. Wilson's counsel highlighting this obligation. Ms. Wilson's failure to serve a PFS completed in all material respects cannot be due to a lack of knowledge or warning.

2. Defendants are unfairly prejudiced by Ms. Wilson's failure to comply with the Court-ordered CMO requirements.[1] Ms. Wilson's omissions — especially as they relate to

[1] To date there are 740 cases pending in the MDL and federal courts and 1022 state actions. Including class action plaintiffs, Defendants are investigating the claims of nearly 1,800 plaintiffs. Defendants' obligation to this Court and plaintiffs who have timely submitted PFSes is hampered by a plaintiff who fails to follow CMO deadlines. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) ("Given the

authorizations and core medical discovery — are not only material, but willfully disobedient of the Court's CMO. *See*, *e.g.*, Docket # 66 at 5 ("i.e., a deficiency that prejudices Defendants through a failure to provide the necessary information, thereby impeding Defendants' access to material and relevant evidence"); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234-35 (9th Cir. 2006) (upholding MDL court's dismissal of plaintiffs' claims for failure to submit the required authorization forms that were necessary to obtain her medical records and financial documents).

3. Ms. Wilson has been warned by both the Court in the CMO and by Defendants in their letter that the sanction of dismissal with prejudice could be imposed if plaintiff failed to serve a complete PFS in all material respects. *See* Docket # 66 at 5; Exhibit A & B; *cf. In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865-68 (8th Cir. 2007) (affirming MDL court's denial of relief under Fed. R. Civ. P. 60(b) from dismissal with prejudice based on plaintiffs' delay and deficiencies in completing PFS and medical disclosure form where plaintiffs had received warnings and opportunity to cure); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1235 (upholding MDL court's dismissal of plaintiffs' claims for failure to serve a complete PFS, when plaintiff supplemented her PFS with the required authorizations "six days after the motion was filed and nearly two months after the authorizations were due").

4. Defendants have provided substantial opportunity for Ms. Wilson to cure her failure to comply with the CMO. Docket # 66 at 5; Exhibit C. In such circumstances, dismissal is an appropriate remedy in MDL proceedings for failure to adhere to court orders as it relates to

---

time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger of prejudice substantial. The delay also impacted the nearly 1,400 other plaintiffs by unfairly diverting the time and attention of the court away from their timely claims to that of the [plaintiffs].")

the service of complete PFSs and related filings. *Cf. In re Guidant*, 469 F.3d at 867 (dismissal for delay and deficiencies in completing a PFS protects the efficiency purpose of an MDL); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1222, 1234 ("dismissal [for failure to serve a complete PFS] serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt . . . ."); *see also Santiago-Diaz*, 456 F.3d at 276 ("[T]he substance of the belated [and incomplete expert witness] disclosures . . .does not come within a country mile of satisfying the requirements of either the case-management order or the Civil Rules.").

As the *In re PPA* and *In re Guidant* courts recognized, an MDL is procedurally unique given the complex issues and large volume of cases. These are among the reasons that MDL courts approve the use of PFSs to streamline pretrial discovery and regularly set significant sanctions in CMOs to ensure compliance with the PFS process. Ms. Wilson's failure to serve a complete PFS has hindered discovery regarding her claims and severely hampered the pace this Court set for its docket. Dismissal is a proper remedy because there is no excuse for Ms. Wilson's answering "will supplement" to most questions in her PFS and then failing to provide a supplemental PFS despite Defendants' 30 day extension. *Cf. O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004) (holding the failure of communication between local counsel and out-of-state lead counsel was not "good cause" to excuse plaintiff's failure to timely move for amendment of a scheduling order deadline); *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998) ("Attorneys represent clients, and, as a general rule, an attorney's blunder binds her client.").

* * *

For the foregoing reasons, Defendants respectfully request that the Court enter an Order to Show Cause why the claims of Ms. Wilson should not be dismissed for failure to comply with the CMO.

Respectfully submitted,

July 8, 2008

s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 7th day of July, 2008 served a true and correct copy of the foregoing Memorandum in Support of Defendant C.R. Bard, Inc.'s and Defendant Davol Inc.'s Motion for Order to Show Cause Why Plaintiff's Case Should Not Be Dismissed, by operation of the Court's Electronic Case Filing System, on the following, including Plaintiffs' Liaison Counsel:

Donald Migliori
MOTLEY RICE LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
(*via electronic notice)*

Amy Carter
WILLIAMS KHERKHER HART BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-6226
*(via electronic notice)*

s/ Kirby T. Griffis
Kirby T. Griffis