Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005
tel. 202.898.5800
fax. 202.682.1639
www.spriggs.com

David W. Thomas
202.898.5861
dthomas@spriggs.com

April 12, 2008

VIA ELECTRONIC MAIL, ORIGINAL TO FOLLOW BY U.S. MAIL

Amy Carter
Williams Kherkher Hard Boundas, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
acarter@williamskherkher.com

Re: *In re: Kugel® Mesh Hernia Patch Products Liability Litigation*
USDC D. RI. MDL No. 07-1842, CA No. 01-CV-1907
Plaintiff: Pamela Ann Wilson

Dear Ms. Carter:

On December 6, 2007, Judge Mary Lisi entered a Case Management Order ("CMO") requiring all plaintiffs to complete a Plaintiff's Fact Sheet ("PFS") and provide certain authorizations and documents as requested in the PFS. As ordered by Judge Lisi, to "substantially complete in all respects" a PFS a plaintiff must "answer every question contained in the PFS and leave no blanks, even if a plaintiff can only answer the question in good faith by indicating 'not applicable' or 'I don't know'." Sec. VI.D.3.

On March 7, 2008, we received Pamela Ann Wilson's ("Ms. Wilson") PFS. Based on her responses, we must inform you that we view it to be so deficient as to be non-compliant with the Court's CMO. Ms. Wilson's answers are both incomplete and internally inconsistent. Where not inconsistent, the information has simply been left out. Ms. Wilson has answered "will supplement" for the following sections:

1. Section II.B
2. Section II.F
3. Section II.G
4. Section II.H
5. Section II.I
6. Section II.J
7. Section II.K
8. Section III.A.2
9. Section III.A.7.a-b
10. Section III.B.1-2
11. Section III.C.1-2
12. Section III.E.1-5
13. Section III.F.1-3
14. Section III.G
15. Section III.H
16. Section IV.A
17. Section IV.B
18. Section V.C
19. Section V.D
20. Section V.E
21. Section V.F.1-30
22. Section V.G

23. Section VI.A
24. Section VI.B
25. Section VII.A
26. Section VII.B
27. Section IX

Separate from theses deficiencies, we note the following:

28. Section III.A.4 & 5 (p. 6) – Ms. Wilson fails to provide addresses for Dr. Stephen Kuchenbecker and St. John's Hospital. Please provide a supplemental response.

29. Section VIII.B.1 (p.22) – Ms. Wilson fails to explain why she is prevented from answering the question affirmatively or negatively, and fails to explain what information she may have suggesting the ring failed. Please provide a supplemental answer with all relevant information in your custody or control.

30. Section VIII.B.2 (pp.22-23) - Ms. Wilson fails to explain why she is prevented from answering the question affirmatively or negatively, and fails to explain what information she may have suggesting the ring failed. Please provide a supplemental answer with all relevant information in your custody or control.

31. Section X.A.F. (p.25) – Ms. Wilson fails to provide signed original records authorization forms for any and all records of disability insurance or worker's compensation benefits, as provided in Exhibit F.

32. Section X.A.G. (p.25) – Ms. Wilson fails to provide executed copies of records authorization forms for the previous ten (10) years of her Federal and State tax returns, as provided in Exhibit G.

We view incompleteness of this magnitude as noncompliance, not just deficiencies, and we expect them to be fully cured as soon as possible. If more time is necessary, we have agreed to extensions of time for good cause in several cases.

We are available to confer with you by telephone concerning the issues raised in this letter. Please let me know your availability. Thank you in advance for your cooperation in this matter.

Very Truly Yours,

David W. Thomas

cc: Don Migliori