**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO CARIOGGIA, JOSEPH, et al., No. 1:08-cv-02404** | § § § | **JUDGE LISI** |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANTS DAVOL INC. AND C.R. BARD INC.**

Defendants Davol Inc. and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer Plaintiffs' Complaint (the "Complaint") as follows:

## BACKGROUND

1. This paragraph contains allegations regarding parties other than Defendants to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

2. The allegations in this paragraph of the Complaint are not directed at C.R. Bard Inc. ("Bard"); therefore, no response is required. Davol Inc. ("Davol") denies the allegations as phrased. Davol admits it is organized under the laws of Delaware with its principal place of business in Rhode Island. Davol admits that at certain times it manufactured the Composix® Kugel® Hernia Patch in Rhode Island. Answering further, Davol admits that its resident agent in Rhode Island is CT Corporation System located at 10 Weybosset Street, Providence, Rhode Island 02903. Davol further admits that part of its medical device business focuses on hernia repair prosthetics, including the Composix® Kugel® Hernia Patch.

3. Davol admits that it sells medical devices, including the Composix® Kugel® Hernia Patch, to licensed healthcare professionals throughout the United States, including the

State of New York. The allegations in this paragraph of the Complaint are not directed at Bard; therefore, no response is required.

4. Davol states "substantial revenue from interstate commerce," to the extent it has any meaning, is a legal term of art and contains a legal conclusion which does not call for a response. To the extent a response is response, Davol denies the allegation. As to the remaining allegations, Davol is unable to respond as these allegations are unintelligibly overbroad. To the extent that a response is required, Davol denies the allegations. The allegations in this paragraph of the Complaint are not directed at Bard; therefore, no response is required.

5. The allegations in this paragraph of the Complaint are not directed at Davol; therefore, no response is required. Bard admits that it is organized under the laws of New Jersey and that Davol is its subsidiary. Bard denies that it participated in the manufacturing or distribution of the Composix® Kugel® Hernia Patch or that it manufactures or supplies Davol with materials in regard to the Composix® Kugel® Hernia Patch.

6. Bard admits that it does business in New York.

7. Bard states "substantial revenue from interstate commerce," to the extent it has any meaning, is a legal term of art and contains a legal conclusion which does not call for a response. To the extent a response is response, Bard denies the allegation. As to the remaining allegations, Bard is unable to respond as these allegations are unintelligibly overbroad. To the extent that a response is required, Bard denies the allegations. The allegations in this paragraph of the Complaint are not directed at Davol; therefore, no response is required.

8. Defendants admit that they can be reached through service at CT Corporation Systems, 111 8th Avenue, New York, New York 10011.

9. Admitted.

## II. JURISDICTION

10. This paragraph states conclusions of law as to which no response is required. To the extent that a response is required, Defendants admit that the requirements of 28 U.S.C. § 1332 have been satisfied.

11. This paragraph states conclusions of law as to which no response is required. To the extent that a response is required, Defendants deny the allegations.

12. This paragraph states conclusions of law as to which no response is required. To the extent that a response is required, Defendants deny the allegations.

## III. FACTS

13. Defendants admit that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias, when used by prescribing physicians in accordance with its accompanying labeling information. Defendants further admit that the Composix® Kugel® Patch incorporates the "memory recoil ring" technology. Defendants deny any remaining allegations in this paragraph.

14. Davol admits that it conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard denies these allegations.

15. Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

16. Defendants deny the allegations.

17. The Establishment Inspection Report referenced in this paragraph speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore deny the same.

19. Defendants admit that Davol designed, conducted limited manufacturing of, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants deny the remaining allegations in this paragraph.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore deny the same.

21. Defendants deny the allegations. Defendants state that at all relevant times they timely informed the FDA of all reportable medical device reports of which they were aware.

22. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. Defendants further admit that the federal Food and Drug Administration characterizes a "Class I" recall as "there is a reasonable chance that the product will cause serious health problems or death."

23. The Establishment Inspection Report referenced in this paragraph speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

24. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007.

Defendants further state these products have since been returned to the market with FDA approval.

25. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore deny the same.

27. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore deny the same.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore deny the same.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore deny the same.

30. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore deny the same.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore deny the same.

32. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore deny the same.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore deny the same.

34. The allegations in this paragraph are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore deny the same.

36. Defendants deny the allegations contained in this paragraph of the Complaint.

37. Defendants deny the allegations contained in this paragraph of the Complaint.

38. Defendants deny the allegations contained in this paragraph of the Complaint.

39. Defendants deny the allegations contained in this paragraph of the Complaint.

40. Defendants deny the allegations contained in this paragraph of the Complaint.

## IV. CAUSES OF ACTION

### COUNT I:

### Negligence

41. In response to this paragraph of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

42. The allegations in this paragraph are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

43. The allegations in this paragraph are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

44. The allegations in this paragraph are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

45. The allegations in this paragraph are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

46. The allegations in this paragraph are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

47. The allegations in this paragraph are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

48. The allegations in this paragraph are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

49. The allegations in this paragraph are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

50. The allegations in this paragraph, including subparts (a) through (b), are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT II:**

**Breach of Express Warranty Against Defendants**

51. In response to this paragraph of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

52. The allegations in this paragraph are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

53. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore deny the same.

54. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore deny the same.

55. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

56. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

57. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

58. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

59. This paragraph of the Complaint, including subparts (a) through (b), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT III:**

**Breach of Implied Warranty Against Defendants**

60. In response to this paragraph of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

61. Defendants admit that at various times Davol designed, manufactured, tested, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for the repair of soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with its accompanying labeling information. Defendants does not know the meaning of "promoted" beyond the meaning of "marketed" which has been addressed above. Defendants accordingly deny these allegations.

62. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

63. The allegations in this paragraph are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

64. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore deny the same.

65. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore deny the same.

66. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

67. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

68. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

69. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

70. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

71. This paragraph of the Complaint, including subparts (a) through (b), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT IV:**

**False Advertising Against Defendants**

72. In response to this paragraph of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

73. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent any material allegation is made, Defendants deny the allegation.

74. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

75. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

76. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

77. This paragraph of the Complaint, including subparts (a) through (b), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT V:**

**Deceptive Trade Practices Against Defendants**

78. In response to this paragraph of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

79. Defendants deny the allegations in this paragraph of the Complaint.

80. Defendants deny the allegations in this paragraph of the Complaint.

81. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

82. This paragraph of the Complaint, including subparts (a) through (h), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

83. This paragraph of the Complaint, including subparts (a) through (f), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

84. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

85. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

86. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

87. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

88. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

89. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

90. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

91. This paragraph of the Complaint, including subparts (a) through (b), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT VI:

## Strict Product Liability

92. In response to this paragraph of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

93. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

94. Defendants admit that at various times Davol designed, manufactured, distributed, and sold the Composix® Kugel® Hernia Patch for the repair of soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with its accompanying labeling information. Defendants do not know the meaning of "assembled" and "conveyed" beyond the meaning of "manufactured" and "distributed" which have been addressed above. Defendants accordingly deny these allegations.

95. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

96. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

97. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

98. This paragraph of the Complaint, including subparts (a) through (j), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

99. This paragraph of the Complaint, including subparts (a) through (b), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT VII:**

**Negligent Infliction of Emotional Distress**

100. In response to this paragraph of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

101. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

102. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

103. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

104. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

105. This paragraph of the Complaint, including subparts (a) through (b), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT VIII:**

**Intentional Infliction of Emotional Distress**

106. In response to this paragraph of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

107. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

108. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

109. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

110. This paragraph of the Complaint, including subparts (a) through (b), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT IX:**

**Failure to Warn**

111. In response to this paragraph of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

112. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

113. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

114. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

115. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

116. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

117. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

118. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

119. This paragraph of the Complaint, including subparts (a) through (b), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT X:**

**Fraud**

120. In response to this paragraph of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

121. Defendants admit that at various times Davol designed, manufactured, and sold the Composix® Kugel® Hernia Patch for the repair of soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with its accompanying labeling information.

122. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

123. Defendants deny the allegations in this paragraph of the Complaint.

124. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

125. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

126. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

127. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

128. This paragraph of the Complaint, including subparts (a) through (b), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT XI:**

**Loss of Consortium**

129. In response to this paragraph of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

130. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

131. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

132. This paragraph of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The Complaint should be dismissed for improper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims against Defendants in whole or in part.

4. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar claims against Defendants in whole or in part.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiffs' claims in whole or in part.

7. Plaintiffs' claims are barred, in whole or in part, for Plaintiffs' failure to provide Defendants with timely notice of their claims as required by New York's Deceptive Trade Practices Act and/or other applicable New York and/or California law.

8. Plaintiffs', or their agents', including their physicians, misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

9. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

10. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

11. If Plaintiffs sustained any damages or injuries, which Defendants deny, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

12. If Plaintiffs used a product sold by Defendants, Plaintiffs used the product for off-label purposes, which bars the Plaintiffs' claims.

13. The learned intermediary doctrine bars Plaintiffs' claims.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions

and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

15. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

16. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

17. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

18. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

19. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

20. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

21. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

22. Defendants have no legal relationship or privity with plaintiffs and owe no duty to plaintiffs by which liability could be attributed to it.

23. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

24. Plaintiffs' causes of action are barred in whole or in part by plaintiffs' own comparative/contributory negligence.

25. Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs received from collateral sources.

26. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bard or Davol product.

27. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiffs may have suffered, if any.

28. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the New York Constitution and/or California Constitution and/or other applicable laws.

29. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the New York Constitution and/or California Constitution and/or other applicable laws.

30. To the extent plaintiffs' Complaint seeks punitive damages, such claims are barred because plaintiffs have failed to allege conduct warranting the imposition of punitive damages under New York, California, and/or other applicable laws.

31. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

32. Plaintiffs' claims are, in whole or in part, subject to adjudication under laws of states or jurisdictions other than New York.

33. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiff, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Dated: July 8, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC. TO PLAINTIFFS' COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiff's Liaison Counsel and counsel of record for Plaintiffs in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

Stephanie Hatzakos
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10119
*(electronic notice)*

/s/ Kirby T. Griffis