**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § | |
| | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO** | § | |
| **KITCHEN, ANGELA, et al.,** | § | **JUDGE LISI** |
| **No. 1:08-cv-02414** | § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANTS DAVOL INC. AND C.R. BARD, INC.**

Defendants Davol Inc. and C.R. Bard, Inc. (collectively "Defendants") by and through counsel, answer the Plaintiffs' Complaint (the "Complaint") as follows:

NATURE OF THE ACTION

1. Defendants admit that Davol Inc. ("Davol") is a subsidiary of C.R. Bard, Inc. ("Bard"). Defendants further admit that Davol sold and distributed the Bard® Composix® Kugel® Hernia Patch and Bard® Kugel® Hernia Patch, but deny that they manufactured or sold a product called the Kugel® Hernia Patch. The remaining allegations are either conclusions of law to which no response is required, or Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants therefore deny the remaining allegations.

DESCRIPTION OF PARTIES

2. This paragraph contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

3. This paragraph contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack

sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

4. The allegations in this paragraph are not directed at Bard and therefore no response is required. Davol admits that it is organized under the laws of the State of Delaware and has its principal place of business at 100 Crossings Boulevard, Warwick, RI 02886. Answering further, Davol admits that at certain times it designed, manufactured, tested, distributed, advertised, supplied, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information throughout the United States, including in the State of Ohio. Davol does not know what is meant by "analyzed", "recommended," "merchandized," and "promoted" beyond the meanings of "designed," "distributed," "advertised," and "sold" which have been previously admitted. Davol therefore lacks knowledge or information sufficient to form a belief as to the truth of these allegations and denies them.

5. The allegations in this paragraph are not directed at Davol and therefore no response is required. Bard admits it is organized under the laws of New Jersey with its principal place of business in New Jersey. Bard denies each and every remaining allegation presented in this paragraph.

## DESCRIPTION OF JURISDICTION

6. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

7. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants admit that the requirements of 28 U.S.C. § 1332 have been satisfied.

8. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

FACTS RELEVANT TO THIS CASE

9. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

10. The Composix® Kugel® Hernia Patch is used to treat soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with accompanying labeling information.

11. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

12. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

13. Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm. Answering further, Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

14. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

15. Defendants deny the allegations in this paragraph.

16. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

17. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

20. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

21. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

## FIRST CLAIM FOR RELIEF

## OHIO UNFAIR AND DECEPTIVE TRADE PRACTICES

23. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

24. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

25. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

26. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

27. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

SECOND CLAIM FOR RELIEF

NEGLIGENCE

28. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

29. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

30. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

31. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

32. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

33. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

34. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

35. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

36. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

37. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

THIRD CLAIM FOR RELIEF

STRICT LIABILITY

38. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

39. Defendants admit that at certain times Davol designed, manufactured, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Defendants do not know what is meant by “assembled” and “conveyed” beyond the meanings of “manufactured” and “distributed” which have been admitted. Defendants accordingly deny these allegations.

40. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

41. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

42. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

43. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

44. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

45. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

FOURTH CLAIM FOR RELIEF

BREACH OF IMPLIED WARRANTY

46. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

47. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

48. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

49. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

50. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

51. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

52. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

53. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

54. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

FIFTH CLAIM FOR RELIEF

FAILURE TO WARN

55. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

56. Defendants admit that at certain times Davol designed, manufactured, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information.

57. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

58. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

59. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

60. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

61. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

62. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

SIXTH CLAIM FOR RELIEF

BREACH OF EXPRESS WARRANTIES

63. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

64. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

65. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

66. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

67. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

68. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

69. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

70. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

71. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## SEVENTH CLAIM FOR RELIEF

## PRODUCT LIABILITY

72. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

73. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

74. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

75. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

76. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

77. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

78. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

79. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

EIGHTH CLAIM FOR RELIEF

SPOLIATION OF EVIDENCE

80. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

81. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

82. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

83. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

NINTH CLAIM FOR RELIEF

LOSS OF CONSORTIUM

84. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

85. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiffs' claims in whole or in part.

6. Plaintiffs', or their agents', including Plaintiff Angela Denise Kitchen's physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

7. Plaintiffs' claims are barred, in whole or in part, for Plaintiffs' failure to provide Defendants with timely notice of their claims as required by Ohio's Deceptive Trade Practices Act and/or other applicable Ohio law.

8. If Plaintiff Angela Denise Kitchen used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiff Angela Denise Kitchen assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

10. If Plaintiffs sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiff Angela Denise Kitchen used a product sold by Defendants, Plaintiff Angela Denise Kitchen used the product for off-label purposes, which bars the Plaintiffs' claims.

12. The learned intermediary doctrine bars Plaintiffs' claims.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

17. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

18. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiffs or others, for whose conduct this defendant is not responsible; accordingly, it is entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

20. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to it.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative negligence.

24. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

25. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Ohio Constitution.

28. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Ohio Constitution.

29. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs has failed to allege conduct warranting the imposition of punitive damages under Ohio and/or other applicable laws.

30. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Ohio.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Dated: July 8, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFFS' COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

Thomas G. Eagle
THOMAS G. EAGLE CO., L.P.A.
3386 N. State Rt. 123
Lebanon, OH 45036
(*electronic notice*)

/s/ Kirby T. Griffis