**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § | |
| | § | |
| | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO** | § | |
| **MCCAFFREY, MARIE** | § | **JUDGE LISI** |
| **No. 1:08-cv-02421** | § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANTS DAVOL INC. AND C.R. BARD, INC.**

Defendants Davol Inc. and C.R. Bard, Inc. (collectively "Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

**PARTIES**

1. This paragraph contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

2. Davol Inc. ("Davol") admits that it is a subsidiary of C.R. Bard, Inc. ("Bard") and is organized under the laws of the State of Delaware with its principal place of business at 100 Crossings Boulevard, Warwick, RI 02886. Bard is a New Jersey corporation with its principal place of business at 730 Central Avenue, Murray Hill, NJ 07974. Defendants admit that Davol sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information, but Bard denies these allegations. Davol does not know what is meant by "produced the … Kugel Hernia Patch product line" beyond the meaning of "sold" which has been admitted. Defendants therefore deny the allegations. Defendants admit they have done business in Pennsylvania.

3. Defendants admit that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias, when used by prescribing physicians in accordance with its accompanying labeling information. Defendants further admit that the Composix® Kugel® Patch incorporates the "memory recoil ring" technology. Defendants deny any remaining allegations in this paragraph.

4. This paragraph contains allegations regarding parties other than answering Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

5. This paragraph contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

6. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

8. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

9. The allegations in this paragraph purport to characterize correspondence between answering Defendants and the FDA. Defendants believe the precise content of this information can be ascertained from the correspondence itself.

10. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT I**

**NEGLIGENCE**

11. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

12. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

13. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

14. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

15. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

16. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

17. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

18. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT II**

**STRICT LIABILITY**

19. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

20. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

22. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

23. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

24. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

25. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

27. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT III**

**BREACH OF WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE**

28. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

29. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

30. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

31. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

32. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

33. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT IV**

**VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW**

34. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

35. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

36. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

37. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

38. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

39. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

40. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

41. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

42. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT V

## FRAUD AND MISREPRESENTATION

43. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

44. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

45. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

46. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

47. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

48. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

49. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

50. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## COUNT VI

## Negligence Against St. Clair Hospital

51. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

52. This paragraph, and its subparts 52.1 through 52.4, contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

53. This paragraph contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

54. This paragraph contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

## COUNT VII

**Strict Liability Against St. Clair Hospital**

55. In response to this paragraph, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

56. This paragraph contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

57. This paragraph contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

58. This paragraph contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff's, or Plaintiff's agents', including Plaintiff's physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

7. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

9. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

10. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

11. The learned intermediary doctrine bars Plaintiff's claims.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information,

cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

16. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

17. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct this defendant is not responsible; accordingly, it is entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

19. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence.

23. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

24. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Pennsylvania Constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Pennsylvania Constitution.

28. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Pennsylvania and/or other applicable laws.

29. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Pennsylvania.

31. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Dated: July 8, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFF'S COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiff's Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

George M. Kontos, Esq.
Brian W. DelVecchio, Esq.
SWENSEN PERER & KONTOS
One Oxford Centre, Ste. 2501
Pittsburgh, PA 15219
(*electronic notice*)

/s/ Kirby T. Griffis