**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **IN RE: KUGEL MESH HERNIA REPAIR PATCH LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO: Collins v. Davol Inc., et al, CA No. 1:07-cv-1858-ML-LDA** | § § § § § | **Chief Judge Mary M. Lisi** |

**AFFIDAVIT OF MICHAEL L. JUNK, ESQ.**

NOW COMES Michael L. Junk, after having first been duly sworn, and states the following:

1. My name is Michael L. Junk. I reside in Washington, D.C. I am more than 18 years of age, and I am fully competent to make this affidavit. I have never been convicted of a crime.

2. I am an associate with the law firm of Spriggs & Hollingsworth.

3. On May 15, 2008, I deposed Dr. William Daniel, the treating surgeon for plaintiff J.W. Collins. Stephen Hunt, Jr., an attorney with the firm of Cory Watson Crowder & DeGaris, was also present for the entire deposition, representing Mr. Collins.

4. At the deposition, Dr. Daniel testified at some length about how he cut the Composix® Kugel® Patch that Mr. Collins received; how only after cutting the Patch did the memory recoil ring protrude from the Patch, causing Mr. Collins some pain and discomfort; and how the procedure to remove the protruding plastic ring was a relatively simple procedure from which Mr. Collins recovered fairly quickly. Mr. Hunt was present for all of this testimony by Dr. Daniel.

5. Following the deposition, I told Mr. Hunt it was clear that Dr. Daniel cut one or both of the memory recoil rings in the Composix® Kugel® Patch, and that it was equally clear the Collins

case was not a product defect case. I briefly questioned Mr. Hunt about what Plaintiffs intended to do with this case, especially given that it was currently set for mediation.

6. In response to my comments, I recall that Mr. Hunt remarked that it took him only a few hours to review the relevant medical records and conclude that Dr. Daniel had cut the Composix® Kugel® Patch and its memory recoil ring(s). He also said something to the effect that someone on the Plaintiffs' side had not screened this case very carefully before putting it up for mediation, and that the Collins case was a "bad" case for mediation.

FURTHER AFFIANT SAYETH NOT.

Michael L. Junk

Subscribed and sworn to before me this 13th day of June, 2008.

Notary Public

Teresa Grasty
Notary Public, District of Columbia
My Commission Expires 5-14-2010