**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**IN RE KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION**

**THIS DOCUMENT RELATES TO:**
*Hugh French, et al. v. Davol, Inc., et al.*, 1:08-cv-02463 (M.D. Tenn. 08-301)

**MDL Docket No. 07-1842-ML**

**Chief Judge Mary M. Lisi**

**MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

Six weeks after the Plaintiffs' Steering Committee ("PSC") filed a consolidated class action complaint (Docket #293) that was intended by the Court and the Parties to be the sole class action complaint in federal court, a member of the PSC filed an additional federal class action complaint in the Middle District of Tennessee that has now been transferred to this MDL. *See* Summons and Complaint, *French v. Davol, Inc.*, No. 3:08-cv-00301 (M.D. Tenn. filed Mar. 24, 2008 by Cory Watson Crowder & DeGaris) ("French Compl.") (Docket #1).

In the *French* complaint, Hugh French ("French") and Michael Earles ("Earles") assert various common law claims and seek, among other remedies, medical monitoring on behalf of:

> All citizens, residents or domiciliaries of the State of Tennessee who have had a recalled Composix® Kugel® Mesh Patch implanted into their person, which has not been explanted, and who have not previously filed a claim or lawsuit for personal injury, but will require medical monitoring.

French Compl. ¶ 60.

The First Amended Consolidated Class Action Complaint ("Consol. Compl.") proposes two alternative medical monitoring classes, one of which already includes Tennesseans who meet similar conditions:

> All citizens, residents or domiciliaries of jurisdictions that do not preclude certification of a class for medical monitoring or surveillance,[1] who have had a Composix Kugel Mesh Patch implanted into their person, which has not been explanted, and who have not previously filed a claim or lawsuit for personal injury, but will require medical monitoring.

*See* Consol. Compl. ¶ 80 (Docket #406); *id.* ¶ 80 n.1 (alleging that Tennessee does not preclude certification of a medical monitoring class).

The *French* complaint seeks the same relief pursuant to the same legal theories based on often identical factual allegations for a subset of the class already included in the consolidated complaint, and must be dismissed as duplicative and in violation of the intent of the consolidated class action complaint and the Order directing that the consolidated complaint be filed.

Dated: July 10, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
Heather A. Pigman
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2008, the foregoing MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT was electronically filed with the Clerk of Court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon the Plaintiffs' Liaison Counsel via facsimile and e-mail as indicated below:

Donald Migliori
MOTLEY RICE LLC
321 S. Main Street
P.O. Box 6067
Providence, RI 02940-6067
Facsimile: (401) 457-7708
E-mail: dmigliori@motleyrice.com
*(electronic notice)*

/s/ Kirby T. Griffis