**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**IN RE KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION**

**THIS DOCUMENT RELATES TO:**
*Hugh French, et al. v. Davol, Inc., et al.*, 1:08-cv-02463 (M.D. Tenn. 08-301)

**MDL Docket No. 07-1842-ML**

**Chief Judge Mary M. Lisi**

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

Six weeks after the Plaintiffs' Steering Committee ("PSC") filed a consolidated class action complaint (Docket #293) that was intended by the Court and the Parties to be the sole class action complaint in federal court, a member of the PSC filed an additional federal class action complaint in the Middle District of Tennessee that has now been transferred to this MDL. *See* Summons and Complaint, *French v. Davol, Inc.*, No. 3:08-cv-00301 (M.D. Tenn. filed Mar. 24, 2008 by Cory Watson Crowder & DeGaris) ("French Compl.") (Docket #1). The *French* complaint seeks the same relief pursuant to the same legal theories based on often identical factual allegations for a subset of the class already included in the consolidated complaint, and must be dismissed as duplicative and in violation of the intent of the consolidated class action complaint and the Order directing that the consolidated complaint be filed.

**BACKGROUND**

In the *French* complaint, Hugh French ("French") and Michael Earles ("Earles") assert various common law claims and seek, among other remedies, medical monitoring on behalf of:

> All citizens, residents or domiciliaries of the State of Tennessee who have had a recalled Composix® Kugel® Mesh Patch implanted into their person, which has not been explanted, and who have not previously filed a claim or lawsuit for personal injury, but will require medical monitoring.

French Compl. ¶ 60.

The First Amended Consolidated Class Action Complaint ("Consol. Compl.") proposes two alternative medical monitoring classes, one of which already includes Tennesseans who meet nearly identical conditions:

> All citizens, residents or domiciliaries of jurisdictions that do not preclude certification of a class for medical monitoring or surveillance,1 who have had a Composix Kugel Mesh Patch implanted into their person, which has not been explanted, and who have not previously filed a claim or lawsuit for personal injury, but will require medical monitoring.

*See* Consol. Compl. ¶ 80 (Docket #406); *id.* ¶ 80 n.1 (alleging that Tennessee does not preclude certification of a medical monitoring class). Therefore, even at this early stage of class certification proceedings, it is clear that the Consolidated Complaint's large medical monitoring class includes everyone in the putative *French* class, including French and Earles.

Further, both complaints contain very similar – and often identical – factual allegations and legal claims. For example:

- 70 paragraphs from the Consolidated Complaint, including its entire "Factual Background" section, are repeated verbatim in the *French* complaint. *See, e.g.,* Consol. Compl. ¶¶ 23-62; French Compl. ¶¶ 8-47.[1] Many other paragraphs are similar in substantive respects. *Compare* Consol. Compl. ¶¶ 71, 85 *with* French Compl. ¶¶ 51, 62.

- Both complaints include negligence,[2] failure to warn,[3] design defect,[4] and unjust enrichment[5] claims as the underlying legal theories allegedly supporting an award of medical monitoring.

[1] The only difference between the two sections is that paragraph 33 of the complaint in *French* corrects a typographical error appearing in paragraph 48 of the Consolidated Complaint.

[2] *See* French Compl. ¶¶ 71-82 (Count I); Consol. Compl. ¶¶ 99-111 (Count I).

[3] *See* French Compl. ¶¶ 83-90 (Count II); Consol. Compl. ¶¶ 112-19 (Count II).

[4] *See* French Compl. ¶¶ 91-97 (Count III); Consol. Compl. ¶¶ 120-26 (Count III).

[5] *See* French Compl. ¶¶ 98-103 (Count IV); Consol. Compl. ¶¶ 199-204 (Count VII).

- Both complaints allege class certification is appropriate under Federal Rule of Civil Procedure 23(a) and 23(b)(1), (b)(2), or (b)(3). *See* French Compl. ¶¶ 60, 66-67; Consol. Compl. ¶¶ 83, 90.

