**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO SMITH, HADLEY SCOTT, No. 1:08-cv-01937** | § § § | **JUDGE LISI** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS C.R. BARD, INC. AND DAVOL INC. TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT**

Defendants C.R. Bard, Inc. and Davol Inc. ("Defendants") by and through counsel, answer the Plaintiff's Supplemental Complaint ("Complaint") as follows:

## NATURE OF THE CASE

1. Answering the first sentence of Paragraph 1, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the allegations. The remaining allegations are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

## PARTIES

2. Paragraph 2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny the same.

3. These allegations are not directed at C.R. Bard, Inc. ("Bard"), and to the extent they are, Bard denies them. Davol Inc. ("Davol") admits that it is a subsidiary of Bard and that it is organized under the laws of Delaware with its principal place of

business at 100 Crossings Boulevard, Warwick, RI 02886. Davol further admits that part of its medical device business focuses on hernia repair prosthetics, including the Composix® Kugel® Hernia Patch.

4. These allegations are not directed at Davol, and to the extent they are, Davol denies them. Bard admits that it is organized under the laws of New Jersey and that Davol is its subsidiary. Bard denies the remaining allegations.

5. The allegations in Paragraph 5 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants admit that the requirements of 28 U.S.C. §1332 have been met.

## FACTUAL ALLEGATIONS

6. The allegations in Paragraph 6 of the Complaint are not directed toward Bard, and to the extent they are, Bard denies them. Davol admits that at certain times it designed, distributed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in this paragraph, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

7. These allegations are not directed toward Bard, and to the extent they are, Bard denies them. Davol admits that it manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in this paragraph, Defendants do not know what is meant by “delivery” beyond the meaning of “distributed”, which has

been admitted, or lack sufficient knowledge or information to form a belief as to the truth of the allegations. Defendants accordingly deny the remaining allegations.

8. Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

9. Davol admits that it distributed and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "tested" beyond the meaning of "designed" and "manufactured," which have been admitted. Davol accordingly denies these allegations. Bard denies each and every allegation presented in this paragraph.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants admit that the allegations in Paragraph 11 purport to characterize and paraphrase information found in the Establishment Inspection Report. Defendants admit that the complete and precise content of that information can be found in the Inspection Report itself. Defendants deny the remaining allegations.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

14. Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm.

15. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Davol further admits that it has received reports of ring migration, intestinal fistulae, bowel perforation, and death. As to the remaining allegation contained in Paragraph 15, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the paragraph, and therefore Defendants deny the allegations.

16. Defendants deny each and every allegation presented in this paragraph.

17. Defendants deny each and every allegation presented in this paragraph.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore deny the same.

19. Paragraph 19 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

20. Paragraph 20 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore deny the same.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore deny the same.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore deny the same.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore deny the same.

25. Paragraph 25 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

26. Defendants deny each and every allegation presented in this paragraph.

27. Defendants deny each and every allegation presented in this paragraph.

28. Defendants deny each and every allegation presented in this paragraph.

29. Defendants deny each and every allegation presented in this paragraph.

## FRAUDULENT CONCEALMENT

30. The allegations in Paragraph 30 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

31. Paragraph 31 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

32. Paragraph 32 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## CLAIMS FOR RELIEF
### Count I-Negligence

33. Defendants incorporate by reference their responses to each and every allegation contained in foregoing paragraphs as though fully set forth herein.

34. The allegations in Paragraph 34 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

35. The allegations in Paragraph 35 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

36. The allegations in Paragraph 36 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

37. The allegations in Paragraph 37 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

38. The allegations in Paragraph 38 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

39. The allegations in Paragraph 39 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

40. The allegations in Paragraph 40 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

41. The allegations in Paragraph 41 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

42. The allegations in Paragraph 42 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**Count II – Strict Liability: Failure to Warn**

43. Defendants incorporate by reference their responses to each and every allegation contained in foregoing paragraphs as though fully set forth herein.

44. Davol admits that at certain times it designed, manufactured, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard denies these allegations. As to the remaining allegations contained in Paragraph 44 of the complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the paragraph and therefore deny all remaining allegations.

45. The allegations in Paragraph 45 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

46. The allegations in Paragraph 46 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

47. The allegations in Paragraph 47 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

48. The allegations in Paragraph 48 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

49. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and therefore deny the same.

50. The allegations in Paragraph 50 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**Count III – Strict Liability: Design Defect**

51. Defendants incorporate by reference their responses to each and every allegation contained in foregoing paragraphs as though fully set forth herein.

52. Davol admits that at certain times it designed, manufactured, distributed and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 52 of the complaint, Defendants do not know what is meant by “assembled” or “conveyed” beyond the meanings of “manufactured” and “distributed” which have been addressed above. Davol accordingly denies the remaining allegations. Bard denies the allegations presented in this paragraph.

53. The allegations in Paragraph 53 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

54. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and therefore deny the same.

55. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and therefore deny the same.

56. The allegations in Paragraph 56 and its subparts (i) through (x) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

57. The allegations in Paragraph 57 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**Count IV-Breach of Implied Warranty**

58. Defendants incorporate by reference their responses to each and every allegation contained in foregoing paragraphs as though fully set forth herein.

59. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and therefore deny the same.

60. The allegations in Paragraph 60 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

61. The allegations in Paragraph 61 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

62. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and therefore deny the same.

63. The allegations in Paragraph 63 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

64. The allegations in Paragraph 64 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**Count V-Breach of Express Warranty**

65. Defendants incorporate by reference their responses to each and every allegation contained in foregoing paragraphs as though fully set forth herein.

