**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **IN RE: KUGEL MESH HERNIA REPAIR PATCH LITIGATION** | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO:**<br>**Walker, No. 08-1933-ML-LDA**<br>**Garrett, No. 08-2306-ML-LDA**<br>**Smith, No. 08-2322-ML-LDA**<br>**Gracyk, No. 08-2338-ML-LDA**<br>**Lagoe, No. 08-2339-ML-LDA** | § | **Chief Judge Mary M. Lisi** |

**MEMORANDUM IN SUPPORT OF DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS' CLAIMS SHOULD NOT BE DISMISSED**

Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol") (collectively, the "Defendants") request that the Court issue an Order to Show Cause why the claims of Plaintiffs Valerie Walker, Mashell Garrett, Theresa Smith, Joanne Gracyk and Ronald Lagoe (collectively "Plaintiffs") should not be dismissed pursuant to the Amended Case Management Order ("CMO") for failure to serve Defendants with a Plaintiff's Fact Sheet ("PFS") completed in all respects.

## FACTS

The CMO requires all plaintiffs to serve a completed PFS. *See* (CMO at 4-5). Plaintiffs who fail to do so are subject to dismissal following transmission of a warning letter and the expiration of the cure period established in the CMO. (*See id.* at 5).

Plaintiffs must serve a complete PFS within 90 days of the date of docketing of their cases in the MDL. (*Id.* at 4). The claims of Plaintiffs Walker, Garrett and Smith were transferred to this MDL on February 12, 2008 (CTO-13). Accordingly, their PFSs were due to defendants by May 12, 2008. The claims of Plaintiffs Gracyk and Lagoe were transferred to this

MDL on February 27, 2008 (CTO-14). Accordingly, their PFSs were due to defendants by May 27, 2008. Plaintiffs failed to submit a completed PFS within the ninety day period required by the Court's Order.

As specified in the CMO, Defendants sent a warning letter to Plaintiffs' counsel on May 13, 2008, and May 28, 2008. (*See* Letters from David W. Thomas of May 13, 2008, and May 28, 2008 (Ex. A)). The CTO-13 Plaintiffs, Walker, Garrett and Smith, were verbally granted a two and a half week extension by Defendants and agreed to submit their PFSs by July 14, 2008. The PFSs of the CTO-14 Plaintiffs, Gracyk and Lagoe, were also due on July 14, 2008. As of July 15, 2008, Defendants have still not received a PFS from any of the Plaintiffs. Therefore, Plaintiffs Walker, Garrett, Smith, Gracyk and Lagoe have failed to comply with the CMO.

**ARGUMENT**

Coordination of cases in a MDL is intended to promote efficiency in pre-trial discovery. To effectuate the efficient administration of claims through the MDL process, a MDL court must have the discretion to control its docket and authority to ensure that its orders are followed. *See, e.g.,* (CMO at 3); *see also Torres v. Puerto Rico*, 485 F.3d 5, 10 (1st Cir. 2007).

Dismissal is appropriate where, as here, plaintiffs have failed to comply with a MDL Court's PFS process. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865-68 (8th Cir. 2007) (affirming MDL court's denial of relief under Fed. R. Civ. P. 60(b) from dismissal with prejudice based on plaintiffs' delay and deficiencies in completing PFS and medical disclosure form where plaintiffs had received warnings and opportunity to cure); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006) (upholding MDL court's dismissal of plaintiffs' claims for failure to serve PFS; noting that warning letters were sent to plaintiffs, but letters did not prompt service of PFSs).

As this Court has recognized, when plaintiffs fail to proceed with their claims in the manner consistent with this Court's orders, the Court may order a variety of sanctions, including dismissal with prejudice. (CMO at 5); *see also Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este And Sarah Lopez, M.D.*, 456 F.3d 272, 275 (1st Cir. 2006) ("[F]ederal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines. . . . [including] case-management orders.") (citations omitted); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus warrants dismissal)") (citation omitted). Although the sanction of dismissal is severe, it is justified where the plaintiff (1) has failed to submit a PFS, or (2) where the plaintiff has failed to substantially complete the PFS in all respects, and the PFS thus contains a material deficiency and (3) Defendants state to the Court that they have exhausted all efforts provided by the Court's CMO. *See* (CMO at 5); *see also Tower Ventures, Inc.*, 296 F.3d at 45-46 ("[A] litigant who ignores case-management deadlines does so at his peril.") (citation omitted). Each of these elements exists here:

1. Plaintiffs knew of their obligation to serve a PFS. In addition to clear language in the CMO and Order, Defendants sent correspondence to plaintiffs highlighting this obligation. *See* correspondence attached as Exhibit A. Plaintiffs' cannot claim that their failure to timely serve PFSs is due to lack of knowledge or warning.

