UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

In re: Kugel Mesh Hernia
Repair Patch Litigation MDL Docket No. 07-1842ML

**MEMORANDUM AND ORDER**

Before the Court for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72) is Defendants' Motion Seeking Clarification of Order Prohibiting Ex Parte Contacts with Plaintiffs' Treating Physicians. (Document No. 1111). Plaintiffs object. (Document No. 1133). The Motion was heard on July 10, 2008.

This Motion relates to an Order issued on January 22, 2008 (Document No. 245) denying Defendants' Motion Seeking Ex Parte Contacts with Plaintiffs' Treating Physicians. Defendants' Motion asked the Court to recognize "its right to engage in substantive ex parte contacts with Plaintiffs' past and/or present treating physicians in the eight states where the Plaintiffs live in the ten cases selected for ADR." (Document No. 77-2 at p. 1) (emphasis added). In response, Plaintiffs successfully argued, inter alia, that such contacts were unnecessary because "the treating physicians are subject to subpoena" and "Defendants have not identified a single piece of evidence which can be properly obtained through ex parte communications but cannot be obtained by ordinary discovery." (Document No. 171-2 at pp. 17-18) (emphasis in original).

The instant Motion requests that "the Court clarify its prior order regarding ex parte contacts to permit Defendants limited contact with treating physicians (and their offices) for purposes of arranging depositions and facilitating the production of documents in conjunction with those depositions." (Document No. 1111-2 at p. 5). In response, Plaintiffs contend that "Defendants

should cease all ex parte contact with Plaintiffs' treating physicians – as they were ordered to do – and simply allow Plaintiffs' Liaison Counsel to serve any necessary notices of deposition." (Document No. 1133 at p. 4).

Defendants' Motion presents a narrow request for clarification related only to deposition scheduling and document production. Plaintiffs' opposition seeks to alter the general rules for non-party discovery by requiring that Defendants serve all subpoenas through Plaintiffs' liaison counsel. Plaintiffs have provided no support for this extraordinary request and, in fact, it conflicts with their earlier, successful argument that the availability of "conventional discovery" devices precluded Defendants' claimed need for substantive ex parte contacts. Plaintiffs were correct then and they remain so. Defendants' counsel are prohibited from engaging in substantive ex parte contacts with past and/or present treating physicians of Plaintiffs but may, in accordance with Fed. R. Civ. P. 45, serve subpoenas on treating physicians accompanied by a non-substantive cover letter which includes an appropriate notification to such treating physicians of the Court's Order prohibiting substantive ex parte communications between them and Defendants' counsel (and their agents). Defendants' counsel may also engage in follow-up, non-substantive communications with a treating physician's office or representative to address logistical and scheduling issues only. Defendants' counsel shall, however, make every reasonable effort to limit these communications to letter, fax or email which are copied to Plaintiffs' liaison counsel. A substantive communication in this context is one which goes beyond logistical and scheduling issues and touches upon topics such as Plaintiff treatment, past/present physical or psychological condition, medical history, employment history, finances etc.

Defendants also seek to interject the issue of expert witnesses into their request for clarification – in particular, Defendants' ability to retain consulting or testifying experts who may have treated a Plaintiff. Defendants devote a single paragraph to this issue in their Motion for Clarification. (Document No. 1111-2 at pp. 4-5). However, Defendants' request for relief (in both their Motion and Reply Memorandum) does not ask for any relief on the expert witness issue. They simply request that "the Court...clarify its prior ex parte contacts order to allow Defendants to issue notices of deposition and subpoenas to treating physicians." (Document No. 1143 at p. 10). The Court has done so, and there is no further request pending before the Court.

At the hearing, Plaintiffs' counsel requested the opportunity to submit further briefing on the issue of "protections" if Defendants were allowed to retain treating physicians as experts. However, the issue is not properly before the Court at this time and thus Plaintiffs' request for further briefing is moot. The only issue properly before this Court is the one which Chief Judge Lisi referred on June 26, 2008 for determination, i.e., the narrow request for clarification made in Defendants' pending Motion. Although the expert issue may be a live dispute between the parties, neither side has properly presented that issue to the Court in an appropriate (and fully briefed) motion.

As set forth herein, Defendants' Motion Seeking Clarification (Document No. 1111) is GRANTED.

SO ORDERED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 21, 2008