**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **IN RE: KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | ) ) ) | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENTS RELATES TO:** | ) ) | **Judge Mary M. Lisi** |
| **ALL ACTIONS** | ) ) | |

**PLAINTIFFS' MOTION TO COMPEL IDENTIFICATION OF ALL PLAINTIFFS' TREATING PHYSICIANS WHO HAVE BEEN CONTACTED OR RETAINED AS CONSULTING EXPERTS BY DEFENDANTS**

Plaintiffs, by their attorneys, respectfully request that this Honorable Court grant this Motion to Compel the Identification of All Plaintiffs' Treating Physicians Contacted or Retained as Consulting Experts by Defendants. In support of their Motion, Plaintiffs state as follows:

**INTRODUCTION**

1. Plaintiffs are entitled to know which treating physicians are taking part in *ex parte* interviews and communications with defense counsel, regardless of how Defendants chose to frame the nature of those communications. Defendants should be required to provide Plaintiffs with the name of each one of Plaintiffs' treating physicians who has consulted with defense counsel; the date of each initial consultation; the date any contract or agreement was signed; copies of all written communication with the treating physicians; and a list of all documents that the treating physicians provided to Defendants (or where otherwise exchanged between the treating physician and Defendants) and when those documents were exchanged or produced. To do otherwise is to deny Plaintiffs relevant and discoverable information regarding individuals who are not only their fiduciaries, but will testify as fact witnesses in their cases.

**BACKGROUND**

2. On January 22, 2008, this Court entered an Order prohibiting *ex parte* contacts between defense counsel and Plaintiffs' treating physicians. [Docket No. 245]. As such, Defendants are, and have been, explicitly prohibited from engaging in substantive *ex parte* communications with Plaintiffs' treating physicians.

3. On June 12, 2008, after a dispute between the parties relating to the Notices of Deposition being served by defense counsel, and subsequent conversation between defense counsel and certain Plaintiffs' treating physicians, Defendants filed a Motion for Clarification of Order Prohibiting Ex Parte Contacts With Plaintiffs' Treating Physicians. [Docket No. 1111]. In that motion, defense counsel insinuated that they either had already, or intended to, contact and/or retain Plaintiffs' treating physicians as consultants and/or experts. *Id*., p. 4.

4. On June 17, 2008, during an open session status hearing in front of the Honorable Judge Mary M. Lisi, defense counsel again mentioned contacting and/or retaining Plaintiffs' treating physicians as consultants and/or experts. In light of the possible implications that conduct would have on the Court's prior order (prohibiting *ex parte* contacts between defense counsel and Plaintiffs' treating physicians), Judge Lisi instructed defense counsel to cease any contact with Plaintiffs' treating physicians who they had retained as consulting surgeon experts until after the Court had ruled on the issue.

5. On July 21, 2008, Magistrate Judge Almond ruled on Defendants' Motion for Clarification, finding that defense counsel are permitted to serve deposition notices and discovery requests on Plaintiffs' treating physicians – but requiring that these discovery notices warn the treating physicians of the Courts' prohibition of substantive *ex parte* contacts with defense counsel. [Docket No. 1222]. However, the Court held that Defendants had improperly sought to "interject the issue of expert witnesses into their request for clarification." *Id.* As

such, the Court did not rule on whether defense counsel are allowed to contact or retain Plaintiffs' treating physicians as consultants and/or experts.

6. The day after this ruling, June 22, 2008, Plaintiffs' Liaison Counsel sent a letter to defense counsel, Kirby T. Griffis, reminding him of the Courts' prohibition of *ex parte* communications between defense counsel and Plaintiffs' treating physicians and requesting that Defendants identify which physicians they have previously communicated with (and the dates of those communications). *See* Exhibit A, Letter from Donald A. Migliori to Kirby T. Griffis of July 22, 2008.[1] Defense counsel responded that they intended to seek further clarification of the Courts' January 22, 2008 order prohibiting *ex parte* communications, are not *currently* communicating with Plaintiffs' treating physicians, but would not provide Plaintiffs a list of the treating physicians with which they have previously had *ex parte* communications. *See* Exhibit B, Letter from Kirby T. Griffis to Donald A. Migliori of July 24, 2008.

