**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO BOKEMPER, No. 1:08-cv-2070 SWAFFORD, No. 1:08-cv-2069 THOMPSON, No. 1:07-cv-1989** | § § § | **JUDGE LISI** |

**MEMORANDUM IN SUPPORT OF DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF'S CLAIMS SHOULD NOT BE DISMISSED**

Defendant C.R. Bard, Inc. and Defendant Davol Inc. (collectively, "Defendants") request that the Court issue an Order to Show Cause why the claims of plaintiffs Anton Bokemper ("Bokemper"), Nancy Swafford ("Swafford") and Paula Thompson ("Thompson"), (collectively "Plaintiffs"), should not be dismissed pursuant to the Amended Case Management Order ("CMO") for failure to serve Defendants with a Plaintiff's Fact Sheet ("PFS") which is complete in all material respects.

**FACTS**

The CMO requires all plaintiffs to serve a completed PFS. *See* (CMO at 4-5). The claims of plaintiffs who fail to do so are subject to dismissal after Defendants' counsel sends the plaintiff a warning letter and the cure period established in the CMO expires. (*See id.* at 5).

Thompson's claim was transferred to this MDL on December 7, 2007 (CTO-10). Accordingly, her PFS was due to defendants by March 5, 2008. Bokemper's and Swafford's respective claims were transferred to this MDL on January 15, 2008 (CTO-12). Accordingly, their PFSs were both due to defendants by April 14, 2008. Plaintiffs failed to submit a PFS within the ninety day period required by the Court's Order.

As specified in the CMO, Defendants sent a warning letter regarding each of the three Plaintiffs to their counsel on March 17, 2008, and May 5, 2008. (See Letters from David W. Thomas of March 17, 2008, and May 5, 2008 (Ex. A)). Defendants received Thompson's PFS on April 2, 2008, and that of Bokemper and Swafford on May 12, 2008. *See* Thompson PFS (Ex. B); Bokemper PFS (Ex. C); Swafford PFS (Ex. D). All three Plaintiffs, however, failed to follow the mandate of the CMO and substantially complete their PFS, and instead provided Defendants with severely deficient submissions.

Again following the specifications of the CMO, Defendants sent a warning letter informing Plaintiffs' counsel that Plaintiffs' PFSs were incomplete, and therefore noncompliant with the CMO. (*See* Letters from David W. Thomas of April 30, 2008 (Ex. E), and May 13, 2008 (Exs. F (Bokemper) and G (Swafford)). As provided in the CMO, Thompson's supplemental PFS was due on June 16, 2008, and Bokemper's and Swafford's supplemental PFSs were due on June 27, 2008.

Although the CMO does not require a third warning letter, Defendants sent an additional warning letter notifying Plaintiffs' counsel that Defendants would file a Motion to Show Cause if a supplemental PFS was not received by July 25, 2008. *See* Letter from Jessica Krieg of July 16, 2008 (Ex. H). As of July 31, 2008, Plaintiffs have failed to provide Defendants with a supplemental PFS, despite two warning letters.

Amongst the deficiencies identified by Defendants are failures to provide required authorizations and failure to provide core medical information, including information related to the alleged injuries, alternative causation, and even product use. Plaintiffs' PFSs had multiple blank or materially inadequate responses, including several regarding their medical history. For example, Bokemper included information that he has a previous disability claim due to

blindness, however he failed to provide complete information about any prior claim. This materially prejudices defendants in defending their claim against Bokemper because this is a significant medical condition unrelated to his claim against Defendants. All Plaintiffs failed to provide complete information about their claims against defendants, including: information about surgeries involving the Composix® Kugel® Patch, alleged injuries from the Composix® Kugel® Patch, out-of-pocket expenses, potential witnesses, and documents in their possession. Plaintiffs failed to provide complete information about their medical histories, including: healthcare providers visited over the past twenty years, suffered medical conditions, names and dosages of prescription medications, and medical insurance history. This type of information is crucial to Defendants ability to defend against Plaintiffs' case and, without it, Defendants are severely prejudiced in their ability to prepare a defense to Plaintiffs' claims.

In addition, Plaintiffs failed to provide the authorizations required by the Court-approved PFS.[1] Again, by denying Defendants these submissions, Plaintiffs are materially hampering Defendants in the defense of Plaintiffs' claims. Plaintiffs did not respond to Defendants' deficiency letters or request additional time to respond. To date, they have not served Defendants with a supplemental PFS or any other information curing the deficiencies noted in Defendants' warning letter.

**ARGUMENT**

Coordination of cases in a MDL is intended to promote efficiency in pre-trial discovery. To effectuate the efficient administration of claims through the MDL process, a MDL court must have the discretion to control its docket and authority to ensure that its orders are followed. *See,*

[1] Thompson only provided one authorization for the release of her medical records, instead of the required ten; Thompson failed to provide any authorizations for the release of her employment

*e.g.,* (CMO at 3); *see also Torres v. Puerto Rico*, 485 F.3d 5, 10 (1st Cir. 2007). As this Court has recognized, when plaintiffs fail to proceed with their claims in a manner consistent with this Court's orders, the Court may order a variety of sanctions, including dismissal with prejudice. (CMO at 5); *see also Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este And Sarah Lopez, M.D.*, 456 F.3d 272, 275 (1st Cir. 2006) ("[F]ederal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines. . . . [including] case-management orders.") (citations omitted); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus warrants dismissal)") (citation omitted). Although the sanction of dismissal is severe, it is justified when (1) a plaintiff has failed to substantially complete the PFS in all respects and the PFS thus contains a material deficiency and (2) Defendants state to the Court that they have exhausted all efforts described in paragraph VI.D.v. (CMO at 5); *see also Tower Ventures, Inc.*, 296 F.3d at 45-46 ("[A] litigant who ignores case-management deadlines does so at his peril.") (citation omitted). Each of these elements exists here.

