**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO VALEDEZ, KRAIG No. 1:08-cv-02458** | § § § | **JUDGE LISI** |

# ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC.

Defendant C.R. Bard, Inc. ("Bard"), by and through counsel, files this answer to Plaintiff's Complaint and states the following:

## PARTIES AND JURISDICTION

1. Bard admits that it is incorporated in a state other than Oklahoma and incorporated in a state other than Oklahoma. Bard does not know what is meant by "introduced into the stream the commerce" and therefore denies the allegation, but admits it has done business at various times throughout the United States, including Oklahoma. Bard lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

2. Bard lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

3. Paragraph 3 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Bard admits that Plaintiff's claims properly invoke the jurisdiction of this Court.

**FIRST CAUSE OF ACTION**
**STRICT PRODUCTS LIABILITY**

4. Bard lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

5. Paragraph 5 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Bard denies the allegation.

6. Bard lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

7. Paragraph 7 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Bard denies the allegation.

**SECOND CAUSE OF ACTION**
**DEFECTIVE WARNING**

8. Paragraph 8 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Bard denies the allegation.

9. Paragraph 9 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Bard denies the allegation.

**THIRD CAUSE OF ACTION**
**IMPLIED WARRANTY**

10. Paragraph 10 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Bard denies the allegation.

11. Paragraph 11 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Bard denies the allegation.

12. Paragraph 12 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Bard denies the allegation.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Bard upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Bard in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Bard in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiff's claims against Bard in whole or in part.

5. Applicable statutes of limitations, statutes of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff's, or his agents', including his physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

7. If Plaintiff used a product sold by Bard, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Bard, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

9. If Plaintiff sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of

Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

10. If Plaintiff used a product sold by Bard, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

11. The learned intermediary doctrine bars Plaintiff's claims.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

16. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Bard is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bard. Such

acts or omissions on the part of other persons or entities, such diseases, and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

17. Bard states that if Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct this Defendant is not responsible; accordingly, Bard is entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

19. Plaintiff failed to mitigate damages, which limits Plaintiff's recovery, if any, in whole or in part.

20. Bard has no legal relationship or privity with Plaintiff and owes no duty to Plaintiff by which liability could be attributed to it.

21. Bard made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Bard specifically denies, then Plaintiff failed to give notice of any breach thereof. Moreover, Bard effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiff's claims are barred in whole or in part by Plaintiff's own comparative negligence.

23. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

24. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Bard's product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Bard, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars any alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Bard's rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Oklahoma Constitution and/or the New Jersey Constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Bard and imposes greater punishment on Bard with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated Defendant, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Oklahoma Constitution and/or the New Jersey Constitution.

28. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Oklahoma and/or other applicable laws.

29. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiff has failed to join indispensable parties.

31. Bard hereby gives notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Defendant C.R. Bard, Inc. demands judgment in its favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

PLEASE TAKE NOTICE that answering Defendant hereby demands a trial by jury as to all issues.

Dated: August 4, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT C.R. BARD INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF C.R. BARD, INC. TO PLAINTIFF'S COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

Thomas J. Steele
OKLAHOMA LEGAL SERVICES, P.L.L.C.
6303 N. Portland Ave., Suite 300
Oklahoma City, OK 73112
*(electronic notice)*

Lambert D. Dunn Jr.
LAMBERT D. DUNN PLLC
6303 N. Portland, Suite 300
Oklahoma City, OK 73112
(*electronic notice*)

/s/ Kirby T. Griffis