**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO ELLISON, LINDA, *et al.*, No. 1:08-cv-02462** | § § § | **JUDGE LISI** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC.**

Defendants Davol Inc. and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer the Plaintiffs' Complaint (the "Complaint") as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

2. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

3. Defendants admit that C.R. Bard, Inc. ("Bard") is organized under the laws of New Jersey with its principal place of business in New Jersey at 730 Central Avenue, Murray Hill, New Jersey 07974. Answering further, Defendants admit that Bard can be reached by service of process through Jean Miller, 730 Central Avenue, Murray Hill, New Jersey 07974. The remaining allegations are conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

4. Defendants admit that Davol Inc. ("Davol") is a subsidiary of Bard and is organized under the laws of Delaware with its principle place of business in Rhode Island at 100 Crossings Boulevard, Warwick, RI 02886. Answering further, Davol admits that

its resident agent in Rhode Island is CT Corporation System located at 10 Weybosset Street, Providence, Rhode Island 02903. The remaining allegations are conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

5. Defendants admit that at certain times Davol designed, manufactured, marketed, sold, and distributed the Composix® Kugel® Hernia Patch to treat soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with accompanying labeling information.

6. Defendants admit that Davol distributed Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information throughout the United States, including the State of Tennessee. Defendants do not what is meant by "introduced into the stream of commerce" and therefore deny this allegation, but admit they have done business in Tennessee. To the extent any remaining material allegations are alleged in this paragraph, Defendants deny them.

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

12. Paragraph 12 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

13. Paragraph 13 of the Complaint states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

16. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

17. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

18. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

19. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

20. Defendants admit that certain larger-sized Composix® Kugel® Hernia Patches were voluntarily recalled in December 2005, March 2006, and January 2007. Defendants further state that these products have been returned to the market with FDA

approval. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore deny the same.

21. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

22. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

23. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

24. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

25. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

26. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

27. This paragraph states conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiffs' claims against Defendants in whole or in part.

5. Applicable statutes of limitations, statutes of repose, and the doctrine of laches bar Plaintiffs' claims in whole or in part.

6. The decedent, or the decedent's agents', including the decedent's physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiffs' claims in whole or in part.

7. If the decedent used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because decedent assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of the decedent's alleged injuries.

9. If the decedent sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of the decedent, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

10. If the decedent used a product sold by Defendants, the decedent used the product for off-label purposes, which bars the Plaintiffs' claims.

11. The learned intermediary doctrine bars Plaintiffs' claims.

12. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings,

information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiffs' claims are barred, in whole or in part, because decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to the decedent's pre-existing medical conditions.

16. If the decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases, and/or such causes constitute an independent, intervening and sole proximate cause of the decedent's alleged injury or damages.

17. Defendants state that if Plaintiffs or decedent sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiffs, decedent, or others, for whose conduct these Defendants

are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiffs' claims are barred, in whole or in part, because decedent's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of decedent's own idiosyncratic reactions.

19. Decedent failed to mitigate damages, which limits decedent's recovery, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiffs and/or decedent and owe no duty to Plaintiffs or decedent by which liability could be attributed to them.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs and/or decedent. If any such warranties were made, whether express or implied, which Defendants specifically deny, then decedent failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiffs' claims are barred in whole or in part by decedent's own comparative negligence.

23. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

24. If Plaintiffs and/or decedent have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that decedent may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars any alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Tennessee Constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Tennessee Constitution.

28. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under Tennessee and/or other applicable laws.

29. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiffs' claims and/or plaintiff's right to recover damages, no liability, damages, or other admissions being made, are limited or barred by applicable survival statutes, wrongful death statutes, or other applicable statutes or law limiting claims or damages after the death of the person allegedly injured by the Defendants.

31. Plaintiffs' right to recover damages, no right to recover damages being admitted, is limited in whole or in part, to damages incurred prior to the death of Helen Rutherford.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: August 4, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

/s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I St., N.W.
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
Email: kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC. TO PLAINTIFFS' COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE, LLC.
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(electronic notice)*

R.D. Hash
211 Ellis Avenue
Maryville, TN 37804

Cathy H. Morton
NICHOLSON & MORTON
609 Smithview Drive
P.O. Box 4397
Maryville, TN 37802-4397

/s/ Kirby T. Griffis