**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § | |
| | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO DIFFEE, No. 1:08-cv-1860** | § § | **JUDGE LISI** |

**MEMORANDUM IN SUPPORT OF DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF'S CLAIMS SHOULD NOT BE DISMISSED**

Defendant C.R. Bard, Inc. and Defendant Davol Inc. (collectively, "Defendants") request that the Court issue an Order to Show Cause why the claims of plaintiff Beverly Diffee ("Plaintiff") should not be dismissed pursuant to the Case Management Order and the Amended Case Management Order (collectively, "CMO")[1] for failure to serve Defendants with a Plaintiff's Fact Sheet ("PFS") which is complete in all material respects.

**FACTS**

The CMO requires all plaintiffs to serve a completed PFS. *See* (CMO 4-5). The claims of plaintiffs who fail to do so are subject to dismissal after Defendants' counsel sends the plaintiff a warning letter and the cure period established in the CMO expires. *See id.* at 5.

Plaintiff's claim was filed in this MDL on December 6, 2007 (CTO-1). Accordingly, her PFS was due to defendants by March 5, 2008. Defendants received Plaintiff's PFS on March 4, 2008. Plaintiff, however, failed to follow the mandate of the CMO and substantially complete her PFS, and instead provided Defendants with severely deficient submissions.

[1] The text relevant to this motion in the Case Management Order and the Amended Case Management Order appears on identical page numbers in both of these documents.

Following the specifications of the CMO, Defendants sent a warning letter informing Plaintiff's counsel that Plaintiff's PFSs was incomplete, and therefore noncompliant with the CMO. (*See* Letter from David W. Thomas of March 22, 2008 (Ex. A)). As provided in the CMO, Plaintiff's supplemental PFS was due on May 6, 2008.

Although the CMO does not require a second warning letter, Defendants sent an additional warning letter notifying Plaintiff's counsel that Defendants would file a Motion to Show Cause if a supplemental PFS was not received by July 3, 2008. (*See* Letter from David W. Thomas of June 24, 2008 (Ex. B)). As of August 6, 2008, Plaintiff has failed to provide Defendants with a supplemental PFS, despite two warning letters.

Amongst the deficiencies identified by Defendants are failures to provide core medical information, including information related to the alleged injuries, alternative causation, and even product use. Plaintiff's PFS had multiple blank or materially inadequate responses, including several regarding her medical history. Plaintiff failed to provide complete information about suffered medical conditions, especially gastronomical conditions which were allegedly caused by the Composix® Kugel® Patch. *Compare* Ex. A ¶ 2 *with* Pl.'s Compl. ¶¶ 6, 11. Plaintiff further failed to provide the dosages of prescription medication taken over the last ten (10) years, especially medications used to treat her alleged injuries. (*See* Ex. A ¶ 3). This type of information is crucial to Defendants' ability to defend against Plaintiff's case; without it, Defendants are severely prejudiced in their ability to prepare a defense to Plaintiff's claims.

**ARGUMENT**

Coordination of cases in a MDL is intended to promote efficiency in pre-trial discovery. To effectuate the efficient administration of claims through the MDL process, a MDL court must have the discretion to control its docket and authority to ensure that its orders are followed. *See,*

*e.g.*, (CMO 3); *see also Torres v. Puerto Rico*, 485 F.3d 5, 10 (1st Cir. 2007). As this Court has recognized, when plaintiffs fail to proceed with their claims in a manner consistent with this Court's orders, the Court may order a variety of sanctions, including dismissal with prejudice. (CMO at 5); *see also Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 275 (1st Cir. 2006) ("[F]ederal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines. . . . [including] case-management orders.") (citations omitted); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus warrants dismissal)") (citation omitted). Although the sanction of dismissal is severe, it is justified when (1) a plaintiff has failed to substantially complete the PFS in all respects and the PFS thus contains a material deficiency and (2) Defendants state to the Court that they have exhausted all efforts described in paragraph VI.D.v. (CMO 5); *see also Tower Ventures, Inc.*, 296 F.3d at 45-46 ("[A] litigant who ignores case-management deadlines does so at his peril.") (citation omitted). Each of these elements exists here.

1. Plaintiff knew of the obligation to serve a complete PFS in all material respects. As ordered by this Court, Plaintiff's obligation to serve a complete PFS includes the requirement to leave no questions blank, even if "plaintiff can only answer the question in good faith by indicating 'not applicable' or 'I don't know.'" (CMO 5). In addition to this clear language in the CMO, Defendants sent two warning letters to Plaintiff's counsel highlighting this obligation. Plaintiff's failure to serve a PFS completed in all material respects is thus not due to lack of knowledge or warning.

