**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **IN RE: KUGEL MESH HERNIA REPAIR PATCH LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Vena Hadley v. C.R. Bard, Inc., et al.*,<br>CA No. 1:08-cv-02547-ML-LDA | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **MDL Docket No. 07-1842-ML**<br><br>**Chief Judge Mary M. Lisi** |

**DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S**
**MOTION TO REMAND**

Defendants C.R. Bard Inc. and Davol Inc. (collectively "Defendants") move for remand of the above-captioned matter to the United States District Court for the Eastern District of Missouri. Defendants have learned that this case implicates products other than the ringed products and composite meshes at issue in this multidistrict litigation.

**Facts and Procedural History**

1) *Hadley* was filed in the United States District Court for the Eastern District of Missouri, Eastern Division on June 17, 2008. Plaintiff's Complaint is attached hereto as Exhibit 1.

2) The action was brought against Defendants purportedly "for their sale and distribution of defective hernia patches sold under the product names, Kugel® Hernia Patch, Bard® Kugel® Hernia Patch, and Bard® Composix® Kugel® Hernia Patch." (Compl. ¶ 1.)

3) In the complaint, Plaintiffs stated that the "action involves patches containing a hard 'memory recoil ring' (or 'PET coil ring') that surrounds the mesh." (*Id.* ¶ 7.) Discussing her surgical procedure, Plaintiff alleged that "her physician …

implanted a Bard Mesh patch into her body. The lot number of the *Kugel Patch* implanted into Plaintiff is 43IOD017." (*Id.* ¶ 20.) (emphasis added).

4) Based on these and numerous other references in the Complaint to the Composix® Kugel® Hernia Patch and/or the Bard® Kugel® Hernia Patch, Defendants included *Hadley* in the Defendants' Seventy-Eighth 7.5(e) Notice of Potential Tag-Along. (Ex. 2.)

5) The Judicial Panel on Multidistrict Litigation ("JPML") entered a conditional transfer order ("CTO-25") for *Hadley* on July 23, 2008. (Ex. 3.) CTO-25 became effective on August 11, 2008. *See* Notice of Conditional Transfer Order 25, (Docket #1275).

6) While the conditional transfer order was pending, David M. Hicks, counsel for Plaintiff, sent a letter to Davol.[1] This correspondence included a section discussing Plaintiff's medical records and the products used in Plaintiff's surgery.

> "Act#0504700043 – Operation notes from the hospital concerning the surgery.– Identification of the product, including the product name and number, and lot number; Prolene Mesh measuring 10x8 inches – Bard Mesh 10X14 INCHES – Lot Number: 43IOD017, Product Code: 0112660."

(*Id.* at 2.).

**<u>Bard Flat Mesh Is Not Included Within Scope of the MDL</u>**

7) In Practice and Procedure Order 6, this Court outlined the three categories of Davol products[2] within the scope of this MDL:

---

[1] In order to avoid the unnecessary filing of motions to seal, and because Defendants do not expect plaintiffs to dispute the authenticity or contents of the letter, which contains confidential patient-identifying information, the letter itself will not be attached.

[2] The second product implicated in Plaintiff's correspondence, Prolene, is the trade name of a line of polypropylene surgical meshes manufactured by Ethicon Inc., a subsidiary of Johnson and Johnson.

> "a. All nine (9) models of Bard® Composix® Kugel® Hernia Patches (Product Codes 0010201 through 0010209);
>
> b. All other Davol hernia patches with PET rings, including the Bard® Kugel® Hernia Patch; Bard® Ventralex® Hernia Patch; Bard CK Parastomal Patch; and Bard® Modified Kugel™ Patch; and
>
> c. Other Davol hernia meshes composed of layers of polypropylene *and* ePTFE, including the Bard® Composix® Mesh."

Practice and Procedure Order No. 6 (Docket #248) (emphasis added).

8) The Davol surgical mesh identified in the Plaintiff's letter, "10.0" x "14.0" inch Bard Flat Mesh, Product Code 0112660, is composed of monofilamented polypropylene mesh, with no layer of ePTFE or any other material.

9) Bard Flat Mesh does not contain a PET memory recoil ring, nor is it composed of layers of polypropylene and ePTFE, and thus does not qualify for inclusion in the MDL.

**Conclusion**

Plaintiff alleges complications arising from products not within the scope of this MDL. For that reason, Defendants move for the submission of *Hadley* to the JPML for remand to its court of origin.

Dated: August 13, 2008

Respectfully submitted,

/s/ Kirby T. Griffis

Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 862-1639

*COUNSEL FOR DEFENDANTS DAVOL INC. AND C.R. BARD, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2008, the foregoing DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S MOTION TO REMAND was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon the Plaintiffs' Liaison Counsel in the manner indicated below:

Donald Migliori
MOTLEY RICE LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
Fax: (401) 457-7708
Email: dmigliori@motleyrice.com
*(via electronic notice)*

David M. Hicks
DAVID M. HICKS, P.C.
7720 Stonebridge Golf Drive
Maryville, IL 62062
Phone: (618) 343-0901
Fax: (618) 301-3360
*(via electronic notice)*

/s/ Kirby T. Griffis