**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re COMPOSIX® KUGEL® HERNIA REPAIR PATCH LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO ALL ACTIONS** | § § § | **JUDGE LISI** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL IDENTIFICATION OF ALL PLAINTIFFS' TREATING PHYSICIANS WHO HAVE BEEN CONTACTED OR RETAINED AS CONSULTING EXPERTS BY DEFENDANTS**

Defendants Davol Inc. and C.R. Bard, Inc. (collectively, "Defendants") oppose plaintiffs' motion to compel the production of identities of consulting expert witnesses who are also treating physicians, as well as extensive information about Defendants' contacts with such consultants. Defendants have already provided plaintiffs' liaison counsel with the identity of the only consulting expert who Defendants know to be a treating physician, and the remaining information sought by plaintiffs is not discoverable or relevant to any ongoing litigation and is prohibited by Federal Rule of Civil Procedure 26(b)(4).

## FACTUAL BACKGROUND

Currently pending before the Court is Defendants' Motion to Enforce the Amended Case Management Order and Permit Communications with Consulting Surgeons Who Are Also Treating Physicians, seeking that the terms of the Amended Case Management Order ("CMO") be enforced to permit Defendants to continue to contact consulting expert witnesses concerning issues *other than* their care and treatment of plaintiffs whether or not they are also treating physicians. In opposition to that motion, plaintiffs, among other things, asked for the same relief that they seek by their Motion to Compel. To avoid redundancy, Defendants will not reiterate here the grounds for the relief that they seek in their Motion to Enforce. Defendants have never

taken part in *ex parte* contacts of the type of which plaintiffs accuse them, and so there is no basis for the discovery sought by them.

## ARGUMENT

### I. Information Concerning the Circumstances of Retention of Expert Treating Physicians and Documents Exchanged is Neither Discoverable Nor Relevant.

At this Court's direction, defendants have already provided plaintiffs with the identity of the one consulting expert they know to also be a treating physician. Defendants have identified this individual only as a consultant, and not as a testifying expert. It is simply premature for plaintiffs to contend that information they seek regarding the circumstances of retention and documents exchanged between this physician and counsel, if any, is relevant and discoverable at this time. Fact discovery is not yet complete in the MDL, and no experts have even been identified by either Defendants or plaintiffs. Should Defendants choose to identify this physician as an expert, then Defendants will comply with Federal Rule of Civil Procedure 26 regarding expert discovery. Plaintiffs are attempting to use this motion to circumvent the proper discovery process and gain an unfair advantage over Defendants, which they should be denied.

### II. Federal Rule of Civil Procedure 26(b)(4)(B) Does Not Permit Disclosure of the Information Requested by Plaintiffs.

Federal Rule of Civil Procedure 26(b)(4)(B) holds "[o]rdinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). The Advisory Committee Notes make clear that "Subdivision (b)(4)(B) is concerned only with experts retained or specially consulted in relation to trial preparation. Thus the subdivision *precludes* discovery against experts who were informally consulted in preparation for trial, but not retained or specially employed." Fed. R. Civ. P. 26 Advisory Committee's Note (1970)

(emphasis supplied). Courts have held that Fed. R. Civ. P. 26(b)(4)(B) operates to protect the identity of non-testifying consultants from disclosure, as well as preventing disclosure of documents such as those requested by plaintiffs. *See, e.g.*, *Ager v. Jane C. Stormont Hosp. & Training Sch. For Nurses*, 622 F.2d 496 (10th Cir. 1980) (holding that "the identity, and other collateral information concerning an expert who is retained or specially employed in anticipation of litigation, but not expected to be called as a witness at trial, is not discoverable except as 'provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." (citing Fed. R. Civ. P. 26(b)(4)(B)); *Plymovent Corp. v. Air Tech. Solutions, Inc.*, 243 F.R.D. 139, 144 (D.N.J. 2007) (finding that Fed. R. Civ. 26(b)(4)(B) shields non-testifying, consulting experts from document requests). *Grinnell Corp. v. Hackett*, 70 F.R.D. 326 (D.R.I. 1976), cited by plaintiffs, is not analogous to the situation before the Court. In *Grinnell*, the court allowed non-testifying expert depositions to take place only regarding background facts or opinions that were "not acquired or developed in anticipation of litigation or for trial." *Id.* at 332. Defendants' retention agreement with their consulting expert, however, is entirely litigation-derived.

Plaintiffs' Motion asks the Court to order Defendants to disclose information concerning communications protected by Fed. R. Civ. P. 26(b)(4)(B) on the ground that they seek only routine discovery of witnesses who will be fact witnesses in this litigation. Plaintiffs have offered no caselaw in support of the proposition that a fact witness who has been retained as a consulting expert is an exception to Fed. R. Civ. P. 26(b)(4)(B), and the caselaw is to the contrary: "It has aptly been held, however, that one may simultaneously be a litigational expert with Rule 26(b)(4) protection as to some matters and simply an unprotected actor or witness as to

others." *Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984, 992 (D.C. Cir. 1979) (affirming lower court's holding that allowed discovery only of facts and opinions held by company's independent consultant apart from his engagement in anticipation of litigation); *see also In re Shell Oil Refinery*, 134 F.R.D. 148 (E.D. La. 1990) (allowing the depositions of fact witnesses retained as non-testifying litigation consultants only as to facts known or opinions held apart from their retention for litigation purposes). Thus, plaintiffs are free to conduct discovery about treating physicians' care and treatment of their patients, but are prohibited by Fed. R. Civ. P. 26(b)(4)(B) from pursuing discovery as to the content of their consultations with Defendants undertaken in anticipation of litigation.

Plaintiffs' present position is contrary to that which they took with this Court when their own consulting expert, Dr. Ramshaw, was deposed as a fact witness in a case selected by them for ADR. There, they aggressively foreclosed *any* inquiry into Dr. Ramshaw's relationship with the plaintiffs, including even *whether he had been paid* by plaintiffs. (*See* Ramshaw Dep. 64:9-65:1, 44:18-45:3, May 30, 2008.) Obviously disclosure of "all written communication" with a consulting expert goes far beyond this.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny plaintiffs' motion to compel discovery regarding consulting experts who are also treating physicians or the circumstances of retention of Defendants' treating physician consultant and the documents exchanged with Defense counsel.

Dated: August 15, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
William J. Cople, III
1350 I Street NW
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2008 the foregoing DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL IDENTIFICATION OF ALL PLAINTIFFS' TREATING PHYSICIANS WHO HAVE BEEN CONTACTED OR RETAINEDAS CONSULTING EXPERTS BY DEFENDANTS was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon the Plaintiffs' Liaison Counsel in the manner indicated below:

Donald Migliori
Motley Rice LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
Fax: (401) 457-7708
Email: dmigliori@motleyrice.com
*via facsimile and electronic mail*

s/ Kirby T. Griffis