**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** } | |
| **THIS DOCUMENT RELATES TO: SMITH, C.A. NO.: 1:08-CV-02322** } | **MDL docket No. 07-1842-ML** |
| | **JUDGE LISI** |

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL
OR, IN THE ALTERNATIVE, CONSOLIDATION OF
C.A. NO'S. 1:08-CV-02322 AND 1:07-CV-01987

Plaintiff asks the Court to dismiss this suit against defendants, as authorized by Federal Rule of Civil Procedure 41(a)(2).

A. Introduction

1. Plaintiff is Theresa Smith; defendants are C.R. Bard, Inc. and Davol, Inc.

2. On December 18, 2007, plaintiff sued defendants for injuries caused by their defective Hernia Mesh Patch. The case was assigned Civil Action No. 1:08-CV-02322, filed by Johnson Law Firm, and on November 21, 2007, plaintiff's case was filed by Williams Kherker Law Firm and assigned Civil Action No. 1:07-CV-01987.

B. Argument

3. The Court should freely grant a motion for voluntary dismissal as long as the nonmovant will not be prejudiced. *Versa Prods, Inc. v. Home Depot, USA Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004); see Fed. R. Civ. P. 41(a)(2); *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217, 67 S. Ct. 752, 755 (1947).

4. Plaintiff seeks a dismissal because plaintiff's case against defendants is double filed and, therefore, plaintiff has two cases pending against defendants based upon the same incident. Plaintiff's case was filed by The Johnson Law Firm as Civil Action No. 1:08-CV-02322 and plaintiff also has a case filed by Williams Kherker which is Civil Action No. 1:07-CV-01987. Plaintiff moves the Court to dismiss the case filed by The Johnson Law Firm, Civil Action No. 1:07-CV-01987.

Alternatively, plaintiff moves the Court to consolidate the claims under Civil Action No. 1:07-CV-01987.

5. Plaintiff diligently moved for dismissal as soon as it became apparent that dismissal was necessary. *Ohlander v. Larson*, 114 F.3d 1531, 1538 (10th Cir. 1997).

6. Defendants will not be prejudiced by the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001); *see County of Santa Fe, N.M. V. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1049-50 (10th Cir. 2002). *The dismissal will not deny defendant defenses that it is entitled to and the dismissal will result only in mere inconvenience to defendant, which is not prejudice.*

7. Defendants have not filed a counterclaim.

8. Defendants refused to stipulate to the dismissal of this suit.

9. Plaintiff has not been granted a dismissal of a case based on or including the same claims as those presented in this suit. *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1266-67 (11th Cir. 1999).

C. Conclusion

10. For these reasons, plaintiff asks the Court to dismiss the suit without prejudice to refiling.

11. Alternatively, plaintiff asks the Court to consolidate plaintiff's cases into a single case to be prosecuted by Williams Kherker and bearing Civil Action Number 1:07-CV- 01987.

Respectfully submitted,

For the Plaintiffs:

/s/ Donald A. Migliori
Donald A. Migliori, Esq. (#4936)
MOTLEY RICE, LLC
321 South Main Street, Suite 200
Providence, RI 02903
(401) 457-7700
(401) 457-7708 FAX

***MDL 1842 Plaintiffs' Liaison Counsel***

/s/ Steven M. Johnson
Steven M. Johnson
THE JOHNSON LAW FIRM
3437 W. 7th Street, Suite 258
Fort Worth, TX 76107
(817) 339-8878
(214) 853-4151 FAX

***Attorney for Plaintiff***