Spriggs & Hollingsworth

1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax. 202.682.1639
www.spriggs.com

Kerry C. O'Dell
202.898.5887
kodell@spriggs.com

August 7, 2008

VIA ELECTRONIC MAIL, ORIGINAL TO FOLLOW BY U.S. MAIL

Michael A. London, Esq.
Douglas and London, P.C.
111 John Street, Suite 1400
New York, NY 10038
mlondon@douglasandlondon.com

Re: *In re: Kugel® Mesh Hernia Patch Products Liability Litigation*
USDC D. RI. MDL No. 07-1842, CA No. 07-CV-2700
Plaintiff: Cathy Brezeale

Dear Mr. London:

On December 6, 2007, Judge Mary Lisi entered a Case Management Order ("CMO") requiring all plaintiffs to complete a Plaintiff's Fact Sheet ("PFS") and provide certain authorizations and documents as requested in the PFS. As ordered by Judge Lisi, to "substantially complete in all respects" a PFS a plaintiff must "answer every question contained in the PFS and leave no blanks, even if a plaintiff can only answer the question in good faith by indicating 'not applicable' or 'I don't know.'" Sec. VI.D.3.

On August 4, 2008, we received Cathy Brezeale's ("Ms. Brezeale") PFS. Please consider this letter a deficiency letter pursuant to CMO Section VI.D.5. We request that Ms. Brezeale cure the following deficiencies:

1. Section II.H.5 & 6 (p. 4) – Please provide the requested information about Ms. Brezeale's former spouse, to explain the maiden name "Butler" or confirm that Ms. Brezeale has never been married.

2. Section II.J (p. 5) – Ms. Brezeale fails to complete an employment history from "1999" through "March 2000." Please complete this history, and include the necessary authorizations, or confirm that Ms. Brezeale was unemployed during any relevant period.

3. Section III.A.6 (p. 6) – Ms. Brezeale fails to identify the type of hernia repaired. Please supplement this response.

4. Section III.F (p. 14) – Ms. Brezeale fails to state her total amount of lost income. Please provide this information.

5. Section III.G.1 (p. 15) – Ms. Brezeale fails to identify, itemize or provide a total for her out-of-pocket expenses. Ms. Brezeale's answer directing Defendants to "See attached bills" is improper. And, while the bills are helpful, they are incomplete. Please provide a proper response.

6. Section V.F (p. 20) – Ms. Brezeale fails to identify the person who diagnosed "hypertension" and the treatment provided. Please provide this information as it is discovered, including a complete address for the person making the diagnosis.

7. Section V.G (pp. 20-21) – Ms. Brezeale fails to recall her medication(s), including dosage(s), taken for "high blood pressure." Please provide this information as it is discovered.

8. Section XI.A.A (p. 26) – Ms. Brezeale did not provide ten (10) signed original medical records authorizations – leaving the provider information blank – as called for in the CMO. Please provide the **blank** medical records authorizations.

9. Section XI.A.C (p. 26) – Ms. Brezeale provides three signed original medical insurance authorizations, but fills out the provider information. The Amended CMO calls for five (5) signed original medical insurance authorizations leaving the insurer information blank. Please provide the **blank** medical insurance authorizations.

10. Section XI.A.D (p. 26) – Ms. Brezeale provides three signed original employment records authorizations, but fills out the employer information. The Amended CMO calls for five (5) signed original employment authorizations leaving the employer information blank. Please provide the **blank** employment authorizations.

11. Section XI.A.E (p. 26) – Ms. Brezeale fails to provide signed original authorization forms for Social Security Administration records, as provided in Exhibit E.

12. Section XI.A.F (p. 26) – Ms. Brezeale fails to provide executed copies of authorization forms for records of disability insurance or worker's compensation benefits, as provided in Exhibit F. Please submit this notarized authorization, as required.

13. Section XI.A.G (p. 26) – Ms. Brezeale fails to provide executed copies of authorization forms for the previous ten (10) years of her Federal and State tax returns, as provided in Exhibit G. Ms. Brezeale's submission of W-2's for the

years 2004-2007 fails to meet the requirements of the Amended CMO. Please submit notarized tax authorizations, as required.

The failure to provide proper records authorizations seriously impacts Defendants' ability to efficiently evaluate and conduct the necessary discovery on Ms. Brezeale's claims. The prejudice to Defendants is all the more acute here, given that Plaintiffs have proposed Ms. Brezeale's case for early ADR/neutral evaluation. Therefore, we request that proper records authorizations be submitted by **<u>August 18, 2008</u>** (ten days from the date of this letter). If we do not receive the authorizations by that date we will file a motion to compel, as both the CMO and recent rulings by Judge Lisi make it clear that Plaintiffs have no basis to withhold the required insurance, employment, Social Security, worker's compensation and tax authorizations.

Pursuant to the Amended CMO, should you fail to correct **<u>all</u>** of the remaining deficiencies raised in this letter by **<u>September 22, 2008</u>** (forty-five days from the date of this letter), we will consider this case ripe for a motion for an order to show cause for dismissal.

We are available to confer with you by telephone concerning the issues raised in this letter. Please let me know your availability. Thank you in advance for your cooperation in this matter.

Very Truly Yours,

Kerry C. O'Dell

cc: Don Migliori