# Exhibit A

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**

**PROVIDENCE, SC** **SUPERIOR COURT**

**(Filed – August 26, 2008)**

**IN RE: ALL INDIVIDUAL :**
**KUGEL MESH CASES :**

# DECISION

**GIBNEY, J.** All individual plaintiffs (Plaintiffs) engaged in product liability litigation for personal injuries resulting from an alleged defective and dangerous condition of Composix® Kugel Mesh Patches ("Kugel Patch") designed, manufactured, and distributed by Davol, Inc., and C.R. Bard, Inc. ("Defendants") now move to preclude Defendants from retaining treating physicians as consulting experts in the litigation. The motion is pursuant to Super. R. Civ. P. 26(c). Defendants object to the motion. Jurisdiction is pursuant to G.L. 1956 § 8-2-14.

## I
## Facts and Travel

Over 1000 plaintiffs have filed suit in this Court, alleging that they have been severely injured by a defective and dangerous condition of the Kugel Patch designed, manufactured, and distributed by Defendants. The Kugel Patch is a hernia repair mechanism that is generally constructed with a plastic coil ring designed to aid in the deployment of a polypropylene mesh hernia patch. The cases are brought individually, and the specific injuries alleged as a result of Kugel Patch implantation vary. This motion is brought on behalf of each of the individual Plaintiffs and this Court's Decision will apply to all Kugel Patch cases.

On April 17, 2008, this Court issued an oral order prohibiting ex parte communication between Defendants and the Plaintiffs' treating physicians. Plaintiffs have filed this subsequent motion upon information that Defendants either have hired, or are planning to hire, several of

Plaintiffs' treating physicians as consultants. Plaintiffs contend that such an act by Defendants violates a January 22, 2008 order of the United States District Court, as well as the prior order of this Court and Rhode Island's Health Care Confidentiality Act. Plaintiffs' concern centers on the fact that the Plaintiffs' treating physicians will likely become fact witnesses at trial, which will result in a physician/patient conflict if said physicians are retained by the Defendants as consulting witnesses as well.

Defendants object to the motion, contending that the orders prohibiting ex parte communications have prevented Defendants from contacting their experts and has hindered their continued defense of the cases. Defendants further contend that their retaining Plaintiffs' physicians as consultants does not violate ex parte orders, nor does it violate the physician/patient privilege, because Defendants do not inquire as to the Plaintiffs' health-care information or the specific treatment or care of any individual. Defendants aver that their contact with these physicians is limited to their investigation of the general causation issues surrounding the Kugel Patch litigation. Finally, Defendants contend that barring them from communicating with treating physicians would effectively bar them from having any consulting experts at all, as the high-volume hernia experts in the country who may have used the Kugel Patch in their surgeries have likely treated as patients one or more of the Plaintiffs in this litigation.

## II
## Standard of Review

Upon motion of a party and good cause shown, this Court may make any order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Super. R. Civ. P. 26(c); Cunningham v. Heard, 667 A.2d 537, 539 (R.I. 1995). The Court has "broad discretion to regulate how and when discovery occurs," and it is limited only by its discretion in determining the scope of a protective order. Giuliano v.

Pastina, 793 A.2d 1035, 1037 (R.I. 2002); see also 1 Kent, R.I. Civ. Prac. § 26:8. Rule 26 specifically protects confidential information, whether or not such information is privileged. See Super. R. Civ. P. 26(c); Gaumond v. Trinity Repertory Co., 909 A.2d 512, 515 (R.I. 2006); see also 1 Kent, R.I. Civ. Prac. § 26:8.

## III
## Analysis

This Court has already ruled on the issue of ex parte communications between the Defendants and the Plaintiffs' treating physicians, and it issues this Decision simply to reiterate that no such communication is to be had in this litigation. The Defendants argue that their contact with the Plaintiffs' treating physicians does not violate the ex parte orders because they have voluntarily agreed not to question the physicians regarding any individual case (at least not for purposes of defending in that particular litigation). The Court finds this argument to be utterly disingenuous.

The patient-physician privilege has long protected patients from unauthorized disclosure of their medical information, and has been codified by this State in the General Laws, 1956, chapter 37.3 of title 5. Donovan v. Bowling, 706 A.2d 937, 940 (R.I. 1998). The purpose of Rhode Island's Confidentiality of Health Care Information Act (CHCIA) is "to establish safeguards for maintaining the integrity of confidential health-care information that relates to an individual." Section 5-37.3-2. Under the statute, a patient's confidential health-care information cannot be released without the patient's consent. Section 5-37.3-4. Confidential information includes the patient's medical history, diagnosis, condition, treatment, or evaluation by a health care provider. See § 5-37.3-3. The Defendants in this matter contend that because they will not

inquire as to the health-care information of individual Plaintiffs, their contact with Plaintiffs' treating physicians does not fall within the scope of CHCIA. This Court disagrees.

