**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| IN RE: KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL Docket No. 07-1842-ML |
| THIS DOCUMENTS RELATES TO: | ) ) | Judge Mary M. Lisi |
| ALL ACTIONS | ) ) | Magistrate Judge Lincoln D. Almond |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL THE IDENTIFICATION OF ALL PLAINTIFFS' TREATING PHYSICIANS WHO HAVE BEEN CONTACTED OR RETAINED AS CONSULTING EXPERTS BY DEFENDANTS**

In further support of their Motion to Compel the Identification of All Plaintiffs' Treating Physicians Contacted or Retained as Consulting Experts by Defendants, Plaintiffs state as follows:

## INTRODUCTION

Pursuant to the Courts' directive during the status conference held on August 5, 2008, and the Order entered the following day, Defendants have provided Plaintiffs with a "list of surgeons that Defense counsel identify as consulting experts and treating physicians" – the "list" contained one name. As explained herein, Plaintiffs' Motion reasonably sought more, and Defendants' "list" does not provide Plaintiffs' counsel with the information necessary to determine if conflicts of interest exist or to protect the rights of their clients. In order to accomplish this, Defense counsel must fully answer the questions posed by Plaintiffs' Motion: providing *all* of the "who", and also the "when" and "what was exchanged."

## BACKGROUND

On July 29, 2008, Plaintiffs filed their Motion to Compel the Identification of All Plaintiffs' Treating Physicians who have been Contacted or Retained as Consulting Experts by Defendants. Through that Motion, Plaintiffs sought the following:

> Defendants should be required to provide Plaintiffs with the name of each one of Plaintiffs' treating physicians who has consulted with defense counsel; the date of each initial consultation; the date any contract or agreement was signed; copies of all written communication with the treating physicians; and a list of all documents that the treating physicians provided to Defendants (or where otherwise exchanged between the treating physician and Defendants) and when those documents were exchanged or produced.

Motion, p. 1.

During the status hearing held on August 5, 2008, the Court ordered defense counsel to provide Plaintiffs with a list of these treating physicians who have been contacted or retained by defense counsel as consulting experts. More specifically, the Remark filed by the Court on August 6, 2008, provides:

> Defense counsel is ordered, by the end of the week, to produce to Plaintiffs' counsel a list of surgeons that Defense counsel identify as consulting experts and treating physicians.

[Docket No. 1271]. Pursuant to this Order, on August 8, 2008, defense counsel sent plaintiffs' counsel a letter reading:

> "Per Judge Lisi's verbal order on August 6, 2008, we hereby provide the list of our consulting experts whom we know to be treating physicians:
> Dr. Keith Millikan, treating physician in the *Kolb* case N.D.Ill."

*Exhibit A, Letter of August 8, 2008 from Kirby Griffis to Donald A. Migliori*.

**<u>DISCUSSION</u>**

The information requested, relating to Defense counsel's consultations with Plaintiffs' treating physicians, is relevant and discoverable, and the disclosures are not precluded by Federal Rule of Civil Procedure 26(b)(4)(B) – as recognized by this Court's Order of August 6, 2008. Indeed, disclosure of this information is necessary in order for Plaintiffs to know whether a conflict of interest existed at any time between them and their treating physicians. Disclosure of this information is also necessary in order for Plaintiffs' counsel to know if they are (potentially) having

improper discussions with Defendants' consulting experts during *ex parte* communications with physicians.

**A. It is Necessary for Plaintiffs to Know More than Just the Identity of the Treating Physicians who have Consulted with Defendants and their Counsel.**

The same principals driving the Court's decision to prohibit *ex parte* contacts also support disclosure of the circumstances surrounding the *ex parte* communications that have been held. Plaintiffs do not seek disclosure of Defendants' work-product, nor do they ask the Court to compel disclosure of the substance of any of these communications. Plaintiffs merely seek disclosure of the timing of those *ex parte* communications and an identification of the materials exchanged. It is as necessary to know the "when" and "what was exchanged" of these potentially improper *ex parte* communications as it to know the identities of physicians involved. Indeed, in order to determine if a conflict of interest exists (and when that conflict of interest originated), Plaintiffs must be told much more than just the name of the treating physicians who have had *ex parte* communications with Defendants. As such, Defendants should be compelled to complete the disclosure requested by Plaintiffs' Motion by providing the following for each treating physician contacted by Defendants:

> the date of each initial consultation; the date any contract or agreement was signed; copies of all written communication with the treating physicians; and a list of all documents that the treating physicians provided to Defendants (or where otherwise exchanged between the treating physician and Defendants) and when those documents were exchanged or produced.

Plaintiff's Motion, p. 1.

**B. The Ambiguous Language of Defendants' List of Physicians Necessitates Further Clarification and Averment.**

The ambiguous language of Defendants' "list" makes it unclear whether Defendants have adequately provided Plaintiffs with the information that their Motion sought. Specifically, Defense counsel does not provide any assurance to Plaintiffs that the "list" includes all treating physicians that

Defendants (through counsel or otherwise) have contacted, interviewed or held substantive communications with. It appears that the list only discloses those treating physicians which Defendants have currently retained as "consulting experts." *Id.* By disclosing only their "consulting experts," Defendants' list potentially excludes even those treating physicians who held numerous or ongoing *ex parte* communications with Defendants – and/or provided documents or other materials to Defendants – but have not been designated or defined as "consulting experts" by Plaintiffs.

Likewise, by qualifying the list as only disclosing "consulting experts," Defendants potentially exclude any treating physicians who were not contacted through defense counsel, but by other representatives Davol or Bard. The privacy and public policy interests recognized by the Court's January 22, 2008 Order[1] (forbidding *ex parte* contacts), and again by the Court's August 6, 2008 Order (requiring disclosure of information relating to consulting experts and treating physicians), are tread upon regardless of whether the *ex parte* communications are conducted by Defense counsel or by other Davol and Bard representatives. Defendants should be compelled to provide Plaintiffs with information regarding ALL of the treating physicians that they (through counsel or otherwise) have contacted or consulted in any manner – not just those they have retained as consulting experts through counsel.

Finally, the completeness of the list is questionable because it only represents that it includes all of the consulting experts "whom we know to be treating physicians…." *Id.* Defendants should be required to aver that they have made a good faith effort to determine whether any of the physicians that they (through counsel or otherwise) have contacted is a treating physician for any of the Plaintiffs. They have yet to make this simple representation.

---

[1] On February 25, 2008, Defendants' objection to Magistrate Judge Almond's Memorandum and Order of January 22, 2008 was denied by this Court.

DATED: September 8, 2008

Respectfully submitted,

By: /s/ Donald A. Migliori
Donald A. Migliori
MOTLEY RICE LLC
321 South Main Street
Providence, RI 02903
401-457-7700
401-457-7708 FAX

***MDL-1842 Plaintiffs' Liaison Counsel***

## CERTIFICATE OF SERVICE

I, Donald A. Migliori, hereby certify that a copy of the foregoing Plaintiff's ***Reply in Support of Motion to Compel the Identification of All Plaintiffs' Treating Physicians Who Have Been Contacted or Retained as Consulting Experts by Defendants*** was electronically filed. Those attorneys who are registered with the Electronic Filing System may access these filings through the Court's System, and notice of these filings will be sent to these parties by operation of the Court's Electronic Filing System.

Dated: September 8, 2008

/s/ Donald A. Migliori
Donald A. Migliori
MOTLEY RICE LLC
321 South Main Street
Suite 200
Providence, RI 02903
401-457-7700
401-457-7708 FAX