**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § | |
| | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO PHILBURN, No. 1:08-cv-2267 BOHM, No. 1:08-cv-2277** | § § | **JUDGE LISI** |

**MEMORANDUM IN SUPPORT OF DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS' CLAIMS SHOULD NOT BE DISMISSED**

Defendant C.R. Bard, Inc. and Defendant Davol Inc. (collectively, "Defendants") request that the Court issue an Order to Show Cause why the claims of plaintiffs Mary Jane Bohm and Shannon Philburn (collectively, "Plaintiffs") should not be dismissed pursuant to the Case Management Order and the Amended Case Management Order (collectively, "CMO")[1] for failure to serve Defendants with a Plaintiff's Fact Sheet ("PFS") which is complete in all material respects.

## FACTS

The CMO requires all plaintiffs to serve a completed PFS. *See* (CMO 4-5). The claims of plaintiffs who fail to do so are subject to dismissal after Defendants' counsel sends the plaintiff a warning letter and the cure period established in the CMO expires. *See id.* at 5.

Defendants received Plaintiffs' PFSs on May 12, 2008. Plaintiffs, however, failed to follow the mandate of the CMO and substantially complete their PFSs, and instead provided Defendants with severely deficient submissions. Plaintiffs answered "will supplement" to most

[1] The text relevant to this motion in the Case Management Order and the Amended Case Management Order appears on identical page numbers in both of these documents.

of the questions in their PFSs and failed to provide any of the required authorizations or a sworn declaration.

Following the specifications of the CMO, Defendants sent warning letters on June 9, 2008 (Bohm), and June 11, 2008 (Philburn), informing Plaintiffs' counsel that Plaintiffs' PFSs were noncompliant with the CMO. As provided in the CMO, Plaintiffs' supplemental PFSs were due on July 24, 2008, (Bohm) and July 28, 2008 (Philburn).

On July 23, 2008, Plaintiffs' counsel asked for an extension of time to complete Plaintiffs' PFSs, promising to move to withdraw as counsel and submit stipulations of dismissal if the PFSs could not be completed by August 13, 2008. (Ex. A). As of today, 2008, Plaintiffs have failed to provide Defendants with supplemental PFSs or stipulations of dismissal, and failed to respond to Defendants' inquiry about the stipulations.

Amongst the deficiencies identified by Defendants are failures to provide core medical information, including information related to the alleged injuries, alternative causation, and even product use. Plaintiffs' PFSs had multiple blank or materially inadequate responses, including several regarding their medical history, lost wages and out-of-pocket expenses. Plaintiffs further failed to provide any of the required authorizations. Plaintiffs' submission of "will supplement" PFSs and failure to provide supplemental responses or the promised stipulations have obstructed discovery, hampered the pace this Court set for its docket, and severely prejudiced Defendants' ability to prepare a defense in this matter.

## **ARGUMENT**

Coordination of cases in a MDL is intended to promote efficiency in pre-trial discovery. To effectuate the efficient administration of claims through the MDL process, a MDL court must have the discretion to control its docket and authority to ensure that its orders are followed. *See,*

*e.g.*, (CMO 3); *see also Torres v. Puerto Rico*, 485 F.3d 5, 10 (1st Cir. 2007). As this Court has recognized, when plaintiffs fail to proceed with their claims in a manner consistent with this Court's orders, the Court may order a variety of sanctions, including dismissal with prejudice. (CMO at 5); *see also Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 275 (1st Cir. 2006) ("[F]ederal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines. . . . [including] case-management orders.") (citations omitted); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus warrants dismissal)") (citation omitted). Although the sanction of dismissal is severe, it is justified when (1) a plaintiff has failed to substantially complete the PFS in all respects and the PFS thus contains a material deficiency and (2) Defendants state to the Court that they have exhausted all efforts described in paragraph VI.D.v. (CMO 5); *see also Tower Ventures, Inc.*, 296 F.3d at 45-46 ("[A] litigant who ignores case-management deadlines does so at his peril.") (citation omitted). Each of these elements exists here.

1. Plaintiffs knew of the obligation to serve a complete PFS in all material respects. As ordered by this Court, Plaintiffs' obligation to serve a complete PFS includes the requirement to leave no questions blank, even if "plaintiff can only answer the question in good faith by indicating 'not applicable' or 'I don't know.'" (CMO 5). In addition to this clear language in the CMO, Defendants sent warning letters to Plaintiffs' counsel highlighting this obligation, and Plaintiffs' counsel responded by promising stipulations of dismissal if the PFSs could not be substantially completed. Plaintiffs' failure to serve PFSs completed in all material respects is thus not due to lack of knowledge or warning.

