**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **IN RE: KUGEL MESH HERNIA REPAIR PATCH LITIGATION** | § | |
| | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO:** | § | |
| **HOLLEY, No. 08-CV-2437** | § | **JUDGE LISI** |
| **MANN, No. 08-CV-2436** | § | |

**MEMORANDUM IN SUPPORT OF DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS' CLAIMS SHOULD NOT BE DISMISSED**

Defendant C.R. Bard, Inc. and Defendant Davol Inc. (collectively, "Defendants") request that the Court issue an Order to Show Cause why the claims of plaintiffs Richard Holley, Jr. and Matthew Mann (collectively, "Plaintiffs") should not be dismissed pursuant to the Case Management Order and the Amended Case Management Order (collectively, "CMO")[1] for failure to serve Defendants with a Plaintiff's Fact Sheet ("PFS") which is complete in all material respects.

**FACTS**

The CMO requires all plaintiffs to serve a completed PFS. *See* (CMO at 4-5). The claims of plaintiffs who fail to do so are subject to dismissal after Defendants' counsel sends the plaintiff a warning letter and the cure period established in the CMO expires. *See id.* at 5.

Plaintiffs' claim were filed in this MDL on April 15, 2008 (CTO-17). Accordingly, their PFSs were due to defendants by July 14, 2008. Plaintiffs failed to submit a completed PFS within the ninety day period required by the Court's Order.

[1] The text relevant to this motion in the Case Management Order and the Amended Case Management Order appears on identical page numbers in both of these documents.

Following the specifications of the CMO, Defendants sent a warning letter to Plaintiff's counsel on June 30, 2008. (*See* Letters from Jessica Krieg of July 16, 2008 (Holley) and July 17, 2008 (Mann) (Ex. A)). As of today, Defendants have still not received a PFS from Plaintiffs. Therefore, Plaintiffs have failed to comply with the CMO.

**ARGUMENT**

Coordination of cases in a MDL is intended to promote efficiency in pre-trial discovery. To effectuate the efficient administration of claims through the MDL process, a MDL court must have the discretion to control its docket and authority to ensure that its orders are followed. *See, e.g.*, (CMO at 3); *see also Torres v. Puerto Rico*, 485 F.3d 5, 10 (1st Cir. 2007).

Dismissal is appropriate where, as here, plaintiffs have failed to comply with a MDL Court's PFS process. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865-68 (8th Cir. 2007) (affirming MDL court's denial of relief under Fed. R. Civ. P. 60(b) from dismissal with prejudice based on plaintiffs' delay and deficiencies in completing PFS and medical disclosure form where plaintiffs had received warnings and opportunity to cure); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006) (upholding MDL court's dismissal of plaintiffs' claims for failure to serve PFS; noting that warning letters were sent to plaintiffs, but letters did not prompt service of PFSs).

As this Court has recognized, when plaintiffs fail to proceed with their claims in the manner consistent with this Court's orders, the Court may order a variety of sanctions, including dismissal with prejudice. (CMO at 5); *see also Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 275 (1st Cir. 2006) ("[F]ederal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines. . . . [including] case-management orders.") (citations omitted); *Tower Ventures, Inc. v. City of*

*Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus warrants dismissal)") (citation omitted). Although the sanction of dismissal is severe, it is justified where the plaintiff (1) has failed to submit a PFS, or (2) where the plaintiff has failed to substantially complete the PFS in all respects and the PFS thus contains a material deficiency and (3) Defendants state to the Court that they have exhausted all efforts described in paragraph VI.D.v. *See* (CMO at 5); *see also Tower Ventures, Inc.*, 296 F.3d at 45-46 ("[A] litigant who ignores case-management deadlines does so at his peril.") (citation omitted). Each of these elements exists here:

1. Plaintiffs knew of their obligation to serve a PFS. In addition to clear language in the CMO and Order, Defendants sent warning letters to Plaintiffs' counsel highlighting this obligation. Plaintiffs cannot claim that their failure to timely serve a PFS is due to lack of knowledge or warning.

