**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **IN RE: KUGEL MESH HERNIA REPAIR PATCH LITIGATION** | § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO: COLLINS, No. 07-1912-ML-LDA BARLOW, No. 07-1935-ML-LDA** | § | **Chief Judge Mary M. Lisi** |

**MEMORANDUM IN SUPPORT OF DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S MOTION FOR DISMISSAL**

Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol") (collectively, the "Defendants") request that the Court dismiss the claims of Plaintiffs Judith Collins and Amy Barlow (collectively "Plaintiffs"). Plaintiffs failed to complete and serve a Plaintiff Fact Sheet ("PFS") as required by this Court's Case Management Order and Amended Case Management Order (collectively, "CMO"). Plaintiffs have failed to comply with the Court's Order of July 25, 2008, which directed Plaintiffs to file a submission with the Court addressing their failure to provide PFSs within 30 days. For these reasons, the Court should dismiss Plaintiffs' claims pursuant to Rules 41(b), 37(b)(2)(C) and 16(f) of the Federal Rules of Civil Procedure.

## FACTS

Plaintiffs' claims were part of this MDL as of December 6, 2007, accordingly, their PFSs were due to Defendants by March 5, 2008. *See* (CMO 4). Plaintiffs failed to submit a completed PFS within the ninety day period required by the Court's Order.

As specified in the CMO, Defendants sent a warning letter to plaintiffs' counsel in each of these cases on March 17, 2008. None of these plaintiffs responded to Defendants' warning letters or requested additional time to respond. On May 14, 2008, Defendants moved for an

order to show cause why these claims should not be dismissed. The Court granted Defendants' motion and ordered Plaintiffs to file a submission with the Court correcting the deficiency in 30 days. (Order of July 25, 2008). As of today, Plaintiffs have not submitted anything to the Court or Defendants. Plaintiffs have therefore failed to comply with the CMO, making dismissal appropriate under Federal Rules of Civil Procedure 41(b), 37(b)(2)(C) and 16(f).

In support of their Memorandum, Defendants rely on the complete record in this case, including but not limited to Defendants' Motion for an Order to Show Cause for Dismissal and the Court's Order of July 25, 2008.

## ARGUMENT

Coordination of cases in a MDL is intended to promote efficiency in pre-trial discovery. To effectuate the efficient administration of claims through the MDL process, a MDL court must have the discretion to control its docket and authority to ensure that its orders are followed. *See, e.g.,* (CMO 3); *see also Torres v. Puerto Rico*, 485 F.3d 5, 10 (1st Cir. 2007). As this Court has recognized, when plaintiffs fail to proceed with their claims in a manner consistent with this Court's orders, the Court may order a variety of sanctions, including dismissal with prejudice. *See* (Order of July 25, 2008); (CMO at 5); *see also Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este*, 456 F.3d 272, 275 (1st Cir. 2006) ("[F]ederal courts possess wide-ranging power to sanction parties who repeatedly balk at complying with court-imposed deadlines. . . . [including] case-management orders.") (citations omitted); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus warrants dismissal)") (citation omitted). Dismissal with prejudice is justified when (1) a plaintiff fails to submit a PFS and (2) Defendants state to the Court that they have exhausted all efforts described in paragraph VI.D.v. (CMO 5); *see also*

*Tower Ventures, Inc.*, 296 F.3d at 45-46 ("[A] litigant who ignores case-management deadlines does so at his peril.") (citation omitted). Each of these elements exists here.

1. Plaintiffs knew of their obligation to serve a PFS. In addition to clear language in the CMO and Defendants' correspondence, the Court's Order of July 25, 2008 directed Plaintiffs to submit their PFSs to the Court. Plaintiffs' failure to timely serve PFSs is thus not due to lack of knowledge or warning.

2. Defendants are unfairly prejudiced by Plaintiffs' failure to comply with the Court's Order and the CMO. Plaintiffs' failure to file any submission is willfully disobedient. *See, e.g.,* (Order of July 25, 2008); (CMO 5) ("i.e., a deficiency that prejudices Defendants through a failure to provide the necessary information, thereby impeding Defendants' access to material and relevant evidence"); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234-35 (9th Cir. 2006) (upholding MDL court's dismissal with prejudice).

3. Plaintiffs have been warned by the Court that the sanction of dismissal could be imposed if Plaintiffs failed to serve a complete PFS in all material respects. *See* (Order of July 25, 2008). The Court provided an appropriate opportunity for plaintiffs to cure their failure to comply with the PFS obligations of the CMO. *See id.* In such circumstances, dismissal with prejudice is an appropriate remedy. *See In re PPA*, 460 F.3d at 1234 ("dismissal [for failure to serve a PFS] serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt . . . .").

For the forgoing reasons, Defendants respectfully request the claims of Judith Collins and Amy Barlow be dismissed with prejudice.

Dated: September 15, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
William J. Cople, III
1350 I Street NW
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

*Attorneys for Defendant C.R. Bard, Inc. and Defendant Davol Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2008, the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT C.R. BARD, INC'S AND DEFENDANT DAVOL INC.'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS' CLAIMS SHOULD NOT BE DISMISSED was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon the Plaintiffs' Liaison Counsel in the manner indicated below:

Donald Migliori
Motley Rice LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
Email: dmigliori@motleyrice.com
*via electronic mail*

Travis M. Holley
1302 Leavell Ave.
Bastrop, LA 71220
Fax: (318) 283-3242
*via facsimile*

s/ Kirby T. Griffis