**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO UNDERDAHL, BOBBI No. 1:08-cv-02507** | § § § | **JUDGE LISI** |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANTS DAVOL INC. AND C.R. BARD, INC.**

Defendants Davol Inc. and C.R. Bard, Inc., (collectively “Defendants”) by and through counsel, answer the Plaintiff’s Complaint (the “Complaint”) as follows:

**PARTIES**

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. The allegations in Paragraph 2 of the Complaint are not directed at C.R. Bard Inc. (“Bard”); therefore, no response is required. Davol Inc. (“Davol”) admits that it is a subsidiary of Bard and that it is organized under the laws of Delaware with its principal place of business at 100 Crossings Boulevard, Warwick, RI 02886. Davol further admits that at certain times it designed, manufactured, tested, marketed, distributed, and sold the Composix® Kugel® Hernia Patch. Davol does not know the meaning of “promoted” beyond the meaning of “marketed” which has already been admitted. Davol accordingly denies the allegations.

3. The allegations in Paragraph 3 of the Complaint are not directed at Davol; therefore, no response is required. Bard admits that it is organized under the laws of New

Jersey with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. Bard further admits that Davol is its subsidiary. Bard denies the remaining allegations.

## JURISDICTION

4. Defendants admit that the requirements of 28 U.S.C. § 1332 have been met.

5. Paragraph 5 of the Complaint states conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations.

## FACTUAL ALLEGATIONS

6. Paragraph 6 of the Complaint states conclusions of law as to which no response is required. To the extent that a response is required, Davol denies the allegations as phrased. Davol admits that at certain times it designed, manufactured, tested, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information. Davol does not know the meaning of "promoted" beyond the meaning of "marketed" which was addressed above and therefore denies the allegation. Bard denies each and every allegation in this paragraph.

7. Defendants admit that a hernia may occur when stomach muscles are in a weakened state causing intestines to protrude through. Defendants further admit that the Composix® Kugel® Hernia Patch is designed to treat soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with accompanying labeling information. With respect to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

8. Defendants deny each and every allegation as phrased in Paragraph 8 of the Complaint.

9. Defendants admit that the Composix® Kugel® Hernia Patch is used in the treatment of soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with accompanying labeling information.

10. Defendants deny the allegations as phrased. Defendants admit that the Composix® Kugel® Hernia Patch was approved by the FDA and that Davol began marketing certain product codes of the Composix® Kugel® Hernia Patch in 2001.

11. Defendants admit that Davol began marketing certain larger-sized product codes of the Composix® Kugel® Hernia Patch in 2002.

12. Defendants deny each and every allegation in Paragraph 12 of the Complaint.

13. Defendants admit that Davol has received reports of intestinal fistula, bowel perforation, bowel obstruction, and death. Defendants deny the remaining allegations.

14. The timeframe is vague and undefined; therefore, the allegations are unanswerable as written. However, to the extent an answer is required, Defendants deny the allegations.

15. Defendants deny each and every allegation in Paragraph 15 of the Complaint.

16. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005. Defendants further state these products have since been returned to the market with FDA approval.

17. Defendants deny each and every allegation in Paragraph 17 of the Complaint.

18. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in March 2006. Defendants further state these products have since been returned to the market with FDA approval.

19. The complaint referenced in Paragraph 19 speaks for itself. To the extent any material allegations are made, Defendants deny them.

20. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in March 2006. Defendants further state these products have since been returned to the market with FDA approval.

21. Defendants admit that the allegations of Paragraph 21 of the Complaint purport to characterize and/or paraphrase the March 16, 2007 *New York Times* article. Defendants state that the complete and precise content of that article can be found in the article itself. Defendants deny Plaintiff's characterization of the article and deny the remaining allegations in Paragraph 21.

22. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

23. Defendants admit that Davol has received reports of ring migration, intestinal fistula, bowel perforation, and death. Defendants deny the remaining allegations.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore deny the same.

