UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

In re: Kugel Mesh Hernia
Repair Patch Litigation                MDL Docket No. 07-1842ML

**MEMORANDUM AND ORDER**

Before the Court for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72) are Defendants' Motion to Enforce the Amended Case Management Order and Permit Communications with Consulting Surgeon Experts who are also Treating Physicians (Document No. 1229); and Plaintiffs' Motion to Compel Identification of all Plaintiffs' Treating Physicians who have been Contacted or Retained as Consulting Experts by Defendants. (Document No. 1241). The Motions were heard on September 18, 2008.

**1. Defendants' Motion to Enforce the Amended Case Management Order and Permit Communications with Consulting Surgeon Experts who are also Treating Physicians**

Defendants contend that the "original and Amended Case Management Order provide for defendants to retain consulting surgeon experts who are also treating physicians...." (Document No. 1229 at p. 1). However, neither of the Case Management Orders (the "CMOs") (Document Nos. 66 and 257) so provides. The CMOs both provide as follows:

> Counsel for [Defendants] have been contacting and will continue to contact potential consulting and testifying medical experts. Should counsel for [Defendants] learn that any of those experts is a treating physician for any plaintiff, counsel for [Defendants] will refrain from discussing the medical history of that plaintiff, and will inform the physicians of this restriction.

Although this provision recognizes that Defendants may learn that a consulting or testifying expert is also a Plaintiff treating physician, the CMOs do not explicitly address the issue of whether

Defendants may continue thereafter to retain treating physicians as consulting experts in this litigation. Thus, Defendants' request to "enforce" the CMOs does not provide the relief they request.

The Court has previously ordered that Defendants were precluded from engaging in substantive ex parte communications with Plaintiffs' treating physicians. (See Document Nos. 245, 418 and 1222). Defendants do not seek to revisit that determination. Rather, they propose to have the ability to retain a Plaintiff's treating physician as a consulting or testifying expert as long as they do not call the expert in his/her patient's case and refrain from discussing with him/her the medical history of that patient/Plaintiff.

At its core, this Motion requires the Court to balance the trust and confidentiality embodied in the physician-patient relationship against a litigant's right to reasonably garner a defense. This balance was recently performed by Associate Justice Alice Gibney of the Rhode Island Superior Court. See In re: All Individual Kugel Mesh Cases, 2008 R.I. Super. LEXIS 101 (R.I. Super. August 26, 2008). Judge Gibney is currently presiding over more than 1,000 Kugel Mesh Product Liability cases which are not part of this MDL. Id. at *1. She concluded that any "potential inconvenience" to Defendants in engaging experts was "significantly outweighed" by Plaintiffs' right to confidentiality in their medical matters. Id. at *9.

As to Defendants' argument that the sheer number of Plaintiffs precludes Defendants from retaining any consultants who are not also Plaintiffs' treating physicians, Judge Gibney found it to be an "unpersuasive" argument, and she rejected it. Id. at *8. Defendants make the same unsupported and unpersuasive argument in this case. Defendants contend that an adverse ruling on this Motion "would effectively prevent Defendants from having any surgeon experts at all"

(Document No. 1228 at p. 7) and, at the hearing, represented that they are limited in seeking experts to a "small group of hernia repair specialists" who likely treated one or more Plaintiffs. Defendants do not, however, identify the size of this "small group" or present any other evidence to support that they will be significantly prejudiced in retaining experts. In fact, when Ordered by Chief Judge Lisi to disclose consulting experts who are also treating physicians, Defendants only identified one such doctor – Dr. Millikan. These cases have been pending both individually and now collectively in this MDL for quite some time and Defendants have received Plaintiff Fact Sheets on a significant majority of cases which identify treating physicians. The fact that only one surgeon to date has fallen into the consultant/treating physician category belies Defendants' claims of prejudice.

This Court finds Judge Gibney's reasoning to be both sound and persuasive. Thus, this Court adopts her reasoning and DENIES Defendants' Motion (Document No. 1229) and ORDERS that "[a]ll ex parte communication with Plaintiffs' treating physicians – for any purpose – is hereby prohibited." In re: All Individual Kugel Mesh Cases, 2008 R.I. Super. LEXIS 101 at ** 9-10. In other words, Plaintiff's request to preclude Defendants from retaining treating physicians as consulting experts is GRANTED.

**2.     Plaintiffs' Motion to Compel Identification of all Plaintiffs' Treating Physicians who have been Contacted or Retained as Consulting Experts by Defendants**

On August 5, 2008, Chief Judge Lisi Ordered Defendants' counsel to produce a list of surgeons that were identified as consulting experts and treating physicians. (See Document No. 1271 at p. 2). In particular, she ordered that "Defendants shall provide the Court and Plaintiffs' Liaison counsel with a list of each and every consulting expert who Defendants know or believe to be a treating physician of a Plaintiff." (Document No. 1298 at p. 1). Defendants responded and disclosed Dr. Millikan and, at the hearing, indicated that he was consulted prior to one of his patients

becoming a Plaintiff.  The Court accepts the representation of Defendants' counsel at the hearing that he identified in good faith all such consulting experts who he "knew or believed" was also a treating physician.  Thus, Plaintiffs' Motion to Compel such identification (Document No. 1241) is DENIED as moot.  However, Chief Judge Lisi's Order of Identification is incorporated and continued in this Order.  In view of this Court's Order that Defendants are precluded from retaining Plaintiffs' treating physicians as consulting or testifying experts, Defendants shall identify any Plaintiff treating physician who they have consulted or retained as an expert and shall do so on a going forward basis when they learn or reasonably believe such to be the case.  Plaintiffs' request for further discovery on any such consultations or retentions is DENIED without prejudice.  Although this case is unique in many respects, the Court declines to rule on discovery disputes in a vacuum.  If a discovery request is properly served and a timely objection is posed, the party seeking the discovery may, after conferring in good faith as required by Fed. R. Civ. P. 37, file a motion to compel.

SO ORDERED


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 19, 2008