UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LARRY PALMER, an individual, and
LORETTA PALMER, an individual,
and as husband and wife,
    Plaintiffs,

v.

DAVOL, INC. a corporation, BARD
DEVICES, INC., a corporation, and
C.R. BARD, INC., a corporation,
COLLEEN L. COLEMAN, M.D., an
individual, HOAG MEMORIAL
HOSPITAL PRESBYTERIAN, a
corporation, and DOES 1 through 300,
inclusive,
    Defendants.

No. 07-md-1842-ML
This document relates to
No. 08-cv-02499-ML

## MEMORANDUM AND ORDER

This case is one of a multitude of cases currently pending before the Court as a result of a transfer pursuant to the multidistrict litigation In re Kugel Mesh Hernia Patch Products Liability Litigation, MDL No. 1842, No. 07-md-1842-ML (D.R.I.). The multidistrict litigation ("MDL") involves claims surrounding alleged defective medical hernia repair patches designed and manufactured by Defendants Davol, Inc., Bard Devices, Inc., and C.R. Bard, Inc., (collectively "Davol") The matter is before the Court on Plaintiffs' motion to remand.

### Background

Larry and Loretta Palmer ("Plaintiffs"), California residents, initially brought suit in California state court alleging products liability actions against Defendants, Davol, Inc., Bard

1

Devices, Inc. and C.R. Bard, Inc. and a medical negligence cause of action against Colleen L. Coleman, M.D., and Hoag Memorial Hospital Presbyterian, both California residents, (collectively "Health Care Defendants"). Davol removed the matter to the United States District Court for the Cental District of California. As noted above, the matter was eventually transferred to this Court and consolidated for pretrial coordination as part of the multidistrict litigation.

Plaintiffs' position is simple; since Plaintiffs and the Health Care Defendants are California residents, the complaint lacks complete diversity, thus this Court lacks subject matter jurisdiction. Davol argues that the products liability actions and the medical negligence action involve significantly unique factual and legal issues and are thus improperly joined. Davol urges this Court to apply the doctrine of "procedural misjoinder" to sever and remand to California state court the non-diverse negligence claim against the Health Care Defendants and to retain federal jurisdiction over the product liability claims.

## Removal and Diversity Jurisdiction

Multidistrict litigation transferee courts apply interpretations of federal law of the circuit in which they sit. In re General American Life Insurance Co. Sales Practices Litigation, 391 F.3d 907 (8th Cir. 2004); In re New England Mutual Life Insurance Company Sales Practices Litigation, 324 F. Supp. 2d 288 (D. Mass. 2004). It is well settled that Davol bears the burden of establishing federal jurisdiction and that the removal statute is to be strictly construed with any doubts about the propriety of removal construed against Davol. In re Pharmaceutical Industry Average Wholesale Price Litigation, 457 F. Supp. 2d 77 (D. Mass. 2006).

"[D]iversity jurisdiction requires complete diversity of citizenship as between all

plaintiffs and all defendants." Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Picciotto v. Continental Casualty Co. 512 F.3d 9, 21 (1st Cir. 2008) (internal quotation marks and citation omitted) (emphasis added).

### Procedural Misjoinder

It is undisputed that Plaintiffs and the Health Care Defendants are both citizens of the same state, California. Thus, on its face, this case appears to be readily appropriate for remand in that this Court lacks diversity jurisdiction. However, Davol urges this Court to apply the doctrine of "procedural misjoinder" and retain federal jurisdiction over the product liability claims.

The doctrine of procedural misjoinder was first adopted by the Eleventh Circuit in Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot Inc., 204 F.3d 1069 (11th Cir. 2000). Courts refer to the judicially-created doctrine interchangeably as either fraudulent misjoinder or procedural misjoinder. Geffen v. General Electric Company, 575 F. Supp. 2d 865 (N.D. Ohio 2008). Tapscott held that procedural misjoinder may constitute fraudulent joinder, and as a result, procedural misjoinder has emerged as a part of the doctrine of fraudulent joinder. Tapscott, 77 F.3d at 1360; 14B Wright, Miller & Cooper, Fed. Prac. & Proc. 3d § 3723 at 658 (describing fraudulent misjoinder as a "new form of fraudulent joinder"). Many courts, however, "have foundered on shoals of tautology in trying to define fraudulent misjoinder." Palermo v. Letourneau Technologies, Inc., 542 F. Supp. 2d 499, 523 (S.D. Miss. 2008) (internal quotation marks and citation omitted); see

