UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ELOISA RIOJAS and husband,
FLORENTINO RIOJAS,
     Plaintiffs,

v.

        No. 07-md-1842-ML
        This document relates to
        No. 09-cv-02809-ML

C.R. BARD, INC., Individually and
as the Parent Company of DAVOL, INC.;
DAVOL INC,; and COVENANT
HEALTH SYSTEM,
     Defendants.

## MEMORANDUM AND ORDER

     This case is one of a multitude of cases currently pending before the Court as a result of a

transfer pursuant to the multidistrict litigation In re Kugel Mesh Hernia Patch Products Liability

Litigation, MDL No. 1842, No. 07-md-1842-ML (D.R.I.). The multidistrict litigation ("MDL")

involves claims surrounding alleged defective medical hernia repair patches designed and

manufactured by Defendants Davol, Inc., and C.R. Bard, Inc., (collectively "Davol Defendants").

The matter is before the Court on Plaintiffs' motion to remand.

## I. Background

     Eloisa and Florentino Riojas ("Plaintiffs"), Texas residents, initially brought suit in Texas

state court alleging claims of strict liability in tort, negligence, res ipsa loquitor, breach of

warranties, and breach of contract against the Davol Defendants and Covenant Health System

("Covenant"). The Davol Defendants removed the matter to the United States District Court for

1

the Northern District of Texas. The matter was subsequently transferred to this Court and consolidated for pretrial coordination as part of the MDL.

Plaintiffs' position is simple; since Plaintiffs and Covenant are Texas citizens, this Court does not have subject matter jurisdiction over this matter. The Davol Defendants argue that the complaint fails to state a viable cause of action against the non-diverse Defendant, Covenant. As a result, the Davol Defendants argue that Covenant's citizenship, according to the doctrine of improper joinder, should be disregarded and thus this Court has proper jurisdiction over the matter. In the alternative, the Davol Defendants urge the Court to apply the doctrine of procedural misjoinder and to sever and remand to Texas state court the claims against Covenant and to retain federal jurisdiction over the claims against the Davol Defendants.

## II.  Removal and Diversity Jurisdiction

Multidistrict litigation transferee courts apply interpretations of federal law of the circuit in which they sit. In re General American Life Insurance Co. Sales Practices Litigation, 391 F.3d 907 (8th Cir. 2004); In re New England Mutual Life Insurance Company Sales Practices Litigation, 324 F. Supp. 2d 288 (D. Mass. 2004). It is well-settled that the Davol Defendants, as the removing parties, bear the burden of establishing federal jurisdiction and that the removal statute is to be strictly construed with any doubts about the propriety of removal construed against the Davol Defendants. In re Pharmaceutical Industry Average Wholesale Price Litigation, 457 F. Supp. 2d 77 (D. Mass. 2006).

"[D]iversity jurisdiction requires complete diversity of citizenship as between all plaintiffs and all defendants." Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). "In

2

a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Picciotto v. Continental Casualty Co. 512 F.3d 9, 21 (1st Cir. 2008) (internal quotation marks and citation omitted).

### III.  Fraudulent/Improper Joinder

The doctrine of fraudulent joinder is meant to prevent parties from joining non-diverse parties in an attempt to defeat diversity jurisdiction. Rodrigues v. Genlyte Thomas Group LLC, 392 F. Supp. 2d 102 (D. Mass. 2005).  The First Circuit has not yet formulated a test to determine whether joinder of a non-diverse defendant is fraudulent.  Arriaga v. New England Gas Company, 483 F. Supp. 2d 177 (D.R.I. 2007).  The term "fraudulent joinder" is somewhat misleading as it does not require a removing defendant to prove an intent to mislead or deceive. Id. at 181.

> Fraudulent joinder is a judicially-created doctrine which applies to two situations:
> (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts,
> or (2) there is no possibility that the plaintiff would be able to establish a cause of
> action against the non-diverse defendant[] in state court.

Lawrence Builders, Inc. v. Kolodner, 414 F. Supp. 2d 134, 137 (D.R.I. 2006).

In this matter, the central question in the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact.  Id.; see also Arriaga, 483 F. Supp. 2d at 184 (noting that the "relevant inquiry is whether there is a sufficiently reasonable basis for the claim to preclude a finding that joinder amounts to nothing more than a means to prevent removal").  In determining whether a non-diverse defendant has been improperly joined, the Court "must assume as true all factual allegations in the complaint. . . ."  In re Pharmaceutical

3

Industry Average Wholesale Price Litigation, 431 F. Supp. 2d 109, 120 (D. Mass. 2006) (internal quotation marks and citation omitted). The Davol Defendants bear a heavy burden, however, as Defendants must prove improper joinder by clear and convincing evidence and disputed questions of fact and ambiguities with respect to controlling law are resolved in Plaintiffs' favor. Arriaga, 483 F. Supp. 2d at 182.

The Davol Defendants admit that Plaintiffs *could have* brought a legally cognizable health care liability claim against Covenant under Texas law but, they argue, the complaint fails to provide specific allegations necessary to support such a claim. The Davol Defendants argue that Plaintiffs' complaint is deficient because it is comprised of allegations directed towards "Defendants" generally and not Covenant specifically. Plaintiffs argue that they have properly plead a health care liability claim under Texas law.

