UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

In re: Kugel Mesh Hernia :
Repair Patch Litigation : MDL Docket No. 07-1842ML

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72) is Plaintiffs' Motion to Strike the Errata Sheets to the Deposition Testimony of Michael J. Lee and Karen P. Kane. The Motion was filed on December 10, 2009. Defendants oppose the Motion. The Motion is fully briefed and I have determined that further argument or hearing is not necessary to resolve the Motion. For the following reasons, Plaintiffs' Motion is GRANTED and the Errata Sheets in issue are stricken.

**Discussion**

Both Lee and Kane are Management-level employees of Defendants Bard or Davol who were represented by Defendants' counsel at their depositions. They were deposed by Plaintiffs on June 26, 2009 and July 2, 2009, respectively. Within the thirty-day period provided in Fed. R. Civ. P. 30(e), Defendants' counsel produced errata sheets for both deponents. Although both deponents signed errata sheets containing their requested changes with page/line designations, neither initially provided any reasons for the changes.

Rule 30(e), Fed. R. Civ. P., allows a deponent to make changes "in form or substance" to deposition testimony upon request. A deponent who utilizes this "privilege" must, however, comply with the procedural mechanics of the rule. Wigg v. Sioux Falls Sch. Dist. 49-5, 274 F.

Supp. 2d 1084, 1091 (D.S.D. 2003); see also Bullock-Banks v. Indiana Am. Water Co., Case No. 1:03-CV-01459-DFH-TAB, 2005 WL 1126839 at *5 (S.D. Ind. May 12, 2005) ("a witness who seeks to exercise [the Rule 30(e)] privilege must comply with the rule's requirements"). The mechanics "could not be more straightforward: a deponent has thirty days after notification by the court reporter to review the deposition transcript and to sign a statement setting forth any changes and the reasons for those changes." Welsh v. R.W. Bradford Trans., 231 F.R.D. 297, 298-299 (N.D. Ill. 2005). (emphasis added).

Here, it is undisputed that the errata sheets signed by the deponents within the thirty-day period did not include any reasons for the listed changes.[1] After an exchange took place between counsel over the lack of any reasons given, Defendants' counsel served supplemental errata sheets which provide the reasons. These supplemental errata sheets were served approximately three months after expiration of the thirty-day period provided under Rule 30(e) for each deponent.

Plaintiffs argue that the errata sheets should be stricken because (1) the deponents did not provide reasons in a timely fashion; and (2) they seek to make improper "tactical changes" to their deposition testimony. Defendants counter that, although the reasons were "inadvertently omitted" from the initial timely errata sheets, Plaintiffs have shown no prejudice which would warrant striking the sheets and, additionally, the proffered changes were made in good faith and

---

[1] As to one of the deponents, Mr. Lee, Defendants contend that he did not provide reasons because the errata sheet given to Mr. Lee by the court reporter did not contain a "reasons" column. However, the procedure is governed by the Rule and not by the form used by the court reporter. Moreover, the deponent was represented by Defendants' counsel and cannot credibly argue ignorance of the Rule's plain requirements. Finally, the errata sheet given to Ms. Kane did contain a "reasons" column but no reasons were initially provided by her either.

are not improper "tactical changes." Since I find that the timeliness issue is dispositive of Plaintiffs' Motion, there is no need to address Plaintiffs' "tactical change" argument. "The language of the Rule places only two restrictions on changes to a deposition: (1) the changes must be made within 30 days after notification that the transcript is available for review, *and* (2) the deponent must give reasons for changes 'in form or substance.'" Reilly v. TXU Corp., 230 F.R.D. 486, 487 (N.D. Tex. 2005) (emphasis added). There are no exceptions provided in Rule 30(e) to the thirty-day time frame for making changes to deposition testimony. See Fed. R. Civ. P. 30(e). "A failure to comply with the 30-day time limit set forth in Rule 30(e) may result in an errata sheet, or portions therein, being stricken from trial." Porter v. Hamilton Beach/Proctor-Silex, Inc., No. 01-2970-MAV, 2003 WL 21946595 at *3 (W.D. Tenn. July 28, 2003).

Furthermore, Rule 30(e) "does not state that the deadline can be ignored so long as there is no prejudice to the opposing party." Harden v. Wicomico County, No. WDQ-09-1123, 2009 WL 4672164 at *3 (D. Md. Dec. 9, 2009). The thirty-day deadline for errata sheets in Rule 30(e) is intended to prevent "abuse and surprise." Bullock-Banks, 2005 WL 1126839 at *5. In other words, if a deponent is going to change his/her testimony in "form or substance," the parties need to know that promptly to guide subsequent discovery efforts and trial preparation.

The Rule is clear as written. It requires that the errata sheet be provided within thirty days and that such sheet include reasons for the proffered changes. The initial, timely errata sheets in this case did not include the reasons and, reading Rule 30(e) strictly, they were deficient and should be stricken. See Holland v. Cedar Creek Mining, Inc., 198 F.R.D. 651, 653 (S.D.W.Va. 2001) ("This court, like most courts, will insist on strict adherence to the technical

requirements of Rule 30(e)."). I decline Defendants' invitation to read a "no prejudice" exception into Rule 30(e) and to engage in a subjective analysis of whether or not to hold a party to the plain requirements of the Rule.[2]

For the foregoing reasons, Plaintiffs' Motion to Strike the Errata Sheets to the Deposition Testimony of Michael J. Lee and Karen P. Kane is GRANTED.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 23, 2010

---

[2] I have reviewed the proposed changes and the overwhelming majority of them are attempts to clarify or reword the deponent's testimony. Only three of the changes are described as corrections of typographical errors and those errors are relatively minor. This is not a situation where the court reporter mistranscribed important portions of the deponent's testimony so that the failure to let an errata sheet stand would result in an injustice.