UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN RE: KUGEL MESH HERNIA         :
REPAIR PATCH LITIGATION          :       MDL Docket No. 07-1842ML
                                 :
This Document Relates to         :
JOHN WHITFIELD v. DAVOL, INC.    :
et al., C.A. No. 07-1918ML       :

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72) are two Motions to Compel discovery from Defendants filed on behalf of Plaintiff John Whitfield.  The first Motion (Document No. 2549) was filed on March 12, 2010 and seeks to compel production of documents related to the so-called Iannitti Study.  The second Motion (Document No. 2612) was filed on March 18, 2010 and seeks to compel responses to Interrogatories regarding any and all payments made by Defendants to their retained experts since 1999.  Defendants object to these Motions arguing that they are untimely.  (Document Nos. 2657 and 2658).

These Motions relate to preparation for the trial of <u>Whitfield v. Davol, Inc., et al.</u>, C.A. No. 07-1918ML.  The Whitfield case was scheduled for trial by Order dated July 24, 2009 and was the subject of a final pretrial conference before Chief Judge Lisi on March 5, 2010.  The trial is scheduled to commence on March 29, 2010 with the jury being selected on March 25, 2010.  By prior Order of the Court, fact discovery closed on December 15, 2009 and expert discovery on February 5, 2010.  (Document Nos. 1922 and 2420).  The discovery requests in issue were served on February 3, 2010 and February 5, 2010.  If the requests constitute fact discovery, they are plainly untimely since fact discovery closed in December.  Assuming these requests constitute expert discovery, filing such requests at or on the eve of the discovery closure date also violates at least the

spirit of Chief Judge Lisi's Scheduling Orders. Since Defendants have thirty days to serve their responses to such discovery requests under Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), such discovery would necessarily extend beyond the closure date. See Williams v. Little Rock Mun. Water Works, 155 F.R.D. 188, 189 (E.D. Ark.1993) (denying motion to compel where discovery requests "were not propounded in time for the responses to be due before the discovery cutoff" and noting that "[t]he express reason for a discovery cutoff is to avoid last minute discovery disputes, the very situation now before the Court"); Thomas v. Pacificorp, 324 F.3d 1176, 1179 (10th Cir. 2003) ("requests must be served at least thirty days prior to a completion of discovery deadline"); Smith v. Principal Cas. Ins. Co., 131 F.R.D. 104, 105 (S.D.Miss. 1990) ("in order to meet the discovery deadline, Plaintiff should have filed [discovery requests] at least 30 days before the discovery cutoff.").

In fact, Chief Judge Lisi's Order specifically requires the "completion of all liability expert depositions and case specific expert discovery" by February 5, 2010.  (Document No. 2420). (emphasis added).  Obviously, serving new discovery requests on the eve of the discovery closure date is not the "completion" of discovery.  This is particularly true in this case where the Court has set a tight pretrial schedule in consultation with the parties which does not contemplate eleventh-hour discovery practice.

In addition, Plaintiff has not offered any compelling reason as to why this discovery was not completed earlier.  The Iannitti Study was published in January 2008 in a medical journal, and Plaintiff's counsel have known for some time that some of the authors of the Study were consultants for Defendant Davol, Inc.  The Study itself declares "competing interests" and discloses that four of the authoring physicians are "consultants for Davol, Inc." (Document No. 2549-3 at p. 2).  In

addition, Plaintiff's counsel had ample opportunity to inquire sooner both in written discovery and at depositions regarding any payments made by Defendants to their retained experts but instead chose to serve Interrogatories on the day designated for the "completion" of case specific expert discovery and then move to compel responses to such Interrogatories one week prior to jury empanelment.

For the foregoing reasons, Plaintiff's Motions to Compel (Document Nos. 2549 and 2612) are DENIED.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 24, 2010