UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

In re Kugel Mesh Hernia Patch           :
Products Liability Litigation           :     MDL Docket No. 07-1842ML

(THIS DOCUMENT RELATES TO              :
Bowersock v. Davol, Inc.,               :
CA No. 08-2635ML)                       :

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A)) is Plaintiffs' Motion to Compel Production of the Complete Custodial File of Jennifer Vasilchek. (Document No. 4967). Defendants oppose the Motion. (Document No. 4978). The Motion was heard on November 18, 2015. For the following reasons, Plaintiffs' Motion is DENIED.

On December 4, 2014, District Judge Mary M. Lisi denied Plaintiffs' Motion to Remand this matter for trial without prejudice and lifted the stay on case-specific discovery. In doing so, District Judge Mary M. Lisi acknowledged that Plaintiffs had "the benefit of all of the common discovery that was completed in this case within the confines of the MDL" and "access to all of that information," and advised Plaintiffs that "case-specific discovery [was] not going to be held in a vacuum" but rather "in the context of all that has gone before." (Document No. 4978-3 at pp. 3, 7).

In this dispute, Plaintiffs seek further production of documents from Ms. Vasilchek. Ms. Vasilchek is a Davol Sales Representative who worked in and around the Indiana area when the decedent in this case, Georgia Bowersock, underwent hernia repair surgery with a Kugel Mesh Patch in 2005.

By prior Order, Plaintiffs in this case were granted leave to depose Ms. Vasilchek. Ms. Vasilchek was the subject of document production during common discovery. On March 31, 2008,

District Judge Mary M. Lisi entered a Stipulated Order on document production applicable to all individual cases in this MDL proceeding. (Document No. 757). The Order details an agreed search and production protocol applicable to dozens of identified Bard/Davol custodians including Ms. Vasilchek. (See Document Nos. 757 and 4967-2 and 3).

Plaintiffs concede that Ms. Vasilchek was the subject of document production in common discovery and that Plaintiffs have "reviewed Ms. Vasilchek's custodial file as produced by Defendants in the general discovery of the MDL." (Document No. 4967 at p. 4). Plaintiffs contend that the produced custodial file is "severely deficient" and that they have "serious concerns" regarding its completeness. Id. However, Plaintiffs' concerns are unsupported conjecture. While District Judge Mary M. Lisi permitted this case to proceed with case-specific discovery, she did not invite Plaintiffs' counsel in this individual case to reopen common discovery or to second-guess the completeness of such discovery. If counsel were allowed to proceed with a second bite at the apple during case-specific discovery, then all of the efficiencies gained from the extensive common discovery conducted in this MDL proceeding would be lost. Ms. Vasilchek was the subject of broad document production during common discovery, and any issue regarding the completeness of that production should have been addressed during common discovery. It is not a case-specific issue, and common discovery closed long ago. Plaintiffs' request is based purely on speculation, and they have not shown that Defendants failed to comply with the detailed and agreed document production protocol as to Ms. Vasilchek.

For the foregoing reasons, Plaintiffs' Motion to Compel Production of Ms. Vasilchek's Custodial File (Document No. 4967) is DENIED.

ENTER:

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 24, 2015