- Both complaints contain similar – and often identically worded – allegations about the alleged "common" issues among class members' claims. *See, e.g.*, French Compl. at ¶ 63; Consol. Compl. ¶ 86.

- Both actions seek the same relief, including establishment of a medical monitoring fund, punitive damages, treble damages, attorneys' fees, and prejudgment interest. *See* French Compl. at Prayer for Relief ¶¶ 104-111; Consol. Compl. at Prayer for Relief (1)-(9).

**ARGUMENT**

*French* seeks the same relief for the same people under the same legal theories alleged in the Consolidated Complaint. Allowing duplicate class actions to proceed serves no purpose other than to inject inefficiency into the litigation and the filing of such class actions violates this Court's orders and contradicts the Plaintiffs' Steering Committee's prior representations regarding the purpose and role of the Consolidated Complaint.

**I. THE LATER-FILED DUPLICATIVE ACTION SHOULD BE DISMISSED.**

The Supreme Court, First Circuit and numerous other district and appellate courts have recognized for decades that later-filed duplicative actions should be dismissed. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976) (federal district courts should "avoid duplicative litigation"); *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (authority to dismiss duplicative actions stems from courts' "broad discretion to control their dockets"), *cert. denied*, 128 S. Ct. 807 (2007); *Commerce Oil Refining Corp. v. Miner*, 303 F.2d 125, 127 (1st Cir. 1962) (multiple "suits between the same parties for the same cause of action may not be maintained in the same jurisdiction."); *Sutcliffe Storage & Warehouse Co. v. United States*, 162 F.2d 849, 851 (1st Cir. 1947) ("[t]he pendency of a prior

pending action in the same federal court is ground for abatement of the second action").[6] Here, the claims in the *French* Complaint are duplicative of those in the Consolidated Complaint.[7]

Dismissal of duplicative complaints makes sense. One purpose of the judicial system is to provide fair and complete adjudication of disputes, but fulfilling that mission does not entitle overzealous litigants to waste defendants' and the court's resources by filing duplicative litigation. *See Sutcliffe*, 162 F.2d at 851 ("[t]here is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket; it is enough if one complete adjudication of the controversy be had."). In fact, the PSC – including plaintiffs' counsel in *French* – has described the Consolidated Complaint as a tool to achieve that efficiency. *See, e.g.*, Response in Opposition To Defendants' Motion To Dismiss Count IV of First Amended Consolidated Class Action Complaint at 1-2 (Docket #928) (Consolidated Complaint "coordinate[s] the individual class actions within the MDL for purposes of discovery," resulting in "streamlining of the class action litigation and an elimination of duplicative efforts").

District courts are given "a great deal of latitude and discretion" in determining whether one action is duplicative of another. *See Serlin*, 3 F.3d at 223. Generally, "an action is duplicative if the claims, parties, and available relief do not significantly differ between the two

[6] *See also Curtis v. Citibank*, 226 F.3d 133, 138-39 (2d Cir. 2000) ("plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."); *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) ("a federal suit may be dismissed for reasons of wise judicial administration, as a general rule, whenever it is duplicative of a parallel action already pending in another federal court") (citing *Colorado River*); *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) ("… it is clear that Mrs. Walton had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant"); *Zerilli v. Evening News Ass'n*, 628 F.2d 217, 222 (D.C. Cir. 1980) (same); *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (finding no abuse of discretion for dismissing plaintiff's complaint for being duplicative of pending complaint).

[7] The reverse is not true; the Consolidated Complaint is broader and contains additional claims not included in *French*.

actions." *See Carey v. Hillsborough County Dep't of Corrections*, No. 05-cv-442-PB, 2006 WL 758311, at *3 (D.N.H. Mar. 6, 2006) (quotation omitted).