66. The allegations in Paragraph 66 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

67. The allegations in Paragraph 67 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

68. The allegations in Paragraph 68 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

69. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and therefore deny the same.

70. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint and therefore deny the same.

71. The allegations in Paragraph 71 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**Count VI-Fraud**

72. Defendants incorporate by reference their responses to each and every allegation contained in foregoing paragraphs as though fully set forth herein.

73. Davol admits that at certain times it designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Bard denies each and every allegation presented in this paragraph.

74. The allegations in Paragraph 74 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

75. The allegations in Paragraph 75 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

76. The allegations in Paragraph 76 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

77. The allegations in Paragraph 77 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

78. The allegations in Paragraph 78 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

79. The allegations in Paragraph 79 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

80. The allegations in Paragraph 80 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

81. The allegations in Paragraph 81 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

82. The allegations in Paragraph 82 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

83. The allegations in Paragraph 83 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

84. The allegations in Paragraph 84 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**Count VII-Negligent Misrepresentation and Omission**

85. Defendants incorporate by reference their responses to each and every allegation contained in foregoing paragraphs as though fully set forth herein.

86. The allegations in Paragraph 86 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

87. The allegations in Paragraph 87 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

88. The allegations in Paragraph 88 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

89. The allegations in Paragraph 89 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

90. The allegations in Paragraph 90 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

91. The allegations in Paragraph 91 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**Count VIII-Violation of Gen. Bus. L. § 349**

92. Defendants incorporate by reference their responses to each and every allegation contained in foregoing paragraphs as though fully set forth herein.

93. The allegations in Paragraph 93 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

94. The allegations in Paragraph 94 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

95. The allegations in Paragraph 95 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

96. Davol admits that at certain times it designed, manufactured, distributed, advertised, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information within the United States, including the State of New York. Davol does not know what is meant by “promoting” beyond the meaning of “selling” which has already been admitted. Davol accordingly denies the allegations. Bard denies the allegations.

97. The allegations in Paragraph 97 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

98. The allegations in Paragraph 98 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

99. The allegations in Paragraph 99 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

100. The allegations in Paragraph 100 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

101. The allegations in Paragraph 101 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

102. The allegations in Paragraph 102 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

103. The allegations in Paragraph 103 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**Count IX – Negligent Infliction of Emotional Distress**

104. Defendants incorporate by reference their responses to each and every allegation contained in foregoing paragraphs as though fully set forth herein.

105. The allegations in Paragraph 105 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

106. The allegations in Paragraph 106 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

107. The allegations in Paragraph 107 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

108. The allegations in Paragraph 108 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

109. The allegations in Paragraph 109 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**Count X – Intentional Infliction of Emotional Distress**

110. Defendants incorporate by reference their responses to each and every allegation contained in foregoing paragraphs as though fully set forth herein.

111. The allegations in Paragraph 111 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

112. The allegations in Paragraph 112 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

113. The allegations in Paragraph 113 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

114. The allegations in Paragraph 114 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

115. The allegations in Paragraph 115 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**Count XI – Wrongful Death**

116. Defendants incorporate by reference their responses to each and every allegation contained in foregoing paragraphs as though fully set forth herein.

117. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint and therefore deny the same.

118. Paragraph 118 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

119. Paragraph 119 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

120. Paragraph 120 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

121. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121 and therefore deny the same.

## DAMAGES

122. Paragraph 122 of the Complaint, including subparts (A) through (F), states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The Plaintiff's Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Hadley Smith's, or his agents', including Hadley Smith's physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

8. If Hadley Smith used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Hadley Smith assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Hadley Smith's alleged injuries.

10. If Hadley Smith sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Hadley Smith, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

11. If Hadley Smith used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

12. The learned intermediary doctrine bars Plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings,

information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because Hadley Smith's injuries, if any, were the result of conduct of Hadley Smith, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Hadley Smith's pre-existing medical conditions.

17. If Hadley Smith suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Hadley Smith's alleged injury or damages.

18. Defendants state that if Hadley Smith sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct Defendants are not

responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiff's claims are barred, in whole or in part, because Hadley Smith's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

20. Hadley Smith failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiff and/or Hadley Smith and owe no duty to Plaintiff and/or Hadley Smith by which liability could be attributed to it.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff and/or Hadley Smith. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff and/or Hadley Smith did not rely on such representations or warranties and/or failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiff's causes of action are barred in whole or in part by Plaintiff's or Hadley Smith's own comparative negligence.

24. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

25. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees embodied in the New York Constitution and/or Louisiana Constitution.

28. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the New York Constitution and/or Louisiana Constitution.

29. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under New York, Louisiana and/or other applicable laws.

30. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiff's claims and/or plaintiff's right to recover damages – no liability, damages, or other admissions being admitted – are limited or barred by applicable survival statutes, wrongful death statutes, or other applicable statutes or law limiting claims or damages after the death of the person allegedly injured by Defendants.

32. Plaintiff's right to recover damages, no right to recover damages being admitted, is limited in whole or in part, to damages incurred prior to the death of Hadley Smith.

33. Any claims by Hadley Smith are barred because he is deceased.

34. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than New York.

35. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: July 15, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

David Buchanan
SEEGER WEISS LLP
One William Street
New York, NY 10004
*(electronic notice)*

John W. deGravelles
DEGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE, L.L.P.
618 Main Street
Baton Rouge, LA 70808
*(electronic notice)*

Daniel A. Claitor
7520 Perkins Road, Suite 170
Baton Rouge, LA 70808
*(electronic notice)*

/s/ Kirby T. Griffis