2. Defendants are unfairly prejudiced by Plaintiffs' failure to comply with the Court-ordered CMO requirements.[1] Plaintiffs' failure to serve Defendants with PFSs — especially as it

[1] To date there are 740 cases pending in the MDL and federal courts and 1022 state actions. Including class action plaintiffs, Defendants are investigating the claims of nearly 1,800 plaintiffs. Defendants' obligation to this Court and plaintiffs who have timely submitted PFSs is hampered by a plaintiff who fails to follow CMO deadlines. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) ("Given the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger of prejudice substantial. The delay also impacted the nearly 1,400 other plaintiffs by unfairly diverting the time and attention of the court away from their timely claims to that of the [plaintiffs].")

relates to authorizations and core medical discovery — is a material deficiency that impedes Defendants' ability to begin their defense in this matter. *See, e.g.*, (CMO at 5) ("*i.e.*, a deficiency that prejudices Defendants through a failure to provide the necessary information, thereby impending Defendants' access to material and relevant evidence"); *see also In re PPA*, 460 F.3d at 1234-35 (upholding MDL court's dismissal of plaintiffs' claims for failure to submit required authorization forms necessary to obtain medical records and financial documents)..

3. Plaintiffs have been warned by the Court in the CMO and by Defendants in their correspondence that the sanction of dismissal could be imposed if plaintiffs failed to serve PFSs. *See* (CMO at 5).

The Court provided an appropriate opportunity for plaintiffs to cure their failure to comply with the PFS obligations of the CMO. (CMO at 5). In such circumstances, dismissal is an appropriate remedy in MDL proceedings. *See In re Guidant*, 469 F.3d at 867 (dismissal for delay and deficiencies in completing a PFS protects the efficiency purpose of an MDL); *In re PPA*, 460 F.3d at 1234 ("dismissal [for failure to serve a PFS] serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt . . . .").

As the *In re Guidant* and *In re PPA* courts recognized, MDL litigation is procedurally unique given the complex issues and large volume of cases. These are among the reasons that MDL courts approve the use of PFSs to streamline pretrial discovery and regularly set significant sanctions in CMOs to ensure compliance with the PFS process. Plaintiffs' failure to serve PFSs has precluded discovery regarding their claims in disregard for this Court's case management objectives. Dismissal is a proper remedy because there is no excuse for Plaintiffs' failure to submit a PFS within the deadlines established by the CMO. *See In re PPA*, 460 F.3d at 1233

(noting MDL court was not persuaded by excuses of difficulty in locating clients, debilitating nature of injuries, or burden of complying with other CMOs); *cf. Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998) ("[A]n attorney's blunder binds her client.").

* * *

For the forgoing reasons, Defendants respectfully request that the Court enter an order to show cause why the claims of plaintiffs Valerie Walker, Mashell Garrett, Theresa Smith, Joanne Gracyk and Ronald Lagoe should not be dismissed for failure to comply with the CMO.

Dated: July 15, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
William J. Cople, III
1350 I Street NW
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

*Attorneys for Defendant C.R. Bard, Inc. and Defendant Davol Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 15th day of July, 2008 served a true and correct copy of the foregoing Memorandum in Support of Defendant C.R. Bard, Inc.'s and Defendant Davol Inc.'s Motion for Order to Show Cause Why Plaintiffs' Case Should Not Be Dismissed, by operation of the Court's Electronic Case Filing System, on the following, including Plaintiffs' Liaison Counsel:

Donald Migliori
MOTLEY RICE LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(via electronic notice)*

Steven M. Johnson.
THE JOHNSON LAW FIRM
3437 West Seventh Street #258
Fort Worth, TX 76107
Fax: (214) 853-4151
*(via facsimile)*

Robert N. Wilkey
POGUST & BRASLOW LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428
*(via electronic notice)*

Michael A. London
DOUGLAS AND LONDON, P.C.
111 John Street, Suite 1400
New York, NY 10038
*(via electronic notice)*

s/ Kirby T. Griffis