7. Finally, on July 24, 2008, Defendants filed their Motion to Enforce the Amended Case Management Order and Permit Communications with Consulting Surgeon Experts Who are Also Treating Physicians ("Motion to Permit Communications"); attempting to properly place at issue whether they may contact or retain Plaintiffs' treating physicians as consultants or experts. [Docket No. 1229]. That motion seeks "an Order that [Defendants] may *resume* communications with their consulting surgeon experts…." *Id.*, p. 1. As such, Defendants have acknowledged to the Court that they have already had substantive conversations with multiple Plaintiffs' treating physicians (as consultants).

[1] This letter was incorrectly dated June 22, 2008, however, the content of the letter (discussing the Court's July 21, 2008 Order) demonstrates that it was, in fact, sent to defense counsel on July 22, 2008.

**DISCUSSION**

8. Through this Motion, Plaintiffs seek disclosure of information relating to the *ex parte* contacts defense counsel have had with Plaintiffs' treating physicians. The purpose of this Motion is *not* to respond to the arguments made in Defendants' second Motion to Permit Communications. In that motion, Defendants argue that despite the Court's order prohibiting *ex parte* contacts between defense counsel and Plaintiffs' treating physicians, they are entitled to contact and retain Plaintiffs' treating physicians as "consulting surgeon experts." *Id.* Plaintiffs' will address all arguments regarding the propriety of such contacts and communications in their memorandum in opposition to that motion.

9. Plaintiffs' are entitled to the disclosure of the identity of any treating physician who has been retained or contacted as a consultant or expert by Defendants. This information is relevant and discoverable, the disclosures are not precluded by Federal Rule of Civil Procedure 26(b)(4)(B) and it is necessary for Plaintiffs to know if they are potentially having improper discussions with Defendants' consulting experts during *ex parte* communications with their physicians – as specifically allowed by the Court's previous order. [Docket No. 245].

*Disclosure is Necessary Because the Information is Relevant and Discoverable*

10. The identity of any treating physician acting as a consultant is relevant and discoverable by Plaintiffs because the consulting arrangement may demonstrate bias when providing testimony in the Plaintiff's case. Each of these treating physicians will offer evidence as a fact witness in their patient's case. Any potential bias they may have based upon their conversations with - and possibly their compensation by – Defendants is directly relevant to the testimony they offer as fact witnesses even if they are not called to testify as an expert in a case involving their patient. In order to fully investigate this potential bias, Plaintiffs must be provided with the discovery they seek through this motion.

11. Any argument that Plaintiffs are not entitled to the names of these treating physicians because they are merely "consultants" and have not been retained as expert witnesses who will testify at trial is unfounded. This is not a situation where Defendants have retained industry consultants merely to gather information and develop their case, but who will never provide testimony in any respect in the case. These treating physicians *will* be fact witnesses in this litigation, and their biases are directly relevant and discoverable.

*<u>Disclosure of this Information is Not Prohibited by Rule 26(b)(4)</u>*

12. Rule 26(b)(4)(B) states that "[o]rdinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial," unless upon a "showing [of] exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. Rule Civ. P. 26. In *Grinnell Corp v. Hackett*, however, this Court explained that Rule 26(b)(4) was adopted to resolve the controversy over the extent to which discovery of expert information was permissible "in favor of a much more liberal discovery than was previously permissible." 70 F.R.D. 326, 332 (D.R.I. 1976) (*citing* Wright and Miller, Federal Practice and Procedure: Civil § 2029). In *Grinnell Corp.*, the Court concluded that "[t]he basis for any restrictions in Rule 26 on the discovery of information held by experts now lie in the doctrine of "fairness." *Grinnell*, 70 F.R.D. at 332-33 (*citing* Advisory Committee Notes).

13. Plaintiffs' counsel does not seek to discover the substance of the medical and scientific consultation provided by these treating physicians – just their names and the circumstances under which they were retained. Considering these treating physicians are fiduciaries to the Plaintiffs, they will testify as fact witnesses in their patients' cases and

Plaintiffs may have a continuing physician-patient relationship with these doctors, it is only "fair" that the identities of these treating physicians be disclosed.