1. Plaintiffs knew of the obligation to serve a complete PFS in all material respects. As ordered by this Court, Plaintiffs' obligation to serve a complete PFS includes the requirement to leave no questions blank, even if "plaintiff can only answer the question in good faith by indicating 'not applicable' or 'I don't know.'" (CMO at 5); Ex. B, C and D at page 1. In addition to this clear language in the CMO, Defendants sent a warning letter to Plaintiffs' counsel highlighting this obligation. Plaintiffs' failure to serve a PFS completed in all material respects is thus not due to lack of knowledge or warning.

---

records; all Plaintiffs failed to provide executed authorizations for the release of disability insurance or worker's compensation benefits. *See* Ex. E at paragraphs 9, 11, 12.

2. Defendants are unfairly prejudiced by Plaintiffs' failure to comply with the Court-ordered CMO requirements.[2] Plaintiffs' omissions — especially as they relate to authorizations and core medical discovery — are not only material, but willfully disobedient of the Court's CMO. *See, e.g.,* (CMO at 5) ("i.e., a deficiency that prejudices Defendants through a failure to provide the necessary information, thereby impeding Defendants' access to material and relevant evidence"); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234-35 (9th Cir. 2006) (upholding MDL court's dismissal of plaintiffs' claims for failure to submit required authorization forms necessary to obtain medical records and financial documents).

3. Plaintiffs have been warned by both the Court in the CMO and by Defendants in their letters that the sanction of dismissal could be imposed if Plaintiffs failed to serve a complete PFS in all material respects. *See* (CMO at 5); Exhibit A, E, F & G; *cf. In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865-68 (8th Cir. 2007) (affirming MDL court's denial of relief under Fed. R. Civ. P. 60(b) from dismissal with prejudice based on plaintiffs' delay and deficiencies in completing PFS and medical disclosure form where plaintiffs had received warnings and opportunity to cure); *In re PPA*, 460 F.3d at 1235 (upholding MDL court's dismissal of plaintiffs' claims for failure to serve a complete PFS, when plaintiff supplemented her PFS with the required authorizations "six days after the motion was filed and nearly two months after the authorizations were due").

---

[2] To date there are 756 cases pending in the MDL and federal courts and 1115 state actions. Including class action plaintiffs, Defendants are investigating the claims of over 1,900 plaintiffs. Defendants' obligation to this Court and plaintiffs who have timely submitted PFSs is hampered by plaintiffs who fail to follow CMO deadlines. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) ("Given the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger of prejudice substantial. The delay also impacted the nearly 1,400 other plaintiffs by unfairly diverting the time and attention of the court away from their timely claims to that of the [plaintiffs].")

4. Defendants have provided substantial opportunity for Plaintiffs to cure their failure to comply with the CMO. (CMO at 5); Exhibit E, F, G & H. In such circumstances, dismissal is an appropriate remedy in MDL proceedings for failure to adhere to court orders as it relates to the service of complete PFSs and related filings. *See In re Guidant*, 469 F.3d at 867 (dismissal for delay and deficiencies in completing a PFS protects the efficiency purpose of an MDL); *In re PPA*, 460 F.3d at 1234 ("dismissal [for failure to serve a complete PFS] serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt . . . ."); *see also Santiago-Diaz*, 456 F.3d at 276 ("[T]he substance of the belated [and incomplete expert witness] disclosures . . .does not come within a country mile of satisfying the requirements of either the case-management order or the Civil Rules.").

As the *In re PPA* and *In re Guidant* courts recognized, MDL litigation is procedurally unique given the complex issues and large volume of cases. These are among the reasons that MDL courts approve the use of PFSs to streamline pretrial discovery and regularly set significant sanctions in CMOs to ensure compliance with the PFS process. Plaintiffs' failure to serve a complete PFS has hindered discovery regarding their claims and severely hampered the pace this Court set for its docket. Dismissal is a proper remedy because there is no excuse for Plaintiffs' failure to provide a supplemental PFS despite Defendants' second warning letter. *See In re PPA,* 460 F.3d at 1233 (noting MDL court was not persuaded by excuses of difficulty in locating clients, debilitating nature of injuries, or burden of complying with other CMOs); *cf. Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998) ("[A]n attorney's blunder binds her client.").

For the foregoing reasons, Defendants respectfully request that the Court enter an Order to Show Cause why the claims of plaintiffs Anton Bokemper, Nancy Swafford and Paula Thompson should not be dismissed for failure to comply with the CMO.

Respectfully submitted,

July 31, 2008

s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 31st day of July, 2008 served a true and correct copy of the foregoing Memorandum in Support of Defendant C.R. Bard, Inc.'s and Defendant Davol Inc.'s Motion for Order to Show Cause Why Plaintiffs' Case Should Not Be Dismissed, by operation of the Court's Electronic Case Filing System, on the following, including Plaintiffs' Liaison Counsel:

Donald Migliori
MOTLEY RICE LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(via electronic notice)*

Charles H. Johnson
CHARLES H. JOHNSON AND ASSOCIATES
2599 Mississippi Street
New Brighton, Minnesota 55112
*(via electronic notice)*

s/ Kirby T. Griffis
Kirby T. Griffis