2. Defendants are unfairly prejudiced by Plaintiff's failure to comply with the Court-ordered CMO requirements.[2] Plaintiff's omissions — especially as they relate to core medical discovery — are not only material, but willfully disobedient of the Court's CMO. *See, e.g.,* (CMO 5) ("i.e., a deficiency that prejudices Defendants through a failure to provide the necessary information, thereby impeding Defendants' access to material and relevant evidence"); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234-35 (9th Cir. 2006) (upholding MDL court's dismissal of plaintiffs' claims for failure to submit required authorization forms necessary to obtain medical records and financial documents).

3. Plaintiff has been warned by both the Court in the CMO and by Defendants in their letters that the sanction of dismissal could be imposed if Plaintiff failed to serve a complete PFS in all material respects. *See* (CMO 5); (Exs. A and B); *cf. In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865-68 (8th Cir. 2007) (affirming MDL court's denial of relief under Fed. R. Civ. P. 60(b) from dismissal with prejudice based on plaintiffs' delay and deficiencies in completing PFS and medical disclosure form where plaintiffs had received warnings and opportunity to cure); *In re PPA*, 460 F.3d at 1235 (upholding MDL court's dismissal of plaintiffs' claims for failure to serve a complete PFS, when plaintiff supplemented her PFS with the required authorizations "six days after the motion was filed and nearly two months after the authorizations were due").

---

[2] To date there are 775 cases pending in the MDL and federal courts and 1128 state actions. Including class action plaintiffs, Defendants are investigating the claims of over 1,900 plaintiffs. Defendants' obligation to this Court and plaintiffs who have timely submitted PFSs is hampered by plaintiffs who fail to follow CMO deadlines. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) ("Given the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger of prejudice substantial. The delay also impacted the nearly 1,400 other plaintiffs by unfairly diverting the time and attention of the court away from their timely claims to that of the [plaintiffs].")

4. Defendants have provided substantial opportunity for Plaintiff to cure her failure to comply with the CMO. (CMO 5; Exs. A and B). In such circumstances, dismissal is an appropriate remedy in MDL proceedings for failure to adhere to court orders as it relates to the service of complete PFSs and related filings. *See In re Guidant*, 469 F.3d at 867 (dismissal for delay and deficiencies in completing a PFS protects the efficiency purpose of an MDL); *In re PPA*, 460 F.3d at 1234 ("dismissal [for failure to serve a complete PFS] serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt . . . ."); *see also Santiago-Diaz*, 456 F.3d at 276 ("[T]he substance of the belated [and incomplete expert witness] disclosures . . . does not come within a country mile of satisfying the requirements of either the case-management order or the Civil Rules.").

As the *In re PPA* and *In re Guidant* courts recognized, MDL litigation is procedurally unique given the complex issues and large volume of cases. These are among the reasons that MDL courts approve the use of PFSs to streamline pretrial discovery and regularly set significant sanctions in CMOs to ensure compliance with the PFS process. Plaintiff's failure to serve a complete PFS has hindered discovery regarding her claims and severely hampered the pace this Court set for its docket. Dismissal is a proper remedy because there is no excuse for Plaintiff's failure to provide a supplemental PFS despite Defendants' second warning letter. *See In re PPA,* 460 F.3d at 1233 (noting MDL court was not persuaded by excuses of difficulty in locating clients, debilitating nature of injuries, or burden of complying with other CMOs); *cf. Rosario-Diaz v. Gonzalez,* 140 F.3d 312, 315 (1st Cir. 1998) ("[A]n attorney's blunder binds her client.").

For the foregoing reasons, Defendants respectfully request that the Court enter an Order to Show Cause why the claims of plaintiff Beverly Diffee should not be dismissed for failure to comply with the CMO.

Respectfully submitted,

August 7, 2008

s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 7th day of August, 2008 served a true and correct copy of the foregoing Memorandum in Support of Defendant C.R. Bard, Inc.'s and Defendant Davol Inc.'s Motion for Order to Show Cause Why Plaintiff's Case Should Not Be Dismissed, by operation of the Court's Electronic Case Filing System, on the following, including Plaintiffs' Liaison Counsel:

Donald Migliori
MOTLEY RICE LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
dmigliori@motleyrice.com
(*via electronic notice)*

Robert Pedroli, Esq.
PEDROLI & GAUTHIER
7777 Bonhomme Ave., Suite 2250
Clayton, MO 63105
mylegalworld@sbcglobal.net
*(via electronic notice)*

s/ Kirby T. Griffis
Kirby T. Griffis