In order to provide helpful information to Defendants regarding the physician's experience with the Kugel Patch, the physician will likely have to disclose information about individual cases. Even despite Defendants "Scout's Honor" promise not to inquire as to individual cases, the risk of unauthorized disclosure greatly outweighs the benefit of such communication. This information may prove highly prejudicial to the Plaintiffs, and presents a conflict should these physicians be called to testify at trial. See In re Kugel Mesh Hernia Repair Patch Litig., 2008 U.S. Dist. LEXIS 55549, 10-11 (D.R.I. July 21, 2008); In re Vioxx, 230 F.R.D. 470, 475 (E.D. La. 2005). Furthermore, this Court notes that there is a level of trust inherent in a patient/physician relationship. The patient is entitled to the assurance that his or her physician will not discuss his or her medical situation, however generically, with representatives of the opposition. This trust is of particular significance where the patient's medical situation is at the heart of his or her suit.

This Court is mindful of the Rhode Island Supreme Court's finding that "the Rhode Island Rules of Civil Procedure do not purport to delineate the only methods of pretrial discovery . . . nor do they prohibit ex parte interviews. Although formal depositions are regulated by Rules 26 through 33 of the Superior Court Rules of Civil Procedure, personal interviews with witnesses are an accepted, informal method of ascertaining the facts needed to litigate a case effectively." Lewis v. Roderick, 617 A.2d 119, 122 (R.I. 1992) (permitting ex parte interviews with treating physicians in a medical malpractice case where the witness contacted was not to be called as a

witness at trial).[1] However, the Rules permit the Court's discretion. Giuliano, 793 A.2d at 1037. Where the Court finds that permitting such communication between defense counsel and Plaintiffs' treating physicians will prejudice the Plaintiffs and fail to "protect the relationship between a doctor and patient," then restricting ex parte communication is the "just option." In re Kugel Mesh Hernia Repair Patch Litig., 2008 U.S. Dist. LEXIS 55549, 10-11 (D.R.I. July 21, 2008), quoting In re Vioxx, 230 F.R.D. at 475 (E.D. La. 2005).

The Defendants contend that their interests should be weighed more heavily, as they have a constitutional right to call witnesses vital to the defense of their case. See e.g. In re Oliver, 333 U.S. 257, 275 (1948). This Court recognizes Defendants' rights to have a reasonable opportunity to defend, but finds that such opportunity is ample in this case. The scope of this protective order prohibits ex parte communication with Plaintiffs' treating physicians; not all communication with the physicians. The rules of discovery will apply with regard to obtaining deposition testimony and other evidence in the presence of Plaintiffs' counsel. This Court is in full agreement with the U.S. District Court in this matter, which stated "Defendants have not identified a single piece of evidence which can be *properly* obtained through ex parte communications but cannot be obtained by ordinary discovery." In re Kugel Mesh Hernia Repair Patch Litig., 2008 U.S. Dist. LEXIS 55549, 10-11 (D.R.I. July 21, 2008).

This Court further finds unpersuasive Defendants' argument that the sheer number of Plaintiffs in this matter precludes Defendants from retaining any consultants who are not also Plaintiffs' treating physicians. The Court simply cannot accept that every knowledgeable physician in the country has performed surgery on one or more of the Plaintiffs in this matter. Once again, this argument is disingenuous. The Court observes that the root of this argument is

[1] This case is distinguished from the case at hand on two important points. First, this litigation pertains to products liability which, as discussed infra, does not raise the same exceptions as do medical malpractice suits, and secondly, the physician-witnesses contacted in this case are almost certain to be called as fact witnesses at trial.

either a plea to allow ex parte contact for impermissible reasons, or else is a request that the Court simplify the Defendants' task in obtaining consulting physicians. The potential inconvenience of determining whether a physician has treated one of the Plaintiffs is significantly outweighed by Plaintiffs' right to confidentiality in their medical matters.

This Court notes the exception to the confidentiality rule which exists when the "patient brings a medical liability action against a health care provider." Donovan, 706 A.2d at 940; G.L. 1956 § 5-37.3-4. While there may be medical malpractice suits brought by the Plaintiffs in this case for the injuries they have suffered, this particular litigation is brought on a theory of products liability, and the Defendants are the manufacturers of the product, not health care providers. Therefore, the exception does not apply.

## IV
## Conclusion

Justice requires that the Plaintiffs' privileged medical information be protected. This Court's previous protective order is hereby reiterated, and shall remain in effect. The Defendants may assert their defense in the Kugel Mesh litigation by retaining consultants who are not treating physicians, as well as through proper discovery notifying and allowing the presence of Plaintiffs' counsel. All ex parte communication with Plaintiffs' treating physicians—for any purpose—is hereby prohibited.

Counsel shall submit the appropriate order for entry.