2. Defendants are unfairly prejudiced by Plaintiffs' failure to comply with the Court-ordered CMO requirements.[2] Plaintiffs' omissions — especially as they relate to core medical discovery — are not only material, but willfully disobedient of the Court's CMO. *See, e.g.,* (CMO 5) ("i.e., a deficiency that prejudices Defendants through a failure to provide the necessary information, thereby impeding Defendants' access to material and relevant evidence"); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234-35 (9th Cir. 2006) (upholding MDL court's dismissal of plaintiffs' claims for failure to submit required authorization forms necessary to obtain medical records and financial documents).

3. Plaintiffs have been warned by both the Court in the CMO and by Defendants in their letters that the sanction of dismissal could be imposed if Plaintiff failed to serve a complete PFS in all material respects. *See* (CMO 5); *cf. In re Guidant*, 496 F.3d at 865-68 (affirming MDL court's denial of relief under Fed. R. Civ. P. 60(b) from dismissal with prejudice based on plaintiffs' delay and deficiencies in completing PFS and medical disclosure form where plaintiffs had received warnings and opportunity to cure); *In re PPA*, 460 F.3d at 1235 (upholding MDL court's dismissal of plaintiffs' claims for failure to serve a complete PFS, when plaintiff supplemented her PFS with the required authorizations "six days after the motion was filed and nearly two months after the authorizations were due").

4. Defendants have provided substantial opportunity for Plaintiffs to cure their failure to comply with the CMO. (CMO 5); (Ex. A). In such circumstances, dismissal is an

[2] To date there are 797 cases pending in the MDL and federal courts and 1151 state actions. Including class action plaintiffs, Defendants are investigating the claims of over 2,000 plaintiffs. Defendants' obligation to this Court and plaintiffs who have timely submitted PFSs is hampered by plaintiffs who fail to follow CMO deadlines. *See In re Guidant*, 496 F.3d at 867 ("Given the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger of prejudice substantial. The delay also impacted the nearly 1,400 other

appropriate remedy in MDL proceedings for failure to adhere to court orders as it relates to the service of complete PFSs and related filings. *See In re Guidant*, 496 F.3d at 867 (dismissal for delay and deficiencies in completing a PFS protects the efficiency purpose of an MDL); *In re PPA*, 460 F.3d at 1234 ("dismissal [for failure to serve a complete PFS] serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt . . . ."); *see also Santiago-Diaz*, 456 F.3d at 276 ("[T]he substance of the belated [and incomplete expert witness] disclosures . . . does not come within a country mile of satisfying the requirements of either the case-management order or the Civil Rules.").

As the *In re PPA* and *In re Guidant* courts recognized, MDL litigation is procedurally unique given the complex issues and large volume of cases. These are among the reasons that MDL courts approve the use of PFSs to streamline pretrial discovery and regularly set significant sanctions in CMOs to ensure compliance with the PFS process. Plaintiffs' failure to serve complete PFSs have obstructed discovery regarding their claims and severely hampered the pace this Court set for its docket. Dismissal is a proper remedy because there is no excuse for Plaintiffs' failure to provide a supplemental PFS despite Defendants' warning letters and an extension. *See In re PPA,* 460 F.3d at 1233 (noting MDL court was not persuaded by excuses of difficulty in locating clients, debilitating nature of injuries, or burden of complying with other CMOs).

For the foregoing reasons, Defendants respectfully request that the Court enter an Order to Show Cause why the claims of plaintiffs Mary Jane Bohm and Shannon Philburn should not be dismissed for failure to comply with the CMO.

---

plaintiffs by unfairly diverting the time and attention of the court away from their timely claims

Respectfully submitted,

September 10, 2008

s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*

to that of the [plaintiffs].")

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 10th day of September, 2008 served a true and correct copy of the foregoing Memorandum in Support of Defendant C.R. Bard, Inc.'s and Defendant Davol Inc.'s Motion for Order to Show Cause Why Plaintiff's Claims Should Not Be Dismissed, by operation of the Court's Electronic Case Filing System, on the following, including Plaintiffs' Liaison Counsel:

Donald Migliori
MOTLEY RICE LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
dmigliori@motleyrice.com
(*via electronic notice)*

David Alexander
Amy Carter
WILLIAMS KHERKHER HART BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-6226
dalexander@williamskherkher.com
acarter@williamskherkher.com
*(via electronic notice)*

s/ Kirby T. Griffis
Kirby T. Griffis