2. Defendants are unfairly prejudiced by Plaintiffs' failure to comply with the Court-ordered CMO requirements.[2] Plaintiffs' failure to serve Defendants with a PFS — especially as it relates to authorizations and core medical discovery — is a material deficiency that impedes Defendants' ability to begin their defense in this matter. *See, e.g.*, (CMO at 5) ("*i.e.*, a deficiency that prejudices Defendants through a failure to provide the necessary information, thereby impending Defendants' access to material and relevant evidence"); *In re PPA*, 460 F.3d at 1234-

[2] To date there are 797 cases pending in the MDL and federal courts and 1151 state actions. Including class action plaintiffs, Defendants are investigating the claims of over 2,000 plaintiffs. Defendants' obligation to this Court and plaintiffs who have timely submitted PFSs is hampered by plaintiffs who fail to follow CMO deadlines. *See In re Guidant*, 496 F.3d at 867 ("Given the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger of prejudice substantial. The delay also impacted the nearly 1,400 other plaintiffs by unfairly diverting the time and attention of the court away from their timely claims to that of the [plaintiffs].")

35 (upholding MDL court's dismissal of plaintiffs' claims for failure to submit required authorization forms necessary to obtain medical records and financial documents)..

3. Plaintiffs have been warned by the Court in the CMO and by Defendants in their letter that the sanction of dismissal could be imposed if plaintiffs failed to serve a PFS. *See* (CMO at 5); (Ex. A); *cf. In re Guidant*, 496 F.3d at 865-68 (affirming MDL court's denial of relief under Fed. R. Civ. P. 60(b) from dismissal with prejudice based on plaintiffs' delay and deficiencies in completing PFS and medical disclosure form where plaintiffs had received warnings and opportunity to cure); *In re PPA*, 460 F.3d at 1235 (upholding MDL court's dismissal of plaintiffs' claims for failure to serve a complete PFS, when plaintiff supplemented her PFS with the required authorizations "six days after the motion was filed and nearly two months after the authorizations were due")..

The Court provided an appropriate opportunity for plaintiffs to cure their failure to comply with the PFS obligations of the CMO. (CMO at 5). In such circumstances, dismissal is an appropriate remedy in MDL proceedings for failure to adhere to court orders as it relates to the service of complete PFSs and related filings. *See In re Guidant*, 496 F.3d at 867 (dismissal for delay and deficiencies in completing a PFS protects the efficiency purpose of an MDL); *In re PPA*, 460 F.3d at 1234 ("dismissal [for failure to serve a PFS] serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt . . . .").

As the *In re Guidant* and *In re PPA* courts recognized, MDL litigation is procedurally unique given the complex issues and large volume of cases. These are among the reasons that MDL courts approve the use of PFSs to streamline pretrial discovery and regularly set significant sanctions in CMOs to ensure compliance with the PFS process. Plaintiffs' failure to serve a PFS

has precluded discovery regarding their claims and severely hampered the pace this Court set for its docket. Dismissal is a proper remedy because there is no excuse for Plaintiffs' failure to submit a PFS within the deadlines established by the CMO. *See In re PPA*, 460 F.3d at 1233 (noting MDL court was not persuaded by excuses of difficulty in locating clients, debilitating nature of injuries, or burden of complying with other CMOs).

* * *

For the forgoing reasons, Defendants respectfully request that the Court enter an Order to Show Cause why the claims of plaintiffs Richard Holley, Jr. and Matthew Mann should not be dismissed for failure to comply with the CMO.

Dated: September 10, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
William J. Cople, III
1350 I Street NW
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

*Attorneys for Defendant C.R. Bard, Inc. and Defendant Davol Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 10th day of September, 2008 served a true and correct copy of the foregoing Memorandum in Support of Defendant C.R. Bard, Inc.'s and Defendant Davol Inc.'s Motion for Order to Show Cause Why Plaintiffs' Claims Should Not Be Dismissed, by operation of the Court's Electronic Case Filing System, on the following, including Plaintiffs' Liaison Counsel:

Donald Migliori
MOTLEY RICE LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
dmigliori@motleyrice.com
*(via electronic notice)*

Brian A. Goldstein
CELLINO & BARNES, P.C.
17 Court Street, 7th Floor
Buffalo, NY 14202-3290
brian.goldstein@cellinoandbarnes.com
*(via electronic notice and first-class mail)*

Jon C. Dupee
DUPEE & MONROE, P.C.
211 Main Street, P.O. Box 470
Goshen, NY 10924
Fax: (845) 294-3619
*(via facsimile and first-class mail)*

s/ Kirby T. Griffis