25. Defendants deny each and every allegation in Paragraph 25 of the Complaint.

26. Defendants deny each and every allegation in Paragraph 26 of the Complaint.

27. The allegations in Paragraph 27 are either argumentative rhetoric to which no response is required, or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT I**
**STRICT LIABILITY – FAILURE TO WARN**

28. In response to Paragraph 28 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. The allegations in Paragraph 30 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

31. The allegations in Paragraph 31 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

32. The allegations in Paragraph 32 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

33. The allegations in Paragraph 33 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT II**
**NEGLIGENCE**

34. In response to Paragraph 34 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

35. Davol admits it designed, conducted limited manufacturing of, tested, marketed, distributed, and sold and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know the meaning of "promoted" beyond the meaning of "marketed" which has

already been admitted and therefore denies the same. Bard denies each and every allegation presented in Paragraph 35.

36. The allegations in Paragraph 36 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

37. The allegations in Paragraph 37 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

38. The allegations in Paragraph 38 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

39. The allegations in Paragraph 39 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

40. The allegations in Paragraph 40 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

41. The allegations in Paragraph 41 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

42. The allegations in Paragraph 42 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT III**
**FRAUD AND MISREPRESENTATION**

43. In response to Paragraph 43 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

44. The allegations in Paragraph 44, including subparts (a)-(f), are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

45. The allegations in Paragraph 45 are conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

46. The allegations in Paragraph 46 are conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

47. The allegations in Paragraph 47 are conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

48. The allegations in Paragraph 48 are conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

49. The allegations in Paragraph 49 are conclusion of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT IV**
**VIOLATION OF THE FALSE ADVERTISING ACT, THE CONSUMER FRAUD ACT, THE UNLAWFUL TRADE PRACTICES ACT AND THE UNIFORM DECEPTIVE TRADE PRACTICES ACT**

50. In response to Paragraph 50 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

51. The allegations in Paragraph 51 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

52. The allegations in Paragraph 52 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

53. The allegations in Paragraph 53 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

54. The allegations in Paragraph 54 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT V
## BREACH OF EXPRESS AND IMPLIED WARRANTIES

55. In response to Paragraph 55 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

56. The allegations in Paragraph 56 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

57. The allegations in Paragraph 57 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

58. The allegations in Paragraph 58 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

59. The allegations in Paragraph 59 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

60. The allegations in Paragraph 60 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT VI
## STRICT LIABILITY – DEFECTIVE DESIGN

61. In response to Paragraph 61 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

62. Davol admits that at certain times it designed, manufactured, and sold the Composix® Kugel® Hernia Patch. Bard denies each and every allegation.

63. The allegations in Paragraph 63 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

64. The allegations in Paragraph 64 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

65. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and therefore deny the same.

66. The allegations in Paragraph 66 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

67. The allegations in Paragraph 67 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

68. The allegations in Paragraph 68 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff's claims are barred, in whole or in part, for Plaintiff's failure to provide Defendants with timely notice of Plaintiff's claims as required by the False Advertising Act, Consumer Fraud Act, Unlawful Trade Practices Act, Uniform Trade Practices Act, and/or applicable Minnesota law.

7. Plaintiff's, or Plaintiff's agents', including Plaintiff's physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

8. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

10. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

12. The learned intermediary doctrine bars Plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

17. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

18. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct this defendant is not responsible; accordingly, it is entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

20. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence.

24. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

25. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Minnesota Constitution.

28. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Minnesota Constitution.

29. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Minnesota law and/or other applicable laws.

30. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Minnesota.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: September 16, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
1350 I Street NW
Washington, D.C. 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
kgriffis@spriggs.com

**ATTORNEYS FOR DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2008, the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. TO PLAINTIFF'S COMPLAINT was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon Plaintiffs' Liaison Counsel and counsel of record for plaintiff in the manner indicated below:

Donald Migliori
MOTLEY RICE LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
*(via electronic notice)*

Charles Johnson
CHARLES H. JOHNSON & ASSOCIATES, P.A.
2599 Mississippi Street
New Brighton, MN 55112-5060
*(via electronic notice)*

s/ Kirby T. Griffis