3

also <u>Yates v. Medtronic Inc.</u>, No. CA 08-0337-KD-C, 2008 WL 4016599 (S.D. Ala. Aug. 26, 2008) (courts struggle to define the term). Procedural misjoinder involves a "purposeful attempt to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard." <u>Snyder v. Davol Inc.</u>, No. CV 07-1081-ST, 2008 WL 113902 at *8 (D. Or. Jan. 7, 2008) (internal quotation marks and citation omitted); <u>see also</u> <u>Geffen</u>, 575 F. Supp. 2d at 869 ("fraudulent misjoinder occurs when a plaintiff . . . misjoin[s] unrelated claims of a plaintiff against non-diverse party defendants"). Based upon <u>Tapscott</u>, the

> sanction for fraudulent joinder – disregard for the citizenship of the fraudulently joined party – will be employed not only when the plaintiff joins a party against whom she or he does not have a claim or when the plaintiff misstates the jurisdictional facts of the case, <u>but also when the plaintiff attempts to join a party but a factual nexus between the claims against the defendants sufficient to satisfy Federal Rule 20 does not exist</u>.

14B Wright, § 3723 at 657 (emphasis added).

<u>Tapscott</u> held that procedural misjoinder constitutes fraudulent joinder if it is "egregious." <u>Tapscott</u>, 77 F.3d at 1360. "[M]ere misjoinder" does not constitute fraudulent joinder. <u>Id</u>. <u>Tapscott</u> held that in certain "egregious," yet undefined circumstances, procedural misjoinder will constitute fraudulent joinder. <u>Id.</u>; <u>see also</u> 14B Wright, § 3723 at 657-58 (noting that <u>Tapscott's</u> language "injects a considerable degree of ambiguity" into the doctrine "intimating that there is some threshold above simple misjoinder that needs to be passed to create the new form of fraudulent joinder"). Only one other Court of Appeals, the Fifth Circuit, may have adopted the doctrine. <u>Geffen</u>, 575 F. Supp. 2d at 869; <u>see</u> <u>In re Benjamin Moore & Co.</u>, 309 F.3d

4

296 (5th Cir. 2002); but see Frankland v. State Farm Fire & Casualty Co., No. 2:07-cv-1767, 2008 WL 4072819 at *3 (W.D. La. July 2, 2008) (noting that the Fifth Circuit has not "explicitly" adopted Tapscott); Bird v. Carteret Mortgage Corp., No. 2:06-CV-588, 2007 WL 894841 at *3 (S.D. Ohio March 22, 2007) (noting that "the endorsement given to the doctrine by the Fifth Circuit is somewhat open to question").

The First Circuit has not adopted or addressed the doctrine of procedural misjoinder.[1] This Court has not found a district court in this Circuit that has applied or addressed the doctrine.[2] Federal courts, however, have not given the doctrine a ringing endorsement. "The theory of procedural misjoinder articulated in Tapscott is inherently ambiguous," for one reason, because of the confusion surrounding when misjoinder is so "egregious" as to constitute fraudulent misjoinder. In re Genetically Modified Rice Litigation, No. 4:06 MD 1811 CDP, No. 4:07 CV 825 CDP, 2007 WL 3027580 at *4 (E.D. Mo. Oct. 15, 2007) (emphasis added); see also In re Guidant Corp. Implantable Defibrillators Products Liability Litigation, Civil No. 07-1487 (DWF/AJB), MDL No. 05-1708 (DWF/AJB), 2007 WL 2572048 at *3 (D. Minn. Aug.

---

[1] This Court has determined that it must first look to First Circuit precedent in determining whether the doctrine of procedural misjoinder should be applied in this instance. See In re General American, 391 F.3d 907(MDL transferee court applies interpretations of federal law of circuit in which it sits); In re New England Mutual Life Insurance, 324 F. Supp. 2d 288; see also In re Diet Drugs Products Liability Litigation, 294 F. Supp. 2d 667, 672 (E.D. Pa. 2003) (as "an MDL court sitting within the Third Circuit . . . we must apply the fraudulent joinder standard of our Court of Appeals" and not that of the Circuit from which the case was transferred). However, even if the Court had first looked to the Ninth Circuit for direction on whether or not to apply the doctrine, it would not have changed the Court's ultimate conclusion. The Ninth Circuit has not specifically addressed the application of the doctrine and the majority of federal district courts in California have rejected application of the doctrine. See Geffen, 575 F. Supp. 2d at 871 (noting that the "federal district courts in California have explicitly rejected the fraudulent misjoinder doctrine"); but see Sutton v. Davol Inc., 251 F.R.D. 500, 504 (E.D. Cal. 2008).

[2] In Montanez v. Solstar Corp., 46 F. Supp. 2d 101 (D.P.R. 1999), the court cited Tapscott generally, but did not include any significant discussion on the doctrine of procedural misjoinder.