A health care liability claim is a claim made pursuant to the Texas Medical Liability Act ("TMLA"). See generally In re Clapp, 241 S.W.3d 913 (Tex. App. 2007); see also Tex. Civ. Prac. & Rem. Code Ann. § 74.001 et. seq. The Texas legislature enacted the TMLA to address what it identified as a medical malpractice insurance crisis in the state of Texas. Id. at 918 n.5. A health care liability claim is a cause of action

> [1] against a health care provider or physician [2] for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, [3] which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13).

To determine whether a claim is a health care liability claim, Texas courts look to the

4

essence or underlying nature of the claim. <u>Diversicare Gen. Partner, Inc. v. Rubio</u>, 185 S.W.3d

842 (Tex. 2005); <u>Oak Park, Inc. v. Harrison</u>, 206 S.W.3d 133 (Tex. App. 2006). A cause of

action against a health care provider is a health care liability claim if "it is based on a claimed

departure from an accepted standard of medical care, health care, or safety of the patient, whether

the action sounds in tort or contract." <u>Id.</u> at 848; <u>Oak Park</u>, 206 S.W.3d 133. A cause of action

alleges a "departure from accepted standards of medical care or health care if the act or omission

complained of is an inseparable part of the rendition of medical services." <u>Id.</u>; <u>Oak Park</u>, 206

S.W.3d 133.

Plaintiffs allege that a defective hernia patch was implanted in Plaintiff Eloisa Riojas

("Ms. Riojas") while she was a patient at Covenant. Plaintiffs' negligence claim specifically

alleges that "Defendants, BARD, DAVOL and COVENANT acted negligently and breached the

duties of care they owed to Plaintiff [Ms. Riojas] in the design, manufacture, sale and <u>distribution</u>

of the defective" hernia patch. Plaintiffs' Original Petition at 4 (emphasis added). The

underlying nature of Plaintiffs' claim is a medical negligence action.

In order to prevail on a medical negligence claim, Plaintiffs must prove (1) a duty by

Covenant to act according to an applicable standard of care, (2) breach, (3) an injury, and (4) a

causal connection between the breach and the injury. <u>Boren v. Texoma Medical Center, Inc.</u>, 258

S.W.3d 224 (Tex. App. 2008). One of the duties a hospital owes a patient is a duty to provide its

patients with appropriate and usable medical equipment. <u>Denton Regional Medical Center v.

LaCroix</u>, 947 S.W.2d 941 (Tex. App.1997).

The complaint alleges that on "November 2, 2006, <u>at Covenant Medical</u> Center, Dr.

Micheline Hyacinthe implanted" a hernia patch "designed, manufactured, distributed, and sold by Defendants" into Ms. Riojas. Plaintiffs' Original Petition at 2 (emphasis added). Plaintiffs' claim of negligence against Covenant is certainly predicated on a departure from the accepted standards of medical care. See generally Diversicare, 185 S.W.3d 842. The complaint alleges that a defective hernia patch was implanted into Ms. Riojas by a physician at Covenant's facilities. Consequently, the complaint alleges that Covenant *at least* distributed defective medical equipment to Ms. Riojas. See generally Denton, 947 S.W.2d 941. In light of the Davol Defendant's heavy burden with respect to removal and improper joinder, the Court concludes that the Davol Defendants have failed to show that Plaintiffs' health care liability claim has no reasonable basis in law and fact. Covenant's citizenship, therefore, cannot be ignored in the analysis of the Davol Defendants' assertion of diversity jurisdiction.

### IV.  Procedural Misjoinder

The Davol Defendants argue that even if this Court finds that Plaintiffs' complaint states a viable health care liability claim or claims against Covenant, any such claim is procedurally misjoined with the product liability claims brought against the Davol Defendants. The Davol Defendants argue that joinder of medical negligence claims and product liability claims is inappropriate. The Davol Defendants argue that, pursuant to the doctrine of procedural misjoinder, Plaintiffs' health care liability claims against Covenant should be severed and remanded to state court and this Court should retain jurisdiction over the product liability claims against the Davol Defendants.

This Court has already considered the applicability of the doctrine of procedural

6

misjoinder in a similar matter in this MDL.  See Palmer v. Davol, Inc., No. 07-md-1842-ML, No.

08-cv-02499-ML, 2008 WL 5377991 (D.R.I. December 23, 2008).  The Court incorporates that

analysis by reference.  See generally id.

> Without direction from the First Circuit, and in light of the rule of strict
> construction of the removal statute coupled with a significantly unsettled
> landscape surrounding the application of the doctrine in federal courts, this Court
> declines to adopt [the doctrine of procedural misjoinder because it] will further
> complicate the question of removal and federal jurisdiction.

Id. at *4 (emphasis in original).  Consequently, the Court rejects the  Davol Defendants'

procedural misjoinder argument.

> This matter is remanded to Texas state court.[1]


SO ORDERED

*Mary M. Lisi*

Mary M. Lisi
Chief United States District Judge
May 4, 2009

---

[1]Plaintiffs also petition the Court to award attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).
Absent unusual circumstances, the test to determine whether fees and costs are appropriate under § 1447(c) is
whether the removing party had an "objectively reasonable basis for seeking removal."  In re Pharmaceutical
Industry Average Wholesale Price Litigation, 457 F. Supp. 2d 65, 76 (D. Mass. 2006).  Such an award is within the
Court's discretion.  Net 2 Press, Inc. v. National Graphic Supply Corp., 324 F. Supp. 2d 15 (D. Me. 2004).  The
Court concludes that the arguments of the Davol Defendants were not objectively unreasonable.  Consequently,
Plaintiffs' request for attorneys' fees and costs is denied.