Exact identity of parties is not required for an action to be duplicative; it is sufficient if the differing parties share an identity of interests, something which plaintiffs' counsel has already alleged here by stating in the Consolidated Complaint that the twelve individuals listed are adequate representatives of all putative class members. *See* Consol. Compl. ¶ 88 ("The interests of the Class members will fairly and adequately be protected by Plaintiffs and their counsel."). Because the *French* complaint's putative class definition is identical to one of the classes in the Consolidated Complaint, the two putative class representatives in *French* are included in the putative larger medical monitoring class. *See supra.* Where the interests of plaintiffs allegedly are so aligned, dismissal is appropriate even though the plaintiffs differ. *See Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998) ("[E]xact parallelism is not required; [i]t is enough if the proceedings are substantially similar") (quotation omitted); *see also Curtis v. DiMaio*, 46 F. Supp. 2d 206, 215-16 (E.D.N.Y. 1999) (dismissing suit as duplicative and finding that although parties were not identical, their interests were sufficiently aligned"); *aff'd*, 205 F.3d 1322 (2d Cir. 2000) (unpublished table decision).[8]

When later-filed duplicative actions seek the same relief under the same theories for the same people in the same court and by the same counsel, the newer action should be dismissed. *See Colorado River*, 424 U.S. at 817; *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952); *Curtis v. Citibank*, 226 F.3d at 138.[9]

---

[8] If *French* plaintiffs' counsel or the PSC wanted to add French and Earles as putative class representatives, then the proper procedure would have been to request leave to amend the Consolidated Complaint.

[9] By filing this motion, Bard is not waiving any defense to certification or agreeing that any element of Rule 23 is met by the allegations in the Consolidated Complaint or the *French* Complaint. Bard will

## II. THE *FRENCH* COMPLAINT ALSO MUST BE DISMISSED BECAUSE IT VIOLATES THIS COURT'S ORDER.

The Court and the parties discussed the filing of a "consolidated" class action complaint and agreed that the federal class action claims would be governed by one complaint:

> MS. LATIMER: Since there are these I'll say I think it's nine federal class actions that are filed that we're aware of right now, it is the proposal that those classes will be withdrawn, and is counsel in a position to control those cases and those lawyers such that we're just dealing with one?
>
> THE COURT: I think that goes without saying. If we're going to go this route with a consolidated, I think and I understood Mr. Migliori to be saying that what he's proposing to do is to bring in all of the claims there so you're dealing with one complaint, I'm dealing with one complaint, and then we'll sort it out.
>
> MR. MIGLIORI: It is.

Transcript of Hearing (October 30, 2007) at 10:5-17 (Ex. 1). The Court then permitted the PSC to file the consolidated complaint. *See* Practice and Procedure Order No. 4 at 1 (Docket #42).

As a member of the PSC and a signatory to the Consolidated Complaint, *French* plaintiffs' counsel Cory Watson is familiar with this Court's orders and should be expected to adhere to them. Counsel should not be permitted to file duplicative actions as a way to "circumvent[] the rules pertaining to the amendment of complaints." *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985); *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, No. 6:94-CV-489, 1995 WL 17133045, at *6 (E.D. Tex. Sept. 22, 1995) (dismissing duplicative lawsuit filed to avoid summary judgment and cure pleading defects in first action), *aff'd*, 95 F.3d 358 (5th Cir. 1996).

---

vigorously defend against class certification, but should not be required to simultaneously defend against wholly duplicative actions filed by the PSC or its members.

**CONCLUSION**

For the above reasons, Defendants request that this Court dismiss Plaintiffs' Class Action Complaint with prejudice.

Dated: July 10, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
Heather A. Pigman
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2008, the foregoing MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE PLAINTIFFS' CLASS ACTION COMPLAINT was electronically filed with the Clerk of Court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon the Plaintiffs' Liaison Counsel via facsimile and e-mail as indicated below:

Donald Migliori
MOTLEY RICE LLC
321 S. Main Street
P.O. Box 6067
Providence, RI 02940-6067
Facsimile: (401) 457-7708
E-mail: dmigliori@motleyrice.com
*(electronic notice)*

/s/ Kirby T. Griffis