*Plaintiffs Must Know if an Ex Parte Communication is with Defendants' Consulting Expert*

14. Finally, if Defendants have retained Plaintiffs' treating physicians as experts to assist in their defense of the litigation, any *ex parte* communications with those treating physicians by Plaintiffs' counsel could be prohibited, and could theoretically subject Plaintiffs' counsel to disciplinary action. Because the Court's January 22, 2008, order (regarding *ex parte* contacts) specifically allows Plaintiffs to conduct *ex parte* communications with their treating physicians, such a result is contrary to reason and the Court's prior order. However, for this reason alone, it is necessary for Plaintiffs' counsel to be provided with the identities of the treating physicians who are acting as consultants for Defendants.

15. A treating physician is a Plaintiff's fiduciary, and may create a conflict of interest by aligning with Defendants in this litigation. Plaintiffs and their counsel are entitled to take part in communications with their treating physicians – which might be compromised should those treating physicians be acting as consultants for Defendants. Indeed, a conflict of interest may exist and a treating physician may be breaching her fiduciary duty to a Plaintiff by acting as a paid consultant for Defendants in this litigation.[2] Several courts have noted that *ex parte* interviews between defense counsel and physicians create the potential for doctors to be exposed to tort liability for breach of the patient's right to privacy or to professional discipline for unprofessional conduct. *See, e.g., Alexander v. Knight,* 177 A.2d 142, 146 (Pa. 1962)(a physician's fiduciary duties include "a

[2] Plaintiffs do not waive the right to contest or challenge the admissibility of any treating physician's testimony at trial. Moreover, Plaintiffs do not waive any recourse they may have under state law against a treating physician for breach of fiduciary duty. However, at this point, Plaintiffs (at the very least) are entitled to know whether their physicians are being paid by Defendants to provide testimony or evidence against them, and the circumstances of the consultations.

duty to refuse affirmative assistance to the patient's antagonist in litigation"); *Hammonds v. Aetna Cas. & Sur. Co.*, 243 F.Supp. 793, 799 (N.D.Ohio 1965) ("during the course of [litigation], in addition to the duty of secrecy, there arises the duty of undivided loyalty."); *Miles v. Farrell*, 549 F.Supp. 82, 84 (N.D. Ill. 1982); *Perkins v. U.S.*, 877 F. Supp. 330, 333-334 (E.D. Tex. 1995); *see also*, *Wenninge v. Muesingr*, 240 N.W.2d 333 (Minn. 1976). This potential conflict of interest is not only directly relevant to the Plaintiffs' claims – and therefore discoverable – it could affect the nature of Plaintiffs' ongoing treatment and the candor and openness with which they talk to their treating physicians.

**REQUESTED RELIEF**

16. For these reasons, Plaintiffs request that the Court compel Defendants to provide Plaintiffs with the name of each one of Plaintiffs' treating physicians who has consulted with defense counsel; the date of each initial consultation; the date any contract or agreement was signed; copies of all written communication with the treating physicians; and a list of all documents that the treating physicians provided to Defendants (or where otherwise exchanged between the treating physician and Defendants) and when those documents were exchanged or produced.

DATED: July 29, 2008

Respectfully submitted,

/s/ Donald A. Migliori

Donald A. Migliori (#4936)
MOTLEY RICE LLC
321 South Main Street
Suite 200
Providence, RI 02903
401-457-7700
401-457-7708 FAX

***MDL 1842 Plaintiffs' Liaison Counsel***

**CERTIFICATE OF SERVICE**

I, Donald A. Migliori, hereby certify that a copy of the foregoing Plaintiff's ***Motion to Compel*** was electronically filed. Those attorneys who are registered with the Electronic Filing System may access these filings through the Court's System, and notice of these filings will be sent to these parties by operation of the Court's Electronic Filing System.

Dated: July 29, 2008

/s/ Donald A. Migliori

Donald A. Migliori
MOTLEY RICE LLC
321 South Main Street
Suite 200
Providence, RI 02903
401-457-7700
401-457-7708 FAX