5

30, 2007) (noting that some courts require bad faith while other courts refuse to apply the egregious standard in remand petitions). District courts addressing a procedural misjoinder argument have reached "divergent conclusions on whether (and how) to apply the doctrine" and have determined that the doctrine involves many "unsettled questions." Geffen, 575 F. Supp. 2d at 869-70 & n.5; see also In re Genetically Modified Rice, 2007 WL 3027580 at *4 (district courts have reached "varying results when faced" with a procedural misjoinder argument); Robinson v. Ortho-McNeil Pharmaceutical, Inc., 533 F. Supp. 2d 838, 842 (S.D. Ill. 2008) (noting that "a survey of case law from courts that have adopted the fraudulent misjoinder doctrine aptly discloses that the contours of the doctrine are anything but clear"); In re Fosamax Products Liability Litigation, 1:07-cv-2442, 1:07-cv-9564, 1:07-cv-9485, 1:07-cv-3792 (JFK), MDL No. 1789, 2008 WL 2940560 (S.D.N.Y. July 29, 2008) (noting that district courts appear to be equally divided on the applicability of the doctrine). Courts have criticized Tapscott as being "unsupported by Supreme Court precedent, contrary to the narrow construction that is to be given to removal statutes, and needlessly complex." Frankland v. State Farm Fire & Casualty Co., No. 2:07-cv-1767, 2008 WL 4072819 at * 3 (W.D. La. July 2, 2008). "To say the least, Tapscott has been roundly criticized." Yates, 2008 WL 4016599 at *7 n.4.

  The First Circuit has recognized that a jurisdictional inquiry is "often a difficult" one in which the "greys are dominant and even among them the shades are innumerable." Nowak v. Tak How Investments, Ltd., 94 F. 3d 708, 716 (1st Cir. 1996) (internal quotation marks and citation omitted). Although federal jurisdiction is limited, "a rational observer might nevertheless expect simple gatekeeping rules for what gets in and what is kept out. A litigant

should be able to ascertain, with relatively modest effort and legal fees, where to bring [a] lawsuit." University of Rhode Island v. A.W. Chesterton Co., 2 F.3d 1200, 1219 (1st Cir. 1993) (Hornby, J., concurring) (emphasis added); see also In re Maine Asbestos Cases, 44 F. Supp. 2d 368 (D. Me. 1999) (jurisdictional rules should be clear and simple); Seafarers International Union of North America v. NLRB, 895 F.2d 385, 387 (7th Cir. 1990) (jurisdictional "rules should be simple to ascertain and easy to apply").

> Conducting [a] fraudulent misjoinder analysis in this case necessarily requires the Court to wade into a thorny thicket of unsettled law; disagreements exist as to numerous questions about the doctrine, and the last thing the federal courts need is more procedural complexity. Whether to apply the doctrine in the first place, whether the doctrine requires egregious misjoinder or some other level of bad faith before it can be invoked, whether to apply state or federal joinder law, and whether a federal court should be deciding issues of state joinder law in the first instance are among the unresolved inquiries the Court declines to decide here.

Geffen, 575 F. Supp. 2d at 871 (internal quotation marks and citation omitted).

Without direction from the First Circuit, and in light of the rule of strict construction of the removal statute *coupled* with a significantly unsettled landscape surrounding application of the doctrine in federal courts, this Court declines to adopt a doctrine that will further complicate the question of removal and federal jurisdiction. The Court is therefore left with a complaint that includes Plaintiffs and Defendants that are both citizens of California, thus destroying diversity, and as a result, depriving this Court of subject matter jurisdiction. Davol has failed to carry the heavy burden of proving federal jurisdiction.

Pursuant to Rule 7.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, this Court issues its Suggestion of Remand Order that this matter be remanded to the United States District Court for the Central District of California and, ultimately, to the Superior

Court of California, Orange County. The Clerk is ORDERED to provide copies of this ORDER to the Clerk of the Judicial Panel on Multidistrict Litigation and to the clerk of the United States District Court for the Central District of California.[3]

SO ORDERED

*/s/ Mary M. Lisi*
Mary M. Lisi
Chief United States District Judge
December 23, 2008

---

[3] Plaintiffs also petition the Court to award attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). Absent unusual circumstances, the test to determine whether fees and costs are appropriate under § 1447(c) is whether the removing party had an "objectively reasonable basis for seeking removal." In re Pharmaceutical Industry Average Wholesale Price Litigation, 457 F. Supp. 2d 65, 76 (D. Mass. 2006). Such an award is within the Court's discretion. Net 2 Press, Inc. v. National Graphic Supply Corp., 324 F. Supp. 2d 15 (D. Me. 2004). The Court concludes that the Davol's procedural misjoinder argument, although subject to considerable debate, was not objectively unreasonable. Consequently, Plaintiffs' request for attorneys' fees and costs is denied.